233. On information and belief, Commerce Bank & Trust Company possesses or controls goods, effect or credits of defendant Gary Gitto.

234. LaSalle requests this Court enter judgment adjudging Commerce Bank & Trust Company a trustee of the goods, effects and credits of defendant Gary Gitto in an amount to be determined by the Court and charging the trustee in such amount to be applied towards any judgment obtained against Gary Gitto in this action.

## COUNT XX
## TRUSTEE PROCESS
(Against Fidelity Co-Operative Bank – John D. Tersigni)

235. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 235.

236. On information and belief, Fidelity Co-Operative Bank possesses or controls goods, effect or credits of defendant John Tersigni.

237. LaSalle requests this Court enter judgment adjudging Fidelity Co-Operative Bank a trustee of the goods, effects and credits of defendant John D. Tersigni in an amount to be determined by the Court and charging the trustee in such amount to be applied towards any judgment obtained against John D. Tersigni in this action.

## COUNT XXI
## TRUSTEE PROCESS
(Against BankNorth N.A. – John D. Tersigni)

238. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 238.

239. On information and belief, BankNorth N.A. possesses or controls goods, effect or credits of defendant John Tersigni.

240. LaSalle requests this Court enter judgment adjudging BankNorth N.A. a trustee of the goods, effects and credits of defendant John D. Tersigni in an amount to be determined by

the Court and charging the trustee in such amount to be applied towards any judgment obtained against John D. Tersigni in this action.

## COUNT XXII
## TRUSTEE PROCESS
(Against Leominster Credit Union – Janice Chaisson)

241. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 241.

242. On information and belief, Leominster Credit Union possesses or controls goods, effect or credits of defendant Janice Chaisson.

243. LaSalle requests this Court enter judgment adjudging Leominster Credit Union a trustee of the goods, effects and credits of defendant Janice Chaisson in an amount to be determined by the Court and charging the trustee in such amount to be applied towards any judgment obtained against Janice Chaisson in this action.

## COUNT XXIII
## TRUSTEE PROCESS
(Against Fidelity Investments, Inc. – Frank Miller)

244. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 244.

245. On information and belief, Fidelity Investments, Inc. possesses or controls goods, effect or credits of defendant Frank Miller.

246. LaSalle requests this Court enter judgment adjudging Fidelity Investments, Inc. a trustee of the goods, effects and credits of defendant Frank Miller in an amount to be determined by the Court and charging the trustee in such amount to be applied towards any judgment obtained against Frank Miller in this action.

## COUNT XXIV
## TRUSTEE PROCESS
(Against Lehman Brothers, Inc. – Gary C. Gitto)

247. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 247.

248. On information and belief, Lehman Brothers, Inc. possesses or controls goods, effect or credits of defendant Gary C. Gitto.

249. LaSalle requests this Court enter judgment adjudging Lehman Brothers, Inc. a trustee of the goods, effects and credits of defendant Gary C. Gitto in an amount to be determined by the Court and charging the trustee in such amount to be applied towards any judgment obtained against Gary C. Gitto in this action.

## COUNT XXV
## REACH AND APPLY
(Direct Wood & Paper Products, Inc.)

250. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 250.

251. On information and belief, defendant Gary Gitto has an interest in Direct Wood & Paper Products, Inc.

252. On information and belief, the money, property or payments that may be paid or distributed to defendant Gary Gitto by Direct Wood & Paper Products, Inc. and Gitto's interest in Direct Wood & Paper Products, Inc. are not subject to attachment or by an execution in this action at law, but should be equitably attached and charged for the benefit of LaSalle and be reached and applied towards payment of judgment in this action, pursuant to Mass. Gen. L. c. 214, § 3(6) and (7).

253.   LaSalle requests that this Court enter judgment establishing Gary Gitto's right and interests in and to Direct Wood & Paper Products, Inc. and order that such rights and interests be reached and applied towards payment of judgment in this action.

## COUNT XXVI
## REACH AND APPLY
(Gitto Sales Corporation)

254.   LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 254.

255.   On information and belief, defendant Gary Gitto has an interest in Gitto Sales Corporation.

256.   On information and belief, the money, property or payments that may be paid or distributed to defendant Gary Gitto by Gitto Sales Corporation and Gary Gitto's interest in Gitto Sales Corporation are not subject to attachment or by an execution in this action at law, but should be equitably attached and charged for the benefit of LaSalle and be reached and applied towards payment of judgment in this action, pursuant to Mass. Gen. L. c. 214, § 3(6) and (7).

257.   LaSalle requests that this Court enter judgment establishing Gary Gitto's right and interests in and to Gitto Sales Corporation and order that such rights and interests be reached and applied towards payment of judgment in this action.

## COUNT XXVII
## REACH AND APPLY
(J-Tan Sales & Marketing, Inc.)

258.   LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 258.

259.   On information and belief, defendant John Tersigni has an interest in J-Tan.

260.   On information and belief, the money, property or payments that may be paid or distributed to defendant John Tersigni by J-Tan and Tersigni's interest in J-Tan are not subject to

attachment or by an execution in this action at law, but should be equitably attached and charged for the benefit of LaSalle and be reached and applied towards payment of judgment in this action, pursuant to Mass. Gen. L. c. 214, § 3(6) and (7).

261. LaSalle requests that this Court enter judgment establishing John D. Tersigni's right and interests in and to J-Tan Sales & Marketing, Inc. and order that such rights and interests be reached and applied towards payment of judgment in this action.

## COUNT XXVIII
## REACH AND APPLY
(Hemisphere Distribution Corporation)

262. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 262.

263. On information and belief, defendant Kathleen M. Carland has an interest in Hemisphere Distribution Corporation.

264. On information and belief, the money, property or payments that may be paid or distributed to defendant Kathleen Carland by Hemisphere Distribution Corporation and Kathleen Carland's interest in Hemisphere Distribution Corporation are not subject to attachment or by an execution in this action at law, but should be equitably attached and charged for the benefit of LaSalle and be reached and applied towards payment of judgment in this action, pursuant to Mass. Gen. L. c. 214, § 3(6) and (7).

265. LaSalle requests that this Court enter judgment establishing Kathleen M. Carland's right and interests in and to Hemisphere Distribution Corporation and order that such rights and interests be reached and applied towards payment of judgment in this action.

## COUNT XXIX
## REACH AND APPLY
(Fidelity Investments, Inc.)

266. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 266.

267. On information and belief, Fidelity Investments, Inc. holds interests, instruments, or equities for or for benefit of defendant Frank Miller.

268. On information and belief, the money, property or payments that may be paid or distributed to defendant Frank Miller by Fidelity Investments, Inc. are not subject to attachment or by an execution in this action at law, but should be equitably attached and charged for the benefit of LaSalle and be reached and applied towards payment of judgment in this action, pursuant to Mass. Gen. L. c. 214, § 3(6) and (7).

269. LaSalle requests that this Court enter judgment establishing Frank Miller's right and interests held by Fidelity Investments, Inc. in the name or for benefit of Frank Miller and order that such rights and interests be reached and applied towards payment of judgment in this action.

## COUNT XXX
## REACH AND APPLY
(AWG, LLC)

270. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 270.

271. On information and belief, defendant Gary Gitto has an interest in AWG, LLC.

272. On information and belief, the money, property or payments that may be paid or distributed to defendant Gary Gitto by AWG, LLC and Gitto's interest in AWG, LLC are not subject to attachment or by an execution in this action at law, but should be equitably attached

and charged for the benefit of LaSalle and be reached and applied towards payment of judgment in this action, pursuant to Mass. Gen. L. c. 214, § 3(6) and (7).

273. LaSalle requests that this Court enter judgment establishing Gary Gitto's right and interests in and to AWG, LLC and order that such rights and interests be reached and applied towards payment of judgment in this action.

### COUNT XXXI
### REACH AND APPLY
(Lehman Brothers, Inc.)

274. LaSalle restates and incorporates by reference the allegations contained in Paragraphs 1 through 90 as the allegations of Paragraph 274.

275. On information and belief, defendant Gary Gitto has an interest in LEHMAN BROTHERS, INC..

276. On information and belief, the money, property or payments that may be paid or distributed to defendant Gary Gitto by LEHMAN BROTHERS, INC. and Gitto's interest in LEHMAN BROTHERS, INC. are not subject to attachment or by an execution in this action at law, but should be equitably attached and charged for the benefit of LaSalle and be reached and applied towards payment of judgment in this action, pursuant to Mass. Gen. L. c. 214, § 3(6) and (7).

277. LaSalle requests that this Court enter judgment establishing Gary Gitto's right and interests in and to LEHMAN BROTHERS, INC. and order that such rights and interests be reached and applied towards payment of judgment in this action.

October 25, 2004                                       Respectfully submitted,

                                                       LASALLE BUSINESS CREDIT, LLC

                                                       By: _____
                                                            One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 346-1300
Fax: (312) 782-8416