IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE
2004 OCT 25  A 9:47

DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GARY C. GITTO, FRANK MILLER,<br>CHARLES N. GITTO, JR., NANCY<br>GITTO PANAGIOTES, JOHN D.<br>TERSIGNI, KATHLEEN M. CARLAND,<br>WILLIAM DEAKIN, JANICE CHAISSON,<br>HELEN KOZAK, KINGSDALE CORP.<br>d/b/a J&J CHEMICAL DISTRIBUTORS,<br>and TRADEX CORPORATION,<br><br>　　　　　Defendants,<br><br>　　and<br><br>FLEET NATIONAL BANK, CLINTON<br>SAVINGS BANK, SOVEREIGN BANK,<br>COMMERCE BANK & TRUST<br>COMPANY, FIDELITY COOPERATIVE<br>BANK, BANKNORTH, N.A.,<br>FIDELITY INVESTMENTS, INC.,<br>LEOMINSTER CREDIT UNION, and<br>LEHMAN BROTHERS, INC.,<br><br>　　　Trustee Process Defendants,<br><br>　　and<br><br>FIDELITY INVESTMENTS, INC.,<br>DIRECT WOOD & PAPER PRODUCTS,<br>INC., GITTO SALES CORPORATION,<br>J-TAN SALES & MARKETING, INC.,<br>HEMISPHERE DISTRIBUTION<br>CORPORATION, LEHMAN BROTHERS,<br>INC., and AWG, LLC,<br><br>　　　Reach-and-Apply Defendants. | Case No.<br><br>04  12227  DPW |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, AND, AFTER HEARING, A PRELIMINARY INJUNCTION PRESERVING THE STATUS QUO**

Pursuant to Fed.R.Civ.P. 65, plaintiff LaSalle Business Credit, LLC f/k/a LaSalle

Business Credit, Inc. ("LaSalle"), requests that this Court enter a temporary restraining order and, after hearing, a preliminary injunction in the form attached hereto enjoining defendants Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., Nancy Gitto Panagiotes, John D. Tersigni, Kathleen M. Carland, William Deakin, Janice Chaisson, Helen Kozak, Kingsdale Corp. D/B/A J&J Chemical Distributors, and Tradex Corporation ("Defendants"), or any of them, or their officers, agents, servants, employees, attorneys, beneficiaries and all persons in active concert or participation with it who receive actual notice of the Order, by personal service or otherwise, from assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or disposing of any of their assets pending further order of this Court.

In support hereof, LaSalle refers the Court to the Complaint and the Affidavits of Matthew Stilwell and Steven Snyder filed herewith and incorporated by reference. LaSalle further states:

I. SUMMARY OF RELEVANT FACTS

1. The Defendants are or were officers, directors, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. *Stilwell Affidavit ¶ 4.*

2. Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004. On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3. On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed

$27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan"). In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan. In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). *Stilwell Affidavit ¶¶ 5 – 6, 11-13.*

4. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, William Deakin and J&J Chemical knowingly made false representations regarding Gitto Global's finances to LaSalle with the purpose of inducing LaSalle to loan money to Gitto Global. *Stilwell Affidavit ¶¶ 20, 25 – 28, 36 – 62.*

5. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, Charles Gitto, Nancy Gitto Panagiotes, William Deakin, J&J Chemical and Tradex engaged in a scheme to have Gitto Global improperly obtain money from LaSalle through the LaSalle Revolving Loan. In furtherance of that design, Gary Gitto and Frank Miller directed a check-kiting scheme between the Fleet Blocked Account, the LaSalle Account and J&J Chemical's account at Clinton Savings Bank. *Stilwell Affidavit ¶¶ 16 – 19, 21 – 24.*

6. Between July of 2002 and September of 2004, on a daily basis and in furtherance of the check-kiting scheme, checks were issued from J&J Chemical payable

3

to Gitto Global by or at the direction of Helen Kozak, John Tersigni, J&J Chemical and Janice Chaisson; checks were issued from Gitto Global payable to J&J Chemical by or at the direction of Frank Miller, Helen Kozak and William Deakin; fictitious invoices and bills of lading were created to conceal the check-kite by or at the direction of Frank Miller, Helen Kozak and William Deakin; and fictitious checks, purportedly issued by customers, were created to conceal the check-kiting scheme by or at the direction of Frank Miller, Helen Kozak and William Deakin. *Stilwell Affidavit ¶¶ 17, 21 – 23, 28 – 34, 50 – 51.*

7. Between July of 2002 and September of 2004, on a daily basis Frank Miller and Janice Chaisson, at the direction of Gary Gitto and Frank Miller, made false statements regarding Gitto Global's finances, in requesting advances of funds from LaSalle. *Stilwell Affidavit ¶¶ 36 -37.*

8. As of October 13, 2004, there is due and owing (a) under the LaSalle revolving loan, principal of $18,803,353.61, interest of $34,062.77 and interest continues to accrue at the per diem rate of $2,611.58, (b) under the LaSalle term loan, principal of $833,333.42, interest of $1,984.39 and interest continues to accrue at the per diem rate of $156.25 and (c) overdraft of $11,890,588, for a total sum of $31,529,259.42. *Stilwell Affidavit ¶ 15.*

## II. ARGUMENT IN SUPPORT OF STATUS QUO INJUNCTION

This Motion should be granted in order to preserve assets of Defendants that may be available to satisfy judgments that LaSalle expects to obtain in the captioned action from being lost, concealed, injured, diminished in value or squandered.

A. <u>Standard for Granting Relief</u>

4

The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance the plaintiff will suffer irreparable injury and also that he is likely to prevail on the merits. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). It is recognized, that a district court must weigh carefully the interests on both parties. *Id.*

    B.    <u>LaSalle is Likely to Prevail on the Merits</u>

There is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. LaSalle has, in its Complaint and supporting affidavits, alleged sufficient facts to establish the conduct of Defendants and that LaSalle's losses were occasioned by that conduct.

    C.    <u>Absent Injunctive Relief, LaSalle will Suffer Irreparable Injury</u>

LaSalle is aware of no liability insurance coverage available to any of the Defendants to satisfy a judgment against them in this action. *Stillwell Affidavit* ¶ 65. Upon information and belief and based on previous conduct of the Defendants alleged in the Complaint, there exists an immediate risk that the Defendants will liquidate or dispose of their assets, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stillwell Affidavit* ¶ 66. LaSalle will suffer substantial and irreparable harm if it is not granted injunctive relief because LaSalle knows of no other assets of the Defendants from which the ultimate judgment can be satisfied. *Stillwell Affidavit* ¶ 68. In such a situation, LaSalle would have no viable remedy at law. The harm to LaSalle is far greater than any harm that may befall Defendants by granting this injunction. Given the nature of the claims against the Defendants and the evidence that is unfolding supporting these claims, there is a clear risk that the Defendants will conceal, convey or dissipate asset pending

determination of these claims.

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this Court enter the Orders in the forms attached hereto:

October 25, 2004

Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By: _____
One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 346-1300
Fax: (312) 782-8416