IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 OCT 25  A 9: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br> ) <br> Plaintiff, ) <br> v.  ) <br> GARY C. GITTO, FRANK MILLER, ) <br> CHARLES N. GITTO, JR., NANCY ) <br> GITTO PANAGIOTES, JOHN D. ) <br> TERSIGNI, KATHLEEN M. CARLAND, ) <br> WILLIAM DEAKIN, JANICE CHAISSON,) <br> HELEN KOZAK, KINGSDALE CORP. ) <br> d/b/a J&J CHEMICAL DISTRIBUTORS, ) <br> and TRADEX CORPORATION, ) <br> ) <br> Defendants, ) <br> and ) <br> ) <br> FLEET NATIONAL BANK, CLINTON ) <br> SAVINGS BANK, SOVEREIGN BANK, ) <br> COMMERCE BANK & TRUST ) <br> COMPANY, FIDELITY COOPERATIVE ) <br> BANK, BANKNORTH, N.A., ) <br> FIDELITY INVESTMENTS, INC., ) <br> LEOMINSTER CREDIT UNION, and ) <br> LEHMAN BROTHERS, INC., ) <br> ) <br> Trustee Process Defendants, ) <br> ) <br> and ) <br> ) <br> FIDELITY INVESTMENTS, INC., ) <br> DIRECT WOOD & PAPER PRODUCTS, ) <br> INC.,GITTO SALES CORPORATION, ) <br> J-TAN SALES & MARKETING, INC., ) <br> HEMISPHERE DISTRIBUTION ) <br> CORPORATION, LEHMAN BROTHERS, ) <br> INC., and AWG, LLC, ) <br> ) <br> Reach-and-Apply Defendants. ) | Case No. <br><br> 04  12227 DPW |

EX PARTE MOTION FOR ATTACHMENTS ON TRUSTEE PROCESS

Pursuant to Fed.R.Civ.P. 64, Mass.Gen.L. ch. 246, and Mass. R. Civ. P. 4.2, plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") hereby requests that this Court approve an attachment on trustee process of goods, effects or credits of Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., Nancy Gitto Panagiotes, John D. Tersigni, Kathleen M. Carland, William Deakin, Janice Chaisson, Helen Kozak, Kingsdale Corp. D/B/A J&J Chemical Distributors, and Tradex Corporation ("Defendants"), or any of them, in the amount of $30,000,000 deposited with or in the control of Fleet National Bank, Clinton Savings Bank, Sovereign Bank, Commerce Bank & Trust Company, Fidelity Cooperative Bank, Banknorth, N.A., and Leominster Credit Union ("Trustee Process Defendants"), or any of them.

In support hereof, LaSalle refers the Court to the Complaint, and the Affidavits of Matthew Stilwell and Steven Snyder filed herewith and incorporated by reference. LaSalle further states:

## I. SUMMARY OF RELEVANT FACTS

1.  The Defendants are or were officers, directors, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. *Stilwell Affidavit* ¶ 4.

2.  Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004. On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3.  On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan"). In

addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan. In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). *Stilwell Affidavit ¶¶ 5 – 6, 11-13.*

4. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, William Deakin and J&J Chemical knowingly made false representations regarding Gitto Global's finances to LaSalle with the purpose of inducing LaSalle to loan money to Gitto Global. *Stilwell Affidavit ¶¶ 20, 25 – 28, 36 – 62.*

5. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, Charles Gitto, Nancy Gitto Panagiotes, William Deakin, J&J Chemical and Tradex engaged in a scheme to have Gitto Global improperly obtain money from LaSalle through the LaSalle Revolving Loan. In furtherance of that design, Gary Gitto and Frank Miller directed a check-kiting scheme between the Fleet Blocked Account, the LaSalle Account and J&J Chemical's account at Clinton Savings Bank. *Stilwell Affidavit ¶¶ 16 – 19, 21 – 24.*

6. Between July of 2002 and September of 2004, on a daily basis and in furtherance of the check-kiting scheme, checks were issued from J&J Chemical payable to Gitto Global by or at the direction of Helen Kozak, John Tersigni, J&J Chemical and Janice Chaisson; checks were issued from Gitto Global payable to J&J Chemical by or at the direction of Frank Miller, Helen Kozak and William Deakin; fictitious invoices and bills of lading were created to conceal

3

the check-kite by or at the direction of Frank Miller, Helen Kozak and William Deakin; and fictitious checks, purportedly issued by customers, were created to conceal the check-kiting scheme by or at the direction of Frank Miller, Helen Kozak and William Deakin. *Stilwell Affidavit ¶¶ 17, 21 – 23, 28 – 34, 50 – 51.*

7. Between July of 2002 and September of 2004, on a daily basis Frank Miller and Janice Chaisson, at the direction of Gary Gitto and Frank Miller, made false statements regarding Gitto Global's finances, in requesting advances of funds from LaSalle. *Stilwell Affidavit ¶¶ 36 - 37.*

8. As of October 13, 2004, there is due and owing (a) under the LaSalle revolving loan, principal of $18,803,353.61, interest of $34,062.77 and interest continues to accrue at the per diem rate of $2,611.58, (b) under the LaSalle term loan, principal of $833,333.42, interest of $1,984.39 and interest continues to accrue at the per diem rate of $156.25 and (c) overdraft of $11,890,588, for a total sum of $31,529,259.42. *Stilwell Affidavit ¶ 15.*

9. Trustee Process Defendant Fleet National Bank ("Fleet") is, on information and belief, a national banking association, with places of business throughout the Commonwealth of Massachusetts. Fleet maintains an office at 100 Federal Street, Boston, Massachusetts. Upon information and belief, Fleet holds goods, effects, or credits of defendants Garry Gitto, Frank Miller, Charles Gitto, Nancy Gitto Panagiotes, and Helen Kozak. *Snyder Affidavit ¶¶12-13,16,19,22 and 32.*

10. Trustee Process Defendant Clinton Savings Bank has places of business throughout the Commonwealth of Massachusetts. Clinton Savings Bank maintains an office at 200 Church Street, Clinton, Massachusetts. Upon information and belief, Clinton Savings Bank

4

holds goods, effects, or credits of defendants Gary Gitto, Frank Miller and Charles Gitto. *Snyder Affidavit ¶¶ 12, 16 and 19.*

11.	Trustee Process Defendant Sovereign Bank has places of business throughout the Commonwealth of Massachusetts. Sovereign Bank maintains an office at One Federal Street, Boston, Massachusetts. Upon information and belief, Sovereign Bank holds goods, effects, or credits of defendant Nancy Gitto Panagiotes, and William Deakin. *Snyder Affidavit ¶ 22, 35.*

12.	Trustee Process Defendant Commerce Bank & Trust Company has places of business throughout the Commonwealth of Massachusetts. Commerce Bank & Trust Company maintains an office at 386 Main Street, Worcester, Massachusetts. Upon information and belief, Commerce Bank & Trust Company holds goods, effects, or credits of defendant Gary Gitto d/b/a Equitech Technologies. *Snyder Affidavit ¶ 13.*

13.	Trustee Process Defendant Fidelity Co-Operative Bank has places of business throughout the Commonwealth of Massachusetts. Fidelity Co-Operative Bank maintains an office at 675 Main Street, Fitchburg, Massachusetts. Upon information and belief, Fidelity Co-Operative Bank holds goods, effects, or credits of defendant John Tersigni. *Snyder Affidavit ¶ 25.*

14.	Trustee Process Defendant BankNorth, N.A. is a national banking association with places of business throughout the Commonwealth of Massachusetts. BankNorth, N.A. maintains an office at 15 Broad Street, Boston, Massachusetts. Upon information and belief, BankNorth, N.A. holds goods, effects, or credits of defendant John Tersigni and Kathleen Carland. *Snyder Affidavit ¶ 25.*

15.	Trustee Process Defendant Leominster Credit Union has places of business throughout the Commonwealth of Massachusetts and maintains an office at 20 Adams Street,

Leominster, Massachusetts. Upon information and belief, Leominster Credit Union holds goods, effects, or credits of defendant Janice Chaisson. *Snyder Affidavit ¶ 30.*

16.     Trustee Process Defendant Fidelity Investments, Inc. has places of business throughout the Commonwealth of Massachusetts and maintains an office at 82 Devonshire Street, Boston, Massachusetts. Upon information and belief, Fidelity Investments, Inc. holds goods, effects, or credits of defendant Frank Miller. *Snyder Affidavit ¶ 16.*

17.     Trustee Process Defendant Lehman Brothers, Inc. maintains an office at 260 Franklin Street, Boston, Massachusetts. Upon information and belief, Lehman Brother, Inc. holds goods, effects, or credits of defendant Gary C. Gitto.

## II. ARGUMENT IN SUPPORT OF ATTACHMENT ON TRUSTEE PROCESS

This Motion should be granted in order to provide pre-judgment security that may be available to satisfy a judgment that LaSalle expects to obtain in the captioned action.

### A.     Standard for Granting Relief

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 246, and Mass. R. Civ. P. 4.2, The Court may approve pre-judgment attachment by trustee process upon finding that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the defendant is not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the defendant if notified in advance of attachment on trustee process will withdraw the goods or credits from the hands or possession of the trustee and remove them form the state or will conceal them, or iii) there is immediate danger that the defendant will dissipate the credits, or damage or destroy the goods to be attached on trustee process.

B.  There is a Reasonable Likelihood that the Plaintiff Will Recover Judgment in an Amount Equal to or Greater than the Amount of the Attachment Over and Above any Liability Insurance Known or Reasonably Believed to be Available, There is a Clear Danger that the Defendants, if Notified in Advance of the Attachment on Trustee Process Will Withdraw the Goods or Credits or Will Dissipate the Credits to be Attached on Trustee Process.

Based upon the pattern of conduct of the Defendants and the evidence alleged related thereto, there is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell Affidavit* ¶ 64. LaSalle is aware of no liability insurance coverage available to any of the above-named Defendants to satisfy a judgment against them in this action. *Stilwell Affidavit* ¶ 65. Upon information and belief, there exists a clear danger that the Defendants, if notified in advance of attachment on trustee process, will withdraw the goods, or dissipate the credits to be attached on trustee process, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell Affidavit* ¶¶ 66 - 67. Finally, LaSalle will suffer substantial and irreparable harm if it is not granted the relief requested in this motion and the motions filed herewith because LaSalle knows of no other assets of the Defendants from which the ultimate judgment can be satisfied. *Stilwell Affidavit* ¶ 68.

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this Court enter the Orders in the forms attached hereto authorizing the attachment on trustee process of the goods, effects or credits of Defendants, or any of them, wherever located, held by or for the benefit of the Trustee Process Defendants, or any of them, as trustee, in the amount of $30,000,000.

October 25, 2004                              Respectfully submitted,

                                              LASALLE BUSINESS CREDIT, LLC

                                              By: _____
                                                      One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 346-1300
Fax: (312) 782-8416