IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 OCT 25  A 9: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> GARY C. GITTO, FRANK MILLER, ) <br> CHARLES N. GITTO, JR., NANCY ) <br> GITTO PANAGIOTES, JOHN D. ) <br> TERSIGNI, KATHLEEN M. CARLAND, ) <br> WILLIAM DEAKIN, JANICE CHAISSON,) <br> HELEN KOZAK, KINGSDALE CORP. ) <br> d/b/a J&J CHEMICAL DISTRIBUTORS, ) <br> and TRADEX CORPORATION, ) <br> ) <br> Defendants, ) <br> and ) <br> ) <br> FLEET NATIONAL BANK, CLINTON ) <br> SAVINGS BANK, SOVEREIGN BANK, ) <br> COMMERCE BANK & TRUST ) <br> COMPANY, FIDELITY COOPERATIVE ) <br> BANK, BANKNORTH, N.A., ) <br> FIDELITY INVESTMENTS, INC., ) <br> LEOMINSTER CREDIT UNION, and ) <br> LEHMAN BROTHERS, INC., ) <br> ) <br> Trustee Process Defendants, ) <br> ) <br> and ) <br> ) <br> FIDELITY INVESTMENTS, INC., ) <br> DIRECT WOOD & PAPER PRODUCTS, ) <br>  INC.,GITTO SALES CORPORATION, ) <br> J-TAN SALES & MARKETING, INC., ) <br> HEMISPHERE DISTRIBUTION ) <br> CORPORATION, LEHMAN BROTHERS, ) <br> INC., and AWG, LLC, ) <br> ) <br> <u>Reach-and-Apply Defendants.</u>   ) | Case No. <br><br> **04   12227 DPW** |

EX PARTE MOTION FOR APPROVAL OF
<u>ATTACHMENT OF REAL PROPERTY OF DEFENDANTS</u>

Pursuant to Fed.R.Civ.P. 64 and Mass Gen. L. ch. 223, § 42 et seq., plaintiff LaSalle Business Credit, LLC ("LaSalle") hereby moves that the Court approve the attachment in the amount of $30,000,000 of any and all right, title and interest of each of defendants Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., Nancy Gitto Panagiotes, John D. Tersigni, Kathleen M. Carland, William Deakin, Janice Chaisson, Helen Kozak, Kingsdale Corp. D/B/A J&J Chemical Distributors, and Tradex Corporation ("Defendants"), or any of them, in or to any real property located in the Commonwealth of Massachusetts.

In support hereof, LaSalle refers the Court to the Complaint and the Affidavits of Matthew Stilwell and Steven Snyder filed herewith and incorporated by reference. LaSalle further states:

## I. SUMMARY OF RELEVANT FACTS

1. The Defendants are or were officers, directors, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. *Stilwell Affidavit ¶ 4.*

2. Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004. On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3. On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan"). In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make

certain ongoing representations in order to continue borrowing against the loan. In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). *Stilwell Affidavit ¶¶ 5 – 6, 11-13*.

4. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, William Deakin and J&J Chemical knowingly made false representations regarding Gitto Global's finances to LaSalle with the purpose of inducing LaSalle to loan money to Gitto Global. *Stilwell Affidavit ¶¶ 20, 25 – 28, 36 – 62*.

5. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, Charles Gitto, Nancy Gitto Panagiotes, William Deakin, J&J Chemical and Tradex engaged in a scheme to have Gitto Global improperly obtain money from LaSalle through the LaSalle Revolving Loan. In furtherance of that design, Gary Gitto and Frank Miller directed a check-kiting scheme between the Fleet Blocked Account, the LaSalle Account and J&J Chemical's account at Clinton Savings Bank. *Stilwell Affidavit ¶¶ 16 – 19, 21 – 24*.

6. Between July of 2002 and September of 2004, on a daily basis and in furtherance of the check-kiting scheme, checks were issued from J&J Chemical payable to Gitto Global by or at the direction of Helen Kozak, John Tersigni, J&J Chemical and Janice Chaisson; checks were issued from Gitto Global payable to J&J Chemical by or at the direction of Frank Miller, Helen Kozak and William Deakin; fictitious invoices and bills of lading were created to conceal the check-kite by or at the direction of Frank Miller, Helen Kozak and William Deakin; and fictitious checks, purportedly issued by customers, were created to conceal the check-kiting

scheme by or at the direction of Frank Miller, Helen Kozak and William Deakin. *Stilwell Affidavit ¶¶ 17, 21 – 23, 28 – 34, 50 – 51.*

7.  Between July of 2002 and September of 2004, on a daily basis Frank Miller and Janice Chaisson, at the direction of Gary Gitto and Frank Miller, made false statements regarding Gitto Global's finances, in requesting advances of funds from LaSalle. *Stilwell Affidavit ¶¶ 36 - 37.*

8.  As of October 13, 2004, there is due and owing (a) under the LaSalle revolving loan, principal of $18,803,353.61, interest of $34,062.77 and interest continues to accrue at the per diem rate of $2,611.58, (b) under the LaSalle term loan, principal of $833,333.42, interest of $1,984.39 and interest continues to accrue at the per diem rate of $156.25 and (c) overdraft of $11,890,588, for a total sum of $31,529,259.42. *Stilwell Affidavit ¶ 15.*

## II. ARGUMENT IN SUPPORT OF ATTACHMENT

This Motion should be granted in order to provide pre-judgment security to LaSalle that may be available to satisfy judgments that LaSalle expects to obtain in the captioned action.

### A.   Standard for Granting Relief

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 223, § 42 et seq., and Mass. R. Civ. P. 4.1, an order may be granted approving attachment of real estate upon findings by the court that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the defendant is not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the defendant if notified in advance of attachment of the property will convey it, remove it from the state or conceal it, or iii) there is immediate danger that the defendant will damage or destroy the property to be attached.

B.	There is a Reasonable Likelihood that the Plaintiff Will Recover Judgment in an Amount Equal to or Greater than the Amount of the Attachment Over and Above any Liability Insurance Known or Reasonably Believed to be Available, There is a Clear Danger that the Defendants, if Notified in Advance of the Attachment of the <u>Property will Convey, Conceal, Damage or Destroy the Property to be Attached.</u>

Based upon the pattern of conduct of the Defendants, and the alleged evidence related thereto, there is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell Affidavit* ¶ 64. LaSalle is aware of no liability insurance coverage available to any of the above-named Defendants to satisfy a judgment against them in this action. *Stilwell Affidavit* ¶ 65. Upon information and belief and based on the past conduct of the Defendants, there exists a clear danger that the Defendants, if notified in advance of attachment of the property will convey it, conceal it, or damage or destroy the property to be attached, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell Affidavit* ¶ 66. Finally, LaSalle will suffer substantial and irreparable harm if it is not granted the relief requested in this motion and the motions filed herewith because LaSalle knows of no other assets of the Defendants from which the ultimate judgment can be satisfied. *Stilwell Affidavit* ¶ 68.

WHEREFORE, Plaintiff LaSalle Business Credit, LLC hereby respectfully requests that this Court approve an attachment in the amount of $30,000,000 on any and all right, title and interest in or to any real property located in the Commonwealth of Massachusetts and owned by defendants Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., Nancy Gitto Panagiotes, John D. Tersigni, Kathleen M. Carland, William Deakin, Janice Chaisson, Helen Kozak, Kingsdale Corp. D/B/A J&J Chemical Distributors, and Tradex Corporation ("Defendants"), or any of them. For

the convenience of the Court, LaSalle Business Credit, LLC has submitted herewith forms of attachment.

October 25, 2004                    Respectfully submitted,

                                    LASALLE BUSINESS CREDIT, LLC

                                    By: _____
                                    One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 346-1300
Fax: (312) 782-8416