IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 OCT 25  A 9: 47
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> GARY C. GITTO, FRANK MILLER, ) <br> CHARLES N. GITTO, JR., NANCY ) <br> GITTO PANAGIOTES, JOHN D. ) <br> TERSIGNI, KATHLEEN M. CARLAND, ) <br> WILLIAM DEAKIN, JANICE CHAISSON,) <br> HELEN KOZAK, KINGSDALE CORP. ) <br> d/b/a J&J CHEMICAL DISTRIBUTORS, ) <br> and TRADEX CORPORATION, ) <br> ) <br> Defendants, ) <br> and ) <br> ) <br> FLEET NATIONAL BANK, CLINTON ) <br> SAVINGS BANK, SOVEREIGN BANK, ) <br> COMMERCE BANK & TRUST ) <br> COMPANY, FIDELITY COOPERATIVE ) <br> BANK, BANKNORTH, N.A., ) <br> FIDELITY INVESTMENTS, INC., ) <br> LEOMINSTER CREDIT UNION, and ) <br> LEHMAN BROTHERS, INC., ) <br> ) <br> Trustee Process Defendants, ) <br> ) <br> and ) <br> ) <br> FIDELITY INVESTMENTS, INC., ) <br> DIRECT WOOD & PAPER PRODUCTS, ) <br> INC.,GITTO SALES CORPORATION, ) <br> J-TAN SALES & MARKETING, INC., ) <br> HEMISPHERE DISTRIBUTION ) <br> CORPORATION, LEHMAN BROTHERS, ) <br> INC., and AWG, LLC, ) <br> ) <br> Reach-and-Apply Defendants. ) | Case No. <br><br> 04  12227 DPW |

EX PARTE MOTION FOR EQUITABLE ATTACHMENTS IN
THE FORM OF REACH-AND-APPLY INJUNCTIONS

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 214, § 3, plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") hereby requests that this Court enter temporary restraining orders and then preliminary injunctions equitably attaching the rights and interests of certain defendants in and to reach-and-apply defendants Fidelity Investments, Inc., Direct Wood & Paper Products, Inc., Gitto Sales Corporation, J-Tan Sales & Marketing, Inc., Hemisphere Distribution Corporation, AWG, LLC, and Lehman Brothers, Inc. ("Reach-and-Apply Defendants), by entering injunctive relief as follows:

That Reach-and-Apply Defendants, and each of them, and their officers, agents, servants, employees, attorneys, beneficiaries, successors, assigns and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise shall:

   a.   be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., Nancy Gitto Panagiotes, John D. Tersigni, Kathleen M. Carland, William Deakin, Janice Chaisson, Helen Kozak, Kingsdale Corp. D/B/A J&J Chemical Distributors, and Tradex Corporation ("Defendants"), or any of them;

   b.   be enjoined from making any payment or transfer, directly or indirectly, to Defendants, or any of them, arising from their interest in any of the Reach-and-Apply Defendants; and

   c.   reach and apply, and pay directly to LaSalle any amounts due to LaSalle

as a result of the claims underlying the Complaint filed herewith.

Further, that Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., Nancy Gitto Panagiotes, John D. Tersigni, Kathleen M. Carland, William Deakin, Janice Chaisson, Helen Kozak, Kingsdale Corp. D/B/A J&J Chemical Distributors, and Tradex Corporation ("Defendants") shall be enjoined from accepting any payments on account of any interest in the Reach-and-Apply Defendants and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in the Reach-and-Apply Defendants, or any interest in the Reach-and-Apply Defendants, and that any of the Reach-and-Apply Defendants or Defendants in possession of certificated securities of any of the Reach-and-Apply Defendants shall be appointed as and deemed to be keepers of those certificated securities for benefit of LaSalle, pending further order of this Court.

In support hereof, LaSalle refers the Court to the Complaint, and the Affidavits of Matthew Stilwell and Steven Snyder filed herewith, and incorporated by reference. LaSalle further states:

I. SUMMARY OF RELEVANT FACTS

1.  Defendants are or were officers, directors, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. *Stilwell Affidavit ¶ 4.*

2.  Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004. On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3

3. On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan"). In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan. In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). *Stilwell Affidavit ¶¶ 5 – 6, 11-13.*

4. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, William Deakin and J&J Chemical knowingly made false representations regarding Gitto Global's finances to LaSalle with the purpose of inducing LaSalle to loan money to Gitto Global. *Stilwell Affidavit ¶¶ 20, 25 – 28, 36 – 62.*

5. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, Charles Gitto, Nancy Gitto Panagiotes, William Deakin, J&J Chemical and Tradex engaged in a scheme to have Gitto Global improperly obtain money from LaSalle through the LaSalle Revolving Loan. In furtherance of that design, Gary Gitto and Frank Miller directed a check-kiting scheme between the Fleet Blocked Account, the LaSalle Account and J&J Chemical's account at Clinton Savings Bank. *Stilwell Affidavit ¶¶ 16 – 19, 21 – 24.*

4

6. Between July of 2002 and September of 2004, on a daily basis and in furtherance of the check-kiting scheme, checks were issued from J&J Chemical payable to Gitto Global by or at the direction of Helen Kozak, John Tersigni, J&J Chemical and Janice Chaisson; checks were issued from Gitto Global payable to J&J Chemical by or at the direction of Frank Miller, Helen Kozak and William Deakin; fictitious invoices and bills of lading were created to conceal the check-kite by or at the direction of Frank Miller, Helen Kozak and William Deakin; and fictitious checks, purportedly issued by customers, were created to conceal the check-kiting scheme by or at the direction of Frank Miller, Helen Kozak and William Deakin. *Stilwell Affidavit ¶¶ 17, 21 – 23, 28 – 34, 50 – 51.*

7. Between July of 2002 and September of 2004, on a daily basis Frank Miller and Janice Chaisson, at the direction of Gary Gitto and Frank Miller, made false statements regarding Gitto Global's finances, in requesting advances of funds from LaSalle. *Stilwell Affidavit ¶¶ 36 -37.*

8. As of October 13, 2004, there is due and owing (a) under the LaSalle revolving loan, principal of $18,803,353.61, interest of $34,062.77 and interest continues to accrue at the per diem rate of $2,611.58, (b) under the LaSalle term loan, principal of $833,333.42, interest of $1,984.39 and interest continues to accrue at the per diem rate of $156.25 and (c) overdraft of $11,890,588, for a total sum of $31,529,259.42. *Stilwell Affidavit ¶ 15.*

9. Fidelity Investments, Inc. has places of business throughout the Commonwealth of Massachusetts and maintains and office at 82 Devonshire Street,

5

Boston, Massachusetts. Upon information and belief, Frank Miller has investment or brokerage accounts with Fidelity Investments, Inc. *Snyder Affidavit ¶ 16.*

10. Direct Wood & Paper Products, Inc. is a Massachusetts Corporation with a place of business at 5 Commonwealth Road, Suite #2-A, Natick, Massachusetts. Upon information and belief, Gary C. Gitto has in interest in Direct Wood & Paper Products, Inc. *Snyder Affidavit ¶ 9.*

11. Gitto Sales Corporation is a Massachusetts Corporation with a place of business at 140 Leominster-Shirley Road, Massachusetts. Upon information and belief, Gary C. Gitto has in interest in Gitto Sales Corporation. *Snyder Affidavit ¶ 9.*

12. J-Tan Sales & Marketing is a Massachusetts Corporation with a place of business at 24 Field Road, Leominster, Massachusetts. Upon information and belief, John D. Tersigni has in interest in J-Tan Sales & Marketing, Inc. *Snyder Affidavit ¶ 24.*

13. Hemisphere Distribution Corporation is a Massachusetts Corporation with a place of business at 434 Old Connecticut Path, Framingham, Massachusetts. Upon information and belief, Kathleen M. Carland has in interest in Hemisphere Distribution Corporation. *Snyder Affidavit ¶ 28.*

14. AWG, LLC is a Massachusetts Corporation with a place of business at 5 140 Leominster-Shirley Road, Massachusetts. Upon information and belief, Gary C. Gitto has in interest in AWG, LLC. *Snyder Affidavit ¶ 9.*

15. Lehman Brothers, Inc. maintains and office at 260 Franklin Street, Boston, Massachusetts. Upon information and belief, Gary C. Gitto has investment, brokerage or other accounts with Lehman Brothers, Inc.

II. <u>ARGUMENT IN SUPPORT OF EQUITABLE ATTACHMENT</u>

This Motion should be granted in order to protect assets of Defendants that may be available to satisfy a judgment that LaSalle may obtain in the captioned action from being lost, concealed, injured, diminished in value or squandered.

A.  Standard for Granting Relief

A creditor may "reach and apply" a debtor's interest in intangible property that cannot otherwise be executed against in an action at law. Mass. Gen. L. ch. 214, § 3(6); *Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54, 59 (1st Cir., 2001). In an action to reach and apply, the court must engage in a two-step process to establish (1) the indebtedness of the defendant and (2) the defendant has property that can be reached by the plaintiffs in satisfaction of the defendant's debt. Mass. Gen. L. ch. 214 §§ 3 (6) and (7); *GMAC v. Camilleri Bros. Chevrolet of Holyoke*, Inc., 188 F. Supp. 2d 73, 76 (D. Mass., 2001). A plaintiff who has obtained a preliminary injunction in an action to reach and apply has established an equitable attachment constituting security for satisfaction of a judgment. *In re Borofsky*, 138 Bankr. 345, 347 (Bankr. D.Mass. 1992); *Foxborough Sav. Bank v. Ballarino (In re Ballarino)*, 180 B.R. 343, 348 (D. Mass. 1995).

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 214, § 3, and Mass. R. Civ. P. 4.1 an order may be granted approving attachment of property upon findings by the court that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the defendant is not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the defendant if notified in advance of attachment of the property will convey it, remove it from the state or conceal it, or iii) there is immediate danger that the defendant will damage

7

or destroy the property to be attached.

      B.      There is a Reasonable Likelihood that the Plaintiff Will Recover Judgment in an Amount Equal to or Greater than the Amount of the Attachment Over and Above any Liability Insurance Known or Reasonably Believed to be Available, and There is a Clear Danger that the Defendants, if Notified in Advance of the Attachment of the Property will Convey, Conceal, Damage or Destroy the Property to be Attached.

Based upon the pattern of conduct of the Defendants, and the evidence alleged related thereto, there is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell Affidavit* ¶ *64.* LaSalle is aware of no liability insurance coverage available to any of the above-named Defendants to satisfy a judgment against them in this action. *Stilwell Affidavit* ¶ *65.* Upon information and belief, there exists a clear danger that the Defendants, if notified in advance of attachment of the property will convey it, conceal it, or damage or destroy the property to be attached, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell Affidavit* ¶ *66.* Finally, LaSalle will suffer substantial and irreparable harm if it is not granted the relief requested in this motion and the motions filed herewith because LaSalle knows of no other assets of the Defendants from which the ultimate judgment can be satisfied. *Stilwell Affidavit* ¶ *68.*

      C.      In the Alternative, Should the Court Apply the Standard Applicable to Preliminary Injunctions, the Motion Should Still be Granted

The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance the plaintiff will suffer irreparable injury and also that he is likely to prevail on the merits. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931

8

(1975). It is recognized, however, that a district court must weigh carefully the interests on both sides. *Id.*

### (i) LaSalle is Likely to Prevail on the Merits

There is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell Affidavit* ¶ 64. LaSalle has, in its Complaint and supporting affidavits, alleged sufficient facts to establish i) the illegal conduct of Defendants, ii) that LaSalle's losses were occasioned by that conduct, and iii) the debt of defendants to LaSalle. *See, e.g. Stillwell Affidavit.*

### (ii) Absent Injunctive Relief, LaSalle will Suffer Irreparable Injury

LaSalle is aware of no liability insurance coverage available to any of the Defendants to satisfy a judgment against them in this action. *Stilwell Affidavit* ¶ 65. Upon information and belief, there exists an immediate risk that the Defendants will liquidate or dispose of their assets, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell Affidavit* ¶ 66. LaSalle will suffer substantial and irreparable harm if it is not granted injunctive relief because LaSalle knows of no other assets of the Defendants from which the ultimate judgment can be satisfied. *Stilwell Affidavit* ¶ 68. In such a situation, LaSalle would have no viable remedy at law. The harm to LaSalle is far greater than any harm that may befall Defendants by granting this injunction. Given the nature of the claims against the Defendants and the evidence that is unfolding supporting these claims, there is a clear risk that the Defendants will conceal, convey or dissipate assets pending determination of these claims.

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this

Court enter the Orders in the forms attached hereto:

    a.    enjoining the Reach-and-Apply Defendants, or any of them, from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to Defendants, or any of them;

    b.    enjoining the Reach-and-Apply Defendants, or any of them, from making any payment or transfer, directly or indirectly, to Defendants, or any of them arising from their interest in any of the Reach-and-Apply Defendants;

    c.    ordering the Reach-and-Apply Defendants, to reach and apply and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith;

    d.    enjoining Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., Nancy Gitto Panagiotes, John D. Tersigni, Kathleen M. Carland, William Deakin, Janice Chaisson, Helen Kozak, Kingsdale Corp. D/B/A J&J Chemical Distributors, and Tradex Corporation, or any of them, from accepting any payments on account of any interest in the Reach-and-Apply Defendants and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in the Reach-and-Apply Defendants, or any interest in the Reach-and-Apply Defendants;

    e.    appointing any of the Reach-and-Apply Defendants or Defendants in possession of certificated securities of any of the Reach-and-Apply

    Defendants as keepers of those certificated securities for benefit of LaSalle; and

f.  granting such other relief as is just and proper.

October 25, 2004              Respectfully submitted,

                     LASALLE BUSINESS CREDIT, LLC

                     By: _____
                     One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax: (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone: (312) 346-1300
Fax: (312) 782-8416