FILED
IN THE UNITED STATES DISTRICT COURT CLERKS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2004 OCT 25  A 9:47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) | |
| LASALLE BUSINESS CREDIT, INC.,  ) | |
|              ) | |
|     Plaintiff,  ) | |
|              ) | Case No. |
|     v.  ) | |
| GARY C. GITTO, FRANK MILLER,  ) | |
| CHARLES N. GITTO, JR.. NANCY  ) | |
| GITTO PANAGIOTES, JOHN D.  ) | 04  12227 DPW |
| TERSIGNI, KATHLEEN M. CARLAND,  ) | |
| WILLIAM DEAKIN, JANICE CHAISSON, ) | |
| HELEN KOZAK, KINGSDALE CORP.  ) | |
| d/b/a J&J CHEMICAL DISTRIBUTORS,  ) | |
| and TRADEX CORPORATION,  ) | |
|              ) | |
|     Defendants,  ) | |
|     and  ) | |
|              ) | |
| FLEET NATIONAL BANK, CLINTON  ) | |
| SAVINGS BANK, SOVEREIGN BANK,  ) | |
| COMMERCE BANK & TRUST  ) | |
| COMPANY, FIDELITY COOPERATIVE  ) | |
| BANK, BANKNORTH, N.A.,  ) | |
| FIDELITY INVESTMENTS, INC.,  ) | |
| LEOMINSTER CREDIT UNION, and  ) | |
| LEHMAN BROTHERS, INC.,  ) | |
|              ) | |
|   Trustee Process Defendants,  ) | |
|              ) | |
|     and  ) | |
|              ) | |
| FIDELITY INVESTMENTS, INC.,  ) | |
| DIRECT WOOD & PAPER PRODUCTS,  ) | |
|  INC.,GITTO SALES CORPORATION,  ) | |
| J-TAN SALES & MARKETING, INC.,  ) | |
| HEMISPHERE DISTRIBUTION  ) | |
| CORPORATION, LEHMAN BROTHERS, ) | |
|  INC., and AWG, LLC,  ) | |
|              ) | |
|   Reach-and-Apply Defendants.  ) | |

ORDER TO SHOW CAUSE AND TEMPORARY
RESTRAINING ORDER APPROVING EQUITABLE
ATTACHMENTS IN THE FORM OF REACH-AND-APPLY INJUNCTIONS

Upon a showing made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") in the *Ex Parte Motion For Equitable Attachments In The Form Of Reach-And-Apply Injunctions,* together will all supporting papers, including the Complaint and the affidavits of Matthew Stilwell and Steven Snyder, the Court finds that there is a reasonable likelihood that the plaintiff will recover judgment against in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the Defendants are not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the Defendants, if notified in advance of attachment of the interests, will convey them, remove them from the state or conceal them, or iii) there is immediate danger that the Defendants will damage or destroy the interests to be attached before notice can be given and the Defendants can be heard in opposition to the granting of a temporary restraining order.

## GARY GITTO

IT IS ORDERED that GARY C. GITTO must appear before this Court on Tuesday, November 2, 2004 at 8:45 Am in Courtroom 1 and show cause why a preliminary injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary injunction, reach-and-apply defendants DIRECT WOOD & PAPER PRODUCTS, INC., GITTO SALES CORPORATION, AWG, LLC and LEHMAN BROTHERS, INC. and any of them, shall:

a.    be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing,

hypothecating or otherwise disposing of any money, property, interests or payments owed to GARY C. GITTO;

b.    be enjoined from making any payment or transfer, directly or indirectly, to GARY C. GITTO arising from his interest in, or interests held by, DIRECT WOOD & PAPER PRODUCTS, INC., GITTO SALES CORPORATION, AWG, LLC and LEHMAN BROTHERS, INC., and any of them; and

c.    reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that GARY C. GITTO shall be enjoined from accepting any payments on account of any interest in or held by DIRECT WOOD & PAPER PRODUCTS, INC., GITTO SALES CORPORATION, AWG, LLC and LEHMAN BROTHERS, INC., or any of them, and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by DIRECT WOOD & PAPER PRODUCTS, INC., GITTO SALES CORPORATION, AWG, LLC and LEHMAN BROTHERS, INC. DIRECT WOOD & PAPER PRODUCTS, INC., GITTO SALES CORPORATION, AWG, LLC and LEHMAN BROTHERS, INC., or any other person in possession of certificated securities belonging to or for benefit of GARY C. GITTO is hereby appointed keeper of those certificated securities for benefit of LaSalle.

## FRANK MILLER

IT IS ORDERED that FRANK MILLER must appear before this Court on

Tuesday,
November 2, 2004    at 8:45 am in Courtroom 1 and show cause why a preliminary

injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary

injunction, reach-and-apply defendants FIDELITY INVESTMENTS, INC. shall:

d.    be enjoined from paying in whole or in part, offsetting, assigning,
alienating, selling, transferring, pledging, encumbering, concealing,
hypothecating or otherwise disposing of any money, property or payments
owed to FRANK MILLER;

e.    be enjoined from making any payment or transfer, directly or indirectly, to
FRANK MILLER arising from his interest in or held by FIDELITY
INVESTMENTS, INC.; and

f.    reach and apply, and pay directly to LaSalle any amounts due to LaSalle
as a result of the claims underlying the Complaint filed herewith.

Further, that FRANK MILLER shall be enjoined from accepting any payments on

account of any interest in or held by FIDELITY INVESTMENTS, INC., and from

selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise

disposing of any money, property or payments received on account of any interest in or

held by FIDELITY INVESTMENTS, INC., and that either of FRANK MILLER or

FIDELITY INVESTMENTS, INC., or any other person in possession of certificated

securities belonging to or for benefit of FRANK MILLER, is hereby appointed keeper of

those certificated securities for benefit of LaSalle.

## JOHN D. TERSIGNI

IT IS ORDERED that JOHN D. TERSIGNI must appear before this Court on Tuesday November 2, 2004 at 8:45 am in Courtroom 1 and show cause why a preliminary injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary injunction, reach-and-apply defendants J-TAN SALES & MARKETING, INC. shall:

g.  be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to JOHN D. TERSIGNI;

h.  be enjoined from making any payment or transfer, directly or indirectly, to JOHN D. TERSIGNI arising from his interest in J-TAN SALES & MARKETING, INC.; and

i.  reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that JOHN D. TERSIGNI shall be enjoined from accepting any payments on account of any interest in J-TAN SALES & MARKETING, INC., and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in J-TAN SALES & MARKETING, INC., or any interest in J-TAN SALES & MARKETING, INC. and that either of JOHN D. TERSIGNI or J-TAN SALES & MARKETING, INC., or any other person in possession of certificated securities belonging to or for benefit of JOHN

D. TERSIGNI is hereby appointed keeper of those certificated securities for benefit of
LaSalle.

## KATHLEEN M. CARLAND

IT IS ORDERED that KATHLEEN M. CARLAND must appear before this Court
on _Tuesday_ _November 2, 2004_ at _8:45Am_ in _Courtroom 1_ and show cause why a
preliminary injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary
injunction, reach-and-apply defendants HEMISPHERE DISTRIBUTION
CORPORATION, INC. shall:

    j.     be enjoined from paying in whole or in part, offsetting, assigning,
alienating, selling, transferring, pledging, encumbering, concealing,
hypothecating or otherwise disposing of any money, property or payments
owed to KATHLEEN M. CARLAND;

    k.     be enjoined from making any payment or transfer, directly or indirectly, to
KATHLEEN M. CARLAND arising from her interest in HEMISPHERE
DISTRIBUTION CORPORATION, INC.; and

    l.     reach and apply, and pay directly to LaSalle any amounts due to LaSalle
as a result of the claims underlying the Complaint filed herewith.

Further, that KATHLEEN M. CARLAND shall be enjoined from accepting any
payments on account of any interest in HEMISPHERE DISTRIBUTION
CORPORATION, INC., and from selling, transferring, pledging, encumbering,
concealing, hypothecating or otherwise disposing of any money, property or payments

received on account of any interest in HEMISPHERE DISTRIBUTION

CORPORATION, INC., or any interest in HEMISPHERE DISTRIBUTION

CORPORATION, INC. and that either of KATHLEEN M. CARLAND or

HEMISPHERE DISTRIBUTION CORPORATION, INC., or any other person in

possession of certificated securities belonging to of for benefit of KATHLEEN M.

CARLAND is hereby appointed keeper of those certificated securities for benefit of

LaSalle.

Dated: _October 25, 2004_
         _10:30 a.m._

_____

United States District Judge