IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>GARY C. GITTO, FRANK MILLER, )<br>CHARLES N. GITTO, JR., NANCY )<br>GITTO PANAGIOTES, JOHN D. )<br>TERSIGNI, KATHLEEN M. CARLAND, )<br>WILLIAM DEAKIN, JANICE CHAISSON,)<br>HELEN KOZAK, KINGSDALE CORP. )<br>d/b/a J&J CHEMICAL DISTRIBUTORS, )<br>and TRADEX CORPORATION, )<br>)<br>Defendants, )<br>and )<br>)<br>FLEET NATIONAL BANK, CLINTON )<br>SAVINGS BANK, SOVEREIGN BANK, )<br>COMMERCE BANK & TRUST )<br>COMPANY, FIDELITY COOPERATIVE )<br>BANK, BANKNORTH, N.A., )<br>FIDELITY INVESTMENTS, INC., )<br>LEOMINSTER CREDIT UNION, and )<br>LEHMAN BROTHERS, INC., )<br>)<br>Trustee Process Defendants, )<br>)<br>and )<br>)<br>FIDELITY INVESTMENTS, INC., )<br>DIRECT WOOD & PAPER PRODUCTS, )<br>INC., GITTO SALES CORPORATION, )<br>J-TAN SALES & MARKETING, INC., )<br>HEMISPHERE DISTRIBUTION )<br>CORPORATION, LEHMAN BROTHERS, )<br>INC., and AWG, LLC, )<br>)<br>Reach-and-Apply Defendants. ) | Case No. 04-12227-DPW |

**EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY**

272093.1 042314-34311

LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") hereby moves this Court for an Order permitting certain limited discovery in advance of the 26(f) discovery conference. Specifically, LaSalle seeks to compel trustee process defendants Fleet National Bank, Clinton Savings Bank, Commerce Bank & Trust, Fidelity Investments, Inc. and Lehman Brothers, Inc. (the "Trustee Process Defendants") to produce and make available for inspection and copying on an expedited basis any and all documents and electronic information for the period after July 1, 2002, that relate or refer to (i) the goods, property, credits of defendants Gary C. Gitto ("Gary Gitto"), Frank Miller, Charles N. Gitto, Jr. ("Charles Gitto"), and Kingsdale Corporation d/b/a J&J Chemical Distributors ("J&J Chemical") (collectively, the "Defendants"), (ii) any account activity of any of the Defendants, and (iii) any loans or lending activity involving any of the Defendants. To minimize the burden on the Trustee Process Defendants, LaSalle proposes that the Trustee Process Defendants produce loan documents, account statements and detail of account activity as it is maintained by the respective Trustee Process Defendants in the ordinary course of business as soon as practicable and no later than 3 business days from the day following receipt of service of the discovery order and a subpoena. LaSalle would then identify on a rolling basis certain specific additional information (such as relating to wire transfers, deposits, checks or transfers) and the respective Trustee Process Defendants would be required to produce such information within 3 business days of the request or, if not possible, as soon as practicable using good faith diligent efforts.

In support hereof, LaSalle refers the Court to the Complaint and the Affidavit of Matthew Stilwell filed on October 25, 2004, and incorporated by reference. LaSalle further states:

<u>Summary of Relevant Facts</u>

1.      The Defendants are or were officers, directors, or otherwise had a relationship

with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. *Stilwell Affidavit ¶ 4*.

2.      Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004. On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3.      On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan"). In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan. In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). *Stilwell Affidavit ¶¶ 5 – 6, 11-13*.

4.      Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, William Deakin and J&J Chemical knowingly made false representations regarding Gitto Global's finances to LaSalle with the purpose of inducing LaSalle to loan money to Gitto Global. *Stilwell Affidavit ¶¶ 20, 25 – 28, 36 – 62*.

5.      Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, John Tersigni, Kathleen Carland, Janice Chaisson, Helen Kozak, Charles Gitto, Nancy Gitto Panagiotes, William Deakin, J&J Chemical and Tradex engaged in a scheme

to have Gitto Global improperly obtain money from LaSalle through the LaSalle Revolving Loan. In furtherance of that design, Gary Gitto and Frank Miller directed a check-kiting scheme between the Fleet Blocked Account, the LaSalle Account and J&J Chemical's account at Clinton Savings Bank. *Stilwell Affidavit ¶¶ 16 – 19, 21 – 24.*

6. Between July of 2002 and September of 2004, on a daily basis and in furtherance of the check-kiting scheme, checks were issued from J&J Chemical payable to Gitto Global by or at the direction of Helen Kozak, John Tersigni, J&J Chemical and Janice Chaisson; checks were issued from Gitto Global payable to J&J Chemical by or at the direction of Frank Miller, Helen Kozak and William Deakin; fictitious invoices and bills of lading were created to conceal the check-kite by or at the direction of Frank Miller, Helen Kozak and William Deakin; and fictitious checks, purportedly issued by customers, were created to conceal the check-kiting scheme by or at the direction of Frank Miller, Helen Kozak and William Deakin. *Stilwell Affidavit ¶¶ 17, 21 – 23, 28 – 34, 50 – 51.*

7. Between July of 2002 and September of 2004, on a daily basis Frank Miller and Janice Chaisson, at the direction of Gary Gitto and Frank Miller, made false statements regarding Gitto Global's finances, in requesting advances of funds from LaSalle. *Stilwell Affidavit ¶¶ 36 - 37.*

8. Between July of 2002 and September of 2004, Charles Gitto was the Chairman of the Board of Gitto Global and an officer of Tradex, Gitto Global's landlord. In 2003 and 2004, Charles Gitto received over $374,000 from Gitto Global directly and over $615,000 from Gitto Global through Tradex. A majority of this money was paid in unaccounted for disbursements and thus do not even carry an indicia of legitimacy. Charles Gitto accepted these disbursements. *Stilwell Affidavit ¶ 42.*

9.     As of October 13, 2004, there is due and owing (a) under the LaSalle revolving loan, principal of $18,803,353.61, interest of $34,062.77 and interest continues to accrue at the per diem rate of $2,611.58, (b) under the LaSalle term loan, principal of $833,333.42, interest of $1,984.39 and interest continues to accrue at the per diem rate of $156.25 and (c) overdraft of $11,890,588, for a total sum of $31,529,259.42.  *Stilwell Affidavit ¶ 15.*

10.    On information and belief, one or more of the Defendants, who are the most senior individuals that appear to be involved in the scheme, maintain or have maintained accounts or have had lending relationships with Trustee Process Defendants.

11.    Upon information and belief, some of the money obtained by Defendants through the check kiting and bank fraud schemes may have been moved through accounts with the Trustee Process Defendants owned or controlled by the Defendants.

12.    Having access to financial records from the Trustee Process Defendants may enable LaSalle to trace and possibly recover funds or assets of the Defendants generated from the fraudulent schemes and may enable LaSalle to understand the trail of funds advanced by LaSalle.

<u>Argument in Support of LaSalle's Motion</u>

Fed.R.Civ.P. 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Rule 26(d), however, expressly provides for departure from the "meet and confer" process of Rule 26(f) if the parties agree to expedited discovery or if the Court so authorizes. Unlike other discovery provisions of the Federal Rules, Rule 26(d) does not provide a standard under which a court should decide expedited discovery motions. See, e.g., Fed. R. Civ. P. 26(c) (providing that a party show "good cause" to get a protective order); *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832 (D. Pa., 2003).

Courts have adopted different standards in analyzing requests for discovery prior to the Fed.R.Civ.P. 26(f) conference. Some Courts have analyzed the request based on cause shown under the circumstances. *See, e.g. Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832 (D. Pa., 2003). In *Philadelphia Newspaper, Inc. v. Gannett Satellite Information Network, Inc.*, a court in the Eastern District of Pennsylvania noted that "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." 1998 U.S. Dist. LEXIS 10511, at *4 (E.D. Pa. July 15, 1998) (quoting *Ellsworth Associates, Inc. v. United States,* 917 F. Supp. 841, 844 (D.D.C. 1996)). In attempting to develop a standard, the court focused on the circumstances of the case, such as a pending preliminary injunction hearing, the need for discovery, and the breadth of the moving party's discovery requests. *See Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832, 8-9 (D. Pa., 2003). For example, if narrowly tailored to fit the needs of the hearing, leave to conduct expedited discovery would be granted. *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832 at 8-9. Where the requests are overly broad, as they were in *Philadelphia Newspapers*, leave has been denied. *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832, 8-9 (D. Pa., 2003).

In *Notaro v. Koch,* the Court set forth four factors for analyzing motions for expedited discovery under Rule 30(a), relating to depositions. 95 F.R.D. 403 (S.D.N.Y. 1982). The court required the moving party to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Notaro*, 95 F.R.D. at 405. The four factors defined are akin to the factors used to

weigh a motion for preliminary injunction because, under the circumstances of the *Notaro* case, Plaintiffs had requested simultaneously a preliminary injunction and an expedited deposition. The Court reasoned these stringent factors are appropriate to protect the defendants at such an early stage of litigation. *See Notaro*, 95 F.R.D. at 405 (citing 4A Moore's Federal Practice, para. 30.54 (1982)). Other courts have declined to apply Notaro's four-prong test. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000); *Philadelphia Newspapers*, 1998 U.S. Dist. LEXIS 10511 at *5 n.1. Under either the four-prong analysis or the more straightforward test of good cause, the Court should grant LaSalle's Motion. *See also, Osrecovery, Inc, et al., v. One Groupe International, Inc.*, 305 F. Supp. 2d 340, 342 (S.D. N.Y. 2004) (application for expedited discovery granted in action alleging RICO violations and securities fraud.)

  A. Absent the Limited Expedited Discovery, LaSalle will Suffer Irreparable Injury, and Avoidance of this Injury is Directly Related to the Request for Expedited Discovery.

Upon information and belief, and based on previous conduct of the Defendants alleged in the Complaint, there exists an immediate risk that the Defendants will liquidate or dispose of their assets, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stillwell Affidavit* ¶ 66. LaSalle's chances of recovering on a judgment by tracing funds that may have been misappropriated from its loan proceeds are directly related to LaSalle's ability to understand the cash activity of the Defendants. LaSalle has requested that the Trustee Process Defendants provide sequenced discovery on an expedited basis. LaSalle has not requested any information that would not otherwise be discoverable. Each of the Trustee Process Defendants is a financial institution that is experienced in and has the capacity to respond to the requested discovery. Waiting until after the F.R.Civ.P. 26(f) conference is likely to substantially prejudice LaSalle's efforts to identify

proceeds of its loan and understand the scheme of the Defendants that is unfolding.

    B.    <u>LaSalle is Likely to Prevail on the Merits</u>

There is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the Defendants, exclusive of all costs, in excess of $30,000,000. LaSalle has, in its Complaint and supporting affidavits, alleged sufficient facts to establish the conduct of Defendants and that LaSalle's losses were occasioned by that conduct.

    C.    <u>The Injury that Will Result without Expedited Discovery Looms Greater than the Injury that the Defendant Will Suffer if the Expedited Relief is Granted.</u>

The harm to LaSalle is likely to be far greater than any harm that may befall Defendants by granting this Order. The order will not require Defendants to take any action and will require the Trustee Process Defendants merely to respond on a slightly expedited basis to what in is in essence a subpoena for records. Given the nature of the claims against the Defendants, and the evidence that is unfolding supporting these claims, there is a clear risk that the Defendants will conceal, convey or dissipate asset pending determination of these claims. Absent the requested order, LaSalle will be delayed in its efforts to pursue the trail of the money, borrowed from LaSalle, that the Defendants appear to have converted. In contrast, there will be neither harm nor prejudice to Defendants occasioned by the early disclosure of financial records by the Trustee Process Defendants.

<u>Certification under Local Rule 7.1</u>

Counsel have not conferred regarding this motion as required by Local Rule 7.1 because no counsel has yet entered an appearance on behalf of any of the defendants, and waiting for entry of such appearances is inconsistent with the impetus behind this request – i.e. expedited discovery of certain limited financial information.

WHEREFORE, LaSalle Business Credit requests that the Court enter an order:

A. Granting LaSalle's Motion;

B. Compelling trustee process defendants Fleet National Bank, Clinton Savings Bank, Commerce Bank & Trust, Fidelity Investments, Inc. and Lehman Brothers, Inc. (the "Trustee Process Defendants") to produce and make available for inspection and copying on an expedited basis any and all documents and electronic information for the period after July 1, 2002, that relate or refer to (i) the goods, property, credits of defendants Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., and Kingsdale Corporation d/b/a J&J Chemical Distributors (the "Defendants"), (ii) any account activity of any of the Defendants, and (iii) any loans to or lending activity involving any of the Defendants, including, without limitation, loan documents, account statements, and detail of account activity, as such information is maintained by the Trustee Process Defendants in the ordinary course of business, as soon as practicable and no later than 3 business days from the day following receipt of service of a copy of this Order and a subpoena issued by counsel to LaSalle;

C. That following receipt of requests from plaintiff for certain specific additional information related to the information previously produced (such as relating to wire transfers, deposits, checks or transfers), the Trustee Process Defendants shall produce such additional information requested within 3 business days of the request or, if not possible, as soon as practicable using good faith diligent efforts.

    D.    Providing that all of the documents or electronic information requested by LaSalle and identified in the subpoena issued by counsel to LaSalle shall be produced as soon as practicable using good faith diligent efforts; and

    E.    Providing that the Order shall be without prejudice to any party requesting a modification thereof or seeking a protective order.

A form of order has been filed herewith for the convenience of the Court.

November 1, 2004                                  Respectfully submitted,

                                                                     LASALLE BUSINESS CREDIT, LLC

                                                                     By:  /s/ Christopher J. Panos
                                                                            One of its attorneys

Christopher J. Panos (BBO# 555273)
Brendan C. Recupero (BBO# 645032)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax: (312) 782-8416

## CERTIFICATE OF SERVICE

  I, Christopher J. Panos, an attorney, hereby certify that I caused true and correct copies of the foregoing Emergency Motion for Limited Expedited Discovery to be served upon the parties listed below, and, where known, those attorneys who indicated that they would enter an appearance on behalf of a party, via Overnight Federal Express Delivery this 1st day of November 2004.

1. Gary C. Gitto
   51 Meyer Hill Drive
   Acton, MA  01720

2. Frank Miller
   95 Kettle Hole Road
   Bolton, MA  01740

3. Charles N. Gitto, Jr.
   18 Nancy Court
   Leominster, MA  01453

4. Nancy Gitto Panagiotes
   656 Strawberry Hill Road
   Concord, MA  01742

5. John D. Tersigni
   24 Field Road
   Leominster, MA  01453

6. Kathleen M. Carland
   4 South Street
   Auburn, MA 01501-2814

7. William Deakin
   206 Hawthaway Road
   Acushnet, MA  02743-1611

8. Janice Chaisson
   17 Grove Street
   Clinton, MA  01510

9. Helen Kozak
   87 Greenwood Place
   Gardner, MA  01440-2861

10. Kingsdale Corp. d/b/a
    J&J Chemical Distributors
    19 Snead Drive
    Mashpee, MA  02649-3218

11. Tradex Corporation
    c/o Michael P. Angeline
    16 Military Road
    Worcester, MA  01609-1627

12. Fleet National Bank
    100 Federal Street
    Boston, MA  02109

13. Clinton Savings Bank
    200 Church Street
    Clinton, MA  01510

14. Sovereign Bank
    75 State Street
    Boston, MA  02109

15. Commerce Bank & Trust Company
    386 Main Street
    Worcester, MA  01608

16. Fidelity Co-Operative Bank
    675 Main Street
    Fitchburg, MA  01420

17. BankNorth, N.A.
    15 Broad Street
    Boston, MA  02109

18. Fidelity Investments, Inc.
    82 Devonshire Street
    Boston, MA  02109

19. Leominster Credit Union
    20 Adams Street
    Leominster, MA  01453

20. Lehman Brothers, Inc.
    260 Franklin Street
    Boston, MA  02109

21. David L Kelston, Esq.
    Adkins Kelston & Zavez, PC
    90 Canal Street
    Boston, MA  02114

22. Stephen M. Rodolakis, Esq.
    MacCarthy Pojani & Hurley, LLP
    Attorneys at Law
    446 Main Street
    Worcester, MA  01608

23. Ian Crawford, Esq.
    Todd & Weld LLP
    28 State Street
    Boston, MA  02109

24. Edward W. McIntyre, Esq.
    162 Church Street
    Clinton, MA  01510

25. Christopher P Litterio
    Ruberto, Israel & Weiner, P.C.
    100 North Washington Street
    Boston, MA  02114-2128

                                    ___/s/ Christopher J. Panos_____
                                         Christopher J. Panos

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC.,      )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   Case No. 04-12227-DPW
                                     )
GARY C. GITTO, FRANK MILLER,         )
CHARLES N. GITTO, JR., NANCY         )
GITTO PANAGIOTES, JOHN D.            )
TERSIGNI, KATHLEEN M. CARLAND,       )
WILLIAM DEAKIN, JANICE CHAISSON,)
HELEN KOZAK, KINGSDALE CORP.         )
d/b/a J&J CHEMICAL DISTRIBUTORS,     )
and TRADEX CORPORATION,              )
                                     )
            Defendants,               )
      and                            )
                                     )
FLEET NATIONAL BANK, CLINTON         )
SAVINGS BANK, SOVEREIGN BANK,        )
COMMERCE BANK & TRUST                )
COMPANY, FIDELITY COOPERATIVE        )
BANK, BANKNORTH, N.A.,               )
FIDELITY INVESTMENTS, INC.,          )
LEOMINSTER CREDIT UNION, and         )
LEHMAN BROTHERS, INC.,               )
                                     )
      Trustee Process Defendants,    )
                                     )
      and                            )
                                     )
FIDELITY INVESTMENTS, INC.,          )
DIRECT WOOD & PAPER PRODUCTS,        )
INC., GITTO SALES CORPORATION,       )
J-TAN SALES & MARKETING, INC.,       )
HEMISPHERE DISTRIBUTION              )
CORPORATION, LEHMAN BROTHERS, )
INC., and AWG, LLC,                  )
                                     )
      Reach-and-Apply Defendants.    )

**ORDER GRANTING LIMITED EXPEDITED DISCOVERY**

272093.1 042314-34311

Upon a showing made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") at a hearing held on November 2, 2004, together with a motion filed on November 1, 2004, and all supporting papers, including the Complaint and the affidavit of Matthew Stilwell, with cause shown:

IT IS HEREBY ORDERED:

A. Plaintiff's Motion for Limited Expedited Discovery is GRANTED;

B. Trustee process defendants Fleet National Bank, Clinton Savings Bank, Commerce Bank & Trust, Fidelity Investments, Inc. and Lehman Brothers, Inc. (the "Trustee Process Defendants") shall produce and make available for inspection and copying on an expedited basis any and all documents and electronic information for the period after July 1, 2002, that relate or refer to (i) the goods, property, credits of defendants Gary C. Gitto, Frank Miller, Charles N. Gitto, Jr., and Kingsdale Corporation d/b/a J&J Chemical Distributors (the "Defendants"), (ii) any account activity of any of the Defendants, and (iii) any loans to or lending activity involving any of the Defendants, including, without limitation, loan documents, account statements, and detail of account activity, as such information is maintained by the Trustee Process Defendants in the ordinary course of business, as soon as practicable and no later than 3 business days from the day following receipt of service of a copy of this Order and a subpoena issued by counsel to LaSalle; and

C. Following receipt of requests from plaintiff for certain specific additional information related to the information previously produced (such as relating to wire transfers, deposits, checks or transfers), the Trustee Process Defendants shall

          produce such additional information requested within 3 business days of the request or, if not possible, as soon as practicable using good faith diligent efforts.

D.     All of the documents or electronic information requested by LaSalle and identified in the subpoena issued by counsel to LaSalle shall be produced as soon as practicable using good faith diligent efforts.

E.     This Order shall be without prejudice to any party requesting a modification hereof or seeking a protective order.

Dated: _____

_____
United States District Judge