UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GARY C. GITTO, et al, | ) ) |
| Defendants | ) ) |

**DEFENDANT GARY C. GITTO'S RESPONSE TO PLAINTIFF'S
EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY**

Defendant Gary C. Gitto does not object to plaintiff's motion for expedited discovery,[1] so long as this Court will allow him also to take expedited, limited discovery so that he may prepare properly for the December 10, 2004 hearing. Specifically, defendant requests that plaintiff be ordered to produce, on or before November 19, 2004, a separate statement, for each paragraph of the complaint that makes factual allegations of wrongdoing against defendant Gary Gitto,[2] of all facts in support of each allegation and

---

[1] Defendant does not, of course, waive any privilege he may have, but assents only to an expedited schedule.

[2] Defendant believes that the primary paragraphs (and allegations) are as follows: para. 61 (J-Tan received funds from Gary Gitto and operates under his direction); para. 69(a) (fraudulently obtained funds were - with his knowledge of the fraud, it is suggested - transferred to Gary Gitto); para. 70 (various employees misrepresented Gitto Global's finances "at Gary Gitto's ... direction"); para. 73 (false representations were made "[a]t the direction of Gary Gitto, ..."); para. 79 (similar); para. 81 (similar); para 83 (similar); para. 87 (similar); para. 96 (Gary

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GARY C. GITTO, et al, | ) ) |
| Defendants | ) ) |

**DEFENDANT GARY C. GITTO'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY**

Defendant Gary C. Gitto does not object to plaintiff's motion for expedited discovery,[1] so long as this Court will allow him also to take expedited, limited discovery so that he may prepare properly for the December 10, 2004 hearing. Specifically, defendant requests that plaintiff be ordered to produce, on or before November 19, 2004, a separate statement, for each paragraph of the complaint that makes factual allegations of wrongdoing against defendant Gary Gitto,[2] of all facts in support of each allegation and

---

[1] Defendant does not, of course, waive any privilege he may have, but assents only to an expedited schedule.

[2] Defendant believes that the primary paragraphs (and allegations) are as follows: para. 61 (J-Tan received funds from Gary Gitto and operates under his direction); para. 69(a) (fraudulently obtained funds were - with his knowledge of the fraud, it is suggested - transferred to Gary Gitto); para. 70 (various employees misrepresented Gitto Global's finances "at Gary Gitto's ... direction"); para. 73 (false representations were made "[a]t the direction of Gary Gitto, ..."); para. 79 (similar); para. 81 (similar); para 83 (similar); para. 87 (similar); para. 96 (Gary

the source of these facts, identifying by name, address and telephone number each person on whom plaintiff has relied for support of each allegation, and identifying the evidence each such person is believed to have. Thereafter defendant will be allowed to depose those persons identified for the purpose of preparing for the December 10, 2004 hearing. See Proposed Order attached hereto.

In support of defendant's request, defendant states as follows:

1. Plaintiff is asking for extraordinary preliminary relief against this defendant, *see Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L. Ed. 319 (1999), and plaintiff will present its evidence in support of its request for this extraordinary relief on December 10, 2004.

2. In order for defendant to be able to prepare to meet and test this evidence, the limited discovery asked for here should be provided. In particular, it should be noted that the allegations against this defendant – who is not alleged, for instance, to have drafted or signed any of the allegedly false documents – are almost entirely so general in nature (he "directed" others, or "conspired" with them, or

---

Gitto used "a check-kiting scheme ..."); para. 97 (John Tersigni signed fraudulent checks "at the direction of Gary Gitto ..."); para. 98 (Gary Gitto "knowingly participated" in fraudulent scheme through "directing" various actions); paras. 108-109 (Gary Gitto participated in the scheme and knowingly directed "Janice Chaisson to provide false information to LaSalle ..."); para. 114 (Gary Gitto directed the preparation of false invoices); para. 115 (Gary Gitto directed Louis Pellegrini to make false confirmations); para. 116 (similar to para. 114); para. 117 (*id.*); para. 128 (alleging various fraudulent acts by Gary Gitto); para. 145 (*id.*); paras. 158-164 (Gary Gitto conspired with others to defraud plaintiff); paras. 176-181 (Gary Gitto actively participated in a civil conspiracy).

the source of these facts, identifying by name, address and telephone number each person on whom plaintiff has relied for support of each allegation, and identifying the evidence each such person is believed to have. Thereafter defendant will be allowed to depose those persons identified for the purpose of preparing for the December 10, 2004 hearing. See Proposed Order attached hereto.

In support of defendant's request, defendant states as follows:

1. Plaintiff is asking for extraordinary preliminary relief against this defendant, *see Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L. Ed. 319 (1999), and plaintiff will present its evidence in support of its request for this extraordinary relief on December 10, 2004.

2. In order for defendant to be able to prepare to meet and test this evidence, the limited discovery asked for here should be provided. In particular, it should be noted that the allegations against this defendant – who is not alleged, for instance, to have drafted or signed any of the allegedly false documents – are almost entirely so general in nature (he "directed" others, or "conspired" with them, or

---

Gitto used "a check-kiting scheme ..."); para. 97 (John Tersigni signed fraudulent checks "at the direction of Gary Gitto ..."); para. 98 (Gary Gitto "knowingly participated" in fraudulent scheme through "directing" various actions); paras. 108-109 (Gary Gitto participated in the scheme and knowingly directed "Janice Chaisson to provide false information to LaSalle ..."); para. 114 (Gary Gitto directed the preparation of false invoices); para. 115 (Gary Gitto directed Louis Pellegrini to make false confirmations); para. 116 (similar to para. 114); para. 117 (*id.*); para. 128 (alleging various fraudulent acts by Gary Gitto); para. 145 (*id.*); paras. 158-164 (Gary Gitto conspired with others to defraud plaintiff); paras. 176-181 (Gary Gitto actively participated in a civil conspiracy).

"participated" with them, with no identification of what he supposedly actually did) that it is impossible for him, at this stage, to defend against the claims.

3. This Court's decision on December 10, 2004 could significantly and drastically affect defendant Gitto for months or even years to come, and he should be afforded a reasonable opportunity to meet the evidence plaintiff will present.

          Respectfully submitted,

          Gary C. Gitto,

          By his attorneys,

          /s/ Max D. Stern
          Max D. Stern, BBO #479560
          Stern, Shapiro, Weissberg & Garin, LLP
          90 Canal Street, 5th Floor
          Boston, MA 02114
          (617) 742-5800

          /s/ David L. Kelston
          David L. Kelston, BBO #267310
          Adkins, Kelston & Zavez, P.C.
          90 Canal Street, 5th Floor
          Boston, MA 02114
          (617) 367-1040

Dated: November 4, 2004

G:\SSWG\Gitto\LaSalle Business Credit\LaSalle v. Gitto\expedited discovery response.wpd

"participated" with them, with no identification of what he supposedly actually did) that it is impossible for him, at this stage, to defend against the claims.

3. This Court's decision on December 10, 2004 could significantly and drastically affect defendant Gitto for months or even years to come, and he should be afforded a reasonable opportunity to meet the evidence plaintiff will present.

> Respectfully submitted,
>
> Gary C. Gitto,
>
> By his attorneys,
>
> /s/ Max D. Stern
> Max D. Stern, BBO #479560
> Stern, Shapiro, Weissberg & Garin, LLP
> 90 Canal Street, 5th Floor
> Boston, MA 02114
> (617) 742-5800
>
> /s/ David L. Kelston
> David L. Kelston, BBO #267310
> Adkins, Kelston & Zavez, P.C.
> 90 Canal Street, 5th Floor
> Boston, MA 02114
> (617) 367-1040

Dated: November 4, 2004

G:\SSWG\Gitto\LaSalle Business Credit\LaSalle v. Gitto\expedited discovery response.wpd