THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Case No.  04CV12227DPW

_____
LASALLE BUSINESS CREDIT, LLC f/k/a        )
LASALLE BUSINESS CREDIT, IN.,             )
              Plaintiff                              )
                                                     )
v.                                        )
                                                     )
GARY C. GITTO, FRANK MILLER, CHARLES      )
N. GITTO, JR., NANCY GITTO PANAGIOTES,    )
JOHN D. TERSIGNI, KATHLEEN M. CARLAND,    )
WILLIAM DEAKIN, JANICE CHAISSON,          )
HELEN KOZAK, KINGSDALE CORP. d/b/a        )
J&J CHEMICAL DISTRIBUTORS, and            )
TRADEX CORPORATION,                       )
              Defendants                             )
                                                     )
and                                       )
                                                     )
FLEET NATIONAL BANK, CLINTON              )
SAVINGS BANK, SOVEREIGN BANK,             )
COMMERCE BANK & TRUST COMPANY,            )
BANKNORTH, N.A., FIDELITY INVESTMENTS     )
INC., LEOMINISTER CREDIT UNION, and       )
LEHMAN BROTHERS, INC.,                    )
              Trustee Process Defendants             )
                                                     )
and                                       )
                                                     )
FIDELITY INVESTMENTS, INC., DIRECT        )
WOOD & PAPER PRODUCTS, INC., GITTO        )
SALES CORPORATION, J-TAN SALES &          )
MARKETING, INC., HEMISPHERE               )
DISTRIBUTION CORPORATION, LEHMAN          )
BROTHERS, INC., and AWG, LLC.,            )
              Reach and Apply Defendants             )
_____       )

**MEMORANDUM IN SUPPORT OF DEFENDANT, CHARLES N. GITTO, JR.'S
PROPOSED ORDER TO DISSOLVE TEMPORARY RESTRAINING ORDER
AND ATTACHMENT OF REAL PROPERTY**

**Introduction**

Defendant, Charles N. Gitto Jr., ("Charles Gitto") seeks dissolution of the Temporary Restraining Order and Attachment of Real Property entered against him on October 25 and October 27, 2004, on the grounds that the plaintiff LaSalle has failed to demonstrate a reasonable likelihood of success on its claim of civil conspiracy. Specifically, LaSalle has failed to allege or otherwise demonstrate that Charles Gitto substantially assisted in contributing to the alleged scheme to obtain money from LaSalle under false pretenses.

**Argument**

Proof of civil conspiracy requires two elements. First, there must be an agreement or common design between the defendant and other parties to commit a tortious act and second, the defendant must have "substantially assisted" in contributing to the tortious plan. *Aetna Cas. Sur. Co. v. P&B Autobody,* 43 F. 3d 1546, 1564 (1st Cir. 1994); see also *Copperbeech Partnership, Ltd. v. Seegel Lipshutz and Wilchins,* 17 Mass. L. Rep. 701 (May 5, 2004) (A person may be held liable for civil conspiracy if he has knowledge of a tortious act **and** gives "substantial assistance" to the act). Thus, *Aetna* and *Copperbeech* make clear that mere knowledge alone, is not enough to prove civil conspiracy.

In the present case, the temporary restraining order and attachments against Charles Gitto must be dissolved as LaSalle has failed to allege or to demonstrate that he "substantially assisted" in the furtherance of a tortious plan.

> A. <u>LaSalle Has Failed To Allege Or To Demonstrate That Charles Gitto Substantially Assisted The Other Defendants In The Acts Constituting The Civil Conspiracy.</u>

In LaSalle's 69 page, 31 count complaint, the allegations against Charles Gitto appear in only 3 paragraphs in a single count (Count V). Those allegations, that Charles Gitto had a common design to obtain money from LaSalle under false pretenses (¶ 176), and that Charles Gitto and his company Tradex benefited from the conspiracy by knowingly receiving the proceeds thereof (¶¶ 183-184) are virtually identical to the allegations made against Nancy Gitto Panagiotes. (see ¶ 182). Simply put, the allegations fall far short of even stating a claim for relief against Charles Gitto. Thus, for the same reasons this court dissolved the injunction and attachments against Nancy Gitto Panagiotes, it should also dissolve the injunction and attachments as against Charles Gitto.

Even if LaSalle was able to determine that Charles Gitto had knowledge or an agreement to commit a tortious act, plaintiff cannot succeed on the merits as it failed to allege or demonstrate that Mr. Gitto "substantially assisted" in the furtherance of the alleged tortious act.

Noticeably absent from the complaint are any allegations that Charles Gitto committed any act in furtherance of the scheme to defraud LaSalle, that he made any representations or misrepresentations to LaSalle in order to induce it to initiate the line of credit, that he played any role in the alleged check kiting scheme, that he played any role in the preparation of the financial statements provided to LaSalle after the line of credit was approved, or that he knowingly participated in the scheme to defraud.

Noticeably absent from the conclusory affidavits filed in support of the requests for injunctive relief are any facts that tend to support the mere allegations that Charles Gitto and Tradex received monies to which they were not entitled knowing that the funds derived from the proceeds of the conspiracy.   Mere allegations, without factual support, are not enough to warrant a grant of injunctive relief.

Moreover, even if this court were to accept, without the requisite factual support, LaSalle's allegations that Charles Gitto, and/or Tradex knowingly received illicit monies from Gitto Global,  such does not constitute "substantial assistance" of the underlying conspiracy to defraud.

## Conclusion

For the forgoing reasons, the defendant, Charles N. Gitto, Jr. respectfully requests that this court enter an order dissolving the temporary restraining order and Attachment of Real Property previously entered against him.

Respectfully submitted,

Charles N. Gitto, Jr.
By his attorneys,

/s/Juliane Balliro
Juliane Balliro, BBO#  028010
Barbara Green Whitbeck BBO# 634343
Perkins, Smith & Cohen, LLP
One Beacon Street
Boston, MA  02108
(617) 854-4000

Dated:  November 5, 2004

4

Certificate of Service

      I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand, electronic filing and facsimile on November 5, 2004.

                                                          /s/ Juliane Balliro

Case 1:04-cv-12227-DPW     Document 56     Filed 11/05/2004     Page 5 of 5