## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC.,    )
                       )
        Plaintiff,        )
                       )
      v.                 )         Case No. 04-12227-DPW
GARY C. GITTO, FRANK MILLER,      )
CHARLES N. GITTO, JR., NANCY      )
GITTO PANAGIOTES, JOHN D.         )
TERSIGNI, KATHLEEN M. CARLAND,    )
WILLIAM DEAKIN, JANICE CHAISSON,)
HELEN KOZAK, KINGSDALE CORP.      )
d/b/a J&J CHEMICAL DISTRIBUTORS,  )
and TRADEX CORPORATION,           )
                       )
        Defendants,        )
    and                )
                       )
FLEET NATIONAL BANK, CLINTON      )
SAVINGS BANK, SOVEREIGN BANK,     )
COMMERCE BANK & TRUST             )
COMPANY, FIDELITY COOPERATIVE     )
BANK, BANKNORTH, N.A.,            )
FIDELITY INVESTMENTS, INC.,       )
LEOMINSTER CREDIT UNION, and      )
LEHMAN BROTHERS, INC.,            )
                       )
    Trustee Process Defendants,     )
                       )
    and                )
                       )
FIDELITY INVESTMENTS, INC.,       )
DIRECT WOOD & PAPER PRODUCTS,     )
INC.,GITTO SALES CORPORATION,     )
J-TAN SALES & MARKETING, INC.,    )
HEMISPHERE DISTRIBUTION           )
CORPORATION, LEHMAN BROTHERS, )
INC., and AWG, LLC,               )
                       )
    Reach-and-Apply Defendants.     )

## PRELIMINARY INJUNCTION PRESERVING THE STATUS QUO

TO HELEN KOZAK:

Upon motion made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") and after hearings held on November 2 and 5, 2004, and by agreement of the parties pending determination of LaSalle's motion at a hearing to be scheduled by this Court:

IT IS ORDERED that Helen Kozak ("Kozak") and each of her officers, agents, servants, employees, attorneys, beneficiaries and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained from assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or disposing of any of her assets pending further order of this Court; provided, however, that Kozak may pay ordinary and usual living expenses in an amount up to $2,800 per month, minimum interest payments on credit cards up to $600 per month, and certain one-time bill payments ~~identified in the affidavit provided by Kozak to LaSalle~~ *set forth below* * totaling $1,954. Kozak shall make any such payments first from any current income then from cash savings. Kozak may pay amounts in excess of the amounts provided herein only with the written consent of LaSalle or by further order of this Court.

IT IS FURTHER ORDERED that Kozak may enter into a purchase and sale agreement whereby she agrees to sell her house at 87 Greenwood Place, Gardner, Massachusetts, at a price approximating fair market value. LaSalle and Kozak have agreed that LaSalle will provide a partial discharge of attachment to permit a closing to occur provided that all proceeds from the sale, net of customary closing payments and payments on account of senior liens, shall be placed in escrow subject to LaSalle's attachment.

JPW

* a). Rotman's Furniture - $1,636.00 due in May, 2005;
b). People's Fuel - $165.00 for work performed in August 2004;
c). Wachusett Emergency Physicians - $153.00 for medical services.

This ORDER shall be without prejudice to either LaSalle or Kozak seeking modification at any time.

Dated: November 5 , 2004

_Urpin P. Wadloil_
United States District Judge