IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>GARY C. GITTO, FRANK MILLER, )<br>CHARLES N. GITTO, JR., NANCY )<br>GITTO PANAGIOTES, JOHN D. )<br>TERSIGNI, KATHLEEN M. CARLAND, )<br>WILLIAM DEAKIN, JANICE CHAISSON,)<br>HELEN KOZAK, KINGSDALE CORP. )<br>d/b/a J&J CHEMICAL DISTRIBUTORS, )<br>and TRADEX CORPORATION, )<br>)<br>Defendants, )<br>and )<br>)<br>FLEET NATIONAL BANK, CLINTON )<br>SAVINGS BANK, SOVEREIGN BANK, )<br>COMMERCE BANK & TRUST )<br>COMPANY, FIDELITY COOPERATIVE )<br>BANK, BANKNORTH, N.A., )<br>FIDELITY INVESTMENTS, INC., )<br>LEOMINSTER CREDIT UNION, and )<br>LEHMAN BROTHERS, INC., )<br>)<br>Trustee Process Defendants, )<br>)<br>and )<br>)<br>FIDELITY INVESTMENTS, INC., )<br>DIRECT WOOD & PAPER PRODUCTS, )<br>INC., GITTO SALES CORPORATION, )<br>J-TAN SALES & MARKETING, INC., )<br>HEMISPHERE DISTRIBUTION )<br>CORPORATION, LEHMAN BROTHERS, )<br>INC., and AWG, LLC, )<br>)<br>Reach-and-Apply Defendants. ) | Case No. 04-12227-DPW |

**FIRST SUPPLEMENT TO PRELIMINARY
<u>INJUNCTION PRESERVING THE STATUS QUO</u>**

By agreement of the affected parties it is hereby ORDERED that the *Preliminary Injunction Preserving the Status Quo* ("Injunction") entered on November 5, 2004, is hereby modified to include the following:

## GARY GITTO

Notwithstanding any other provision of the Injunction to the contrary, Defendant Gary Gitto may borrow money on an unsecured basis (as to assets of defendant) or receive cash gifts from third parties and spend up to $4,400 per week of such funds, provided that such funds are used solely to pay ordinary and necessary living expenses consisting of food, utilities, mortgage payments, tuition and other current school expenses, clothing, medical expenses, insurance, spousal or child support obligations, necessary maintenance of real property and motor vehicles, vehicle leases, fuel for heating or motor vehicles. Nothing in the Injunction shall be construed to prohibit Gary Gitto from borrowing money on an unsecured basis (as to assets of defendant) or receiving cash gifts from third parties who are aware of this order where such funds are paid directly by the lender or gift giver to a third party providing goods or services to defendant or to a family member of defendant. Gary Gitto may pay amounts in excess of the amounts provided herein only with the written consent of LaSalle or by further order of this Court.

## CHARLES N. GITTO, JR.

Notwithstanding any other provision of the Injunction to the contrary, Defendant Charles N. Gitto, Jr. may spend up to $7,167.00 per month, provided that such expenditures are solely to pay ordinary and necessary living expenses consisting of food, utilities, mortgage payments, tuition and other current school expenses, clothing, medical expenses, insurance, spousal or child support obligations, necessary maintenance of real property and motor vehicles, vehicle leases, fuel for heating or motor vehicles. Nothing in the Injunction shall be construed to prohibit

Charles N. Gitto, Jr. from borrowing money on an unsecured basis (as to assets of defendant) or receiving cash gifts from third parties who are aware of this order where such funds are paid directly by the lender or gift giver to a third party providing goods or services to defendant or to a family member of defendant. In addition, Charles N. Gitto, Jr. may pay legal expenses up to the amount of $20,000 incurred between the date hereof and December 10, 2004. Tradex Corporation is permitted to make such payments as compensation to or on behalf of Charles N. Gitto.

**WILLIAM DEAKIN**

Notwithstanding any other provision of the Injunction to the contrary, Defendant William Deakin ("Deakin") may pay ordinary and usual living expenses in an amount up to $3,614.00 per month, plus reasonable attorneys' fees up to $7,000 respecting this and any other matter respecting Gitto Global Corporation or any bankruptcy petition filed by Deakin. Deakin shall make any payments permitted herein first from any current income and then from any cash savings. Deakin may pay amounts in excess of the amounts provided herein only with the written consent of LaSalle or by further order of this Court.

**REACH-AND-APPLY INJUNCTIONS**

The *Temporary Restraining Order Approving Equitable Attachments in the Form of Reach-And-Apply Injunctions* entered on October 25, 2004, are continued as Preliminary Injunctions unless otherwise ordered after hearing on December 10, 2004.

Dated: 11-10-04.

/s/ Richard G. Stearns
United States District Judge