IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,       )<br>                                                              )<br>                    Plaintiff,                         )<br>         v.                                                )<br>GARY C. GITTO, et al.,                        )<br>                                                              )<br>                    Defendants,                    )<br>    and                                                   )<br>                                                              )<br>FLEET NATIONAL BANK, et al.,         )<br>                                                              )<br>    Trustee Process Defendants,          )<br>                                                              )<br>    and                                                   )<br>                                                              )<br>FIDELITY INVESTMENTS, INC.,          )<br>et al.,                                                    )<br>                                                              )<br>    Reach-and-Apply Defendants.        ) | Case No. 04-12227-DPW |

## SECOND SUPPLEMENT TO PRELIMINARY
## INJUNCTION PRESERVING THE STATUS QUO

By agreement of the affected parties it is hereby ORDERED that the *Preliminary Injunction Preserving the Status Quo* ("Injunction") entered on November 5, 2004, is hereby modified to include the following:

## JOHN D. TERSIGNI

Notwithstanding any other provision of the Injunction to the contrary, Defendant John D. Tersigni may spend up to $5,500.00 per month, provided that such expenditures are solely to pay ordinary and necessary living expenses consisting of food, utilities, mortgage payments, tuition and other current school expenses, clothing, medical expenses, insurance, spousal or child support obligations, necessary maintenance of real property and motor vehicles, vehicle leases, fuel for heating or motor vehicles. Additionally, Mr. Tersigni may pay up to $2,000 to cover

checks returned by Fidelity Bank because of the trustee process attachment and may pay up to $1,500 in holiday expenses. Nothing in the Injunction shall be construed to prohibit John D. Tersigni from borrowing money on an unsecured basis (as to assets of defendant) or receiving cash gifts from third parties who are aware of this order where such funds are paid directly by the lender or gift giver to a third party providing goods or services to defendant or to a family member of defendant. In addition, LaSalle has consented to dissolve the attachment on trustee process on John D. Tersigni's accounts held by Fidelity Bank and identified as Account Nos. 23299150, 1007546, 1008547, and 1008102, and such attachments are hereby DISSOLVED. Any funds withdrawn from any such accounts belonging to Mr. Tersigni shall remain subject to the terms of the Injunction as modified hereby. John D. Tersigni may pay amounts in excess of the amounts provided herein only with the written consent of LaSalle or by further order of this Court.

Dated: November 23, 2004

_____
United States District Judge

5