IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY C. GITTO, et al., <br><br> Defendants, <br><br> and <br><br> FLEET NATIONAL BANK, et al., <br><br> Trustee Process Defendants, <br><br> and <br><br> FIDELITY INVESTMENTS, INC., et al., <br><br> Reach-and-Apply Defendants. | Case No. 04-12227-DPW |

**EMERGENCY MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37, plaintiff LaSalle Business Credit, LLC, ("LaSalle") respectfully requests that this Court enter an order compelling Defendants Gary C. Gitto and Charles N. Gitto, Jr. (collectively, "Defendants") to produce corporate documents of Gitto Global Corporation ("Gitto Global"), or any other corporate entity, in their possession, custody or control (the "Corporate Documents").

Notwithstanding LaSalle's requests to Defendants for the production of documents and LaSalle's conferences with Defendants counsel, Defendants have failed to produce any Corporate Documents in this matter. Defendant Gary Gitto has refused to produce any Corporate Documents in his possession, asserting that his privilege against self-incrimination extends to the Corporate Documents. Defendant Charles Gitto has maintained, through counsel, that he does not have possession, custody or control of any

Corporate Documents, despite sworn testimony from Gitto Global employees that boxes of documents were delivered from Gitto Global to his home.

In support hereof, LaSalle further respectfully refers the Court to the Affidavits of Oren White, Roger DeLisle, and Rita attached hereto, and further states:

### RELEVANT FACTS AND POINTS OF LAW

1. On or about September 14, 2004, and September 16, 2004, at the direction of Helen Kozak and Maria Miller, between 14 and 20 boxes of documents were removed from the offices of William Deakin, Dean Childs, Gary Gitto, Charles Gitto, and Frank Miller at Gitto Global. These boxes were then taken by a Gitto Global employee, Oren White, to Charles Gitto's home. *See Affidavit of Oren White* ¶¶ 2 – 4; *Affidavit of Roger DeLisle* ¶¶ 7-8; *Affidavit of Rita Bartlett* ¶ 8, attached hereto as Exhibits A – C.

2. On or about November 10, 2004, LaSalle served Defendants with First Requests for the Production of Documents. *See* Exhibits D and E attached hereto.

3. Each of these Requests sought the production, *inter alia*, of several enumerated categories of documents, that, upon information and belief, would have required the production of the Corporate Documents.

4. On or about November 19, 2004, Charles Gitto declined to provide any documents, relying on his privilege against self-incrimination.

5. On or about November 18, 2004, Gary Gitto declined to provide any documents, asserting his privilege against self-incrimination.

6. On or about November 22, 2004 and November 29, 2004, counsel for the parties conferred regarding the production of Corporate Documents by Defendants. Counsel for Gary Gitto has asserted that the Corporate Documents need not be produced

because of Gary Gitto's asserted privilege against self-incrimination. Counsel for Charles Gitto has indicated that she would agree to produce any Corporate Documents in the possession, custody, or control of Charles Gitto, but that Charles Gitto has no responsive documents[1]. Counsel for Charles Gitto did agree to produce any documents or records of Tradex Corporation, and requested a subpoena be served upon Tradex Corporation for such documents[2].

7. The Corporate Documents are the property of Gitto Global, or other corporate entities, and not of the Defendants.

8. Corporations do not have a privilege against self-incrimination. *Braswell v. United States,* 487 U.S. 99, 113 (1988). It is also clear that present employees of a corporation have no right to invoke the fifth amendment privilege to resist producing corporate documents, even if those records would tend to incriminate the person producing the records. *Id.*

9. This principle has also been extended to former employees of a corporation, on the grounds that they came into possession of corporate documents by virtue of their association with the corporation and that the relevant inquiry is the nature or source of the documents, not the status of the possessor of the documents. *See Gloves, Inc. v. Berger, et al.,* 198 F.R.D. 6, 10 – 11 (D. Mass. 2000)[3].

---

[1] In the event that Charles Gitto continues to maintain that he has no Corporate Documents in his possession, custody, or control, LaSalle would request that he so indicate in a formal response to the LaSalle's First Request for the Production of Documents. To date, Charles Gitto's response has been to decline to answer pursuant to his privilege against self-incrimination.

[2] LaSalle believes that a subpoena is unnecessary, as Tradex Corporation is a named party to the instant action and a First Request for the Production of Documents has already been served upon Tradex Corporation. LaSalle believes it will be able to resolve the issue as to Tradex in cooperation with counsel.

[3] The Court in *Gloves* declined to follow *In Re Three Grand Jury Subpoenas Duces Tecum,* 191 F.3d 173 (2nd Cir. 1999) ("Three Subpoenas"), in which the Second Circuit Court of Appeals held that a former employee of a corporation cannot produce records in anything other than his personal capacity, and therefore may assert a privilege against self-incrimination. As argued by the dissent in Three Subpoenas, however, and as the court held in *Gloves,* the appropriate inquiry is to examine the nature of the documents,

10. If the Corporate Documents are in the possession, custody or control of Defendants, Defendants must produce them pursuant to LaSalle's First Request for the Production of Documents and may not assert any privilege with respect to the Corporate Documents. *Braswell*, 487 U.S. at 113. *Gloves*, 198 F.R.D. at 10 – 11.

## DISCOVERY CONFERENCE

On or about November 21, 2004 and November 29, 2004 counsel for LaSalle conferred with counsel for Gary Gitto and counsel for Charles Gitto. The parties were unable to reach agreement on the issues to be decided by the Court.

## PRAYER FOR RELIEF

Wherefore, LaSalle respectfully requests the Court enter an order compelling Defendants:

(i) to produce any and all documents in their respective possession, custody or control, responsive to LaSalle's First Request for Production of Documents, belonging to Gitto Global Corporation, or any other corporate entity, within three days of the date of the Court's decision pursuant to Fed. R. Civ. P. 37(a)(2)(A);

(ii) compelling Defendants to pay for the reasonable expenses and attorneys fees incurred by LaSalle in making this Motion pursuant to Fed. R. Civ. P. 37(a)(4)(A); and

(iii) granting such other relief as is just.

---

and not the status of the individual producing them. This is particularly true in light of the protection provided by the Supreme Court's holding in *Braswell* that the act of production of corporate documents is not itself testimonial in nature.

November 30, 2004

Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By: _____
One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 346-1300
Fax: (312) 782-8416

## Certificate of Service

I, Patrick W. Manzo, hereby certify that on November 30, 2004 a true copy of the above document was served upon each party or counsel of record for each party by Federal Express or electronic means.

_____
Patrick W. Manzo