IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY C. GITTO, FRANK MILLER, CHARLES )<br>N. GITTO, JR., NANCY GITTO PANAGIOTES, )<br>JOHN D. TERSIGNI, KATHLEEN M. CARLAND )<br>WILLIAM DEAKIN, JANICE CHAISSON, )<br>HELEN KOZAK, KINGSDALE CORP. d/b/a J&J )<br>CHEMICAL DISTRIBUTORS, and TRADEX )<br>CORPORATION, )<br>)<br>Defendants, )<br>and )<br>)<br>FLEET NATIONAL BANK, CLINTON SAVINGS )<br>BANK, SOVEREIGN BANK, COMMERCE )<br>BANK & TRUST COMPANY, FIDELITY )<br>COOPERATIVE BANK, BANKNORTH, N.A., )<br>FIDELITY INVESTMENTS, INC., LEOMINSTER )<br>CREDIT UNION, LEHMAN BROTHERS, INC., )<br>and TD WATERHOUSE, )<br>)<br>Trustee Process Defendants, )<br>)<br>and )<br>)<br>FIDELITY INVESTMENTS, INC., DIRECT )<br>WOOD & PAPER PRODUCTS, INC., GITTO )<br>SALES CORPORATION, J-TAN SALES & )<br>MARKETING, INC., HEMISPHERE )<br>DISTRIBUTION CORP., LEHMAN BROTHERS, )<br>INC., AWG, LLC, and TD WATERHOUSE, )<br>)<br><u>Reach-and-Apply Defendants.</u> ) | Case No. 04-12227-DPW |

**PLAINTIFF, LASALLE BUSINESS CREDIT, LLC'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO CHARLES N. GITTO, JR.**

TO:   Juliane Balliro, Esq.
      Barbara S. Green Whitbeck, Esq.
      Perkins, Smith & Cohen, LLP
      One Beacon Street
      Boston, MA  02108

273686.1 042314-34311

- 2 -

Plaintiff, LaSalle Business Credit, LLC, f/k/a LaSalle Business Credit, Inc. ("LaSalle"), by its attorneys, pursuant to Federal Rule of Civil Procedure 34 and pursuant to the definitions and instructions contained herein, requests Defendant, Charles N. Gitto, Jr., produce the documents described below at the offices of Craig and Macauley Professional Corporation, Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA 02210, or at such other place as may be agreed between the parties, by November 19, 2004.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms listed below shall be defined as follows:

1. The terms "document" or "documents" shall mean every writing or record of every type and description in your possession, custody or control, of which you have knowledge, in draft or final form, originals or clean or notated or electronic copies, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, printouts, studies, manuals, files, publications, books, pamphlets, photographs, pictures, voice recordings, reports, surveys, contracts, agreements, video documentation, cancelled checks, checkbooks, affidavits, invoices, expense vouchers, payroll stubs, work orders, purchase orders, financial statements and balance sheets (audited or unaudited), minutes, contracts or agreements and executed or unexecuted drafts thereof, federal, state, local, foreign or any other type of tax return or other submission to any taxing authority, articles of incorporation, bylaws, ledgers, reports and summaries of negotiations, and transcripts, notes, minutes or records of telephone conversations, meetings or conferences. "Document" means, and extends to the full reach of, the term as used in Federal Rule of Civil Procedure 34 including file jackets, diaries, calendars, and field notes, as well as and including electronic versions of the document requested. A draft of a non-identical copy is a separate document within the meaning of this term.

2. The terms "communication" or "communications" shall mean any statement or utterance, whether written or oral, including e-mail messages, made by one person to another or in the presence of another, or any document delivered or sent from one person to another.

3. The term "Complaint" shall mean the Complaint filed in the above-captioned matter.

4. If you decline to produce any document on the basis of privilege, identify each such document at or prior to the designated time for production and provide the following additional written information:

    (a) the number of pages thereof;

    (b) the identity of each person who has received or has been shown the original or a copy, and the relationship of that person to any party to this litigation;

    (c) whether the document concerns facts or opinions or both; and

    (d) the exact nature of the privilege claimed.

## DOCUMENTS TO BE PRODUCED

1. All communications with anyone regarding any of the following entities between July 1, 2002 and November 1, 2004:

   (a) Gitto Global Corporation ("Gitto Global")

   (b) Tradex Corporation

   (c) Hemisphere Distribution Corporation

   (d) Kingsdale Corporation, d/b/a J&J Chemical Distributors

   (e) J/Tan Sales and Marketing, Inc.

   (f) Equitech Technologies

   (g) LaSalle

   (h) Clinton Savings Bank

2. All documents evidencing any payments and the purpose for those payments received by Charles N. Gitto, Jr. from any of the following entities between July 1, 2002 and November 1, 2004:

   (a) Gitto Global

   (b) Tradex Corporation

   (c) Hemisphere Distribution Corporation

   (d) Kingsdale Corporation, d/b/a J&J Chemical Distributors

   (e) J/Tan Sales and Marketing, Inc.

   (f) Equitech Technologies

3. All documents evidencing any payments and the purpose for those payments from Gitto Global to any of the following entities between July 1, 2002 and November 1, 2004:

   (a) Tradex Corporation

   (b) Hemisphere Distribution Corporation

   (c) Kingsdale Corporation, d/b/a J&J Chemical Distributors

- 4 -

   (d)  J/Tan Sales and Marketing, Inc.

   (e)  Equitech Technologies

4. All documents evidencing any payments and the purpose for those payments from Gitto Global to any of the following persons between July 1, 2002 and November 1, 2004:

   (a)  Gary C. Gitto

   (b)  Charles N. Gitto, Jr.

   (c)  Louis J. Pellegrine, Jr.

   (d)  William Deakin

   (e)  Nancy Gitto Panagiotes

   (f)  Frank Miller

   (g)  Kathleen M. Carland

   (h)  Janice Chaisson

   (i)  Helen Kozak

5. All documents evidencing payments and the purpose for those payments to Gitto Global from any of the following entities:

   (a)  Color Compounds & Consultants, Inc.,

   (b)  Hemisphere Distribution Corporation,

   (c)  Hitachi Cable, Inc.,

   (d)  J/Tan Sales and Marketing, Inc.,

   (e)  Equitech Technologies,

   (f)  Velco Chemicals, Inc.,

   (g)  Kingsdale Corporation, d/b/a J&J Chemical Distributors, and

   (h)  Zebulon Industries, Inc.

6. All documents evidencing sales from Gitto Global to any of the following entities:

    (a)    Color Compounds & Consultants, Inc.

    (b)    Hemisphere Distribution Corporation

    (c)    Hitachi Cable, Inc.

    (d)    J/Tan Sales and Marketing, Inc.

    (e)    Equitech Technologies

    (f)    Velco Chemicals, Inc.

    (g)    Kingsdale Corporation, d/b/a J&J Chemical Distributors

    (h)    Zebulon Industries, Inc.

7. All blank invoices, checks and bills of lading bearing the name of any of the following entities:

    (a)    Color Compounds & Consultants, Inc.

    (b)    Hemisphere Distribution Corporation

    (c)    Hitachi Cable, Inc.

    (d)    J/Tan Sales and Marketing, Inc.

    (e)    Equitech Technologies

    (f)    Velco Chemicals, Inc.

    (g)    Kingsdale Corporation, d/b/a J&J Chemical Distributors

    (h)    Zebulon Industries, Inc.

8. As to any of the following companies, (a) the corporate minute book, (b) evidence of assets owned by the company and (c) income/distributions made to any of the defendants from July 1, 2002:

    (a)    Gitto Global

    (b)    Tradex Corporation

    (c)    Hemisphere Distribution Corporation

  (d)  Kingsdale Corporation, d/b/a J&J Chemical Distributors

  (e)  J/Tan Sales and Marketing, Inc.

  (f)  Equitech Technologies

  (g)  Color Compounds & Consultants, Inc.

  (h)  Velco Chemicals, Inc.

  (i)  Zebulon Industries, Inc.

9. All borrowing base reports submitted to LaSalle by Gitto Global and all documents supporting the figures contained in the borrowing base reports.

10. All documents evidencing Gitto Global's sales, cash receipts, credit memo journals, and inventory valuation from July 1, 2002.

11. All communications regarding the submission of borrowing base certifications by Gitto Global to LaSalle.

12. All documents regarding the inventory acquired by Gitto Global from Vitrolite in or around the summer of 2003, including the value of the inventory.

13. All communications regarding the field examinations of Gitto Global conducted by or on behalf of LaSalle.

14. All communications regarding the audit of Gitto Global conducted by or on behalf of LaSalle.

15. All correspondence purporting to confirm the balance due to Gitto Global as of June 30, 2002 from Hitachi Cable, Inc. and Zebulon Industries, Inc. and the documents to support the confirmation.

16. All correspondence purporting to confirm the balance due to Gitto Global as December 31, 2003 from Color Compounds & Consultants, Inc., Zebulon Industries, Inc.,

- 8 -

Hemisphere Distribution Corporation, Hitachi Cable, Inc. and J/Tan Sales and Marketing, Inc. and the documents to support the confirmations.

17. All financial statements for 2002 and 2003 and the documents supporting the figures contained in the financial statements.

18. All signature stamps bearing the signature of any of the defendants.

19. Form K-1's, W-2's, 1099's, financial statements and Federal Income Tax Returns for 2002 and 2003.

November 10, 2004

Respectfully submitted,

LASALLE BUSINESS CREDIT LLC f/k/a
LASALLE BUSINESS CREDIT, INC.

By: _____
    One of its attorneys

Christopher J. Panos
Patrick W. Manzo
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
Bret A. Rappaport
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

273686.1 042314-34311