**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRIT OF MASSACHUSETTS**

---

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br>  ) <br> **Plaintiff,** ) <br>  ) <br> v. ) <br>  ) <br> GARY C. GITTO, FRANK MILLER, CHARLES N. ) <br> GITTO, JR., NANCY GITTO PANAGIOTES, ) <br> JOHN D. TERSIGNI, KATHLEEN M. CARLAND, ) <br> WILLIAM DEAKIN, JANICE CHAISSON, HELEN ) <br> KOZEK, KINGSDALE CORP. d/b/a J&J CHEMICAL ) <br> DISTRIBUTORS, and TRADEX CORPORATION, ) <br>  ) <br> **Defendants,** ) <br>  ) <br> and ) <br>  ) <br> FLEET NATIONAL BANK, CLINTON SAVINGS ) <br> BANK, SOVEREIGN BANK, COMMERCE BANK ) <br> & TRUST COMPANY, FIDELITY COOPERATIVE ) <br> BANK, BANKNORTH, N.A., FIDELITY ) <br> INVESTMENTS, INC., LEOMINSTER CREDIT ) <br> UNION, and LEHMAN BROTHERS, INC., ) <br>  ) <br> and ) <br>  ) <br> FIDELITY INVESTMENTS, INC., DIRECT WOOD ) <br> & PAPER RODCUTS, INC., GITTO SALES ) <br> CORPORATION, J-TAN SALES & MARKETING, ) <br> INC., HEMISPHERE DISTRIBUTION ) <br> CORPORATION, LEHMAN BROTHERS, INC., and ) <br> AWG, LLC, ) <br>  ) <br> **Reach-and-Apply-Defendants,** ) | Case No. 04-12227-DPW |

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS', CHARLES N. GITTO, JR. AND TRADEX, MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)**

Defendants, Charles N. Gitto, Jr. and Tradex, hereby submit this Memorandum in Support of their Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. For the reasons set forth below, the motion should be allowed.

## THE COMPLAINT

The Complaint in this case alleges the following with respect to Charles N. Gitto, Jr., ("Charles Gitto") and Tradex Corporation ("Tradex"):

Charles Gitto was the chairman of the board of Gitto/Global and an officer, of Tradex Corporation ("Tradex"). (¶6) Tradex owns the property at 140 Leominster Shirley Road, Lunenburg, MA, where Gitto/Global's business is located. (¶13)

Further, the complaint alleges that beginning in July 2002, Charles Gitto was part of a "common design to obtain money from LaSalle through a revolving credit loan made under false pretenses to Gitto Global." (¶ 176)  In addition, Charles Gitto allegedly "benefited … by receiving proceeds of the conspiracy, directly and through Tradex." (¶ 183)  It is alleged that Charles Gitto received interest payments of $10,000, consulting fees of $44,300 and unaccounted disbursements of $320,948. *Id.* Tradex is alleged to have received interest payments of $230,090. prepaid rent of $217, 061, consulting fees of $34,000 and unaccounted disbursements of $134,546.[1] (¶ 184).  It is further alleged that Charles Gitto and Tradex received the funds knowing that he was not entitled to them and knowing that they were the proceeds of a civil conspiracy. (¶ 183, 184)

---

[1] Plaintiff submitted an affidavit of Matthew Stilwell, in support of its request for injunctive relief, with a supplemental affidavit submitted on or about November 8, 2004.  Both affidavits merely recite the same allegations that plaintiff raised in the Complaint.  Neither affidavit contains factual allegations that, when viewed in a light most favorable to the plaintiff, supply the factual allegations necessary to sustain the claim of civil conspiracy.

2

ARGUMENT

The court will grant a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. *Correa-Martinez v. Arrillaga-Belendez*, 903 F. 2d 49, 52 (1st Cir. 1990)[2]. In making this determination the court accepts the plaintiff's well-pleaded factual averments and indulges every reasonable inference in the plaintiff's favor. *Id*. However, the rule does not entitle a plaintiff to rest on ' "subjective characterizations" or conclusory descriptions of "a general scenario which could be dominated by unpleaded facts."' *Id*. at 53[3]. It is only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes."  *Id*. at 53.

I. LaSalle's Complaint Should be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Since it Fails to State a Claim Against Charles N. Gitto, Jr. for Civil Conspiracy.

In its 277 paragraph, 31 count Complaint, LaSalle has brought a single claim alleging Civil Conspiracy (Count V) against Charles N. Gitto, Jr. ("Charles Gitto") and Tradex Corporation. As to these two defendants the Complaint merely alleges that they shared a common design with others to defraud LaSalle and knowingly received the fruits of the conspiracy without entitlement to the funds. There are no facts, even when viewed in a light most favorable to the Plaintiff, that support an inference that either Charles Gitto or Tradex knew that Frank Miller and others had submitted false information to

---

[2] Motion to Dismiss allowed for failure to state a claim in a case involving plaintiff's employment with the Puerto Rico Judicial Region.

[3] Citing *Dewey v. Univ. of New Hampshire*, 694 F. 2d 1,3 (1st Cir. 1982).

LaSalle, took any action in furtherance of that endeavor or were even aware of the so called check kiting scheme described extensively in the Complaint.

To state a claim for civil conspiracy, the plaintiff must satisfy two elements. First, there must be an agreement or "common design" between the defendant and other parties to commit a tortious act and second, the defendant must have "substantially assisted" in contributing to the tortious plan. *Aetna Casualty Surety Company v. P&B Autobody*, 43 F. 3d 1546, 1564 (1st Cir. 1994); *See Also Copperbeech Partnership, Ltd. V. Seegel Lipshutz and Wilchins,* 17 Mass. L. Rep. 701 (May 5, 2004) (a person may be held liable for civil conspiracy if he has knowledge of a tortious act **and** gives "substantial assistance" to the act). (emphasis added). Further, as stated in *Restatement (Second) of Torts § 876(b)*(1977), "one is subject to liability if he knows that the other's conduct constitutes a breach of duty **and** gives substantial assistance or encouragement to the other…" (emphasis added). A general awareness is not sufficient to show the level of knowledge that would give rise to liability for conspiracy. "Evidence of the defendant's knowledge of its substantial, supporting role in an unlawful enterprise is required." *Kyte v. Philip Morris Inc.,* 408 Mass. 162, 168 (1990) (defendant's motion for summary judgment was allowed where minor plaintiffs were alleging that the defendant was engaged in a civil conspiracy with a retail store, and therefore, responsible for their addiction to cigarettes bought illegally at the retail store) . Thus, *Aetna*, *Copperbeech*, and *Kyte* make clear that mere knowledge alone, is not enough to prove civil conspiracy.

In the present case, LaSalle has failed to state a claim upon which relief may be granted against Charles Gitto and Tradex as it has failed to allege any facts from which one could reasonably infer that either "substantially assisted" in the tortious plan. Charles

Gitto and Tradex is only implicated in 3 paragraphs of LaSalle's 69 page complaint. Those allegations include: that Charles Gitto "had a common design to obtain money from LaSalle through a revolving credit loan made under false pretenses to Gitto Global" (¶ 176); "Charles Gitto benefited from the conspiracy by receiving proceeds of the conspiracy, directly and through Tradex…" and "Tradex … benefited from the conspiracy by receiving proceeds of the conspiracy." (¶¶ 183-184). These allegations fall far short of even stating a claim for relief against Charles Gitto or Tradex.

Plaintiff's complaint, although replete with details of a scheme to defraud involving a number of individual and corporate defendants, is noticeably devoid of any direct or indirect allegations that Charles Gitto and/or Tradex committed any act in furtherance of any scheme to defraud LaSalle, made any representations or misrepresentations to LaSalle in order to induce it to initiate the line of credit, played any role in the alleged check kiting scheme, played any role in the preparation of the financial statements provided to LaSalle after the line of credit was approved, or that they knowingly participated in the scheme to defraud.

In short, knowledge coupled with allegations of receipt of funds is not enough to sustain a claim of civil conspiracy. The Complaint must allege facts sufficient to demonstrate that Charles Gitto and/or Tradex substantially assisted in the scheme to defraud by knowingly and actively participating in the conduct that induced LaSalle to make the loan to Gitto Global on false pretenses. This Complaint falls far short of that most modest mark and, as a result, must be dismissed.

## CONCLUSION

For the forgoing reasons, the defendants, Charles Gitto and Tradex, respectfully request that this court allow defendant's Motion to Dismiss, pursuant to Fed. R. Civ. Proc. 12(b)(6).

        Respectfully submitted,

        Charles N. Gitto, Jr.
        Tradex Corporation
        By their attorneys,

        /s/ Juliane Balliro
        Juliane Balliro, BBO# 028010
        Barbara Green Whitbeck BBO# 634343
        Perkins Smith & Cohen LLP
        One Beacon Street
        Boston, MA  02108
        (617) 854-4000

Dated:  November 30, 2004

30822-5