IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC.,  ) <br>           Plaintiff,  ) <br>    v.  ) <br> GARY C. GITTO, et al.  ) <br>           Defendants,  ) <br>    and  ) <br>     ) <br> FLEET NATIONAL BANK, et al.  ) <br>       Trustee Process Defendants,  ) <br>     ) <br>    and  ) <br>     ) <br> FIDELITY INVESTMENTS, et al.  ) <br>       Reach-and-Apply Defendants ) | Case No. 04-12227-DPW |

**MEMORANDUM IN SUPPORT OF DEFENDANT
WILLIAM DEAKIN'S MOTION TO STAY**

In support of his Motion to Stay, the defendant William Deakin ("Deakin") hereby states as follows:

**FACTUAL BACKGROUND**

1.      The plaintiff's Complaint alleges that Deakin, the former controller of Gitto Global Corporation ("Gitto Global"), along with various others, violated federal and state law, including the Racketeer and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, by engaging in an alleged scheme to defraud plaintiff bank. The core of the alleged fraud is that the defendants caused the account receivables and inventory of Gitto Global to be overstated thereby enabling Gitto Global to borrow more money under Gitto Global's resolving loan agreement with plaintiff. The Complaint alleges losses of over $31,000,000.

2. Following the disclosure of Gitto Global's financial irregularities in mid-September 2004, Gitto Global immediately ceased operations and, on or about September 24, 2004, filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code. Gitto Global's bankruptcy case is currently pending in the United States Bankruptcy Court for the Western District of Massachusetts, Case No. 04-45386-JBR. Upon information and belief, the plaintiff is the major secured creditor in the bankruptcy proceedings. Also, on or about October 15, 2004, the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3. Additionally, it is well known among the parties that there is a federal criminal investigation underway and that a grand jury sitting in this court has subpoenaed documents and testimony.

4. Because of the pendency of the criminal investigation, Deakin, through his counsel, has invoked his Fifth Amendment privilege against self-incrimination in response to plaintiff's discovery requests in this action and has informed counsel for the parties that he would also invoke his privilege if he were called to testify at deposition or at the December 10, 2004 hearing.

## ARGUMENT

Deakin respectfully submits that the requested stay is appropriate in the circumstances of this case. The First Circuit recently set forth the factors that a trial court should take into consideration in deciding whether a civil proceeding should be stayed pending a parallel criminal investigation. In *Microfinancial, Inc. v. Premier Holidays International, Inc.*, 385 F.3d 72, 77-78 (1st Cir. 2004), the First Circuit listed the following relevant factors:

2

>   (i)     the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire;
>
>   (ii)    the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem;
>
>   (iii)   the convenience of the civil and criminal courts;
>
>   (iv)    the interests of third parties;
>
>   (v)     the public interest;
>
>   (vi)    the good faith or lack of good faith of the litigants; and
>
>   (vii)   the status of the cases.

*Id.* at 78.

Here, the factors favor staying the proceedings at least pending the grand jury investigation. First, as Deakin is not seeking to stay plaintiff's current motions for pretrial security, Plaintiff will suffer essentially no prejudice if this motion is allowed. This is because Plaintiff will be able to secure whatever pretrial security that it is entitled to such that it will be protected *vis a vis* other creditors of Gitto Global.

In contrast, if this motion is denied, Deakin will not be able to defend himself from this lawsuit without potentially waiving his constitutional privilege against self-incrimination. Accordingly, Deakin will be faced with the choice of waving his self-incrimination privilege or taking a litigation position that will make inevitable the entry of a substantial judgment against him.

Third, the interests of the public, third parties, and the courts will all be best served by the requested stay. The public interest and the interests of the courts favor the resolution of the complex issues surrounding the demise of Gitto Global to be resolved in Bankruptcy Court proceeding. The plaintiff, by bringing this action, is simply attempting to gain preferential

3

standing among Gitto Global's other creditors who may also pursue claims against former associates of the Debtor. The public interest is more than adequately served by the Bankruptcy Examiner and Official Committee of Unsecured Creditors, and by the Unites States Attorney's Office.

Lastly, the preliminary status of the case favors a stay as the discovery phase of the litigation has not commenced and the plaintiff still has the opportunity to obtain whatever pretrial security to which it is entitled.

WHEREFORE, the defendant William Deakin respectfully requests that the proposed order be entered.

**WILLIAM DEAKIN**,
by his attorney,

/s/ William T. Harrington_____
William T. Harrington (BBO No 564445)
Glynn, Landry, Harrington, & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184
(781) 356-1749

Dated: November 30, 2004

CERTIFICATE OF SERVICE

I, William T. Harrington, hereby certify that, on November 30, 2004, I filed this document with the Court electronically via the Court's CM/ECF system and that I served by first class mail a copy of this document upon each counsel and party pro se party of record who has not signed up to receive electronic notice.

/s/ William T. Harrington_____
William T. Harrington