UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
LASALLE BUSINESS CREDIT, LLC f/k/a     )
LASALLE BUSINESS CREDIT, INC.,          )
    Plaintiff                                          )
                                                           )
v.                                                            )   Case No.  04CV12227DPW
                                                           )
GARY C. GITTO, FRANK MILLER, CHARLES )
N. GITTO, JR., NANCY GITTO PANAGIOTES, )
JOHN D. TERSIGNI, KATHLEEN M. CARLAND,)
WILLIAM DEAKIN, JANICE CHAISSON,      )
HELEN KOZAK, KINGSDALE CORP. d/b/a   )
J&J CHEMICAL DISTRIBUTORS, and         )
TRADEX CORPORATION,                          )
    Defendants                                       )
                                                           )
and                                                          )
                                                           )
FLEET NATIONAL BANK, CLINTON           )
SAVINGS BANK, SOVEREIGN BANK,         )
COMMERCE BANK & TRUST COMPANY,    )
BANKNORTH, N.A., FIDELITY INVESTMENTS )
INC., LEOMINISTER CREDIT UNION, and    )
LEHMAN BROTHERS, INC.,                      )
    Trustee Process Defendants                )
                                                           )
and                                                          )
                                                           )
FIDELITY INVESTMENTS, INC., DIRECT     )
WOOD & PAPER PRODUCTS, INC., GITTO   )
SALES CORPORATION, J-TAN SALES &       )
MARKETING, INC., HEMISPHERE              )
DISTRIBUTION CORPORATION, LEHMAN    )
BROTHERS, INC., and AWG, LLC,              )
    Reach and Apply Defendants              )
_____)

DEFENDANTS' CHARLES N. GITTO JR. AND TRADEX CORP. OPPOSITION TO
<u>EMERGENCY MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS</u>

## RELEVANT BACKGROUND

The Plaintiff's recitation of the agreement between counsel is inaccurate. (*See* ¶6 of Emergency Motion.) Within counsel represents both Charles N. Gitto, Jr. ("Gitto") and Tradex Corporation ("Tradex"). Neither Charles nor Tradex are able to respond to, or produce, Gitto/Global or Tradex corporate records unless the requests comply with the parameters for production established by *Braswell v. United States,* 487 U.S. 99, 113 (1988). Simply put, this means that the Plaintiff must serve a subpoena on the custodian of the records of each corporation in his representative, not in his individual, capacity. *Braswell* holds that the Government may make no evidentiary use of the individual act of production against the individual if the production is in response to a subpoena addressed to a custodian in his representative capacity. Counsel has invited the Plaintiff to comply with *Braswell*. The invitation has been declined. There is an open question whether *Braswell* will apply where the Government is not a party to the proceeding in which the documents are sought. Gitto and Tradex therefore request a ruling and order from this Court on this issues presented by the current document request.

## ARGUMENT

This Court of Appeals in this Circuit has yet to address the issues presented by the requests for production of documents served in this case. The Plaintiff relies heavily on *Gloves Inc. v. Berger, et al.*, 198 F.R.D. 6, 10-11 (D. Mass. 2000) to support the proposition that the agency relationship survives the term of employment and that the Fifth Amendment principles at issue here apply equally in both the criminal and civil settings. Gitto and Tradex do not have that luxury. From their perspective, the absence of appellate precedent in this Circuit on this issue

demands strict adherence to the Supreme Court decisions in *Braswell, supra* and *United States v. Hubbell,* 530 U.S. 27, 34-38 (2000).

There are important distinctions between the procedure endorsed by the Court in *Braswell* and those pursued by the Plaintiff here. First, *Braswell* focused on the Fifth Amendment issues arising from the act of producing documents pursuant to a subpoena directed to the custodian of corporate records in his representative capacity. In this case, the Plaintiff seeks the production of documents pursuant to a document request directed at individual defendants without regard to whether they currently, or indeed ever, acted as an agent on behalf of the entity for which records they seek. The requests are expansive in scope and clearly designed to reach both personal and business records. For example, Request No. 1, directed to Charles Gitto, seeks "All communications with anyone regarding any of the following entities.…" The entities include four companies with whom the Plaintiff has not even alleged an agency relationship and two banks (including the Plaintiff) that clearly stand in a position adverse to the Defendants. Request No. 2 suffers from similar defects and seeks documents evidencing payments received by Charles Gitto from the same four companies. Request No. 8 seeks corporate records from eight different companies other than Gitto/Global and Tradex, including distributions made from those companies to any of the named defendants. Request No. 9 seeks borrowing base certificates that are clearly within the possession, custody and control of the Plaintiff and Request No. 19 seeks personal income tax returns.[1] In short, the flaws in the

---

[1] The law does not permit an individual to pick and choose among those documents requests he will assert the Fifth Amendment privilege and those he will not.

document requests as they are currently drafted place those requests squarely at odds with Mr. Gitto's Fifth Amendment protections.

There is a second, and perhaps more important distinction between the *Braswell* case and the circumstances presented here. The party seeking production in *Braswell* was the United States Government engaged in a grand jury proceeding, not a private party conducting discovery in a civil suit. In *Braswell*, the Court created an artifice (heavily criticized by four justices in the dissent) to both facilitate production and preserve individual Fifth Amendment "act of production" protections. This compromise of sorts was reached, at least in part, to ameliorate the detrimental impact of the assertion of the privilege on the Government's strong interest in prosecuting white collar crime. There is, as a result, a cost associated with the production of documents. *Braswell* bars the Government from making any evidentiary use of the "individual act" of production against the individual.

What remains undecided is whether, and to what extent, this Circuit will extend the *Braswell* evidentiary bar to the civil side of the Court where, as here, the Government is not a party, has not had an opportunity to be heard, does not seek the production and it's ability to prosecute crime is not in play. Will the Government be bound by process over which it has no control? Or will this Circuit ultimately determine that while the Fifth Amendment protections apply in civil proceedings, the production of documents constitutes a waiver of those rights? *Hubbell* makes it clear that the act of producing records does constitute protected testimonial communication as it might entail implicit statements of fact; by producing documents the witness would admit the papers existed, were in his possession, custody or control and were authentic. *United States v. Hubbell,* 530 U.S. 27, 37 (2000), citing *United States v. Doe*, 465 U.S. 605, 613

(1984). *Doe* teaches that the Fifth Amendment protections extend to documents that would furnish a link in the chain of evidence, even if not itself inculpatory. However, *Hubbell* also seems to suggest that, in this context, the Government might be in a position to make evidentiary use of the act of production because the civil action is independent (at least on its face) of the Government's criminal investigation. If this is permitted, then production must be barred, as to rule otherwise would render the Fifth Amendment privilege a nullity and would invite the Government to use civil proceedings as a means to evade the protections of *Braswell*.

When ultimately faced with the issue presented here, this Circuit may well adopt the reasoning of the Second Circuit in *In Re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999*, 191 F.2d 173 (2d Cir.1999), cert. denied, 524 U.S. 951 (1998). In that case, the Court held that the agency relationship is co-terminus with employment. Thus, an individual who produces corporate records after the termination of employment can only act in his individual capacity. 191 F.3d at 181. Alternatively, the Court could extend the *Braswell* artifice to the circumstances presented here. In either event, until the Court of Appeals decides the issue, Gitto and Tradex have only one option: to insist upon a valid and properly directed subpoena through which the relevant issues may be brought before this Court for determination, and, if necessary, before the Court of Appeals for appellate review.

<u>Request for Relief</u>

Based upon the foregoing, Gitto and Tradex respectfully request that this Honorable Court deny the Plaintiff's Motion to Compel Production. In the alternative, the Defendants seek findings and rulings from this Court addressing the following issues: (1) Whether a party in a civil proceeding may make evidentiary use of the act of producing corporate records by an

5

individual acting solely in his representative capacity on behalf of the corporation from which the records are sought; (2) Whether a former employee, officer or director of a Corporation may produce records solely in his representative capacity on behalf of a corporation after the employment relationship terminates; and (3) Whether the Government may make evidentiary use of the act of producing corporate records by an individual acting solely in his representative capacity in a civil proceeding in which the Government is not a party.

        Respectfully submitted,

        Charles N. Gitto, Jr. and
        Tradex Corporation,
        By their attorneys,


        /s/   Juliane Balliro
        Juliane Balliro (BBO# 028010)
        Barbara Green Whitbeck (BBO# 634343)
        Perkins Smith & Cohen LLP
        One Beacon Street
        Boston, MA 02108
        (617) 854-4000

Dated: December 1, 2004