UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC. )
                            Plaintiff, )
 
v. )
 
GARY C. GITTO, et al, )
                            Defendants )

**DEFENDANT GARY GITTO'S OPPOSITION
TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Plaintiff has moved to compel defendant Gary Gitto to produce "corporate documents of Gitto Global Corporation . . . or any other corporate entity," which are identified in its request for production. Defendant has declined to produce any such documents because the act of producing the documents will tend to incriminate him and, since he is not the representative of any such corporate entity, he is entitled to rely on his individual Fifth Amendment privilege.[1]

Defendant Gary Gitto was the Chief Executive Officer and Treasurer of Gitto Global Corporation until he resigned on September 16, 2004. (Exhibit A). Management of the company was then taken over by one Thomas Doherty, of Argus Management, as Chief

---

[1] On November 23, 2004 the Bankruptcy judge in In re Gitto Global Corporation, No. 04-45386 (Rosenthal, J.) denied, in open court, a motion by the bankruptcy examiner and creditors committee, based on an identical theory, seeking (in the form of a requested order to show cause) documents subpoenaed from this defendant, as the subpoena was issued to defendant personally and not as a representative of any corporate entity.

Restructuring Officer. On September 24, the company filed a voluntary petition in bankruptcy. (Exhibit B). Since then the company has continued operations, as a debtor in possession, under the management of the Chief Restructuring Officer and the supervision of the Bankruptcy Court.

On October 25, this lawsuit was commenced against Mr. Gitto, personally, and others, alleging fraud and other related claims. On November 10, the plaintiff served its First Request for Production to the defendant, seeking 19 categories of documents. Within those categories, plaintiff sought documents relating to Gitto Global, as well as some dozen other corporate entities, as to which plaintiff does not contend that defendant Gitto ever was an officer or employee. The request also sought all financial statements and tax records of the defendant. Defendant responded by invoking his Fifth Amendment privilege, on the ground that the act of producing the documents would tend to incriminate him, and thus declined to make any production.

Plaintiff now seeks production of any "corporate records," arguing that production of corporate records by this defendant is not protected by the Fifth Amendment, even if production would incriminate him. Plaintiff does not define "corporate records" in its motion, but it has advised defendant that it considers such to include all documents which concern any corporation listed in its request, including any document generated by any listed company, or generated by an employee of a company, or generated by anybody else but concerning a listed company. (Exhibit C: Exchange of emails between Max Stern and Eric Rein).

-2-

## ARGUMENT

### Defendant is Entitled to Assert His Fifth Amendment Privilege To Decline to Perform The Incriminating Act of Producing Documents Sought From Him as an Individual and Not as a Corporate Custodian.

Plaintiff does not contest the defendant's claim that production of the documents would incriminate him. Under well settled Fifth Amendment jurisprudence, the privilege "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Hoffman v. United States, 341 U.S. 479, 486 (1951). Moreover, the opponent of the privilege, to defeat it, must establish that the evidence "cannot possibly have such tendency to incriminate." Id. At 488. In the context of production of documents, Fisher v. United States, 425 U.S. 391 (1976) and United States v. Doe, 465 U.S. 605 (1984) held that the right against compelled self-incrimination turns on the act of production, and not the contents of the records. Thus, a witness may decline to comply when by "producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control and were authentic," United States v. Hubbell, 530 U.S. 27, 36 (2000); United States v. Doe, supra at 613, since merely by alerting the government to the existence of documents, or admitting that they are authentic, or that they have been in the witness' custody, the witness may furnish a "link in the chain of evidence" needed to convict him. In Hubbell, for example, the privilege covered the production of numerous documents similar to those sought here, including financial records, tax records and the like. Id. at 46-48 (Appendix to Opinion of the Court).

Instead, plaintiff relies on the "collective entity" doctrine, as most recently applied in Braswell v. United States, 487 U.S. 99 (1988), to argue that the Fifth Amendment does not privilege the production of "corporate documents" at all. This, however, is a misinterpretation of the doctrine and the Braswell case, in particular. In Braswell, the current president of two existent corporations was subpoenaed to produce records of those entities. The Court held that he could not refuse even though the production might incriminate him personally. The Court reasoned that since a corporation has no Fifth Amendment right, and since a corporation may only act through an agent, the only way to enforce the corporation's obligation was to require a corporate custodian to produce:

> [T]he custodian of corporate or entity records holds those documents in a representative capacity. Artificial entities such as corporations may act only through their agents, and a custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand by the Government. Under those circumstances, the custodian's act of production is not deemed a personal act, but rather an act of the corporation. Any claim of Fifth Amendment privilege would be tantamount to a claim of privilege by the corporation – which of course possesses no such privilege.

Id. at 109-10.

Still, since its holding was premised on the notion that the witness acts as a *representative* of the corporation, the Court recognized a privilege for the individual against the individual's act of production:

> [W]e do think certain consequences flow from the fact that the custodian's act of production is one in his representative rather than personal capacity. Because the custodian acts as a representative, the act is deemed one of the corporation and not the individual. Therefore, the Government concedes, as it must, that it may make no evidentiary use of the "individual act" against the

-4-

> individual. .... The Government has the right, however, to use
> the corporation's act of production against the custodian.

Id. at 117-18.

Plaintiff asserts that Braswell exempts from Fifth Amendment coverage any document which even concerns a corporation, whether or not the witness is asked to produce that document as a representative of the corporation. This is a misreading of the case. The weight of – and the better reasoned – authority holds that one who is not, or no longer is, an agent of the corporation, may assert act-of-production immunity even as to documents which the individual may have obtained from the entity. See In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999, 191 F.3d 173 (2d Cir. 1999)("Three Subponeas"); United States v. McLaughlin, 126 F.3d 130, 133 n.2 (3d Cir. 1997), cert. denied, 524 U.S. 951 (1998); In re Grand Jury Proceedings, 71 F.3d 723, 724 (9th Cir. 1995). Contra In re Grand Jury Subpoena Dated November 12, 1991, 957 F.2d 807, 810-13 (11th Cir. 1992); In re Sealed Case (Government Records), 950 F.2d 736, 740 (D.C. Cir. 1991); Gloves, Inc. v. Berger, 198 F.R.D. 6 (D. Mass. 2000)(Collings, J.).

The Second Circuit decision in Three Subpoenas contains the most exhaustive discussion of the issue. The court held that former employees were entitled to assert Fifth Amendment privilege as to act-of-production incrimination in respect to corporate documents subpoenaed after they left company employ. After examining the Braswell rationale for requiring production by a custodian in his representative capacity, the court held:

> It follows ... that once the agency relationship terminates, the former employee is no longer an agent of the corporation and is not a custodian of the corporate records. When such an individual produces records in his possession, he cannot be acting in anything other than his personal capacity.

-5-

191 F.3d at 181. The court considered and rejected every contention advanced by the government, and by the two prior contrary circuit court decisions. Most importantly, as the court explained, those arguments relied on a distinction between "corporate" and "personal" documents which was significant only in the pre-Fisher regime. Before Fisher revolutionized Fifth Amendment jurisprudence, under Boyd v. United States, 116 U.S. 616 (1886) and progeny it was the contents which controlled -- corporate documents were not protected, but "personal" or "private" documents were. After Fisher, the nature of the documents became irrelevant; rather the issues now became whether the act of production was incriminating and whether production was of the entity, as opposed to the individual.

The defendant, Gary Gitto, is not a representative of the Gitto Global corporation. He resigned his positions with that company before this lawsuit was filed and the request for production was served. The corporation continues to operate and has current management and employees, which do not include the defendant. And, in any event, he is served here with a request as a party in a lawsuit against him in his individual capacity – not as the custodian of documents of any entity. Indeed, the plaintiff has demanded in its request for production a host of documents which have nothing to do with any entity with which he ever was an officer or employee. Accordingly, he is entitled, as an individual, to assert his Fifth Amendment privilege and to decline to provide any evidence which could be used against him in a criminal proceeding as a result of the act of production.

There is a further problem in this case, since it is a civil action between private parties. In Braswell, the government chose to compel the documents and therefore conceded that it would

make no evidentiary use of the individual's production against him.[2] But here, since the government is not a party, it will not be called upon to provide the defendant with any such assurance.[3] We do not know if it will later agree that there exists any limitation on its use of a production made in this case. Thus, neither the defendant nor the Court can be sure that any ruling it made requiring production would provide the consequential individual evidentiary privilege against the individual's act of production, as required by Braswell.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion should be denied.

Respectfully submitted,
Gary C. Gitto,
By his attorneys,

*/s/ Max D. Stern/*

Max D. Stern, BBO #479560
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-5800

David L. Kelston, BBO #267310
Adkins, Kelston & Zavez, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 367-1040

Dated: December 1, 2004.

---

[2] Independently, prior to plaintiff's request, the defendant offered to produce certain documents to the government in return for an assurance not to make evidentiary use of the production against him. There has been no response to this offer.

[3] In is noteworthy that there are no cases, other than Gloves, Inc., supra, in which a person was compelled to produce documents on a Braswell theory in litigation between private parties.

-7-

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by first class mail and by Electronic Court Filing on this date __12/1/04__

_/s/ M.D. Stern_

G:\SSWG\Gitto\LaSalle Business Credit\LaSalle v. Gitto\compel opp.wpd