UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC. <br><br> Plaintiff, <br><br> v. <br><br> GARY C. GITTO, et al, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANT GARY GITTO'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff has moved to compel defendant Gary Gitto to produce "corporate documents of Gitto Global Corporation . . . or any other corporate entity," which are identified in its request for production. Defendant has declined to produce any such documents because the act of producing the documents will tend to incriminate him and, since he is not the representative of any such corporate entity, he is entitled to rely on his individual Fifth Amendment privilege.[1]

Defendant Gary Gitto was the Chief Executive Officer and Treasurer of Gitto Global Corporation until he resigned on September 16, 2004. (Exhibit A). Management of the company was then taken over by one Thomas Doherty, of Argus Management, as Chief

---

[1] On November 23, 2004 the Bankruptcy judge in In re Gitto Global Corporation, No. 04-45386 (Rosenthal, J.) denied, in open court, a motion by the bankruptcy examiner and creditors committee, based on an identical theory, seeking (in the form of a requested order to show cause) documents subpoenaed from this defendant, as the subpoena was issued to defendant personally and not as a representative of any corporate entity.

Restructuring Officer. On September 24, the company filed a voluntary petition in bankruptcy. (Exhibit B). Since then the company has continued operations, as a debtor in possession, under the management of the Chief Restructuring Officer and the supervision of the Bankruptcy Court.

On October 25, this lawsuit was commenced against Mr. Gitto, personally, and others, alleging fraud and other related claims. On November 10, the plaintiff served its First Request for Production to the defendant, seeking 19 categories of documents. Within those categories, plaintiff sought documents relating to Gitto Global, as well as some dozen other corporate entities, as to which plaintiff does not contend that defendant Gitto ever was an officer or employee. The request also sought all financial statements and tax records of the defendant. Defendant responded by invoking his Fifth Amendment privilege, on the ground that the act of producing the documents would tend to incriminate him, and thus declined to make any production.

Plaintiff now seeks production of any "corporate records," arguing that production of corporate records by this defendant is not protected by the Fifth Amendment, even if production would incriminate him. Plaintiff does not define "corporate records" in its motion, but it has advised defendant that it considers such to include all documents which concern any corporation listed in its request, including any document generated by any listed company, or generated by an employee of a company, or generated by anybody else but concerning a listed company. (Exhibit C: Exchange of emails between Max Stern and Eric Rein).

# ARGUMENT

### Defendant is Entitled to Assert His Fifth Amendment Privilege To Decline to Perform The Incriminating Act of Producing Documents Sought From Him as an Individual and Not as a Corporate Custodian.

Plaintiff does not contest the defendant's claim that production of the documents would incriminate him. Under well settled Fifth Amendment jurisprudence, the privilege "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Hoffman v. United States, 341 U.S. 479, 486 (1951). Moreover, the opponent of the privilege, to defeat it, must establish that the evidence "cannot possibly have such tendency to incriminate." Id. At 488. In the context of production of documents, Fisher v. United States, 425 U.S. 391 (1976) and United States v. Doe, 465 U.S. 605 (1984) held that the right against compelled self-incrimination turns on the act of production, and not the contents of the records. Thus, a witness may decline to comply when by "producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control and were authentic," United States v. Hubbell, 530 U.S. 27, 36 (2000); United States v. Doe, supra at 613, since merely by alerting the government to the existence of documents, or admitting that they are authentic, or that they have been in the witness' custody, the witness may furnish a "link in the chain of evidence" needed to convict him. In Hubbell, for example, the privilege covered the production of numerous documents similar to those sought here, including financial records, tax records and the like. Id. at 46-48 (Appendix to Opinion of the Court).

Instead, plaintiff relies on the "collective entity" doctrine, as most recently applied in Braswell v. United States, 487 U.S. 99 (1988), to argue that the Fifth Amendment does not privilege the production of "corporate documents" at all. This, however, is a misinterpretation of the doctrine and the Braswell case, in particular. In Braswell, the current president of two existent corporations was subpoenaed to produce records of those entities. The Court held that he could not refuse even though the production might incriminate him personally. The Court reasoned that since a corporation has no Fifth Amendment right, and since a corporation may only act through an agent, the only way to enforce the corporation's obligation was to require a corporate custodian to produce:

> [T]he custodian of corporate or entity records holds those documents in a representative capacity. Artificial entities such as corporations may act only through their agents, and a custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand by the Government. Under those circumstances, the custodian's act of production is not deemed a personal act, but rather an act of the corporation. Any claim of Fifth Amendment privilege would be tantamount to a claim of privilege by the corporation – which of course possesses no such privilege.

Id. at 109-10.

Still, since its holding was premised on the notion that the witness acts as a <u>representative</u> of the corporation, the Court recognized a privilege for the individual against the individual's act of production:

> [W]e do think certain consequences flow from the fact that the custodian's act of production is one in his representative rather than personal capacity. Because the custodian acts as a representative, the act is deemed one of the corporation and not the individual. Therefore, the Government concedes, as it must, that it may make no evidentiary use of the "individual act" against the

> individual. . . . . The Government has the right, however, to use the corporation's act of production against the custodian.

Id. at 117-18.

Plaintiff asserts that Braswell exempts from Fifth Amendment coverage any document which even concerns a corporation, whether or not the witness is asked to produce that document as a representative of the corporation. This is a misreading of the case. The weight of – and the better reasoned – authority holds that one who is not, or no longer is, an agent of the corporation, may assert act-of-production immunity even as to documents which the individual may have obtained from the entity. See In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999, 191 F.3d 173 (2d Cir. 1999)("Three Subponeas"); United States v. McLaughlin, 126 F.3d 130, 133 n.2 (3d Cir. 1997), cert. denied, 524 U.S. 951 (1998); In re Grand Jury Proceedings, 71 F.3d 723, 724 (9th Cir. 1995). Contra In re Grand Jury Subpoena Dated November 12, 1991, 957 F.2d 807, 810-13 (11th Cir. 1992); In re Sealed Case (Government Records), 950 F.2d 736, 740 (D.C. Cir. 1991); Gloves, Inc. v. Berger, 198 F.R.D. 6 (D. Mass. 2000)(Collings, J.).

The Second Circuit decision in Three Subpoenas contains the most exhaustive discussion of the issue. The court held that former employees were entitled to assert Fifth Amendment privilege as to act-of-production incrimination in respect to corporate documents subpoenaed after they left company employ. After examining the Braswell rationale for requiring production by a custodian in his representative capacity, the court held:

> It follows . . . that once the agency relationship terminates, the former employee is no longer an agent of the corporation and is not a custodian of the corporate records. When such an individual produces records in his possession, he cannot be acting in anything other than his personal capacity.

191 F.3d at 181. The court considered and rejected every contention advanced by the government, and by the two prior contrary circuit court decisions. Most importantly, as the court explained, those arguments relied on a distinction between "corporate" and "personal" documents which was significant only in the pre-Fisher regime. Before Fisher revolutionized Fifth Amendment jurisprudence, under Boyd v. United States, 116 U.S. 616 (1886) and progeny it was the contents which controlled -- corporate documents were not protected, but "personal" or "private" documents were. After Fisher, the nature of the documents became irrelevant; rather the issues now became whether the act of production was incriminating and whether production was of the entity, as opposed to the individual.

The defendant, Gary Gitto, is not a representative of the Gitto Global corporation. He resigned his positions with that company before this lawsuit was filed and the request for production was served. The corporation continues to operate and has current management and employees, which do not include the defendant. And, in any event, he is served here with a request as a party in a lawsuit against him in his individual capacity -- not as the custodian of documents of any entity. Indeed, the plaintiff has demanded in its request for production a host of documents which have nothing to do with any entity with which he ever was an officer or employee. Accordingly, he is entitled, as an individual, to assert his Fifth Amendment privilege and to decline to provide any evidence which could be used against him in a criminal proceeding as a result of the act of production.

There is a further problem in this case, since it is a civil action between private parties. In Braswell, the government chose to compel the documents and therefore conceded that it would


make no evidentiary use of the individual's production against him.[2] But here, since the government is not a party, it will not be called upon to provide the defendant with any such assurance.[3] We do not know if it will later agree that there exists any limitation on its use of a production made in this case. Thus, neither the defendant nor the Court can be sure that any ruling it made requiring production would provide the consequential individual evidentiary privilege against the individual's act of production, as required by Braswell.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion should be denied.

Respectfully submitted,
Gary C. Gitto,
By his attorneys,

*/s/ Max D. Stern*
Max D. Stern, BBO #479560
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-5800

David L. Kelston, BBO #267310
Adkins, Kelston & Zavez, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 367-1040

Dated: December 1, 2004.

---

[2] Independently, prior to plaintiff's request, the defendant offered to produce certain documents to the government in return for an assurance not to make evidentiary use of the production against him. There has been no response to this offer.

[3] In is noteworthy that there are no cases, other than Gloves, Inc., supra, in which a person was compelled to produce documents on a Braswell theory in litigation between private parties.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by first class mail and by Electronic Court Filing on this date 12/1/04

_____/s/ M.W. Stein_____

G:\SSWG\Gitto\LaSalle Business Credit\LaSalle v. Gitto\compel opp.wpd

# EXHIBIT A

## RESIGNATION

I, Gary C. Gitto, hereby resign as Chief Executive Officer and Treasurer of Gitto Global Corporation, effective immediately.

_____
Gary C. Gitto

Date: September 16, 2004

{J:\CLIENTS\lit\071668\0100\00473362.DOC;1}

# EXHIBIT B

(Official Form 1) (12/03)

| FORM B1 | **United States Bankruptcy Court**<br>District of Massachusetts | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Gitto Global Corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>04-2874191 | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>Attn: Thomas Doherty<br>140 Leominster-Shirley Road<br>Lunenburg, MA 01462 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   Worcester | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | | |
|---|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ■ Chapter 11 | ☐ Chapter 13 |
| ■ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | | |
| ☐ Other_____ | ☐ Clearing Bank | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-Business    ■ Business | ■ Full Filing Fee attached |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | ☐ Filing Fee to be paid in installments (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.<br>*** Andrew G. Lizotte, Esq. BBO #559609 *** |

| Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ■ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ |

(Official Form 1) (12/03)

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> Gitto Global Corporation | FORM B1, Page 2 |
|---|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) |||
|---|---|---|
| Location <br> Where Filed: - None - | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: <br> - None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney**

X _*[signature]*_____
Signature of Attorney for Debtor(s)
Andrew G. Lizotte, Esq. BBO #559609
Printed Name of Attorney for Debtor(s)
Hanify & King, P.C.
Firm Name
One Beacon Street
21st Floor
Boston, MA 02108
Address
(617) 423-0400  Fax: (617) 556-8985
Telephone Number
9/24/04
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _*[signature]*_____
Signature of Authorized Individual
Thomas Doherty
Printed Name of Authorized Individual
Chief Restructuring Officer
Title of Authorized Individual
9/24/04
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)   Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C.§ 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

# EXHIBIT C

```
    From: RRein@scgk.com <RRein@scgk.com>
      To: Max D. Stern <mdstern@sswg.com>
    Date: Monday, November 29, 2004 2:57:56 PM
 Subject: LaSalle's request to produce documents from Gary Gitto
  Folder: Inbox - Known/Max D. Stern
```

Understood. We will proceeding with an emergency motion.

Rick Rein
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
(312) 845 - 5106
fax: (312) 264-2467
THIS EMAIL MESSAGE IS FOR THE EXCLUSIVE AND CONFIDENTIAL USE OF THE
DESIGNATED AND INTENDED RECIPIENT, AND ANY OTHER DISTRIBUTION OR USE IS
UNAUTHORIZED AND STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS EMAIL
MESSAGE IN ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR EMAIL AND
DELETE THIS MESSAGE.  THANK YOU.


"Max D. Stern" <mdstern@sswg.com>

<RRein@scgk.com>
cc:
Subject:    Re[2]: LaSalle's request to produce documents from Gary Gitto

11/29/2004 01:44 PM

Please respond to "Max D. Stern"


Rick -- I assume that you received my voice mail of this morning:  we
will continue to assert the Fifth Amendment in response to your
document production request.

```
Max D. Stern
Stern Shapiro Weissberg & Garin LLP
90 Canal St.
5th Floor
Boston, MA 02114
tel 617.742.5800
fax 617.742.5858
mdstern@sswg.com
www.sswg.com

----Original Message----
Wednesday, November 24, 2004,  2:43:05 PM, you wrote:

Rsc> yes




Rsc> Rick Rein
Rsc> Schwartz, Cooper, Greenberger & Krauss, Chtd.
Rsc> 180 N. LaSalle Street, Suite 2700
Rsc> Chicago, IL 60601
Rsc> (312) 845 - 5106
Rsc> fax: (312) 264-2467
Rsc> THIS EMAIL MESSAGE IS FOR THE EXCLUSIVE AND CONFIDENTIAL USE OF THE
Rsc> DESIGNATED AND INTENDED RECIPIENT, AND ANY OTHER DISTRIBUTION OR USE

IS

Rsc> UNAUTHORIZED AND STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS EMAIL
Rsc> MESSAGE IN ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR EMAIL AND
Rsc> DELETE THIS MESSAGE.  THANK YOU.





Rsc> "Max D. Stern" <mdstern@sswg.com>
Rsc> 11/24/2004 11:04 AM
Rsc> Please respond to "Max D. Stern"




Rsc>         To:      <rrein@scgk.com>
Rsc>         cc:
Rsc>         Subject:          LaSalle's request to produce documents from

Gary Gitto


Rsc> To confirm my understanding, your position is that Mr. Gitto must
Rsc> produce, notwithstanding any personal Fifth Amendment privilege, all
Rsc> "corporate records," in the requested categories, which are in his
Rsc> possession.  You define "corporate records" as:
```

```
Rsc> (1) all documents which concern any corporation listed in your
Rsc> request, including any document generated by any listed company, or
Rsc> generated by an employee of a company, or generated by anybody else
Rsc> but concerning a listed company; and,
Rsc> (2) all documents removed from the Gitto-Global company on or about
Rsc> September 15.


Rsc> Please let me know if I have misunderstood this in any way.


Rsc> I will call you Monday morning regarding this.  Have a happy holiday.




Rsc> Max D. Stern
Rsc> Stern Shapiro Weissberg & Garin LLP
Rsc> 90 Canal St.
Rsc> 5th Floor
Rsc> Boston, MA 02114
Rsc> 617.742.5800
Rsc> (fax) 617.742.5858
Rsc> mdstern@sswg.com
Rsc> www.sswg.com
```