IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,    )<br>                                                               )<br>              Plaintiff,                            )<br>    v.                                                    )<br>                                                               )<br>GARY C. GITTO, FRANK MILLER,       )<br>CHARLES N. GITTO, JR., NANCY       )<br>GITTO PANAGIOTES, JOHN D.           )<br>TERSIGNI, KATHLEEN M. CARLAND, )<br>WILLIAM DEAKIN, JANICE CHAISSON,)<br>HELEN KOZAK, KINGSDALE CORP.   )<br>d/b/a J&J CHEMICAL DISTRIBUTORS, )<br>and TRADEX CORPORATION,            )<br>                                                               )<br>              Defendants,                        )<br>    and                                                 )<br>                                                               )<br>FLEET NATIONAL BANK, CLINTON   )<br>SAVINGS BANK, SOVEREIGN BANK, )<br>COMMERCE BANK & TRUST             )<br>COMPANY, FIDELITY COOPERATIVE )<br>BANK, BANKNORTH, N.A.,                 )<br>FIDELITY INVESTMENTS, INC.,          )<br>LEOMINSTER CREDIT UNION, and  )<br>LEHMAN BROTHERS, INC.,                )<br>                                                               )<br>       Trustee Process Defendants,     )<br>                                                               )<br>    and                                                 )<br>                                                               )<br>FIDELITY INVESTMENTS, INC.,          )<br>DIRECT WOOD & PAPER PRODUCTS, )<br>INC., GITTO SALES CORPORATION,   )<br>J-TAN SALES & MARKETING, INC.,    )<br>HEMISPHERE DISTRIBUTION            )<br>CORPORATION, LEHMAN BROTHERS, )<br>INC., and AWG, LLC,                              )<br>                                                               )<br>       Reach-and-Apply Defendants.     ) | Case No.  04-122227-DPW |

**JANICE CHAISSON'S MOTION TO STAY**

1

Defendant Janice Chaisson moves to stay this case as to the claims against her, excepting the present preliminary injunction matters and attaches a proposed order. In support of this motion, she states as follows:

1. The instant complaint is vague as to its accusations against her. The defendant, an accounts receivable clerk (See ¶ 11 of Complaint), is generally accused, along with the corporate officers, of "directing" the wrongful acts of others without further detail or explanation it is clear that plaintiff is alleging both civil wrongs and criminal acts, including bank fraud.[1]

2. A concurrent criminal investigation is underway, with a grand jury sitting in this court. The defendant is a recipient of a subpoena as well as an invitation to sit and be interviewed by the Federal Bureau of Investigation. No proffer of immunity appears likely at this time.

3. In light of this, and as the defendant has indicated to all parties she invokes her Fifth Amendment privilege in response to discovery requests aimed at exploring her involvement in the events at issue in the complaint.

4. If these civil proceedings continue against her, then, Chaisson is put in the position where, because of her inability to defend herself without potentially waiving her privilege, the case, at least against her, becomes not litigation

---

[1] See ¶¶ 47, 67, 78, 79, 81, 83, 87, 94, 96, 102, 106, 108, 111, 113, 118 *et seq.*

2

contested on the merits but rather a default judgment.

5. The case law prefers a stay least so long as the grand jury is sitting in this case. *Microfinancial, Inc. v. Premier Holidays International, Inc.*, 385 F.3d 72, 77-78 (1st Cir, 2004) delineates the factors this court should consider when deciding whether to stay this case because of parallel criminal proceedings.

> Notwithstanding that each instance is *sui generis*, the case law discloses five factors that typically bear on the decisional calculations: (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; and (v) the public interest. *Id.* at 78.

6. Here the factors favor the stay requested. It will not unduly prejudice the plaintiff, who will have litigated fully its requests for preliminary relief and thus will have whatever security it may be entitled to; it will prevent extreme hardship to defendant, who otherwise must risk criminal exposure to avoid defaulting in this case, and who must try to protect herself simultaneously in two arenas with her assets already restrained; and the convenience of the courts, the interests of third parties, and the public interest all seem served by the brief stay now requested while the grand jury does its work to serve the public interest.

Accordingly, Janice Chaisson requests that the proposed order be entered.

3

JANICE CHAISSON,
BY HER ATTORNEY,

_/s/ Edward W. McIntyre_

EDWARD W. MCINTYRE, BBO 335770
162 CHURCH STREET
CLINTON, MA 01510
978 368 1251, EXT 12
978 368 8132, FAX
EdwardWMcIntyre@comcast.net

Certificate of Service

    I, Edward W. McIntyre, hereby certify that I have caused a true copy of the foregoing document to be served upon counsel of record, by first class mail; postage prepaid, this 30th day of November 2004.

_/s/ Edward W. McIntyre_

EDWARD W. MCINTYRE

4