IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,           )<br>                                                                    )<br>                          Plaintiff,               )<br>             v.                                              )<br>GARY C. GITTO, et al.,                        )<br>                                                                    )<br>                          Defendants,         )<br>       and                                                  )<br>                                                                    )<br>FLEET NATIONAL BANK, et al.,          )<br>                                                                    )<br>       Trustee Process Defendants,     )<br>                                                                    )<br>       and                                                  )<br>                                                                    )<br>FIDELITY INVESTMENTS, INC.,           )<br>et al.,                                                       )<br>                                                                    )<br>       Reach-and-Apply Defendants.   ) | Case No. 04-12227-DPW |

## AFFIDAVIT OF JOHN D. TERSIGNI

John D. Tersigni, being duly sworn on oath, states and affirms the following facts in support of the allegations of Plaintiff, LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") in the above-captioned case:

1.    I am over the age of 21 and am the president and owner of Terracat Packaging and Trading Company ("Terracat") and J-Tan Sales and Marketing, Inc. ("J-Tan").

2.    I live at 24 Field Road in Leominster, Massachusetts.

3.    If sworn as a witness, I could competently testify to the facts stated herein.

**Gary Gitto**

4. I have known Gary Gitto all of my life. Our fathers, Sandino Tersigni and Charlie Gitto, have been friends for forty years. My children and Gary's children are friends.

5. Because of my relationship with Gary Gitto, I was a frequent visitor at Gitto Global Corporation ("Gitto Global") and often did business with Gitto Global through my company, Terracat.

**J-Tan**

6. I formed J-Tan in or about September of 2001. I intended that J-Tan would serve as a distributor of certain virgin and certified plastics that J-Tan was to purchase from East Coast Distributors, Inc. ("East Coast"). East Coast is a small plastics distributor owned by Robert Perry ("Perry").

7. After forming J-Tan, I began to make sales calls on companies in the plastics business in the Leominster area. However, I found that the prices I was able to obtain from J-Tan's supplier, East Coast, were not competitive and I was unable to acquire any business.

8. In or about 2001, I began to work for East Coast as a sales representative.

9. Because of my relationship with Gary Gitto, I was able to secure business for East Coast with Gitto Global.

10. East Coast would supply certain compounds to Gitto Global. In return, Gitto Global would give East Coast checks in the amount of East Coast's invoices.

11. East Coast received these Gitto Global checks from Frank Miller ("Miller") of Gitto Global.

12. From the beginning of the relationship between East Coast and Gitto Global, Gitto Global was slow to pay monies owed to East Coast. Frequently, Miller would give me

several checks to cover past due invoices payable to East Coast. I was instructed by Frank Miller not to deposit any of these checks. Rather, I was to call Miller every day in the afternoon and request permission to deposit a check. When I or Perry would call Miller, he would let us know whether or not we could deposit another check. When the checks we had on hand ran out, Miller would give us additional checks to cover past due invoices.

13. Over time, the amount due to East Coast from Gitto Global grew very large, to as much as $1.5 million.

14. On two or three occasions, when Miller was out of town, I called Gary Gitto for permission to deposit a Gitto Global check. Gary would take the message, and call back later with permission to deposit a check. On these two or three occasions, when Miller returned to town and found out that we had called Gary Gitto and received permission to deposit checks, Miller was very upset, and informed me that he, Miller, handled all of the money matters for Gitto Global.

15. In or about May of 2002, I was approached by Frank Miller with a business proposition related to my J-Tan. Miller proposed to set J-Tan up with several small accounts, totaling approximately $3 million dollars in gross revenue per year that J-Tan would handle for Gitto Global. I agreed to this proposal, and Miller volunteered to give J-Tan start-up funds to begin the arrangement.

16. In order to begin the arrangement with Gitto Global, Frank Miller, his wife, Maria Miller, and Gary Gitto wired $380,000 into J-Tan's bank account.

17. Some time later, Miller called me and asked me to come to Gitto Global to speak with a representative of LaSalle Bank. I agreed.

18. While at Gitto Global, I spoke on the telephone with a woman representing LaSalle Bank. In that conversation, I confirmed that I would be doing approximately $3 million worth of business with Gitto Global, and that I hoped to do more.

19. The next day, Miller called and told me that a pending Gitto Global deal had fallen through, and that the arrangement with J-Tan would be unwound. Miller asked me to return the money wired to J-Tan. Miller agreed to let me keep $2,000 for my efforts in preparing for the proposed business arrangement.

20. J-Tan has never purchased or sold any products from, or done any business with, Gitto Global. The signature acknowledging the Gitto Global letter of January 15, 2004 (attached hereto as "Exhibit A") is not my signature, and I do not know who signed my name to this document.

21. When I called Gitto Global to complain about the deal falling through, I may have spoken with Helen Kozak and expressed my displeasure.

**Kingsdale Corporation**

22. In or about 2001, Miller asked me to serve as the treasurer/secretary of Kingsdale Corporation ("Kingsdale") which did business as J&J Chemical. I understood Kingsdale to be a subsidiary of Gitto Global. Miller explained to me that he needed me to serve in this role as it presented a conflict of interest for him, Miller, to do so because of his position at Gitto Global.

23. My duties for Kingsdale included receiving and forwarding the mail. Miller asked me to set up a mail drop at a business address, as opposed to a PO Box or my home address. I prepared a change of address card directing the post office to deliver Kingsdale's mail to 50 Independence Drive, Ayer, Massachusetts. I would receive the mail every day, and deliver it to the receptionist at Gitto Global. The mail consisted of junk mail, telephone bills, and bank

4

statements. I also set up a telephone line and an answering machine for Kingsdale. I would forward messages received to Miller. In addition, I had a stamp made up with my name for the purpose of signing Kingsdale checks. I gave this stamp to Miller for his use in handling Kingsdale business.

24. On one occasion, I opened mail sent to Kingsdale and saw that $3-4 million dollars was moving through Kingsdale, on checks executed with my signature stamp. When I confronted Miller with this fact, and asked him why Gitto Global was unable to pay its bills owed to East Coast, Miller reassured me that Kingsdale was "backed up by $19 million."

25. I was paid $5,500 per month for my services to Kingsdale.

**Terracat**

26. Terracat is a company that I own and have used to deal in scrap plastic. I would buy and sell scrap plastics from businesses in the plastics industry. Gitto Global was among my customers.

27. On occasion, I would sell Gitto Global a truckload of scrap plastic. On average, these truckloads were worth approximately $20,000.

28. Terracat stopped doing business with Gitto Global in approximately 2002.

FURTHER AFFIANT SAYETH NOT.

////

////

////

////

////

////

_____
John D. Tersigni

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                        November 24, 2004

On Subscribed and sworn to before me
    this 24th _____ day of November, 2004, before me, the undersigned notary public, personally appeared Steven Snyder, proved to me through satisfactory evidence of identification, which were _MA License_, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_Maureen Stewart_
_____

Notary Public                                         My commission expires 10/21/2005

MAUREEN A. STEWART
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 21, 2005

6

Feb-12-04 04:03P louis ellegrine jr cpa 508 70 0077 P.04

EXHIBIT A


**The Gitto/Global Corporation**

January 15, 2004

J/Tan Sales and Marketing
P.O. Box 508
Leominster MA 01462

Our auditors, Louis J Pellegrine Jr CPA PC, are conducting an interim audit of our accounts receivables. Please confirm the balance due at December 31, 2003, which is shown on our records as $3,115,811.10.

Please indicate in the space below whether this is in agreement with your records. If there are differences, please provide any information that will assist our auditors in reconciling the difference. Please also indicate any special sale or payment terms related to this balance.

Please sign and date your response and mail your reply directly to Louis J Pellegrine Jr CPA PC 434 Old Connecticut Path #3A, Framingham, MA 01701 in the enclosed return envelope. PLEASE DO NOT MAIL PAYMENTS ON YOUR ACCOUNT TO THE AUDITORS.

Very truly yours,

*Frank Miller*
Frank Miller
President


To: Louis J Pellegrine Jr CPA PC

The balance due The Gitto/Global Corporation of $ _3,115,811.10_ as of December 31, 2003 is correct with the following exceptions (if any): _____
_____
_____

Special sale or payment terms (if any): _____
_____

Signature: _John Tersigni_
Title: _V President_
Date: _1-23-04_

*Excellence in Compounding Technology*

140 Leominster-Shirley Road, Glenna Park
P O Box 120, Lunenburg, MA 01462
(978) 537 8261
Admin./Exec. Fax (978) 840-4645
Sales/General Fax (978) 534-8362
E-Mail: gitto-global.com

**Ex. 23c**