IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY C. GITTO, FRANK MILLER, CHARLES N. GITTO, JR., NANCY GITTO-PANAGIOTES, JOHN D. TERSIGNI, KATHLEEN M. CARLAND, WILLIAM DEAKIN, JANICE CHAISSON, HELEN KOZAK, KINGSDALE CORP. d/b/a J&J CHEMICAL DISTRIBUTORS, and TRADEX CORPORATION, <br><br> Defendants, <br><br> and <br><br> FLEET NATIONAL BANK, CLINTON SAVINGS BANK, SOVEREIGN BANK, COMMERCE BANK & TRUST COMPANY, FIDELITY COOPERATIVE BANK, BANKNORTH, N.A., FIDELITY INVESTMENTS, INC., LEOMINSTER CREDIT UNION, and LEHMAN BROTHERS, INC., <br><br> Trustee Process Defendants, <br><br> and <br><br> FIDELITY INVESTMENTS, INC., DIRECT WOOD & PAPER PRODUCTS, INC., GITTO SALES CORPORATION, J-TAN SALES & MARKETING, INC., HEMISPHERE DISTRIBUTION CORPORATION, LEHMAN BROTHERS, INC., and AWG, LLC, <br><br> Reach-and-Apply-Defendants. | Case No. 04-12227DPW |

**HELEN KOZAK'S PRE-HEARING SUBMISSION RELATING
TO LASALLE'S MOTION FOR INJUNCTIVE RELIEF**

J:\Docs\26975\00000\00890202.DOC

Defendant Helen Kozak files this pre-hearing submission in accordance with the November 5, 2004 Order of this Court and in support of her opposition to the injunctive relief sought against her by LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle"). On October 25, 2004, Plaintiff filed *ex parte* motions seeking (1) a Temporary Restraining Order, and after hearing, a Preliminary Injunction Preserving the Status Quo; (2) Attachments on Trustee Process; and (3) an Attachment of Real Property – each in the amount of $30,000,000.00. The Court granted all the requested relief as to Ms. Kozak and several other Defendants. On November 5, 2004 Kozak and LaSalle entered into a stipulation to preserve the status quo as to Ms. Kozak.

LaSalle alleges Ms. Kozak was the administrative assistant to Gitto Global's chief executive officer and its president. This Court should not enter the requested injunctive relief against Ms. Kozak because (1) LaSalle cannot establish a likelihood of success on the merits of its claims against her; (2) LaSalle will not suffer irreparable harm if injunctions are not granted against Ms. Kozak; and (3) balancing the harms in this instance weighs against granting the requested relief. Further, the affidavit filed in support of LaSalle's motions sets forth no specific facts relating to Ms. Kozak that are based upon personal knowledge of the affiant.

## I.     PROPOSED FINDINGS OF FACT[1]

Helen Kozak was an administrative assistant to Gary Gitto and Frank Miller at Gitto Global. Complaint ¶ 12. Gary Gitto was the chief executive officer and treasurer of Gitto Global. Complaint ¶ 4. Frank Miller was the chief operating officer and president of Gitto Global. Complaint ¶ 5. Helen Kozak is not alleged to have any actual or apparent authority to

---

[1] For purposes of this memorandum only Ms. Kozak cites to LaSalle's Complaint filed on or about October 25, 2004 ("Complaint"). Ms. Kozak does not concede that the allegations in the Complaint are true or accurate. Ms. Kozak does not intend to present direct testimony at the December 10, 2004 hearing.

direct the employees or activities of Gitto Global or otherwise speak on behalf of Gitto Global in any way. Complaint. LaSalle does not allege Ms. Kozak was a shareholder of Gitto Global. Complaint. Similarly, LaSalle makes no allegation that Ms. Kozak derived any actual financial benefit as a result of the myriad of allegations of fraud against Gitto Global and its officers. Complaint.

Boiled down, LaSalle's allegations against Ms. Kozak are that she was a secretary to the CEO (Gary Gitto) and to the President of Gitto Global (Frank Miller) and she performed certain administrative tasks at their direction.[2] Complaint generally; see ¶¶ 70, 133, 150, 169. Though LaSalle claims Ms. Kozak made certain representations to LaSalle, no statement, representation or conversation is specifically attributed to Ms. Kozak. Complaint. Further, to the extent LaSalle alleges Ms. Kozak directed any activities, LaSalle either (1) alleges in the alternative that others "or Helen Kozak" took such actions (e.g. Complaint ¶¶43, 48, 49) or (2) uses identical language in making allegations against Gitto Global's top executives and Ms. Kozak (e.g. Complaint ¶¶ 98, 99, 100).

## ARGUMENT

### II. LASALLE HAS FAILED TO MAKE THE REQUIRED SHOWING FOR INJUNCTIVE RELIEF.

#### A. Standard for Injunctive Relief

A preliminary injunction should be granted where the moving party establishes: (1) that it is likely to succeed on the merits of its claim; (2) that it has no adequate remedy at law such that it will suffer irreparable harm without the injunction; (3) that such harm is greater than the injury defendants will suffer if an injunction is granted; and (4) that the public interest will not be

---

[2] It is expected that any documents relied upon by LaSalle will support that any action taken by Ms. Kozak was at the direction of others and only in her capacity as an administrative assistant.

3

adversely affected by the granting of the injunction. <u>Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.</u>, 843 F.2d 600, 611 (1st Cir. 1988); <u>Planned Parenthood League of Mass. v. Belotti</u>, 641 F.2d 1006, 1009 (1st Cir. 1981). As set forth below, plaintiff can not satisfy these requirements and a preliminary injunction should not enter.

### B. LaSalle has made no Showing of Likelihood of Success on the Merits.

#### 1. Ms. Kozak Had No Contractual Relationship with LaSalle

All of Lasalle's claims arise out of alleged fraudulent conduct occurring in the negotiation and performance of various loan and security agreement guarantees. Complaint. As LaSalle alleges, Kozak was nothing more than an executive assistant to Frank Miller and Gary Gitto and had only responsibility or authority equal to that position. Complaint ¶12. Frank Miller and Gary Gitto were the principals of the corporate defendants in this action as well as the signatories to many of the agreements at issue. Complaint. In contrast, Kozak was not a party to any of the agreements at issue, was not involved in the negotiation of those agreements, and had no obligations in connection with the performance under the agreements. Complaint.

#### 2. LaSalle's Claims Are Not Supported By First Hand Knowledge And Are Based Vague And Conclusory Affidavit.

Allegations in an unverified complaint may not be considered in support of a motion for a preliminary injunction. Moore's Federal Practice, Vol. 13, § 65.23 (2004). Likewise, to properly support a motion for injunctive relief an affidavit must not be vague or conclusory. <u>Id.</u> In this instance, the Affidavit of Matthew Stilwell, filed in support of LaSalle's motion for a preliminary injunction, is both vague and conclusory. In the affidavit Stilwell equates Kozak, an administrative assistant, with the highest level Gitto Global executives in attempting to support its claims of a complex scheme. In the affidavit however, Stilwell provides no basis for his knowledge of Kozak's alleged involvement relating to the allegations. Similarly, other

4

supporting affidavits filed by LaSalle do not support LaSalle's allegations against Kozak.[3] Indeed, it appears Stilwell and LaSalle include Kozak in their allegations simply by virtue of her association as a secretary at Gitto Global and not based upon specific facts or actions attributable to Ms. Kozak individually. Consequently, in resting its motion for a preliminary injunction on Stilwell's vague and conclusory affidavit, LaSalle cannot demonstrate it is likely to succeed on the merits of its claims against Ms. Kozak. Id. Supplemental affidavits relied upon by LaSalle do not cure the deficiencies in LaSalle's allegations against Ms. Kozak.

### C.   LaSalle will not Suffer Irreparable Harm

The burden of showing irreparable harm is on the party seeking relief. Ross-Simmons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 3, 13 (1st Cir. 2000). Irreparable harm exists when there is no adequate remedy at law. Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). Therefore, where a party's claim is solely for money damages, injunctive relief is not appropriate. Id. There is no doubt that LaSalle's claims are for money damages only. Accordingly, LaSalle cannot demonstrate irreparable harm and is not entitled to the relief it seeks. Id.

### D.   The Harm to Ms. Kozak if an Injunction is granted Outweighs the Harm to LaSalle if the Relief is not granted

The harm to Ms. Kozak as a result of an injunction outweighs any potential harm to LaSalle that might result from denial of its motions. As set forth in the Affidavit of Helen Kozak attached hereto as Exhibit A, Ms. Kozak is unemployed and has few assets aside from the net proceeds from the sale of a home, currently subject to an Escrow Agreement in favor of LaSalle. The requested injunctive relief and attachments will be unnecessarily burdensome to Ms. Kozak

---

[3] Kozak reserves the right to supplement her submission, if necessary, after considering LaSalle's proffered affidavits or direct testimony presented at the December 10, 2004 hearing in this matter.

in that it will encumber what little assets she has and prevent her from enjoying any degree of financial independence. In contrast, LaSalle, a national banking corporation will suffer no harm if Ms. Kozak's meager assets are not encumbered.

### III. CONCLUSION

For the forgoing reasons, LaSalle's request for injunctive relief as to Helen Kozak should be denied. As set forth above, Ms. Kozak reserves the right to supplement this submission after reviewing and considering evidence proffered by LaSalle.

Respectfully Submitted,
HELEN KOZAK,
By her attorneys,

*/s/ David Losier*

David Losier BBO# 561690
Michael Murphy BBO# 654053
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617)345-3000

Dated: December 6, 2004

26975.0/890202

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 12/6/04

*/s/*

6

11/04/04 THU 17:55 [TX/RX NO 7357]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY C. GITTO, FRANK MILLER, CHARLES )<br>N. GITTO, JR., NANCY GITTO-PANAGIOTES, )<br>JOHN D. TERSIGNI, KATHLEEN M. CARLAND, )<br>WILLIAM DEAKIN, JANICE CHAISSON, HELEN )<br>KOZAK, KINGSDALE CORP. d/b/a J&J CHEMICAL )<br>DISTRIBUTORS, and TRADEX CORPORATION, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>FLEET NATIONAL BANK, CLINTON SAVINGS )<br>BANK, SOVEREIGN BANK, COMMERCE BANK )<br>& TRUST COMPANY, FIDELITY COOPERATIVE )<br>BANK, BANKNORTH, N.A., FIDELITY )<br>INVESTMENTS, INC., LEOMINSTER CREDIT )<br>UNION, and LEHMAN BROTHERS, INC., )<br>)<br>Trustee Process Defendants, )<br>)<br>and )<br>)<br>FIDELITY INVESTMENTS, INC., DIRECT WOOD )<br>& PAPER PRODUCTS, INC., GITTO SALES )<br>CORPORATION, J-TAN SALES & MARKETING, )<br>INC., HEMISPHERE DISTRIBUTION )<br>CORPORATION, LEHMAN BROTHERS, INC., and )<br>AWG, LLC, )<br>)<br>Reach-and-Apply-Defendants. )<br>) | Case No. 04-12227DPW |

## AFFIDAVIT OF HELEN KOZAK

I, Helen Kozak, hereby depose and state as follows:

J:\Docs\18004\00000\00882086.DOC

11/04/04 THU 17:55 [TX/RX NO 7357]

1. I reside at 87 Greenwood Place, Gardner, Massachusetts.

2. I am a former administrative assistant at Gitto Global.

3. On or about September 17, 2004, I was laid off from my employment at Gitto Global.

4. I am currently collecting unemployment benefits in the amount of $508 per week (approximately $2032 per month), before taxes that I will have to pay at the end of the year.

5. My assets are as follows[1]:

    a. Cash – approximately $28,000.00;

    b. 401K in the Sheakley Pension Plan through my former employer - $38,117.03;

    c. My residence located at the 87 Greenwood Place, Gardner, Massachusetts – as set forth below, my home is currently listed for sale for the price of $229,000.00. The balance on my mortgage is approximately $94,688.00;

    d. Approximate cash value of life insurance policy on my former husband - $1,600.00; and

    e. Approximate cash value of my life insurance policy - $5,400.00.

6. My approximate monthly living expenses total $2,441.00 (excluding the credit card debt payments listed below) and are as follows:

    a. Mortgage, real estate taxes, and home owner's insurance - $975.00;

    b. Car payment - $380.00;

    c. Car insurance - $110.00;

    d. Cobra health insurance - $260.00;

    e. Telephone - $75.00;

---

[1] Not included in my assets is a property in Detroit, Michigan. Upon my mother's death in 1975 I inherited a house in Detroit. In 1994 I sold the house to my sister for $11,200. Although the property is listed in my name, my sister lives in the home and I derive no income relating to the property. According to a City of Detroit website, the property is appraised in the amount of $29,050.00.

F:\Docs\80044\00000\00882086.DOC

2

  f. Water - $30.00;

  g. Electric - $40.00;

  h. Cellular phone - $75.00

  i. Heating Oil - $100.00

  j. Satellite Television - $64.00;

  k. Groceries - $200.00;

  l. Medical co-payments - $12.00; and

  m. Gas for car - $120.00.

7. In addition to my monthly living expenses I am required to make minimum payments on certain credit card debt estimated at $600.00 per month. These debts consist of the following:

  a. Fleet line of credit - $1,622.00;

  b. Citicard credit card - $6,469.14;

  c. AT & T Universal credit card - $1,296.62;

  d. Bank of America credit card - $108.81;

  e. Avenue clothing store credit card - $79.53;

  f. Sears Master Card credit card - $1,609.56; and

  g. Loan against MBNA credit card - $20,000.00.

8. I have additional outstanding bills to be paid. These consist of the following:

  a. Rotman's Furniture – $1,636.00 due in May, 2005;

  b. People's Fuel - $165.00 for work performed in August 2004; and

  c. Wachusett Emergency Physicians - $153.00 for medical services not covered by insurance.

9. I am not a Massachusetts native. I grew up in Detroit, Michigan and my family still lives in that area. I intend to move back to the Detroit area to be closer to my family. To that end, in or about April, 2004, I inquired of my realtor as to the value of my home in Gardner. On or about September 24, 2004, my home at 87 Greenwood Place, Gardner, Massachusetts, was listed for sale. There is currently an offer to purchase the home for $225,000.00. Because of the attachments on my property I have not executed a purchase and sale agreement to sell the house.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 4th DAY OF NOVEMBER, 2004.

Helen Kozak

4