THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Case No.  04CV12227DPW

_____
LASALLE BUSINESS CREDIT, LLC f/k/a    )
LASALLE BUSINESS CREDIT, IN.,         )
        Plaintiff                                )
                                                          )
v.                                                      )
                                                          )
GARY C. GITTO, et als                     )
        Defendants                           )
                                                          )
and                                                   )
                                                          )
FLEET NATIONAL BANK, et als       )
        Trustee Process Defendants   )
                                                          )
and                                                   )
                                                          )
FIDELITY INVESTMENTS, INC., et als )
        Reach and Apply Defendants )
_____ )

**DEFENDANTS', CHARLES N. GITTO, JR. AND TRADEX CORPORATION, PRE-HEARING MEMORANDUM**

Defendants, Charles N. Gitto Jr., ("Charles Gitto") and Tradex Corporation ("Tradex"), submit this Pre-hearing Memorandum pursuant to an order of this court entered on November 5, 2004.

### Argument

In its 277 paragraph, 31 count Complaint, LaSalle has brought a single claim alleging Civil Conspiracy (Count V) against Charles N. Gitto, Jr. ("Charles Gitto") and Tradex Corporation.  As to these two defendants the Complaint merely alleges that they shared a common design with others to defraud LaSalle and knowingly received the fruits

of the conspiracy without entitlement to the funds.

To state a claim for civil conspiracy, the plaintiff must satisfy two elements. First, there must be an agreement or "common design" between the defendant and other parties to commit a tortious act and second, the defendant must have "substantially assisted" in contributing to the tortious plan. *Aetna Casualty Surety Company v. P&B Autobody*, 43 F. 3d 1546, 1564 (1st Cir. 1994); *See Also Copperbeech Partnership, Ltd. V. Seegel Lipshutz and Wilchins,* 17 Mass. L. Rep. 701 (May 5, 2004) (a person may be held liable for civil conspiracy if he has knowledge of a tortious act **and** gives "substantial assistance" to the act). (emphasis added). Further, as stated in *Restatement (Second) of Torts § 876(b)*(1977), "one is subject to liability if he knows that the other's conduct constitutes a breach of duty **and** gives substantial assistance or encouragement to the other…" (emphasis added). A general awareness is not sufficient to show the level of knowledge that would give rise to liability for conspiracy. "Evidence of the defendant's knowledge of its substantial, supporting role in an unlawful enterprise is required." *Kyte v. Philip Morris Inc.*, 408 Mass. 162, 168 (1990) (defendant's motion for summary judgment was allowed where minor plaintiffs were alleging that the defendant was engaged in a civil conspiracy with a retail store, and therefore, responsible for their addiction to cigarettes bought illegally at the retail store) . Thus, *Aetna*, *Copperbeech*, and *Kyte* make clear that mere knowledge alone, is not enough to prove civil conspiracy.

In response to document requests served on behalf of Charles Gitto, LaSalle has

admitted that it has no documents to support its contentions that Charles Gitto:

1. Was aware that the representations made in the daily borrowing base certificates and supporting documentation referenced in paragraph 52 of the Complaint were false.

2. Was aware of, or played any role in, the fictitious sale referenced in paragraph 55 of the Complaint.

3. Was aware of, or played any role in, the false sales representations contained in paragraphs 63-66 of the Complaint.

4. Was aware of, or played any role in, the false audit information referenced in paragraph 70-89 of the Complaint.

5. Was aware of, or played any role in, the bank fraud/check kite scheme referenced in paragraphs 96-105.

6. Was aware of, or played any role in, the mail/wire fraud referenced in paragraphs 112-119 of the Complaint.

7. Had a common design to obtain money from LaSalle through a revolving credit loan made under false pretenses to Gitto/Global as is alleged in paragraph 176 of the Complaint.

8. Was not entitled to those payments and knowing that the funds derived from the proceeds of the civil conspiracy" as is alleged in paragraph 183 of the Complaint.

Indeed, LaSalle is unable to produce a single qualified witness who will testify that either Charles Gitto or Tradex were aware that the scheme existed or took any action in furtherance of it, made any representations or misrepresentations to LaSalle in order to induce it to initiate the line of credit, played any role in the alleged check kiting scheme, played any role in the preparation of the financial statements provided to LaSalle after the line of credit was approved, or that they knowingly participated in the scheme to defraud.

In short, knowledge coupled with allegations of receipt of funds is not enough to sustain a claim of civil conspiracy. LaSalle must demonstrate that Charles Gitto and/or Tradex substantially assisted in the scheme to defraud by knowingly and actively participating in the conduct that induced LaSalle to make the loan to Gitto Global on false pretenses.

Finally, although this Court is permitted to draw a negative inference from the fact that Charles Gitto has asserted his Fifth Amendment Privilege in response to discovery requests served upon him, such an assertion is not a substitute for proof of the elements of the conspiracy as alleged by LaSalle. In this case, LaSalle has been able to acquire the vast majority of the documents it sought from Charles Gitto from Tradex Corporation, Tradex International Corporation, the examiner in the Bankruptcy court, the relevant banking institutions and Frank Miller. Thus, LaSalle has suffered little, if any, prejudice as a result of Mr. Gitto's assertion of the Fifth Amendment. Finally, Tradex Corporation has not asserted a fifth amendment protection and has made documents sought by LaSalle available for inspection and copying.

<u>Conclusion</u>

Based upon the foregoing, LaSalle's request to extend the preliminary injunction should be denied.

RESPECTFULLY SUBMITTED,
Charles Gitto and Tradex,
By their attorney,

December 6, 2004

/s/ Juliane Balliro
Juliane Balliro (BBO#028010)
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA  02108
617-854-4000
