IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br>       Plaintiff, ) <br>   v. ) <br> GARY C. GITTO, et al. ) <br>       Defendants, ) <br>   and ) <br> ) <br> FLEET NATIONAL BANK, et al. ) <br>       Trustee Process Defendants, ) <br> ) <br>   and ) <br> ) <br> FIDELITY INVESTMENTS, et al. ) <br>       Reach-and-Apply Defendants ) | Case No. 04-12227-DPW |

**DEFENDANT WILLIAM DEAKIN'S PRE-HEARING SUBMISSION RELATING TO LASALLE'S MOTION FOR INJUNCTIVE RELIEF**

The defendant William Deakin ("Deakin") hereby files this pre-hearing submission in accordance with the November 5, 2004 submission of the Court and in support of his opposition to injunctive relief. Deakin respectfully asks this Honorable Court to dissolve the following orders of the Court: (1) Order, dated October 25, 2004 attaching Deakin's real estate up to $30,000,000; (2) Order, dated October 25, 2004, attaching by trustee process all goods, effects, and credits of Deakin held by Sovereign Bank up to $30,000,000; and (3) the preliminary junction, dated November 5, 2004, as amended by the order, dated November 10, 2004, enjoining Deakin from transferring any of his assets except to pay ordinary living expense up to $3,614.00 per month, plus pay up to $7,000 in legal fees (collectively, the "Orders").

Deakin submits that this Court should not enter the requested injunctive relief against Deakin because (1) LaSalle cannot establish a likelihood of success on the merits of its claims

against him; (2) LaSalle will not suffer irreparable harm if injunctions are not granted against Deakin; and (3) balancing the harms weighs against granting the requested relief.

Deakin expects the evidence at the hearing to show that any involvement he had in the alleged fraudulent scheme was done at the direction of people of more senior than he in the company, such as Frank Miller, Maria Miller, and/or Gary Gitto.

There is no allegation or evidence that Deakin benefited from the alleged scheme in any way.

There is no allegation or evidence that Deakin in anyway participated in the alleged destruction of documents.

The affidavits of David Minardi, John Tersigni, Oren White, and Robert Delisle fail to even mention Deakin. The affidavit of Robyn Merchant simply states that she would provide a revised inventory report to Deakin and he would tell her whether any further *adjustments* but that he would "need[] to check with Frank [Miller]." *Merchant Affidavit*, ¶ 6.

Deakin respectfully states that he would like the opportunity to supplement this submission after reviewing and considering evidence proffered by LaSalle.

Respectfully submitted,

**WILLIAM DEAKIN**,
by his attorney,

/s/ William T. Harrington
William T. Harrington (BBO No 564445)
Glynn, Landry, Harrington, & Rice, LLP
10 Forbes Road, Suite 270
Braintree, MA 02184
(781) 356-1749

Dated: December 7, 2004

2