UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY C. GITTO, FRANK MILLER, CHARLES N. GITTO, JR., NANCY GITTO PANAGIOTES, JOHN D. TERSIGNI, KATHLEEN M. CARLAND, WILLIAM DEAKIN, JANICE CHAISSON, HELEN KOZAK, KINGSDALE CORP. d/b/a J&J CHEMICAL DISTRIBUTORS, and TRADEX CORPORATION, <br><br> Defendants, <br><br> and <br><br> FLEET NATIONAL BANK, CLINTON SAVINGS BANK, SOVEREIGN BANK, COMMERCE BANK & TRUST COMPANY, FIDELITY COOPERATIVE BANK, BANKNORTH, N.A.., FIDELITY INVESTMENTS, INC., LEOMINSTER CREDIT UNION, and LEHMAN BROTHERS, INC., <br><br> Trustee Process Defendants, <br><br> and <br><br> FIDELITY INVESTMENTS, INC., DIRECT WOOD & PAPER PRODUCTS, INC., GITTO SALES CORPORATION, J-TAN SALES & MARKETING, INC., HEMISPHERE DISTRIBUTION CORPORATION, LEHMAN BROTHERS, INC., and AWG, LLC, <br><br> Reach-and-Apply Defendants. | Case No. 04-12227-DPW |

**DEFENDANT KATHLEEN M. CARLAND'S MEMORANDUM
IN SUPPORT OF MOTION TO STAY**

Defendant Kathleen M. Carland ("Carland") hereby respectfully moves to stay this case as to the claims against her, except the present preliminary injunction matters. In support of this motion, Carland states as follows:

1. The instant complaint is vague as to its accusations against her. The complaint alleges that Carland is the president of Hemisphere Distribution Corporation ("Hemisphere") and "on information and belief," that she has an interest in Hemisphere. Carland is not alleged to be a part of Gitto Global Corporation, that is the focus of this action. Rather, the Complaint alleges she helped set up Hemisphere, which is alleged to be a fictitious company. (Complaint, ¶57). While there is little or no further detail or explanation as to Ms. Carland's alleged role, it is clear that plaintiff is alleging both civil wrongs and criminal acts, including bank fraud.[1]

2. On information and belief, a concurrent criminal investigation is underway, with a grand jury sitting in this court.

3. In light of this, Carland has invoked her Fifth Amendment privilege in response to discovery requests aimed at exploring her alleged involvement in the events at issue in the complaint.

4. If these civil proceedings continue against Carland, she would be unable to defend herself without potentially waiving her privilege.

5. The case law prefers a stay least so long as the grand jury is sitting in this case. Microfinancial, Inc. V. Premier Holidays International, Inc., 385 F.3d 72, 77-78 (1st Cir. 2004) delineates the factors this court should consider when deciding whether to stay this case because of parallel criminal proceedings.

---

[1] See ¶¶47, 67, 78, 79, 81, 83, 87, 94, 96, 102, 106, 108, 111, 113, 118 *et seq.*

> Notwithstanding that each instance is *sui generis*, the case law discloses five factors that typically bear on the decisional calculations: (I) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; and (iv) the public interest. Id. at 78.

6.      Here the factors strongly favor the stay requested. It will not unduly prejudice the plaintiff, who will have litigated fully its requests for preliminary relief and thus will have whatever security it may be entitled to against a defendant who has, based on plaintiff's own allegations, a minimal role at best; it will prevent extreme hardship to Carland, who otherwise must risk criminal exposure to avoid defaulting in this case, and who must try to protect herself simultaneously in two arenas with her assets already restrained; and the convenience of the courts, the interests of third parties, and the public interest all seem served by the brief stay now requested while the grand jury does its work to serve the public interest.

Accordingly, Carland requests that the proposed stay be entered.

                                KATHLEEN M. CARLAND,
                                By her attorney,



                                /s/   Michelle R. Peirce
                                Bruce A. Singal, BBO #464420
                                Michelle R. Peirce, BBO #557316
                                Donoghue, Barrett & Singal, P.C.
                                One Beacon Street, Suite 1320
                                Boston, MA  02108
                                (617) 720-5090

Dated:   December 29, 2004

CERTIFICATE OF SERVICE

    I, Michelle R. Peirce, hereby certify that I have caused copies of the foregoing document to be served upon counsel of record, by first class mail, postage prepaid, this 29th day of December, 2004.

                                            /s/   *Michelle R. Peirce*
                                         Michelle R. Peirce