# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04CV12227DPW

_____
LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC., )
        Plaintiff )
 )
v. )
 )
GARY C. GITTO, et al, )
        Defendants )
 )
and )
 )
FLEET NATIONAL BANK, et al )
        Trustee Process Defendants )
 )
and )
 )
FIDELITY INVESTMENTS, INC., et al , )
        Reach and Apply Defendants )
_____ )

**DEFENDANTS', CHARLES N. GITTO, JR. AND TRADEX CORPORATION, PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW**

Charles N. Gitto, Jr. and Tradex Corporation respectfully submit the following proposed findings of fact and rulings of law in opposition to the Plaintiff's Motion to Extend the Preliminary Injunction .

## Findings of Fact

1. LaSalle Business Credit, LLC, f/k/a/ LaSalle Business Credit, Inc. entered into a Loan and Security Agreement with Gitto/Global Corporation on or about July 25, 2002. (Complaint, ¶ 32).

2. Under the terms of the loan, LaSalle agreed to lend up to 85% of the face amount of invoices due and payable within 30 days but not over 90 days past due and up

to 65% of the lower of the cost or market value of inventory owned by Gitto/Global, located on its premises and held for sale, or 6 million dollars, whichever was less. The loan was capped at 27 million. (Complaint ¶ 32).

3. Neither Charles N. Gitto, Jr. ("Charles Gitto") nor Tradex Corporation ("Tradex") were parties to the LaSalle loan or any of the negotiations precedent thereto.

4. N either Charles Gitto nor Tradex submitted any documents to LaSalle or made and representations to LaSalle to induce it to enter into the loan with Gitto/Global, or to continue to extend credit to Gitto/Global.

5. During the term of the loan, Gitto/Global delivered daily loan reports and borrowing base certificates to LaSalle accompanied by Gitto/Global sales, cash receipts and credit memo journals. (Complaint, ¶¶ 33, 63, 64).

6. The daily borrowing base certificates were prepared by William Deakin and Frank Miller and delivered to LaSalle by Janice Chaisson. (Complaint, ¶¶ 52, 63, 64).

7. Neither Charles Gitto nor Tradex signed any of the borrowing base certificates or supporting documentation that was submitted to LaSalle.

8. Neither Charles Gitton nor Tradex directed anyone at Gitto/Global to submit false daily loan reports or borrowing base certificates to LaSalle.

9. Neither Charles Gitto or Tradex was aware that Frank Miller, William Deakin or others were submitting false daily loan reports or false daily borrowing base certificates to LaSalle.

10. On May 8, 2002, Gary Gitto sent an e-mail to Frank Miller, Rita Bartlett and Bill Deakin, directing them not to give any, "information regarding company or

personal information to [Charles Gitto] from this point on."  (December 10. 2004, Hearing Exhibit JOO79).

11. The so-called check kite scheme is alleged by LaSalle to have commenced beginning in July 2002. (Complaint ¶ 43)

12. During the term of the LaSalle loan the vast majority of the checks alleged to have comprised the check kite scheme (in excess of 600) were drawn on the J & J Chemical Bank account at Clinton Savings Bank. (Complaint, ¶ 44).

13. Neither Charles Gitto nor Tradex had any interest in, or control of, the J & J Chemical Bank account at Clinton Savings Bank.  Neither Charles Gitto nor anyone on behalf of Tradex had signatory authority in connection with that account.

14. None of the checks LaSalle alleges comprised the check kiting scheme were signed by either Charles Gitto or Tradex or that any of the checks were drawn on accounts owned by either Charles Gitto or Tradex.

15. Neither Charles Gitto or Tradex were aware that the borrowing base certificates submitted to LaSalle were mostly comprised of fictitious sales.

16. Neither Charles Gitto nor Tradex are alleged to have played a role in any of the fictitious entities referred to in the documentary evidence and complaint. (Complaint, ¶¶ 55-61).

17. LaSalle presented no documentary evidence that Charles Gitto was aware of, or played any role in, the false sales representations contained in paragraphs 63-66 of the Complaint.

18. The inventory misrepresentations alleged by LaSalle in paragraph 67 of the Complaint were made by Frank Miller and Janice Chaisson. Neither Charles Gitto nor Tradex participated in such misrepresentations or were aware that such misrepresentations had, in fact, been made.

19. The interest payments and unaccounted for disbursements referred to in ¶ 69(b) of the Complaint and in paragraph 18(b) of the 12/6/04 Stilwell Affidavit were made in repayment of principle and interest due on loans originating from Charles Gitto, the owner of Tradex, to Frank Miller, a co-owner of Gitto/Global. (Exhibits CNG 018-157) At no time did the sums re-paid by Gitto/Global to Tradex exceed the principle and interest due on the loans.

20. The rental payments made by Gitto/Global to Tradex appearing in Exhibit I to the 12/06/04 Stilwell Affidavit were properly made pursuant to a valid lease of the business premises. (Exhibits B & C) The business premises are owned by Tradex. The lease predated the LaSalle loan by approximately ten years.

21. The "unaccounted for disbursements" referenced in ¶18(c) of the Stilwell Affidavit were not illegitimate disbursements. (Exhibit I to Stilwell 12/06/04 Affidavit; Stillwell Testimony December 10, 2004 hearing, p. 23, Exhibit A).

22. The interest payments and consulting fees referred to in ¶ 69(c) of the Complaint and paragraph 18(c) of the 12/6/04 Stilwell Affidavit were not illegitimate. (Exhibit I to 12/6/04 Stilwell Affidavit).

23. Neither Charles Gitto nor Tradex played any role in the false audit information supplied to LaSalle as is alleged in ¶¶ 70-90 of the Complaint.

24. Neither Charles Gitto nor Tradex were aware of, or played any role in, the mail/wire fraud referenced in paragraphs 112-119 of the Complaint.

25. Neither Charles Gitto nor Tradex were aware of, or played any role in, the fictitious sale referenced in plaintiff's complaint.

26. Neither Charles Gitto nor Tradex were aware of, or played any role in, the false sales representations referenced in plaintiff's complaint.

27. Neither Charles Gitto nor Tradex were aware of, or played any role in, the false audit information referenced in the plaintiff's complaint.

28. Neither Charles Gitto nor Tradex were aware of, or played any role in, the bank fraud/check kiting scheme referenced in the plaintiff's complaint.

29. Neither Charles Gitto nor Tradex were aware of, or played any role in, the mail/wire fraud referenced in plaintiff's complaint.

30. Charles Gitto and/or Tradex did not have a "common design to obtain money from LaSalle through a revolving credit loan made under false pretenses to Gitto Global".

### Conclusions of Law

1. LaSalle has brought a claim for civil conspiracy against Charles Gitto and Tradex. In order to succeed on its request for injunctive relief, LaSalle must first establish that it is likely to succeed on the merits of that claim.

2. To succeed LaSalle must demonstrate that Charles Gitto and/or Tradex substantially assisted in the conspiracy. This LaSalle has failed to do.

3. Knowledge of the existence of a conspiracy, even if proved, does not satisfy the required element of substantial assistance.

4.      LaSalle has failed to establish by sufficient proof that any of the monies that Charles Gitto or Tradex received were the fruits of the conspiracy. However, even if that allegation is taken as true, proof of receipt of the funds does not constitute proof of substantial assistance in the conspiracy alleged here.

5.      LaSalle has further failed to prove the extent of its loss.

As a result, the request for injunctive relief as against Charles Gitto and Tradex Corporation is hereby denied.

> Respectfully Submitted,
> Charles Gitto,
> By his attorney,
>
> /s/ Juliane Balliro
> Juliane Balliro (BBO#028010)
> Perkins Smith & Cohen LLP
> One Beacon Street, 30th Floor
> Boston, MA  02108
> 617-854-4000