**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC.,   )
   )
          Plaintiff,   )
   v.   )   Case No. 04-12227-DPW
   )
GARY C. GITTO, et al.,   )
   )
          Defendants,   )
   and   )
   )
FLEET NATIONAL BANK, et al.,   )
   )
   Trustee Process Defendants,   )
   )
   and   )
   )
FIDELITY INVESTMENTS, INC., et al.,   )
   )
   Reach-and-Apply Defendants.   )

**LASALLE BUSINESS CREDIT, LLC'S RESPONSE IN**
**OPPOSITION TO THE MOTIONS OF DEFENDANTS**
**GARY C. GITTO, KATHLEEN M. CARLAND, WILLIAM DEAKIN**
**AND JANICE CHAISSON TO STAY FURTHER PROCEEDINGS**

Defendants Gary C. Gitto, Kathleen M. Carland, William Deakin and Janice Chaisson (collectively "Movants") have invoked the Fifth Amendment as to discovery sought from them in this case. Movants seek a stay of further proceedings herein because of a pending criminal investigation of indeterminate length of the same conduct as that alleged in this case. Movants' Motions for Stay should be denied because such a stay would seriously prejudice the efforts of Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), to trace what was done with the money it

loaned Gitto Global, to find hidden assets and interests of Defendants and to discover the identity

of other persons who participated in the fraud that spanned more than two years.

As the First Circuit recently stated in *Microfinancial, Inc. v. Premier Holidays,*

*International, Inc.*, 385 F.3d 72, 77 (2004), a movant for a stay of a civil case because of the

pendancy of a related criminal investigation "must carry a heavy burden to succeed in such an

endeavor."  As pointed out in *Microfinancial*, "a defendant has no constitutional right to a stay

simply because a parallel criminal proceeding is in the works."  385 F.3d at 77-78.  The court in

*Microfinancial* also cited its earlier statement in *Austin v. Unarco Industries, Inc.*, 705 F. 2d 1, 5

(1st Cir. 1983) that the movant for a stay "must demonstrate a clear case of hardship to be entitled

to a discretionary stay." 385 F.3d at 77

Although Movants have cited the seven factors bearing on whether a stay should be

granted listed in *Microfinancial*, their analyses of those factors are flawed.  The seven factors

listed in *Microfinancial* are:

> (i)    the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire;
>
> (ii)   the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem;
>
> (iii)  the convenience of both the civil and criminal courts;
>
> (iv)   the interests of third parties;
>
> (v)    the public interest;
>
> (vi)   the good faith of the litigants (or the absence of it), and
>
> (vii)  the status of the cases.

None of these factors support the Movants' request.

**LaSalle Would be Prejudiced by a Stay**

The first, and most significant, factor identified by the First Circuit's is the prejudice that LaSalle would suffer from a delay. Movant's argument on this factor is that LaSalle has had its preliminary relief and has already obtained whatever security it is entitled to. (Chaisson Mo., ¶ 6; Carland Mem. ¶ 6; Deakin Mem., p. 3; G. Gitto Mo., ¶ 6) Movants ignore the fact that the preliminary relief and security that have been obtained falls far short of repairing the loss incurred by LaSalle. As set out in paragraph 3 of the Affidavit of Matthew Stillwell filed herein on December 6, 2004, the loss to LaSalle from the conduct involved in this case exceeds $30 million. The security that LaSalle has been able to obtain so far through the preliminary proceedings falls well below that amount.

Movants' argument must be seen for what it really is—an effort to thwart LaSalle's discovery of what happened to the millions of dollars of LaSalle's loan funds that flowed through Gitto Global and to identify others who aided Movants in their fraud. The possible dissipation of assets during a stay would be a substantial burden on LaSalle. *State Farm Mutual Ins. Co. v. Beckman-Easley*, 2002 U.S. Dist. Lexis 17896, *8 (E.D. Pa. 2002). There are numerous avenues that LaSalle believes it should explore through discovery in this case.[1] In addition, witnesses need to be examined before their memories fade or they become unavailable. Documents and information on computers must be gathered before they are purged or disappear. Any stay at this time would seriously endanger LaSalle's efforts to marshal the facts.

The comment by the court in *Sterling National Bank v. A-1 Hotels International, Inc.*, 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001), when faced with a motion similar to that presented by Movants, is apt:

---

[1] A premature disclosure of this discovery to the Defendants would jeopardize its efficacy. If the Court desires, LaSalle will disclose this contemplated discovery to the Court *in camera*.

There is no question that parties who face both civil litigation and criminal investigation face difficult choices. At the same time, parties who claim to have been victimized by frauds or other crimes are entitled to pursue their civil remedies, and it would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities.

Finally, if the Movants are innocent of the claims made that may at some much later date be criminal charges, they should also be desirous of using the subpoena power in this case to preserve the testimony and documents that will exonerate them and to test the credibility of the individuals who may be witnesses against them in any criminal prosecution.

**This Case Does Not Present**
**Any Unique Hardship to Movants**

The only hardship for the continuation of this case identified by Movants is that they will supposedly have to risk criminal exposure to avoid being defaulted. (Chaisson Mo., ¶ 6; G. Gitto Mo., ¶ 4; Deakin Mem., p. 3; Carland Mem., ¶ 6) This is present in every situation in which there is a civil case and a parallel criminal investigation. To accept Movants' argument, would make a stay also automatic in such situations. As the court observed in *Arden Way Associates v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987): "[A] policy of issuing stays 'solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration.'" Movants have offered only speculative and uncertain risks when LaSalle has a pressing need for discovery to proceed expeditiously.

In addition, LaSalle has no present intention of seeking any default judgments against Movants. Movants' perceived hardship, therefore, is a chimera from which they do not need protection.

**The Interests of the Courts,**
**The Public and Third Parties**
**Will Be Served by a Denial of the Stay**

Deakin asserts that the interests of the public and the courts will be best served by having the "complex issues surrounding the demise of Gitto Global to be resolved in Bankruptcy Court proceeding." (Deakin Mem., p. 3)  This is not true.  Gitto Global is in the Bankruptcy Court, not the Defendants.  The Bankruptcy Court has no jurisdiction over the Defendants.  LaSalle's claims against the Movants are against them personally for having defrauded LaSalle.  LaSalle is also seeking recoveries on two written guarantees in Counts V and VII of its Amended Complaint herein, which also will not be dealt with before the Bankruptcy Court.

The public interest will only be served by permitting this case to proceed because this hopefully will provide the victim of a fraud with effective remedies against the perpetrators.  The public interest is not served by shielding the routes used to distribute and hide money obtained through fraud.

The Court has an interest in managing its cases and efficiently resolving litigation.  This is not done by having a case linger for some indefinite period, while the plaintiff is effectively cut off from discovering the details of the fraudulent scheme that deprived it of $30 million.

**The Status of This Case**
**Favors a Denial of Any Stay**

The Movants have not been indicted.  No claim is even made that an indictment is imminent.  Generally, a motion to stay will be treated more favorably when an indictment has been returned because at that time the defendant is under the immediate pressure of a criminal prosecution and it can be expected that the criminal case will be tried within a reasonable time. When no indictment has been returned or is expected shortly, a motion to stay will normally be denied. *Sterling National Bank*, 175 F. Supp. 2d at 576-77; *State Farm*, 2002 U.S. Dist. Lexis at

- 5 -

*9    ("Where civil defendants are not subject to criminal charges, therefore, the 'inappropriateness of a stay is manifest.'").  That is the situation here.

The statute of limitations for a RICO conspiracy does not expire until five years after the last act in furtherance of the conspiracy.  18 U.S.C. § 3282(a).  Conceptually, the last act in furtherance of the conspiracy was the removal of Gitto Global files to Charles N. Gitto, Jr.'s home on September 15 and 16, 2004.  The government, therefore, has until September, 2009 to return an indictment in this matter.

As Deakin points out, this matter involves "complex issues." (Deakin Mo., p. 3)  Before there is any indictment, the government will have to thoroughly investigate to prepare for a trial of this complex case.  Once an indictment is returned, the government cannot resort to the grand jury as a discovery device.  It will necessarily make sure that it has explored every facet of this matter before any indictment is returned.  Any trial after any indictment will be delayed as criminal defense counsel investigate the government's charges.  All of this means that it probably will be years before any criminal prosecution is completed.  By then, this case will have been completely neutralized as a means for LaSalle to receive any meaningful recovery on its $30 million loss.

**Any Stay Should Only
Apply to Determative Motions**

The only hardship Movants have identified from LaSalle's prosecution of this case is the possibility of Movants being defaulted.  (Chaisson Mo., ¶ 6; G. Gitto Mo., ¶ 4; Deakin Mem., p. 3; Carland Mem., ¶ 6)  Although LaSalle has no present intention of seeking a default against any of the Movants, the Court can provide Movants complete protection in this regard by staying the date by which Movants are to answer until further order of the Court.  To anticipate the only other possible hardship Movants could face from this case, the Court could further direct that

LaSalle not file any motion for summary judgment against Movants until authorized by the Court.  If both of these measures were adopted, Movants would be without any legitimate ground for obtaining any other stay.


Dated:  December 31, 2004                    Respectfully submitted,

                                             LASALLE BUSINESS CREDIT LLC


                                             By: _____/s/ Patrick W. Manzo_____
                                                      One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416