IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a <br> LASALLE BUSINESS CREDIT, INC., <br>       Plaintiff, <br><br> v. <br><br> GARY C. GITTO, et als, <br>       Defendants, <br><br> and <br><br> FLEET NATIONAL BANK, et als <br><br> and <br><br> FIDELITY INVESTMENTS, INC., et als <br>       Reach-and-Apply-Defendants, | Case No. 04-12227-DPW |

**DEFENDANT, CHARLES N. GITTO, JR.'s MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH SUBPOENAS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 45(c)(3)(A)**

The Plaintiff Lasalle Business Credit, LLC ("LaSalle") has, through local counsel, served subpoenas on Bowditch & Dewey LLP (Exhibit A), Corbin & Tapasas, (Exhibit B), Louis Pelligrine (Exhibit C), Goldman Sachs (Exhibit D), and Legg Mason Wood Walker, Inc. (Exhibit E). Although the First Amended Complaint alleges a conspiracy to defraud LaSalle commencing no earlier than May 2002, the subpoenas at issue here are unlimited in time and seek documents that long predate the commencement of the alleged conspiracy and are completely unrelated to the allegations contained therein. As is detailed below, many of the documents sought are also protected by the attorney client privilege.

    1.    **The Bowditch & Dewey, LLP Subpoena:** Bowditch & Dewey, LLP, acted as the attorney for Charles N. Gitto in connection with a variety of matters, including the

preparation of a prenuptial agreement, his estate plan and various personal trusts. Exhibit A to the subpoena seeks the "entire contents of files." Charles Gitto moves to quash the subpoena to the extent it seeks communications between Gitto and his attorney as those communications are clearly protected by the attorney-client privilege. Charles Gitto also moves to quash the files described in Items numbered A. 1,2,4-8, as they are irrelevant to the allegations contained in the First Amended Complaint, are overly broad in time and scope as they extend well beyond the allegations regarding the length and nature of the conspiracy as alleged in the First Amended Complaint, are not likely to lead to discoverable evidence and are designed solely to annoy and harass. To the extent that any of the documents requested in Items numbered A. 9-25 contain personal information of Charles N. Gitto or privileged communications, Mr. Gitto moves to quash those requests as well. Finally, Charles N. Gitto moves to quash request lettered "B" to the extent it would reveal privileged communications contained in billing records (such as description of services rendered), that would violate his attorney-client privilege and to the extent it seeks billing records that extend beyond the dates of the conspiracy as alleged by LaSalle (May 2002-September 15, 2004).

    2.    **Corbin & Tapases, PC.**: LaSalle seeks, "Any and all documents reflecting or relating to the financial statements, tax returns, or tax records of Charles Gitto…" from his accountant Corbin & Tapases PC. This request is overly broad as it seeks information that does not encompass the dates of the conspiracy as alleged by LaSalle (May 2002-September 15, 2004). In short, the subpoena constitutes an impermissible fishing expedition designed more to uncover Mr. Gitto's assets than to elicit information regarding matters that are properly discoverable in this matter.

2

3.  **Louis J. Pellegrine, Jr., PC**: This Subpoena seeks, "Any and all tax returns or financial statements for the Gitto Income Trust u/a/d December 26, 1989, from 1999 to 2005" from accountant Louis J. Pellegrine, Jr. This request is overly broad as it seeks information that does not encompass the dates of the conspiracy as alleged by LaSalle (May 2002-September 15, 2004), seeks information that is not likely to lead to the discovery of admissible evidence and is designed to annoy and embarrass Mr. Gitto. As with the other subpoenas, this subpoena constitutes an impermissible fishing expedition designed to ascertain the extent of Mr. Gitto's assets rather than to elicit information regarding matters that are properly discoverable in this matter.

4.  **Goldman Sachs & Co.**: This subpoena commands the production of, "Any and all documents reflecting or relating to the Gitto Income Trust account, including, without limitation, documents reflecting or relating to Account No. 010-00652-6-292." This, request is also overly broad as it seeks information that does not encompass the dates of the conspiracy as alleged by LaSalle (May 2002-September 15, 2004), seeks information that is not likely to lead to the discovery of admissible evidence and is designed to annoy and embarrass Mr. Gitto. As with the others, this subpoena constitutes an impermissible fishing expedition designed to ascertain the extent of Mr. Gitto's assets rather than to elicit information properly discoverable in this action.

5.  **Legg Mason Wood Walker, Inc.**: This subpoena also commands the production of, "Any and all documents reflecting or relating to the Gitto Income Trust." This request is also overly broad as it seeks information that exceeds the dates of the conspiracy as alleged by LaSalle (May 2002-September 15, 2004), seeks information that is not likely to lead to the discovery of admissible evidence and is designed to annoy and embarrass Mr. Gitto. This

subpoena also constitutes an impermissible fishing expedition designed to ascertain the extent of Mr. Gitto's assets rather than to elicit information properly discoverable in this action.

## CONCLUSION

Based upon the foregoing, Charles N. Gitto, Jr. respectfully requests that this Honorable Court quash the within referenced subpoenas on the grounds that the subpoena, "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii).

Respectfully submitted,

Charles N. Gitto, Jr.
By his attorney,


_/s/ Juliane Balliro
Juliane Balliro (BBO #029010)
Barbara Green Whitbeck (BBO #634343)
Perkins Smith & Cohen LLP
One Beacon Street
Boston, MA  02108
617) 854-4000

Dated: January 26, 2005

4