1

COPY

Volume: I
Pages: 1 - 168
Exhibits: 1 - 20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CHAPTER 11
CASE NO: 04-45386-JBR

- - - - - - - - - - - - - - - - - - X

IN RE:

    GITTO/GLOBAL CORPORATION,
                  Debtor.

- - - - - - - - - - - - - - - - - - X

2004 EXAMINATION OF MICHAEL P. ANGELINI
Tuesday, December 7, 2004, 10:05 a.m.
BOWDITCH & DEWEY
311 Main Street
Worcester, Massachusetts 01608
----- Reporter: Mary Tarallo Buduo, CSR, RPR -----

K. L. GOOD & ASSOCIATES
Post Office Box 367
Swampscott, Massachusetts 01907
TEL: (781) 367-0815    FAX (781) 598-0815

APPEARANCES:

    CHOATE, HALL & STEWART
    BY:  Charles L. Glerum, Esq.
    53 State Street
    Boston, Massachusetts 02109


    SCHWARTZ COOPER GREENBERGER KRAUSS
    BY:  Bethany N. Schols, Esq.
    180 N. LaSalle Street, Suite 2700
    Chicago, Illinois 60601
    Counsel for LaSalle Business Credit.


    LURIE & KRUPP, LLP
    BY:  Thomas E. Lent, Esq.
    One McKinley Square
    Boston, Massachusetts 02109
    Counsel for Maria Miller.


    DWYER & COLLORA, LLP
    BY:  Michael B. Galvin, Esq.
    600 Atlantic Avenue
    Boston, Massachusetts 02210
    Counsel for Frank Miller.


    PERKINS, SMITH & COHEN, LLP
    BY:  Juliane Balliro, Esq.
    One Beacon Street
    Boston, Massachusetts 02108
    Counsel for Charles Gitto and Tradex.


    STERN SHAPIRO WEISSBERG & GARIN, LLP
    BY:  Max D. Stern, Esq.
    90 Canal Street
    Boston, Massachusetts 02114-2022
    Counsel for Gary Gitto.


    RANKIN & SULTAN
    BY:  Charles W. Rankin, Esq.
    One Commercial Wharf
    Boston, Massachusetts 02110
    Counsel for the Deponent.

I N D E X

| Testimony of: | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Michael P. Angelini by Mr. Glerum | 5 | | | |

E X H I B I T S

| Number | Description | Page |
|---|---|---|
| 1 | Letter to Gary Gitto from Mr. Angelini, 6/9/98, with promissory notes | 62 |
| 2 | Executed promissory notes | 63 |
| 3 | Letter to Mr. Miller from Mr. Ciavarra, 6/14/04 | 65 |
| 4 | Group of memos, 6/7/96 | 71 |
| 5 | Fax cover to Mr. Angelina from Mr. Miller, 4/25/02 with attachments | 89 |
| 6 | Letter to Gary Gitto from Mr. Angelini, 5/20/02, with attachments | 99 |
| 7 | Letter to Mr. Casper from Charles Gitto, Jr., 5/1/02 | 105 |
| 8 | Letter to Charles Gitto, Jr. from Mr. Casper, 5/1/02 | 108 |
| 9 | Memo to lawyers at Bowditch & Dewey from Mr. Angelini, 5/10/02, with attachments | 111 |
| 10 | Borrowing base certificate | 113 |
| 11 | Fax to Mike from Helen Kozak, 4/9/02 with attachments | 118 |
| 12 | Memo to Mr. Angelini from Helen Kozak, 4/10/02 with attachments | 125 |

Continued:

E X H I B I T S

| Number | Description | Page |
|---|---|---|
| 13 | Letter to Mr. Doherty from Mr. Angelini, 9/27/04, with attachments | 130 |
| 14 | Memo to Records Retention Personnel from Mr. Angelini with stock certificate | 136 |
| 15 | Letter to Kingsdale Corp., 9/24/04 | 139 |
| 16 | Letter to Mr. Booth from Charles Gitto, 8/27/04 | 147 |
| 17 | Letter to Gary Gitto, Frank Miller and Charles Gitto from Mr. Angelini, 6/4/03 | 156 |
| 18 | Purchase and Sale Agreement between Gitto/Global and Hitech | 161 |
| 19 | Letter to Mr. Yaris from Mr. Angelini, 7/22/03 | 164 |
| 20 | E-mail to Gary Gitto from Chris Mahan with attachment | 165 |

of that company?

A.   I don't.

Q.   Do you recall whether you were ever a clerk of that company?

A.   I don't recall, but I would say that I know for many business clients I have from time to time served as a clerk or assistant clerk.

Q.   In such a role, what services did you perform for Tradex Corp.?

A.   I'm not sure that I ever did or that I ever had such a role.  If I had been the clerk or an assistant clerk, my function would -- well, let me say that generally speaking in my experience, lawyers serve as clerk or assistant clerk in order to be available to sign documents which need to be filed for legal compliance, as an agent for the service of process. Indeed, I take it that I'm an assistant clerk at Tradex Corporation because much to the dismay of my family, the Federal Express man delivers large packages there every day containing the pleadings in this case directed to Tradex in my capacity as assistant clerk, and neighbors think I'm in the drug trade.  It's bothersome.  I'm afraid my taxes are going to be increased.

So it's a role, as I think you know, that has no involvement in the management of the company. It is to the extent we prepare consent minutes from time to time for clients. The assistant clerk does that. But it is purely an occasional recordkeeping role.

Q. When you're cornered by somebody you can't get away from and asked to describe the nature of your law practice, how do you describe your practice? And this is you individually, not Bowditch & Dewey.

A. Well, it depends upon what I perceive to be that person's need for legal services.

Q. Very good. Let's say it is someone without such a need at a cocktail party.

A. Well, let me tell you generally what I do. I take that as the nature of your question.

Q. Yes, it is.

A. I didn't mean to be flippant about it.

Q. Please don't. I take no offense.

A. My practice is as a business litigator and as a business lawyer. I am one of those lawyers who has been lucky enough not to as intensely specialize as new lawyers are required to, so I do a variety of things. But basically my work falls in one of those two categories, as a lawyer who advises business

clients and as a lawyer who engages in business litigation.

Q. Would you be able to take 100 percent of your time and split it up between the two categories as to how much you are a business consultant and how much you are a business litigator?

A. Well, it would vary.

MR. RANKIN: Business lawyer? You said business consultant.

Q. I'm sorry. I meant business lawyer and I meant litigator. Thank you, Mr. Rankin.

A. That would depend on the point in time, and it varies. And I do other things as well, so I don't want to leave the impression that that's all I do. Those of us out here in the western frontier aren't quite as specifically organized and specialized as you more successful lawyers are, but I would say that as to the time spent in those two broad categories, half and half.

Q. Note for the record a successful lawyer would not find himself performing this function that I am right now.

Have you ever heard, sir, of Tradex International Corp.?

A.  I have.

Q.  What is Tradex International Corp.?

A.  I think it's the -- once again, you know, if I had all these files in front of me and just point to them as you're asking these questions, I can give you better answers, but I believe the basis of my unaided recollection, it is the prior name for what became Tradex Corp.

Q.  My information, which may or may not be reliable, suggests that Tradex International Corp. was originally incorporated in 1987 as CNG International Corp.  Does that help you remember anything further about Tradex International Corp.?

A.  It helps me only in the sense that I think you're right.

Q.  My information suggests that you were clerk of Tradex International Corp. until 1997.  Does that aid your recollection at all?

A.  It doesn't.

Q.  I believe off the record I may have asked you this question before, but I would like to do it on the record.  Have you ever heard of Hemisphere Distribution Corporation?

A.  Only when I saw your subpoena.

Q.     Have you ever heard of an entity known as Direct Chemical?

A.     I have.

Q.     What have you -- what do you know about Direct Chemical?

A.     I don't think I know anything about it.

Q.     What have you heard about Direct Chemical?

A.     Once again, I think I saw that name when I received your subpoena.

Q.     You had never otherwise heard of Direct Chemical?

A.     I don't think so.

Q.     How about Direct Wood or Direct Wood & Paper Products?

A.     You know, I could be mistaken, and you can maybe help me on this, but my recollection is that among the boxes of materials we delivered, produced for you, is one which dealt with the corporation of a company and it may have had that name. If that's the name -- there is a business that we, someone here incorporated, and I think it had that Direct Wood or something like that name, and I believe I saw that in the course of preparing the documents for your examination. I'm not certain of that, but that's what

I recall. And that is the extent of my knowledge of the company.

    MR. GLERUM: I am going to hand you -- actually, I'm going to hand to the court reporter to mark as Angelini Exhibit No. 1 a document. I will at the same time hand two copies of the document to the parties at the table. I would ask that the parties representing the individuals who might claim a privilege to get it first so that they can look at it and while it is being marked make an objection if for some reason they find it inappropriate. And if they don't know, then we'll put it on the list. Is that fair?

    MR. STERN: It certainly is.

    MR. GLERUM: Any objections?

    MR. STERN: Not to the procedure.

    MR. GLERUM: Thank you.

    (Angelini Exhibit No. 1 so marked.)

    MS. BALLIRO: Am I supposed to look at this?

    MR. GLERUM: Yes. Would you mind that I share this with Mr. Angelini while you're looking at it so we can save some time?

    MR. STERN: Not a problem.

MR. GLERUM: Thank you.

(Witness perusing document.)

MR. STERN: I think we should put it on the list.

MR. GLERUM: Okay. For the record, we have determined to put Exhibit 1 on the list of items that might create a privileged issue.

I would ask you similarly, please, to mark as Exhibit 2 this document -- this series of ten documents.

(Angelini Exhibit No. 2 so marked.)

MR. STERN: Why don't we just put those on the list, too.

MR. GLERUM: Okay.

Q. For the purposes of the record, Mr. Angelini, would you please just describe Exhibit 1 and -- please just describe Exhibit 1.

A. Exhibit 1 appears to be a letter from me to Gary Gitto dated June 9, 1998 with an enclosed set of promissory notes.

Q. Would you please describe Exhibit 2.

A. Exhibit 2 appears to be the documents which accompany the letter of June 9, 1998 apparently as executed.