## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC.,    )
            )
       Plaintiff,    )
   v.       )   Case No. 04-12227-DPW
GARY C. GITTO, et al.,    )
            )
      Defendants,    )
   and      )
            )
FLEET NATIONAL BANK, et al.,    )
            )
  Trustee Process Defendants,    )
            )
   and      )
            )
FIDELITY INVESTMENTS, INC.,    )
et al.,        )
            )
   Reach-and-Apply Defendants.    )

## MOTION FOR APPROVAL OF ATTACHMENT OF REAL PROPERTY
## OF DEFENDANTS MARIA MILLER AND LOUIS J. PELLEGRINE, JR.

Pursuant to Fed.R.Civ.P. 64 and Mass Gen. L. ch. 223, § 42 et seq., plaintiff LaSalle Business Credit, LLC ("LaSalle") hereby moves that the Court approve the attachment in the amount of $30,000,000 of any and all right, title and interest of each of defendants Maria Miller, and Louis J. Pellegrine, Jr. ("Louis Pellegrine", and collectively with Maria Miller, "Defendants"), or any of them, in or to any real property located in the Commonwealth of Massachusetts.

In support hereof, LaSalle refers the Court to the First Amended Complaint and the Affidavits of Matthew Stilwell[1], Steven Snyder [#143], Oren White [#144], Roger DeLisle

---

[1] LaSalle has previously filed three affidavits for Mr. Stilwell, dated October 21, 2004 ("Stilwell 1") [#4], November 8, 2004 ("Stilwell 2") [#62] and December 6, 2004 ("Stilwell 3") [#152].  In addition, LaSalle has filed herewith another affidavit of Mr. Stilwell, dated January 18, 2005 ("Stilwell 4").

[#145], Rita Bartlett [#147], Robyn Merchant [#140] and David Minardi [#141], the Depositions of Robert Paulhus and Michael Angelini  (filed on even date herewith as *Exhibit A* to LaSalle's *Motion for a Preliminary Injunction Preserving the Status Quo as to Defendants Maria Miller, Louis J. Pellegrine, Jr. and Tradex International Corporation*)  and a letter agreement by and among Clinton Savings Bank, Gitto Global, and Tradex dated August 18, 2004 (the "Letter Agreement") (filed on even date herewith as *Exhibit B* to LaSalle's *Motion for a Preliminary Injunction Preserving the Status Quo as to Defendants Maria Miller, Louis J. Pellegrine, Jr. and Tradex International Corporation*), all filed either herewith or previously in this action and incorporated herein by reference.  LaSalle further states:

I. SUMMARY OF RELEVANT FACTS

1.      The Defendants are or were employees of, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes.  *Stilwell 1 ¶¶ 4, 30, 41.*

2.      Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004.  On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3.      On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan").  In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan.  In addition,

Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). *Stilwell 1 ¶¶ 5 – 6, 11-13.*

### Louis J. Pellegrine, Jr.

4.      Pellegrine participated in creating and maintaining Hemisphere Distrbution Corporation ("Hemisphere"). Hemisphere was a fictitious customer of Gitto Global. *Stilwell 1 ¶¶ 30; 3, 7.*

5.      Louis Pellegrine advanced money to open the checking account and the money market account for Hemisphere. Louis Pellegrine received at least one Verizon cellular telephone invoice at his office on behalf of Hemisphere and paid that Verizon invoice out of his funds. None of the checks from Hemisphere to Gitto Global were ever cashed by Gitto Global. The checks were fictitious as were the invoices which they purportedly paid. *Stilwell 3 ¶ 7, Stilwell 4 ¶ 4, Stilwell 1 ¶ 30.*

6.      In or around January of 2004, Frank Miller sent requests for confirmation of accounts receivable purportedly to Hemisphere and other fictitious customers of Gitto Global. Louis Pellegrine sent the confirmation letters from his office in Massachusetts to LaSalle in New York, via facsimile, in connection with Gitto Global's upcoming February, 2004 field examination. The confirmations falsely represented that certain fictitious customers owed money to Gitto Global. At least as to Hemisphere, Pellegrine knew or should have known that the confirmation was false. *Stilwell 3 ¶ 28.*

### Maria Miller

7.      At the direction of Frank Miller and Maria Miller, Robyn Merchant, an employee of Gitto Global, changed the quantities or changed the price per pound of inventory listed in

Gitto Global's computer system. These inflated quantities and/or prices were then provided to LaSalle in order to borrow additional funds under the LaSalle revolving loan. *Merchant Affidavit* ¶¶ 5, 6.

8.    Maria Miller knowingly participated in the scheme to defraud LaSalle by preparing false information to be provided to LaSalle. Maria Miller knowingly entered data into the computer systems at Gitto Global relating to fictitious sales to CCC, Hitachi and Velco in order to generate fictitious invoices. Maria Miller knowingly directed Robyn Merchant to inflate the value of the inventory at Gitto Global by increasing the quantity or the price per pound of certain products. *Merchant Affidavit* ¶¶ 5, 6.

9.    In or around the summer of 2003, Gitto Global acquired inventory from Vitrolite. Gitto Global, at the direction of Frank Miller and Maria Miller, valued this inventory at $5.25/lb. In reality, each knew that the Vitrolite inventory was worth only approximately $.30/lb. By overvaluing this inventory in the borrowing base certificates after the summer of 2003, Gitto Global overvalued its collateral in order to borrow additional funds under the LaSalle revolving loan. *Merchant Affidavit* ¶¶ 5, 6.

10.    In August, 2004, Frank Miller and Maria Miller, in order to extend the revolving line of credit for J&J Chemical and to keep the check-kite operating through the J&J Chemical Account, pledged a third mortgage on their Bolton residence to secure J&J Chemical's debt to Clinton Bank. *Paulhus Deposition. pp.* 82- 83, 87.

11.    In consideration of security pledged by Gary Gitto, Frank Miller, Maria Miller, Charles Gitto and Tradex, Clinton Bank extended the revolving line of credit for J&J Chemical through September 15, 2004. *Paulhus Deposition. pp.* 74-77, 82, 110-115.

12.    As the check-kiting scheme began to unravel, Maria Miller participated in

4

removing records from Frank Miller's office. *DeLisle Affidavit* ¶ 8.

## II.  ARGUMENT IN SUPPORT OF ATTACHMENT

This Motion should be granted in order to provide pre-judgment security to LaSalle that may be available to satisfy judgments that LaSalle expects to obtain in the captioned action.

### A.    Standard for Granting Relief

Pursuant to Fed.R.Civ.P. 64,  Mass Gen. L. ch. 223, § 42 et seq., and Mass. R. Civ. P. 4.1, an order may be granted approving attachment of real estate upon findings by the court that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the defendant is not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the defendant if notified in advance of attachment of the property will convey it, remove it from the state or conceal it, or iii) there is immediate danger that the defendant will damage or destroy the property to be attached.

B.    There is a Reasonable Likelihood that the Plaintiff Will Recover Judgment in an Amount Equal to or Greater than the Amount of the Attachment Over and Above any Liability Insurance Known or Reasonably Believed to be Available, There is a Clear Danger that the Defendants, if Notified in Advance of the Attachment of the Property will Convey, Conceal, Damage or Destroy the Property to be Attached.

Based upon the pattern of conduct of the Defendants, and the alleged evidence related thereto, there is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell 1 ¶ 64.*  LaSalle is aware of no liability insurance coverage available to any of the above-named Defendants to satisfy a judgment against them in this action. *Stilwell 1 ¶ 65.*  Upon information and belief and based on the past conduct of the Defendants, there exists a clear danger that the

Defendants, if notified in advance of attachment of the property will convey it, conceal it, or damage or destroy the property to be attached, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell 1 ¶ 66.* Finally, LaSalle will suffer substantial and irreparable harm if it is not granted the relief requested in this motion and the motions filed herewith because LaSalle knows of no other assets of the Defendants from which the ultimate judgment can be satisfied. *Stilwell 1 ¶ 68.*

WHEREFORE, Plaintiff LaSalle Business Credit, LLC hereby respectfully requests that this Court approve an attachment in the amount of $30,000,000 on any and all right, title and interest in or to any real property located in the Commonwealth of Massachusetts and owned by defendants Maria Miller, and Louis Pellegrine, or any of them. For the convenience of the Court, LaSalle Business Credit, LLC has submitted herewith forms of attachment.

Dated: January 28, 2005

Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By:      /s/ Patrick W. Manzo           
           One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC., )<br> )<br>Plaintiff, )<br>v. )<br>GARY C. GITTO, et al., )<br> )<br>Defendants, )<br>and )<br> )<br>FLEET NATIONAL BANK, et al., )<br> )<br>Trustee Process Defendants, )<br> )<br>and )<br> )<br>FIDELITY INVESTMENTS, INC., )<br>et al., )<br> )<br>Reach-and-Apply Defendants. ) | Case No. 04-12227-DPW |

**[PROPOSED] FINDING AND ORDER OF APPROVAL**
**OF ATTACHMENT OF REAL PROPERTY**

Upon a *Motion for Approval of Attachment*, and upon consideration thereof, with all supporting papers, the court hereby finds that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment approved herein over and above any liability insurance available to satisfy a judgment, and there is a clear danger that if notified in advance of attachment of the property, defendants will convey it, remove it from the state, conceal it, damage or destroy the property to be attached.

WHEREUPON the Court hereby approves the attachment of any right, title or interest of defendants Maria Miller, and/or Louis J. Pellegrine, Jr. in or to any real property located in the Commonwealth of Massachusetts in the amount of $30,000,000.

Dated: _____

_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC.,     )
                                    )
            Plaintiff,              )
    v.                              )       Case No. 04-12227-DPW
GARY C. GITTO, et al.,              )
                                    )
            Defendants,             )
    and                             )
                                    )
FLEET NATIONAL BANK, et al.,        )
                                    )
    Trustee Process Defendants,     )
                                    )
    and                             )
                                    )
FIDELITY INVESTMENTS, INC.,         )
et al.,                             )
                                    )
    Reach-and-Apply Defendants.     )

## WRIT OF ATTACHMENT

To the Sheriffs of the several counties of the Commonwealth of Massachusetts and their

Deputies:

We command you to attach the goods or estate of defendant Maria Miller, to the value of

$30,000,000, as prayed for by plaintiff LaSalle Business Credit, LLC of Chicago, Illinois, whose

attorney is Christopher J. Panos, Craig and Macauley Professional Corporation, of 600 Atlantic

Ave., Boston, Massachusetts., in an action brought by said plaintiff LaSalle Business Credit,

LLC against said defendant Maria Miller in the United States District Court for the District of

Massachusetts, and make due return of this writ with your doings thereon.

The complaint in this case was filed on _____.  The attachment was approved

on _____, by Judge Douglas P. Woodlock, in the amount of

$30,000,000.

Dated: _____

_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC.,     )
                                   )
               Plaintiff,     )
      v.                           )   Case No. 04-12227-DPW
GARY C. GITTO, et al.,             )
                                   )
            Defendants,     )
     and                         )
                                   )
FLEET NATIONAL BANK, et al.,       )
                                   )
    Trustee Process Defendants,    )
                                   )
    and                            )
                                   )
FIDELITY INVESTMENTS, INC.,        )
et al.,                            )
                                   )
    Reach-and-Apply Defendants.    )

## WRIT OF ATTACHMENT

To the Sheriffs of the several counties of the Commonwealth of Massachusetts and their Deputies:

      We command you to attach the goods or estate of defendant Louis J. Pellegrine, Jr. to the value of $30,000,000, as prayed for by plaintiff LaSalle Business Credit, LLC of Chicago, Illinois, whose attorney is Christopher J. Panos, Craig and Macauley Professional Corporation, of 600 Atlantic Ave., Boston, Massachusetts., in an action brought by said plaintiff LaSalle Business Credit, LLC against said defendant Louis Pellegrine in the United States District Court for the District of Massachusetts, and make due return of this writ with your doings thereon.

      The complaint in this case was filed on _____.  The attachment was approved on _____, by Judge Douglas P. Woodlock, in the amount of $30,000,000.

Dated: _____

_____
United States District Judge