IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC.,   ) <br>                                                            ) <br> Plaintiff,              ) <br> v.                                            ) <br> GARY C. GITTO, et al.,               ) <br>                                                            ) <br> Defendants,          ) <br> and                                      ) <br>                                                            ) <br> FLEET NATIONAL BANK, et al.,  ) <br>                                                            ) <br> Trustee Process Defendants,  ) <br>                                                            ) <br> and                                      ) <br>                                                            ) <br> FIDELITY INVESTMENTS, INC., ) <br> et al.,                                   ) <br>                                                            ) <br> <u>Reach-and-Apply Defendants.</u>   ) | Case No. 04-12227-DPW |

**MOTION FOR ATTACHMENTS ON TRUSTEE PROCESS
OF GOODS, EFFECTS AND CREDITS OF DEFENDANTS
<u>CHARLES N. GITTO, JR., FRANK MILLER,  AND MARIA MILLER</u>**

Pursuant to Fed.R.Civ.P. 64, Mass.Gen.L. ch. 246, and Mass. R. Civ. P. 4.2, plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") hereby requests that this Court approve an attachment on trustee process of goods, effects or credits of Charles N. Gitto, Jr. (Charles Gitto), Frank Miller, or Maria Miller in the amount of $30,000,000 deposited with or in the control of TD Waterhouse or its affiliate, National Investor Services Corp., Fleet National Bank, Clinton Savings Bank, Fidelity Investments, Inc., or Legg Mason, Inc. (the "Trustee Process Defendants").

In support hereof, LaSalle refers the Court to the First Amended Complaint and the

Affidavits of Matthew Stilwell[1], Steven Snyder [#143], Oren White [#144], Roger DeLisle [#145], Rita Bartlett [#147], Robyn Merchant [#140] and David Minardi [#141], the Depositions of Robert Paulhus and Michael Angelini (filed on even date herewith as *Exhibit A* to LaSalle's *Motion for a Preliminary Injunction Preserving the Status Quo as to Defendants Maria Miller, Louis J. Pellegrine, Jr. and Tradex International Corporation*) and a letter agreement by and among Clinton Savings Bank, Gitto Global, and Tradex dated August 18, 2004 (the "Letter Agreement") (filed on even date herewith as *Exhibit B* to LaSalle's *Motion for a Preliminary Injunction Preserving the Status Quo as to Defendants Maria Miller, Louis J. Pellegrine, Jr. and Tradex International Corporation*), all filed either herewith or previously in this action and incorporated herein by reference.

In regard to Charles Gitto and Frank Miller, LaSalle refers the Court to previous motions for pre-judgment security against Charles Gitto and Frank Miller and incorporates the same herein by reference.  LaSalle further states:

I. SUMMARY OF RELEVANT FACTS

1. The Defendants are or were employees of, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. *Stilwell 1 ¶¶ 4, 30, 41*.

2. Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004.  On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

---

[1] LaSalle has previously filed three affidavits for Mr. Stilwell, dated October 21, 2004 ("Stillwell 1") [#4], November 8, 2004 ("Stilwell 2") [#62] and December 6, 2004 ("Stilwell 3") [#152].  In addition, LaSalle has filed herewith another affidavit of Mr. Stilwell, dated January 18, 2005 ("Stilwell 4").

3.      On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan").  In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan.  In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet").  *Stilwell 1 ¶¶ 5 – 6, 11-13*.

### Maria Miller

4.      At the direction of Frank Miller and Maria Miller, Robyn Merchant, an employee of Gitto Global, changed the quantities or changed the price per pound of inventory listed in Gitto Global's computer system.  These inflated quantities and/or prices were then provided to LaSalle in order to borrow additional funds under the LaSalle revolving loan.  *Merchant Affidavit ¶¶ 5,6*.

5.      Maria Miller knowingly participated in the scheme to defraud LaSalle by preparing false information to be provided to LaSalle.  Maria Miller knowingly entered data into the computer systems at Gitto Global relating to fictitious sales to CCC, Hitachi and Velco in order to generate fictitious invoices.  Maria Miller knowingly directed Robyn Merchant to inflate the value of the inventory at Gitto Global by increasing the quantity or the price per pound of certain products. *Merchant Affidavit ¶¶ 5,6*.

6.      In or around the summer of 2003, Gitto Global acquired inventory from Vitrolite. Gitto Global, at the direction of Frank Miller and Maria Miller, valued this inventory at $5.25/lb.

In reality, each knew that the Vitrolite inventory was worth only approximately $.30/lb. By overvaluing this inventory in the borrowing base certificates after the summer of 2003, Gitto Global overvalued its collateral in order to borrow additional funds under the LaSalle revolving loan. *Merchant Affidavit* ¶¶ 5, 6.

7. In August, 2004, Frank Miller and Maria Miller, in order to extend the revolving line of credit for J&J Chemical and to keep the check-kite operating through the J&J Chemical Account, pledged a third mortgage on their Bolton residence to secure J&J Chemical's debt to Clinton Bank. *Paulhus Deposition. pp.* 82- 83, 87.

8. In consideration of security pledged by Gary Gitto, Frank Miller, Maria Miller, Charles Gitto and Tradex, Clinton Bank extended the revolving line of credit for J&J Chemical through September 15, 2004. On August 18, 2004, Charles Gitto, in order to preserve the operation of the check-kiting being conducted to induce LaSalle to provide loan funds to Gitto Global, gave Clinton Bank guarantees from him and Tradex, so that Clinton Bank would continue to allow payments on uncollected funds in the J&J Chemical account through September 15, 2004. The agreement with Clinton Bank make clear that Charles Gitto and Tradex were aware of Gitto Global's borrowing arrangement with LaSalle. *Paulhus Deposition, pp.* 32, 60, 88-89, 74-77, 82, 110-115; *Letter Agreement*.

9. As the check-kiting scheme began to unravel, Maria Miller participated in removing records from Frank Miller's office. *DeLisle Affidavit* ¶ 8.

II. ARGUMENT IN SUPPORT OF ATTACHMENT ON TRUSTEE PROCESS

This Motion should be granted in order to provide pre-judgment security that may be available to satisfy a judgment that LaSalle expects to obtain in the captioned action.

A. Standard for Granting Relief

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 246, and Mass. R. Civ. P. 4.2, The Court may approve pre-judgment attachment by trustee process upon finding that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the defendant is not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the defendant if notified in advance of attachment on trustee process will withdraw the goods or credits from the hands or possession of the trustee and remove them form the state or will conceal them, or iii) there is immediate danger that the defendant will dissipate the credits, or damage or destroy the goods to be attached on trustee process.

>    B.    There is a Reasonable Likelihood that the Plaintiff Will Recover Judgment in an Amount Equal to or Greater than the Amount of the Attachment Over and Above any Liability Insurance Known or Reasonably Believed to be Available, There is a Clear Danger that Defendants, if Notified in Advance of the Attachment on Trustee Process Will Withdraw the Goods or Credits or Will Dissipate the Credits to be Attached on Trustee Process.

Based upon the pattern of conduct of Defendants and the evidence alleged related thereto, there is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against Defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell 1 ¶ 64.* LaSalle is aware of no liability insurance coverage available to any of the above-named Defendants to satisfy a judgment against them in this action. *Stilwell 1 ¶ 65.* Upon information and belief, there exists a clear danger that Defendants, if notified in advance of attachment on trustee process, will withdraw the goods, or dissipate the credits to be attached on trustee process, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell 1 ¶¶ 66 - 67.* Finally, LaSalle will suffer substantial and irreparable harm if it is not granted the relief

requested in this motion and the motions filed herewith because LaSalle knows of no other assets of Defendants from which the ultimate judgment can be satisfied. *Stilwell 1 ¶ 68.*

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this Court enter an Orders in the form attached hereto authorizing the attachment on trustee process of the goods, effects or credits of the Defendants, or any of them, wherever located, held by or for the benefit of the Trustee Process Defendants, or any of them, as trustee, in the amount of $30,000,000.

Dated: January 28, 2005

Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By: ____/s/ Patrick W. Manzo_____
One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,      )<br>                                                                 )<br>                        Plaintiff,                       )<br>          v.                                                       )<br>GARY C. GITTO, et al.,                            )<br>                                                                 )<br>                        Defendants,                 )<br>          and                                                   )<br>                                                                 )<br>FLEET NATIONAL BANK, et al.,           )<br>                                                                 )<br>          Trustee Process Defendants,        )<br>                                                                 )<br>          and                                                   )<br>                                                                 )<br>FIDELITY INVESTMENTS, INC.,            )<br>et al.,                                                          )<br>                                                                 )<br>    <u>      Reach-and-Apply Defendants.     </u>  ) | Case No. 04-12227-DPW |

**[PROPOSED] FINDING AND ORDER FOR APPROVAL**
<u>**OF ATTACHMENTS ON TRUSTEE PROCESS**</u>

Upon a *Motion for Approval of Attachments on Trustee Process*, and upon consideration thereof, the Court hereby finds that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that there is a clear danger that the defendants if notified in advance of attachment on trustee process will withdraw the goods or credits from the hands or possession of the trustee and remove them from the state, will conceal them, or there is immediate danger that the defendant will dissipate the credits, or damage or destroy the goods to be attached on trustee process.

Therefore, the Court hereby approves the attachment on trustee process in the amount of

2

$30,000,000 subject to all applicable exemptions and limitations provided by law, of all goods, effects or credits of Charles N. Gitto, Jr., Frank Miller, Maria Miller, or Tradex International Corporation in the amount of $30,000,000 deposited with or in the control of TD Waterhouse or its affiliate, National Investor Services Corp., Fleet National Bank, Clinton Savings Bank, Sovereign Bank, Fidelity Investments, Inc., or Legg Mason, Inc. (the "Trustee Process Defendants").

Dated: _____

_____
United States District Judge