**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,     )<br>                                                                )<br>                    Plaintiff,                            )<br>        v.                                                    )<br>GARY C. GITTO, et al.,                           )<br>                                                                )<br>                    Defendants,                      )<br>        and                                                 )<br>                                                                )<br>FLEET NATIONAL BANK, et al.,            )<br>                                                                )<br>            Trustee Process Defendants,    )<br>                                                                )<br>        and                                                 )<br>                                                                )<br>FIDELITY INVESTMENTS, INC.,            )<br>et al.,                                                       )<br>                                                                )<br>            Reach-and-Apply Defendants.   ) | Case No. 04-12227-DPW |

**MOTION FOR EQUITABLE ATTACHMENTS IN THE
FORM OF REACH-AND-APPLY INJUNCTIONS
REGARDING THE INTERESTS OF GARY C. GITTO,
<u>CHARLES N. GITTO, JR., FRANK MILLER AND MARIA MILLER</u>**

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 214, § 3, plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") hereby requests that this Court enter temporary restraining orders and then, after an expedited hearing, preliminary injunctions equitably attaching the rights and interests of certain defendants in and to reach-and-apply defendants Fidelity Investments, TD Waterhouse, Superior Polymers Corporation and Legg Mason, Inc. ("Reach-and-Apply Defendants), by entering injunctive relief as follows:

That Reach-and-Apply Defendants, and each of them, and their officers, agents,

servants, employees, attorneys, beneficiaries, successors, assigns and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise shall:

    a.    be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to Gary C. Gitto, Charles N. Gitto, Jr., Frank Miller or Maria Miller ("Defendants"), or any of them;

    b.    be enjoined from making any payment or transfer, directly or indirectly, to Defendants, or any of them, arising from their interest in any of the Reach-and-Apply Defendants; and

    c.    reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that Defendants shall be enjoined from accepting any payments on account of any interest in the Reach-and-Apply Defendants and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in the Reach-and-Apply Defendants, or any interest in the Reach-and-Apply Defendants, and that any of the Reach-and-Apply Defendants or Defendants in possession of certificated securities of any of the Reach-and-Apply Defendants shall be appointed as and deemed to be keepers of those certificated securities for benefit of LaSalle, pending further order of this Court.

In support hereof, LaSalle refers the Court to the First Amended Complaint and

the Affidavits of Matthew Stilwell[1], Steven Snyder [#143], Oren White [#144], Roger DeLisle [#145], Rita Bartlett [#147], Robyn Merchant [#140] and David Minardi [#141], the Depositions of Robert Paulhus and Michael Angelini (filed on even date herewith as *Exhibit A* to LaSalle's *Motion for a Preliminary Injunction Preserving the Status Quo as to Defendants Maria Miller, Louis J. Pellegrine, Jr. and Tradex International Corporation*) and a letter agreement by and among Clinton Savings Bank, Gitto Global, and Tradex dated August 18, 2004 (the "Letter Agreement") (filed on even date herewith as *Exhibit B* to LaSalle's *Motion for a Preliminary Injunction Preserving the Status Quo as to Defendants Maria Miller, Louis J. Pellegrine, Jr. and Tradex International Corporation*), all filed either herewith or previously in this action and incorporated herein by reference.

In addition, LaSalle refers the Court to the motions previously filed seeking pre-judgment security against Gary Gitto, Charles N. Gitto, Jr. and Frank Miller and incorporates the same herein by reference. LaSalle further states:

I. SUMMARY OF RELEVANT FACTS

1.      The Defendants are or were employees of, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. *Stilwell 1 ¶¶ 4, 30, 41*.

2.      Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004. On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate

---

[1] LaSalle has previously filed three affidavits for Mr. Stilwell, dated October 21, 2004 ("Stillwell 1") [#4], November 8, 2004 ("Stilwell 2") [#62] and December 6, 2004 ("Stilwell 3") [#152]. In addition, LaSalle has filed herewith another affidavit of Mr. Stilwell, dated January 18, 2005 ("Stilwell 4").

the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

3. On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan"). In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan. In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). *Stilwell 1 ¶¶ 5 – 6, 11-13*.

4. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, Maria Miller, John Tersigni, Louis Pellegrine, Kathleen Carland, Janice Chaisson, Helen Kozak, William Deakin and J&J Chemical knowingly made false representations regarding Gitto Global's finances to LaSalle with the purpose of inducing LaSalle to loan money to Gitto Global. *Stilwell 1 ¶¶ 20, 25 – 28, 36 – 62*.

5. Beginning in July of 2002, and continuing through September of 2004, Gary Gitto, Frank Miller, Maria Miller, John Tersigni, Louis Pellegrine, Kathleen Carland, Janice Chaisson, Helen Kozak, Charles Gitto, William Deakin and J&J Chemical engaged in a scheme to have Gitto Global improperly obtain money from LaSalle through the LaSalle Revolving Loan. In furtherance of that design, Gary Gitto and Frank Miller directed a check-kiting scheme between the Fleet Blocked Account, the LaSalle Account and J&J Chemical's account at Clinton Savings Bank. *Stilwell 1 ¶¶ 16*

*– 19, 21 – 24.*

6.　　Between July of 2002 and September of 2004, on a daily basis and in furtherance of the check-kiting scheme, checks were issued from J&J Chemical payable to Gitto Global by or at the direction of Helen Kozak, John Tersigni, J&J Chemical and Janice Chaisson; checks were issued from Gitto Global payable to J&J Chemical by or at the direction of Frank Miller, Helen Kozak and William Deakin; fictitious invoices and bills of lading were created to conceal the check-kite by or at the direction of Frank Miller, Maria Miller, Helen Kozak and William Deakin; and fictitious checks, purportedly issued by customers, were created to conceal the check-kiting scheme by or at the direction of Frank Miller, Helen Kozak and William Deakin. *Stilwell 1 ¶¶ 17, 21 – 23, 28 – 34, 50 – 51.*

7.　　Between July of 2002 and September of 2004, on a daily basis Frank Miller and Janice Chaisson, at the direction of Gary Gitto and Frank Miller, made false statements regarding Gitto Global's finances, in requesting advances of funds from LaSalle. *Stilwell 1 ¶¶ 36 -37.*

8.　　Pellegrine participated in creating and maintaining Hemisphere Distribution Corporation ("Hemisphere"). Hemisphere was a fictitious customer of Gitto Global. *Stilwell 1 ¶¶ 30; 3, 7.*

9.　　Louis Pellegrine advanced money to open the checking account and the money market account for Hemisphere. Louis Pellegrine received at least one Verizon cellular telephone invoice at his office on behalf of Hemisphere and paid that Verizon invoice out of his funds. None of the checks from Hemisphere to Gitto Global were ever cashed by Gitto Global. The checks were fictitious as were the invoices which they

5

purportedly paid. *Stilwell 3* ¶ 7, *Stilwell 4* ¶ 4, *Stilwell 1* ¶ 30.

10.     In or around January of 2004, Frank Miller sent requests for confirmation of accounts receivable purportedly to Hemisphere and other fictitious customers of Gitto Global. Louis Pellegrine sent the confirmation letters from his office in Massachusetts to LaSalle in New York, via facsimile, in connection with Gitto Global's upcoming February, 2004 field examination. The confirmations falsely represented that certain fictitious customers owed money to Gitto Global. At least as to Hemisphere, Pellegrine knew or should have known that the confirmation was false. *Stilwell 3* ¶ 28.

11.     At the direction of Frank Miller and Maria Miller, Robyn Merchant, an employee of Gitto Global, changed the quantities or changed the price per pound of inventory listed in Gitto Global's computer system. These inflated quantities and/or prices were then provided to LaSalle in order to borrow additional funds under the LaSalle revolving loan. *Merchant Affidavit* ¶¶ 5,6.

12.     Maria Miller knowingly participated in the scheme to defraud LaSalle by preparing false information to be provided to LaSalle. Maria Miller knowingly entered data into the computer systems at Gitto Global relating to fictitious sales to CCC, Hitachi and Velco in order to generate fictitious invoices. Maria Miller knowingly directed Robyn Merchant to inflate the value of the inventory at Gitto Global by increasing the quantity or the price per pound of certain products. *Merchant Affidavit* ¶¶ 5,6.

13.     In or around the summer of 2003, Gitto Global acquired inventory from Vitrolite. Gitto Global, at the direction of Frank Miller and Maria Miller, valued this inventory at $5.25/lb. In reality, each knew that the Vitrolite inventory was worth only approximately $.30/lb. By overvaluing this inventory in the borrowing base certificates

after the summer of 2003, Gitto Global overvalued its collateral in order to borrow additional funds under the LaSalle revolving loan. *Merchant Affidavit* ¶¶ 5,6.

14. In August, 2004, Frank Miller and Maria Miller, in order to extend the revolving line of credit for J&J Chemical and to keep the check-kite operating through the J&J Chemical Account, pledged a third mortgage on their Bolton residence to secure J&J Chemical's debt to Clinton Bank. *Paulhus Deposition. pp.* 82- 83, 87.

15. In consideration of security pledged by Gary Gitto, Frank Miller, Maria Miller, Charles Gitto and Tradex, Clinton Bank extended the revolving line of credit for J&J Chemical through September 15, 2004. On August 18, 2004, Charles Gitto, in order to preserve the operation of the check-kiting being conducted to induce LaSalle to provide loan funds to Gitto Global, gave Clinton Bank guarantees from him and Tradex, so that Clinton Bank would continue to allow payments on uncollected funds in the J&J Chemical account through September 15, 2004. The agreement with Clinton Bank make clear that Charles Gitto and Tradex were aware of Gitto Global's borrowing arrangement with LaSalle. *Paulhus Deposition, pp.* 32, 60, 74-77, 82, 88-89,110-115; *Letter Agreement*.

16. As the check-kiting scheme began to unravel, Maria Miller participated in removing records from Frank Miller's office. *DeLisle Affidavit* ¶ 8.

## II. ARGUMENT IN SUPPORT OF EQUITABLE ATTACHMENT

This Motion should be granted in order to protect assets of Defendants that may be available to satisfy a judgment that LaSalle may obtain in the captioned action from being lost, concealed, injured, diminished in value or squandered.

A. Standard for Granting Relief

A creditor may "reach and apply" a debtor's interest in intangible property that cannot otherwise be executed against in an action at law. Mass. Gen. L. ch. 214, § 3(6); *Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54, 59 (1st Cir., 2001). In an action to reach and apply, the court must engage in a two-step process to establish (1) the indebtedness of the defendant and (2) the defendant has property that can be reached by the plaintiffs in satisfaction of the defendant's debt. Mass. Gen. L. ch. 214 §§ 3 (6) and (7); *GMAC v. Camilleri Bros. Chevrolet of Holyoke*, Inc., 188 F. Supp. 2d 73, 76 (D. Mass., 2001). A plaintiff who has obtained a preliminary injunction in an action to reach and apply has established an equitable attachment constituting security for satisfaction of a judgment. *In re Borofsky*, 138 Bankr. 345, 347 (Bankr. D.Mass. 1992); *Foxborough Sav. Bank v. Ballarino (In re Ballarino)*, 180 B.R. 343, 348 (D. Mass. 1995).

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 214, § 3, and Mass. R. Civ. P. 4.1 an order may be granted approving attachment of property upon findings by the court that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the defendant is not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the defendant if notified in advance of attachment of the property will convey it, remove it from the state or conceal it, or iii) there is immediate danger that the defendant will damage or destroy the property to be attached.

> B. There is a Reasonable Likelihood that the Plaintiff Will Recover Judgment in an Amount Equal to or Greater than the Amount of the Attachment Over and Above any Liability Insurance Known or Reasonably Believed to be Available, and There is a Clear Danger that the Defendants, if Notified in Advance of the Attachment of the Property will Convey, Conceal, Damage or Destroy the Property to be Attached.

Based upon the pattern of conduct of the Defendants, and the evidence alleged related thereto, there is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell 1 ¶ 64.* LaSalle is aware of no liability insurance coverage available to any of the Defendants to satisfy a judgment against them in this action. *Stilwell 1 ¶ 65.* Upon information and belief, there exists a clear danger that the Defendants, if notified in advance of attachment of the property will convey it, conceal it, or damage or destroy the property to be attached, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell 1 ¶ 66.* Finally, LaSalle will suffer substantial and irreparable harm if it is not granted the relief requested in this motion and the other motions filed in this action because LaSalle knows of no other assets of the Defendants from which the ultimate judgment can be satisfied. *Stilwell 1 ¶ 68.*

> C. In the Alternative, Should the Court Apply the Standard Applicable to Preliminary Injunctions, the Motion Should Still be Granted

The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance the plaintiff will suffer irreparable injury and also that he is likely to prevail on the merits. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). It is recognized, however, that a district court must weigh carefully the interests on both sides. *Id.*

> (i) LaSalle is Likely to Prevail on the Merits

There is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against the defendants, exclusive of all costs, in excess of $30,000,000. *Stilwell 1 ¶ 64.* LaSalle has, in its Complaint and supporting affidavits, alleged sufficient facts to establish i) the illegal conduct of Defendants, ii) that LaSalle's losses were occasioned by that conduct, and iii) the debt of defendants to LaSalle. *See, e.g. Stillwell Affidavit.*

(ii) <u>Absent Injunctive Relief, LaSalle will Suffer Irreparable Injury</u>

LaSalle is aware of no liability insurance coverage available to any of the Defendants to satisfy a judgment against them in this action. *Stilwell 1 ¶ 65.* Upon information and belief, there exists an immediate risk that the Defendants will liquidate or dispose of their assets, and thereby be unable to satisfy a judgment to be obtained by LaSalle. *Stilwell 1 ¶ 66.* LaSalle will suffer substantial and irreparable harm if it is not granted injunctive relief because LaSalle knows of no other assets other than those upon which LaSalle has sought attachments, of the Defendants from which the ultimate judgment can be satisfied. *Stilwell 1 ¶ 68.* In such a situation, LaSalle would have no viable remedy at law. The harm to LaSalle is far greater than any harm that may befall Defendants by granting this injunction. Given the nature of the claims against the Defendants and the evidence that is unfolding supporting these claims, there is a clear risk that the Defendants will conceal, convey or dissipate assets pending determination of these claims.

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this Court enter an Order in the form attached hereto:

a. enjoining the Reach-and-Apply Defendants, or any of them, from paying in whole or in part, offsetting, assigning, alienating, selling, transferring,

       pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to Defendants, or any of them;

b.   enjoining the Reach-and-Apply Defendants, or any of them, from making any payment or transfer, directly or indirectly, to Defendants, or any of them arising from their interest in any of the Reach-and-Apply Defendants;

c.   ordering the Reach-and-Apply Defendants, to reach and apply and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith;

d.   enjoining Gary C. Gitto, Charles N. Gitto, Jr., Frank Miller, Maria Miller or any of them, from accepting any payments on account of any interest in the Reach-and-Apply Defendants and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in the Reach-and-Apply Defendants, or any interest in the Reach-and-Apply Defendants;

e.   appointing any of the Reach-and-Apply Defendants or Defendants in possession of certificated securities of any of the Reach-and-Apply Defendants as keepers of those certificated securities for benefit of LaSalle; and

f.   granting such other relief as is just and proper.

Dated: January 28, 2005                                    Respectfully submitted,

                                                           LASALLE BUSINESS CREDIT, LLC


                                                           By:     /s/ Patrick W. Manzo
                                                                   One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,    )<br>                                                                )<br>                    Plaintiff,                       )<br>        v.                                                  )<br>GARY C. GITTO, et al.,                        )<br>                                                                )<br>                    Defendants,                  )<br>        and                                             )<br>                                                                )<br>FLEET NATIONAL BANK, et al.,         )<br>                                                                )<br>        Trustee Process Defendants,       )<br>                                                                )<br>        and                                             )<br>                                                                )<br>FIDELITY INVESTMENTS, INC.,          )<br>et al.,                                                     )<br>                                                                )<br>        Reach-and-Apply Defendants.   ) | Case No. 04-12227-DPW |

**[PROPOSED] ORDER TO SHOW CAUSE AND TEMPORARY
RESTRAINING ORDER APPROVING EQUITABLE
<u>ATTACHMENTS IN THE FORM OF REACH-AND-APPLY INJUNCTIONS</u>**

Upon a showing made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") in the *Motion For Equitable Attachments In The Form Of Reach-And-Apply Injunctions,* together will all supporting papers, the Court finds that there is a reasonable likelihood that the plaintiff will recover judgment against in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the Defendants are not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the Defendants, if notified in advance of attachment of the interests, will convey them, remove them from the state or conceal them, or iii) there is immediate danger that the

Defendants will damage or destroy the interests to be attached before notice can be given and the Defendants can be heard in opposition to the granting of a temporary restraining order.

## GARY GITTO

IT IS ORDERED that GARY C. GITTO must appear before this Court on _____ at _____ and show cause why a preliminary injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary injunction, reach-and-apply defendant SUPERIOR POLYMERS CORPORATION shall:

d. be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property, interests or payments owed to GARY C. GITTO;

e. be enjoined from making any payment or transfer, directly or indirectly, to GARY C. GITTO arising from his interest in, or interests held by, SUPERIOR POLYMERS CORPORATION; and

f. reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that GARY C. GITTO shall be enjoined from accepting any payments on account of any interest in or held by SUPERIOR POLYMERS CORPORATION, and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by SUPERIOR POLYMERS CORPORATION, or any other person in

2

possession of certificated securities belonging to or for benefit of GARY C. GITTO is hereby appointed keeper of those certificated securities for benefit of LaSalle.

### CHARLES N. GITTO, JR.

IT IS ORDERED that CHARLES N. GITTO, JR. must appear before this Court on _____ at _____ and show cause why a preliminary injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary injunction, reach-and-apply defendant LEGG MASON, INC. shall:

g. be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property, interests or payments owed to CHARLES N. GITTO, JR.;

h. be enjoined from making any payment or transfer, directly or indirectly, to CHARLES N. GITTO, JR. arising from his interest in, or interests held by, LEGG MASON, INC.; and

i. reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that CHARLES N. GITTO, JR. shall be enjoined from accepting any payments on account of any interest in or held by LEGG MASON, INC., and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by LEGG MASON, INC., or any other person in possession of certificated securities belonging to or for benefit of CHARLES N. GITTO, JR. is hereby appointed keeper of

3

those certificated securities for benefit of LaSalle.

## FRANK MILLER

IT IS ORDERED that FRANK MILLER must appear before this Court on _____ at _____ and show cause why a preliminary injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary injunction, reach-and-apply defendant TD WATERHOUSE shall:

j.  be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to FRANK MILLER;

k.  be enjoined from making any payment or transfer, directly or indirectly, to FRANK MILLER arising from his interest in or held by TD WATERHOUSE; and

l.  reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that FRANK MILLER shall be enjoined from accepting any payments on account of any interest in or held by TD WATERHOUSE, and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by TD WATERHOUSE, and that either of FRANK MILLER or TD WATERHOUSE, or any other person in possession of certificated securities belonging to or for benefit of FRANK MILLER, is hereby appointed keeper of those certificated securities for benefit of

4

LaSalle.

## MARIA MILLER

IT IS ORDERED that MARIA MILLER must appear before this Court on _____ at _____ and show cause why a preliminary injunction should not issue, pending the decision of the Court in this action.

IT IS FURTHER ORDERED that, pending this hearing on the preliminary injunction, reach-and-apply defendants TD WATERHOUSE and FIDELITY INVESTMENTS, INC. shall:

- m. be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to MARIA MILLER;
- n. be enjoined from making any payment or transfer, directly or indirectly, to MARIA MILLER arising from his interest in or held by TD WATERHOUSE or FIDELITY INVESTMENTS; and
- o. reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that MARIA MILLER shall be enjoined from accepting any payments on account of any interest in or held by TD WATERHOUSE or FIDELITY INVESTMENTS, and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by TD WATERHOUSE or FIDELITY INVESTMENTS, and that either of MARIA MILLER or TD WATERHOUSE or

5

FIDELITY INVESTMENTS, or any other person in possession of certificated securities belonging to or for benefit of MARIA MILLER, is hereby appointed keeper of those certificated securities for benefit of LaSalle.

Dated: _____

                                        _____
                                        United States District Judge