IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,    )<br>                                                              )<br>            Plaintiff,                               )<br>    v.                                                     )<br>GARY C. GITTO, et al.,                      )<br>                                                              )<br>            Defendants,                         )<br>    and                                                   )<br>                                                              )<br>FLEET NATIONAL BANK, et al.,        )<br>                                                              )<br>    Trustee Process Defendants,       )<br>                                                              )<br>    and                                                   )<br>                                                              )<br>FIDELITY INVESTMENTS, INC.,           )<br>et al.,                                                    )<br>                                                              )<br>    Reach-and-Apply Defendants.     ) | Case No. 04-12227-DPW |

**MOTION FOR ORDER TO SHOW CAUSE WHY CHARLES N. GITTO, JR.
AND TRADEX CORPORATION SHOULD NOT BE HELD IN CONTEMPT**

Plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle"), moves this Court for an order requiring Defendants Charles N. Gitto, Jr. ("Charles Gitto") and Tradex Corporation ("Tradex") to appear before this Court and show cause, if any, why they should not be held in contempt for transferring assets in a clear and intentional violation of the Preliminary Injunction Preserving the Status Quo issued by this Court on November 5, 2004.

**Grounds for Relief**

1.   On October 25, 2004, this Court issued a temporary restraining order (the "TRO") prohibiting Charles Gitto and Tradex, and any of their officers, agents, servants, employees, attorneys, beneficiaries and all persons in active concert or participation with

them who received actual notice of this Order, by personal service or otherwise, from assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or disposing of any of their assets pending further order of this Court.

2. Following a hearing, on November 5, 2004, this Court issued a Preliminary Injunction Preserving the Status Quo (the "Preliminary Injunction") that provided, among other things, that Charles Gitto and Tradex, "..and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are restrained from assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or disposing of any of their assets pending further order of this Court."

3. The Preliminary Injunction was modified by Order of the Court on November 10, 2004, providing that Charles Gitto

> "may spend up to $7,167.00 per month, provided that such expenditures are solely to pay ordinary and necessary living expenses consisting of food, utilities, mortgage payments, tuition and other current school expenses, clothing, medical expenses, insurance, spousal or child support obligations, necessary maintenance of real property and motor vehicles, vehicle leases, fuel for heating or motor vehicles. Nothing in the Injunction shall be construed to prohibit Charles N. Gitto, Jr. from borrowing money on an unsecured basis (as to assets of defendant) or receiving cash gifts from third parties who are aware of this order where such funds are paid directly by the lender or gift giver to a third party providing goods or services to defendant or to a family member of

2

defendant. In addition, Charles N. Gitto, Jr. may pay legal expenses up to the amount of $20,000 incurred between the date hereof and December 10, 2004. Tradex Corporation is permitted to make such payments as compensation to or on behalf of Charles N. Gitto."

4. Charles Gitto and Tradex have at all times had notice of the Preliminary Injunction, as evidenced by their continuing opposition thereto.

5. Despite his knowledge of the Preliminary Injunction, on or about December 20, 2004, in violation of the Preliminary Injunction, Charles Gitto transferred $1,023,471 ($253,554 in cash, and securities valued at approximately $769,917)) from an account (No. 396-02621-2) held at Legg Mason Wood Walker, Inc. to an account (396-00898-2) owned by his wife, Christa Gitto. *See* Legg Mason Wood Walker, Inc. December account statement for Charles Gitto attached hereto as Exhibit A, and Legg Mason Wood Walker, Inc. December account statement for Christa Gitto attached hereto as Exhibit B.

6. Despite his knowledge of the Preliminary Injunction, on or about December 31, 2004, in violation of the Preliminary Injunction, Charles Gitto transferred assets valued at $1,825 from an account (No. 396-02621-2) held at Legg Mason Wood Walker, Inc. to an account (396-00898-2) owned by his wife, Christa Gitto. *See* Exhibits A and B.

7. Despite his knowledge of the Preliminary Injunction, on or about December 16, 2004, Charles Gitto transferred the sum of $10,000 to Tradex International Corporation in violation of the Preliminary Injunction. *See* Sovereign Bank Account Statement and check facsimiles for Tradex International attached hereto as Exhibit C.

8. Further, Sovereign Bank account statements evidence deposits from Tradex of $10,000 and Charles Gitto's unemployment compensation of $1160 to a joint account owned by Charles and Christa Gitto. Disbursements from this account for the period of November 1, 2004 through January 13, 2005 total $37,940. This makes clear that Christa Gitto has expended substantial sums on behalf of Charles Gitto, thus undermining the rationale for the modification to the Preliminary Injunction allowing Charles Gitto to spend up to $7,167 per month to defray certain approved expenses. *See* Sovereign Bank Account statements for Charles and Christa Gitto's joint account and check facsimiles for that account attached hereto as Exhibit D.

9. Despite knowledge of the Preliminary Injunction and the preceding Temporary Restraining Order, over the period November 1, 2004 – January 12, 2005, Tradex paid or transferred the sum of approximately $102,512 from its account no. 66204948955. This sum is far in excess of any amounts that Tradex could permissibly have made pursuant to the Preliminary Injunction. *See* Sovereign Bank Account Statement for Tradex and check facsimiles for that account attached hereto as Exhibit E.

10. All of these transfers are in clear violation of the Preliminary Injunction's prohibition against the transfer of assets.

11. The amount of these transfers are far in excess of any approved expenditures under the Preliminary Injunction.

12. Charles Gitto has failed and refused to comply with and has disobeyed and disregarded the provisions of the Preliminary Injunction by transferring assets valued in excess of $1,023,471 to his wife, Christa Gitto, and transferring the sum of $10,000 to Tradex International.

13. Tradex has failed and refused to comply with and has disobeyed and disregarded the provisions of the Preliminary Injunction by transferring assets valued at more than $102,512.

14. By reason of Charles Gitto's and Tradex's failures and refusal to comply with the provisions of the Preliminary Injunction, LaSalle has and will continue to suffer great monetary and other irreparable injury.

15. This motion is supported by this document, the exhibits attached hereto, the papers and records on file in this action, and whatever evidence and argument may be heard on this motion.

## **Certification Pursuant to Local Rule 7.1**

Due to the nature of the relief requested herein, and the difficulty of narrowing the issues presented hereby, counsel for LaSalle did not confer with counsel for Charles Gitto and Tradex in advance of filing this motion.

## **Prayer for Relief**

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this Court enter an Order in the form attached hereto.

Dated: January 28, 2005                                    Respectfully submitted,

                                                           LASALLE BUSINESS CREDIT, LLC


                                                           By: ___/s/ Patrick W. Manzo_____
                                                                      One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,            )<br>                                                                      )<br>                    Plaintiff,                          )<br>        v.                                                        )<br>GARY C. GITTO, et al.,                            )<br>                                                                      )<br>                    Defendants,                      )<br>        and                                                    )<br>                                                                      )<br>FLEET NATIONAL BANK, et al.,            )<br>                                                                      )<br>        Trustee Process Defendants,        )<br>                                                                      )<br>        and                                                    )<br>                                                                      )<br>FIDELITY INVESTMENTS, INC.,            )<br>et al.,                                                          )<br>                                                                      )<br>        Reach-and-Apply Defendants.    ) | Case No. 04-12227-DPW |

**[PROPOSED] ORDER TO SHOW CAUSE WHY CHARLES N. GITTO, JR.
AND TRADEX CORPORATION SHOULD NOT BE HELD IN CONTEMPT**

Upon a showing made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") in the *Motion For an Order to Show Cause Why Charles N. Gitto, Jr. Should Not Be Held in Contempt*, together will all supporting papers, it appears to the Court that LaSalle has alleged facts that would seem to establish that Charles N. Gitto and Tradex Corporation are in violation of a Preliminary Injunction ordered by this Court and should appear to rebut the evidence offered by LaSalle or otherwise show cause why they should not be held in contempt. Accordingly:

IT IS ORDERED that Charles N. Gitto, Jr. and Tradex Corporation shall appear before this Court on _____ at _____ and show cause why they should not be held in contempt and be subject to civil sanction by this court.

Dated: _____

_____
United States District Judge