IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LASALLE BUSINESS CREDIT, LLC f/k/a )
LASALLE BUSINESS CREDIT, INC.,     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )     Case No. 04-12227-DPW
                                    )
GARY C. GITTO, et al.,              )
                                    )
            Defendants.             )
                                    )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT CHARLES N. GITTO, JR.'S MOTION TO QUASH SUBPOENAS**

Plaintiff, LaSalle Business Credit, LLC ("LaSalle") hereby oppose the Motion to Quash Subpoenas ("Motion to Quash") of Defendant Charles N. Gitto, Jr. ("Charles"), states that the information requested in the five subpoenas at issue is relevant, could lead to the discovery of admissible evidence and is, therefore, discoverable under Federal Rule of Civil Procedure 26(b)(1).

**Introduction**

Charles seeks to quash five subpoenas seeking financial information about him.[1] The bases asserted by Charles in support of the Motion to Quash are that the information is protected by attorney-client privilege, is irrelevant, is not limited to the dates of the alleged conspiracy, and is immune from discovery because it is designed to ascertain the extent of Charles' assets. None of these objections can withstand scrutiny.

---

[1] The subpoenas are directed to Bowditch & Dewey, LLP (law firm that represented Gitto Global, Charles, Gary Gitto and Frank Miller); Corbin & Tapases, PC (accounting firm that provided services to Tradex and Charles); Louis J. Pellegrine, Jr., PC (accounting firm that provided services to Gitto Global, Gary Gitto and Nancy Gitto Panagiotes); Goldman Sachs & Co. (brokerage firm with account of Charles); Legg Mason Wood Walker, Inc. (brokerage firm with account of Charles).

285611.2 042314-34311

**Relevant Information as to Time**

All relevant information is discoverable, and the definition of relevancy under the Federal Rules of Civil Procedure is extremely broad. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L. Ed. 2d 253 (1978); Fed. R. Civ. P. 26(b)(1). A discovery request is relevant if there is any probability it might be relevant to the subject matter of the action. See *Atchison Casting Corporation v. Marsh, Inc.,* 216 F.R.D. 225, 227 (D. Mass. 2003).

The financial records of Charles are relevant. LaSalle has alleged a vast conspiracy. A portion of the amount owed to LaSalle by Gitto Global and the Defendants in this action was initially incurred with LaSalle's predecessor lender. LaSalle has evidence that the fraudulent practices at Gitto Global were being used before LaSalle became a lender to the Company.[2] Evidence of the formation of the conspiracy and its participants prior to the relationship with LaSalle is relevant. See *King v. E.F. Hutton & Co.,* 117 F.R.D. 2, 7-10 (D.D.C. 1987) (in an action against a brokerage firm for violation of federal and state securities laws as well as civil RICO, discovery relating to events occurring prior to relationship between plaintiffs and defendants permissible); see also *Abu-Nasser v. Elders Futures,* 1991 U.S. Dist. Lexis 3794 (S.D.N.Y. 1991). The admissibility of prior wrongs or acts as proof of motive, intent, preparation, plan, knowledge or absence of mistake is specifically permitted under Federal Rule of Evidence 404(b). *U.S. v. Rodriguez*, 215 F.3d 110, 118 (1st Cir. 2000) ("Evidence of other criminal conduct has often been found 'specially relevant' when it tends to prove one or more of the elements of the crime of conspiracy.").

---

[2] The misrepresentation of Gitto Global's accounts receivable to support loan requests did not begin with the LaSalle loan in 2002. Defendant Janice Chaisson, who had been Gitto Global's accounts receivable supervisor, has admitted that the creation of false invoices and the complimentary check-kite using J&J Chemical had been going on since at least 2001. (Stillwell 12/6/04 Aff. ¶s 5-10). The J&J Chemical account at Clinton Bank used for the check-kite was opened in February, 2001. Ex. CSB 1. In addition, Charles made false representations to LaSalle's predecessor concerning Gitto Global's accounts receivable. (Snyder Aff. Ex. A)

In addition, the aim of the alleged conspiracy was to funnel the proceeds of the fraud out of Gitto Global Corporation into the hands of Charles and some of the other Defendants, to the detriment of LaSalle. LaSalle is entitled to discovery so that it may show where the money ended up to portray the breadth of the conspiracy. Discovery of such information is highly relevant. See *Shapo v. Engle,* 2001 U.S. Dist. Lexis 2223 (N.D. Ill. 2001) (plaintiffs entitled to trace where funds from fraud ended up).

Relatedly, LaSalle has alleged a civil RICO claim. One of the elements of such a claim is a pattern of racketeering activity, which means the commission of at least two related acts of racketeering activity during a span of ten years. See *In Re Lupron (R) Marketing and Sales Practices Litigation,* 295 F.Supp.2d 148, 164 (D. Mass. 2003). To demonstrate relatedness, the predicate acts must have the same or similar purposes, participants, victims or methods, or otherwise be intra-related by distinguishing characteristics. *Id*. Thus, discovery is necessary to establish relationships among various defendants and misdoings. Again, this discovery may involve formation of the conspiracy from a long-time before the relationship at issue.

The scope of discovery allowed in this case is governed by the nature of the litigation and the issues involved. LaSalle is entitled to discovery relating to events occurring prior to this relationship. Artificial restrictions to the time in which LaSalle and the Defendants dealt with each other must be rejected.

**Relevant Information Regarding Financial Condition**

The financial information sought is also relevant to enforcement of the status quo injunction entered by this Court. Charles has shown a propensity for transferring assets, despite the Court's status quo injunction. Accordingly, LaSalle has filed a contempt motion against Charles and Tradex. LaSalle is entitled to discover whether other assets have been transferred, other than the ones it has presently been able to identify.

Further, the District of Massachusetts approaches disclosure of income tax returns under a two-pronged test developed in the Second Circuit in *United States v. Bonanno Organized Crime Family of LaCosa Nostra,* 119 F.R.D. 625 (E.D.N.Y. 1988). See *Pedraza v. Holiday Housewares, Inc.,* 203 F.R.D. 40, 43 (D. Mass. 2001). To establish the two-pronged test for the discoverability of tax returns, it must be shown that (1) the tax returns are relevant to the action, and (2) the information contained must be otherwise unobtainable. The party seeking the tax returns must show that those returns are relevant. However, the party resisting disclosure bears the burden of establishing available alternative sources for the information. *Id*.

Charles' tax returns are relevant to the issues of the transfer of funds out of Gitto Global and to the dissipation of assets in contravention of the status quo injunction. In his motion, Charles fails to satisfy his burden of establishing alternative sources for this information. Since the tax returns are relevant, there is no basis to prohibit their disclosure.

**Privileged Communications**

Charles moves to quash the subpoena to Bowditch & Dewey LLP on the basis of attorney-client privilege. Attorney-client privilege applies only to confidential communications between client and attorney for the purpose of obtaining legal services or advice. *U.S. v. Massachusetts Inst. of Tech.,* 957 F. Supp. 301, 303 (D. Mass. 1997). Typically, the attorney-client privilege does not extend to billing records or expense reports. *In re Grand Jury Proceedings,* 33 F.2d 342, 353-54 (4th Cir. 1994); *In re Grand Jury Proceedings,* 201 F. Supp. 2d 5, 12 (D.D.C. 2001) ("fee and billing information is exactly the sort of attorney-client communication that courts have with near uniformity held not to be covered by the attorney-client privilege"). However, Charles has the burden of demonstrating the applicability of a privilege. *In re Grand Jury Subpoena,* 615 F. Supp. 958, 963 (D. Mass. 1985).

Charles seeks to invoke the attorney-client privilege on a wholesale basis without any factual foundation for its application. This is not a proper objection. *Eureka Financial Corp., v. Hartford Accident & Indemnity Co.*, 136 F.R.D. 179, 182 (E.D. Calif. 1991) (blanket assertion of attorney-client privilege is improper). Any objection based upon the attorney-client privilege is governed by Rule 26(b)(5).[3] Rule 26(b)(5) is clear: when a party withholds information on the grounds of privilege, it must produce a privilege log. No such log has been presented. The Court cannot make a determination as to the appropriateness of the privilege claim or the applicability of any exception, such as the crime-fraud exception, in a vacuum. Charles has failed to meet his burden of proof.

Lastly, items numbered A9 to 25 on the subpoena to Bowditch and Dewey, LLP do not appear to pertain to personal information of Charles. As such, he has no standing to object to that production.

---

[3] Rule 26(b)(5) states that:

when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

285611.2 042314-34311

For the foregoing reasons, the Motion of Charles N. Gitto, Jr. to Quash Subpoenas should be denied.

| | |
|---|---|
| Dated:  February 2, 2005 | Respectfully submitted, |
| | LASALLE BUSINESS CREDIT, LLC |
| | By:   /s/ Patrick W. Manzo   <br> One of its attorneys |

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500, Fax: (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300, Fax:  (312) 782-8416