**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,      )<br>                                                                  )<br>                     Plaintiff,                         )<br>       v.                                                    )<br>                                                                  )<br>GARY GITTO, et al.,                             )<br>                                                                  )<br>                     Defendants.                   )<br>_____) | Case No. 04-12227-DPW |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ENTRY OF SEPARATE**
**AND FINAL JUDGMENT ON COUNTS V AND**
**VI OF THE FIRST AMENDED COMPLAINT FOR BREACH OF GUARANTY**

Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), by its attorneys, moves the Court, pursuant to Rules 54(b) and 55(b) of the Federal Rules of Civil Procedure, for default judgment and entry of separate and final judgment on Count V against Defendant, Gary C. Gitto ("Gary Gitto"), and on Count VI against Defendant, Frank Miller, and in support, LaSalle states as follows:

1. On October 25, 2004, LaSalle filed its Complaint in this matter. Defendants Gary Gitto and Frank Miller were served with the Summons and Complaint on October 26, 2004.

2. On November 4, 2004, Gary Gitto appeared, but Frank Miller has never filed an appearance.

3. On December 31, 2004, LaSalle filed its First Amended Complaint. Count V under the First Amended Complaint seeks judgment against Gary Gitto in the amount of $3,000,000 under his limited guaranty and Count VI seeks judgment against Frank Miller in the amount of $3,000,000 under his limited guaranty. The claims in Counts V and VI of the First Amended Complaint are the same as those alleged in Counts VI and VIII of the Complaint.

285976.1 042314-34311

- 2 -

4.     Based upon the affidavits of Matthew Stilwell filed on October 25, 2004 and James Thompson, which is attached hereto as Exhibit A, the allegations of Counts V and VI are true and proven.  On July 25, 2002, LaSalle and Gitto Global Corporation ("Gitto Global") entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan to Gitto Global.  (Stilwell Aff., ¶5)  As part of the Loan and Security Agreement, Gitto Global executed and delivered to LaSalle a Revolving Note in the original principal sum of $27,000,000 and a Term Note in the original principal sum of $3,000,000.  (Stilwell Aff., ¶7)  In consideration of the credit being extended by LaSalle to Gitto Global, both Gary Gitto and Frank Miller executed and delivered to LaSalle limited guaranties in the amount of $3,000,000.  (Stilwell Aff., ¶¶8-9)  On September 26, 2004, Gitto Global filed for bankruptcy.  (Stilwell Aff., ¶14)

LaSalle is the owner and holder of the Revolving Note, Loan and Security Agreement, the Gary Gitto limited guaranty and the Frank Miller limited guaranty and all rights thereunder. (Thompson Aff., ¶4)  As of February 2, 2005, there is due and owing under the Revolving Note, for pre-petition debt, principal of $27,757,797.27 and interest in the amount of $4,316.99 and, for post-petition debt, principal of $275,000 and interest of $1,890.62.

5.     Frank Miller has failed to appear.  Gary Gitto has failed to answer either the Complaint or the First Amended Complaint.  Gary Gitto sought to stay these proceedings due to a concurrent criminal investigation for bank fraud so that he would not be placed in a position of being unable to defend himself without potentially waiving his Fifth Amendment privilege.  This Court denied the motion.

6.     This motion pertains to the contract, not bank fraud, claims.  Neither Defendant has articulated any defense to enforcement of the limited guaranties.  The contract claims solely involve executing a Limited Guaranty agreement, the guaranteed obligation falling into default,

- 3 -

and LaSalle being owed at least the limited guaranteed amount of $3,000,000. The conduct underlying the guarantee claims is wholly independent of the conduct involved with the fraud claims and, therefore, the circumstances surrounding invoking the privilege as to bank fraud. There is no basis for any apprehension that default or summary judgment proceedings would impair either Defendant's Fifth Amendment rights because the contract claims do not touch upon LaSalle's fraud claims. Accordingly, LaSalle is entitled to a judgment by default against each of them in the amount of $3,000,000.

7. Orix Financial Services Inc. ("Orix") and The CIT Group ("CIT") have both filed lawsuits against Gary Gitto and Frank Miller to recover on their guaranties of Gitto Global loans. Since mid-December, 2004, Orix and CIT have or are in the process of obtaining default judgments for $1,800,000 and $700,000, respectively. As judgment creditors, Orix and CIT will be able to pursue the assets of Gary Gitto and Frank Miller wherever located.

8. Rule 54(b) of the Federal Rules of Civil Procedure allows a court to direct entry of a final judgment as to one or more but not all claims or parties. To do so, the court must (1) determine finality in that it disposes fully "of at least a single substantive claim"; (2) determine that "there is no just reason for delay" in entry of the judgment; and (3) make specific findings setting forth the reasons of its order. See Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42-43 (1st Cir. 1988).

9. As for the first requirement, a "final judgment" is a decision upon a cognizable claim for relief which ultimately disposes of an individual claim. Curtiss-Wright Corp v. General Electric Co., 446 U.S. 1, 7, 64 L.Ed.2d 1, 100 S. Ct. 1460 (1980). Frank Miller's and Gary Gitto's liability is based on their Limited Guaranties, which are separate and distinct from their liability for bank fraud under the other counts of the First Amended Complaint. Under

Massachusetts law, a guarantor's liability is determined only under the terms of the guaranty. Merrimack Valley National Bank v. Baird, 372 Mass. 721, 363 N.E.2d 698, 690-91 (Mass. 1977). Hence, the first requirement is met because there is no significant relationship between the claims based on the personal guaranties and the remaining claims for RICO and conspiracy to defraud.

10. The second requirement requires tracing the interrelations of the claims underlying the proposed judgment (the guaranty claims) and the legal and factual claims remaining in the case (RICO and conspiracy to defraud), while also assessing the relative hardships. Spiegel, 834 F.2d at 42-43. The contract claims regarding the Limited Guaranties have no relationship to the tort claims for bank fraud. The operative facts and theories of liability are completely separate and distinct. Under such circumstances, Rule 54(b) judgments can be granted. See Pagoda Trading Co. v. Pro Moves, Inc., 1996 U.S. App. Lexis 2947 (8th Cir. 1996) (no justification to delay judgment on personal guaranty); FDIC v. Bernstein, 944 F.2d 101 (2d Cir. 1991) (as to claims on guaranty, they are "separate and distinct as to operative facts and theories of liability from the remaining claim"); FDIC v. Kuang Hsung Chuang, 690 F.Supp. 192 (S.D.N.Y. 1988) (entry of Rule 54(b) judgment on guaranty).

11. Moreover, in evaluating hardship, ensuring collection of a judgment is a proper basis under Rule 54(b) to enter a final judgment. Yaron Ungar v. The Palestinian Authority, 304 F.Supp.2d 232, 241 (D.R.I. 2004) ("a delay in entering a final judgment will cause an injustice to the plaintiff because the plaintiff may become unable to collect.") Likewise, other creditors of Gary Gitto and Frank Miller (Orix and CIT) are obtaining judgments on guaranty agreements. Gary Gitto's and Frank Miller's assets are limited. If through the exercise of the 5th Amendment, they are able to delay LaSalle from obtaining an enforceable judgment on their indisputable

- 5 -

guaranty obligations, LaSalle will suffer immeasurable hardship by being prevented from trying to satisfy its judgment. LaSalle recognizes that it has status quo injunctions and attachments in place. But, the attachments appear to be inferior liens on properties that do not have sufficient value. If any property of Gary Gitto and Frank Miller is ever located outside Massachusetts, there can be no attachment. Thus, LaSalle is handicapped from applying assets to satisfy the guaranty obligations, especially if the assets are outside the state.

12. Rule 54(b) seeks to avoid hardships, particularly in complex, multiparty litigation. It permits a plaintiff to force a defendant to appeal quickly in respect to claims that are separate and distinct, thereby disentangling the plaintiff from lengthy, time consuming litigation that could imperil the plaintiff's ability to recover. See: Comite Pro Escate De La Salud v. Puerto Rico Aqeduct and Sewer Auth., 888 F.2d 180 (1st Cir. 1989). That is precisely the situation here. A Rule 54(b) judgment is appropriate.

13. LaSalle has conferred with counsel for Gary Gitto, but the parties could not come to a resolution.

WHEREFORE, Plaintiff, LaSalle Business Credit LLC, prays for an order as follows:

(1) Directing the entry of a final judgment against Defendant, Gary Gitto, in the amount of $3,000,000, pursuant to Count V of the First Amended Complaint; and

(2) Directing the entry of a final judgment against Defendant, Frank Miller, in the amount of $3,000,000, pursuant to Count VI of the First Amended Complaint.

(3) An express determination that there is no just reason for delay in entry of those Judgments.

285976.1 042314-34311

- 6 -

Dated: February 9, 2005              Respectfully submitted,

                                     LASALLE BUSINESS CREDIT, LLC


                                     By:      /s/ Patrick W. Manzo
                                            One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500, Fax: (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 346-1300, Fax: (312) 782-8416

- 6 -

285976.1 042314-34311