IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GARY C. GITTO, *et al* <br><br> Defendants, <br> and <br><br> FLEET NATIONAL BANK, *et al* <br><br> Trustee Process Defendants, <br><br> and <br><br> FIDELITY INVESTMENTS, INC., *et al* <br><br> Reach-and-Apply Defendants. | Case No. 04-12227-DPW |

### DEFENDANT LOUIS J. PELLEGRINE, JR'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPROVAL OF ATTACHMENT OF REAL PROPERTY AND FOR A PRELIMINARY INJUNCTION

Defendant Louis J. Pellegrine, Jr. hereby opposes Plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc.'s ("LaSalle's") motion for a preliminary injunction that ostensibly seeks to "preserve the status quo" of Mr. Pellegrine, and its motion to approve an attachment of Mr. Pellegrine's real property. The threadbare allegations concerning Mr. Pellegrine, an accountant, are wholly inadequate to support the extraordinary relief requested. Indeed, the case against Mr. Pellegrine apparently boils down to the allegations (i) that he was involved in the formation of a corporation (Hemisphere Distribution Corporation ("Hemisphere")), (ii) that he paid a telephone bill for Hemisphere, and (iii) that he forwarded

audit confirmation letters to LaSalle. On the basis of this so-called evidence, LaSalle has simply failed to demonstrate a likelihood of success on the merits against Mr. Pellegrine, or the necessary irreparable harm which would allow this Court to grant the requested relief. Therefore, Mr. Pellegrine requests that this Court deny LaSalle's request for a preliminary injunction and an attachment of Mr. Pellegrine's real property.

The standards for a preliminary injunction are oft-quoted and well known to the Court. In short, in deciding whether to grant a preliminary injunction against Mr. Pellegrine, this Court must consider: (1) LaSalle's likelihood of success of the merits; (2) whether LaSalle will suffer irreparable injury if this Court denies the preliminary injunction; (3) the balance of hardship on Mr. Pellegrine if this Court grants the preliminary injunction against the hardship on LaSalle if this Court denies the preliminary injunction, and (4) the effect of this Court's ruling on public interest. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996). Here, after carefully reviewing the record, this Court should conclude that LaSalle has failed to offer sufficient evidence of Mr. Pellegrine's involvement in the alleged fraud to support a preliminary injunction against Mr. Pellegrine.

LaSalle cites to its First Amended Complaint and supporting affidavits without giving this Court specific evidence as to why it is likely to prevail on the merits against Mr. Pellegrine. The allegations concerning Mr. Pellegrine are few and far between. The so-called Stilwell Affidavits say little more than that Mr. Pellegrine was Gitto Global's accountant, not that he knowingly or intentionally participated in any fraudulent scheme to defraud LaSalle. For example, LaSalle states that Mr. Pellegrine was involved in the creation of Hemisphere and attaches as exhibits an invoice for services rendered in connection with the formation of the corporation, a copy of a Verizon telephone bill addressed to Hemisphere, and a check for

BOS1459663.3

2

payment of that bill by Mr. Pellegrine's accounting firm from its client escrow account. *See Affidavit of Matthew Stilwell* dated January 18, 2005 ("*Stilwell 4*") at ¶ 4; *Affidavit of Matthew Stilwell* dated December 6, 2005 ("*Stilwell* 3") at ¶ 7; *Affidavit of Matthew Stilwell* dated October 21, 2004 ("*Stilwell 1*") at ¶ 30. On the basis of that factual assertion, an invoice and a paid telephone bill, LaSalle leaps to the conclusion that Mr. Pellegrine must necessarily have known that Hemisphere was a fictitious company without offering any evidence to support this conclusion. In fact, LaSalle does not offer any evidence whatsoever that Mr. Pellegrine was involved with or knew about any alleged Hemisphere checks that Gitto Global purportedly never cashed. In addition, the "evidence" that Mr. Pellegrine forwarded audit confirmations to LaSalle similarly does not, in and of itself, connect Mr. Pellegrine to any fraud. *See Stilwell I* at ¶¶ 46 and 57; *Stilwell* 3 at ¶ 28. Rather, it merely shows an accountant doing his job as an accountant. Under these circumstances, with this skimpy record, this Court should find that LaSalle has not shown a likelihood of success on the merits.

LaSalle has also failed to offer any evidence that it will be irreparably injured if it does not obtain a preliminary injunction against Mr. Pellegrine. Indeed, it is Mr. Pellegrine who will be harmed if an injunction enters. Mr. Pellegrine runs a small accounting firm, the profits of which are used to support his wife and two children. Under these circumstances, LaSalle cannot fairly argue to this Court that it will suffer irreparable injury or that any hardship LaSalle may suffer from not receiving a preliminary injunction outweighs the substantial harm to Mr. Pellegrine if this Court grants the preliminary injunction. Indeed, read literally, Mr. Pellegrine would not be permitted to discard the daily newspaper without running afoul of the proposed injunction. For this reason as well, LaSalle's motion for a preliminary injunction should be denied.

## CONCLUSION

For the foregoing reasons, Mr. Pellegrine urges this Court to deny LaSalle's request for a preliminary injunction against Mr. Pellegrine, to deny LaSalle's motion to attach Mr. Pellegrine's real property, and to grant such relief as the Court deems just and necessary.

Respectfully submitted,

LOUIS J. PELLEGRINE, JR.,

By his attorneys,

/s/ Robert P. Sherman
Robert P. Sherman (BBO # 458540)
Gina M. McCreadie (BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

DATED:  February 10, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served upon the following: Colleen A. Hankins, Esq., FMR Corp., 82 Devonshire Street, F6B, Boston, MA 02109; John L. Conlon, Esq., Schwartz, Cooper, Greenberger & Krauss, 180 N. LaSalle Street, Suite 2700, Chicago, IL 60601; David L. Kelston, Esq., Adkins Kelston & Zavez, PC, 90 Canal Street, Boston, MA 02114; John D. Tersigni, 24 Field Road, Leominster, MA 01453; Stephen M. Rodolakis, Esq., MacCarthy Pojani & Hurley LLP, 446 Main Street, Worcester, MA 01608, by first class mail on February 10, 2005.

/s/ Robert P. Sherman
Robert P. Sherman

BOS1459663.3

4