UNITED STATES DISTRICT COURT
For The
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., <br>        Plaintiff <br><br> v. <br><br> GARY C. GITTO, et als, <br>        Defendants <br><br> and <br><br> FLEET NATIONAL BANK, et al. <br><br>        Trustee Process Defendants <br><br> and <br><br> FIDELITY INVESTMENTS, INC., et al <br><br>        Reach and Apply Defendants | Case No. 04CV12227DPW |

### OPPOSITION OF CHARLES GITTO AND TRADEX CORPORATION TO MOTION FOR ORDER TO SHOW CAUSE

Charles Gitto and Tradex Corporation, through counsel, hereby oppose the motion brought by LaSalle Business Credit for an order to show cause why they should not be held in contempt for the following reasons:

1.    The transfers from Charles Gitto's Legg Mason Account to Christa Gitto's Legg Mason Account (See paragraph 5 of LaSalle's Motion), were made upon the advise of Mr. Gitto's prior estate planning attorney, Thomas Grassia. Specifically, by letter dated December 9, 2004, Mr. Grassia advised Mr. Gitto to, "shift [his] Legg Mason account into Christa's account..." so as to, "...benefit [his] estate tax situation." (See letter attached

hereto as Exhibit A). Mr. Grassia included with his letter a draft request for Christa Gitto to sign in order to accomplish the transfer.

2. At the time Mr. Grassia gave his advise to Charles Gitto, he was aware that Mr. Gitto's assets had been enjoined in connection with this proceeding. Indeed, Mr. Grassia was in receipt of a letter, placing him on notice of a claim against his law firm arising from the injunction and attachments placed against Mr. Gitto's assets.

3. The Gittos relied on the advise of estate planning counsel (unbeknownst to within counsel) in making the Legg Mason Transfers.

4. The assets transferred from Charles Gitto to Christa Gitto have not been dissipated by the Gittos.

5. Upon receipt of the within motion, current counsel advised Christa Gitto to return the assets transferred from Mr. Gitto's account to her own, back into Mr. Gitto's account. As a result, Christa Gitto has instructed Legg Mason to restore the assets to Mr. Gitto's account. (See Exhibit B)

6. In making the Legg Mason transfers, the Gittos reasonably (albeit erroneously) relied upon the advise of their former estate planning attorney.

7. Thus, even if this court were to conclude that the transfer constituted a violation of the restraining orders, Mr. Gitto has purged himself of any contempt by virtue of the re-transfer.

8. A review of the Tradex Corporation Bank statements for the periods November 1, 2004 through January 13, 2005 reveal as follows:

    a. During the month of November 2004, permissible withdrawals in the total sum of Twenty Thousand Six Hundred Thirty Nine ($20,639.26) and twenty-six cents

($13,472.26 to the Lawrence Savings Bank to pay the mortgage plus $7,167.00 as allowed by the court), impermissible withdrawals totaling Twelve Thousand Sixty Eight ($12,068.92) Dollars and ninety two cents offset by permissible deposits made by Christa Gitto totaling Three Thousand ($3,000) Dollars. Thus, checks written in November 2004 on the Tradex account in violation of the restraining order total $12,068.92.

        b.      During the month of December 2004, permissible withdrawals in the total sum of Twenty Thousand Six Hundred Thirty Nine ($20,639.26) and twenty-six cents ($13,472.26 to the Lawrence Savings Bank to pay the mortgage plus $7,167.00 as allowed by the court), impermissible withdrawals totaling Five Thousand Three Hundred Seventy Two ($5,372.85) Dollars and eight five cents offset by permissible deposits made by Christa Gitto totaling Three Thousand Six Hundred ($3,600) Dollars. Thus, checks written in December 2004 on the Tradex account in violation of the restraining order total $1,772.85.

        c.      For the month of January 2005, permissible withdrawals in the total sum of Twenty Thousand Six Hundred Thirty Nine ($20,639.26) and twenty-six cents ($13,472.26 to the Lawrence Savings Bank to pay the mortgage plus $7,167.00 as allowed by the court), impermissible withdrawals totaling Thirty Six Thousand thirty Eight ($36,038.43) Dollars and forty three cents offset by permissible deposits made by Christa Gitto totaling Eighteen Thousand Five Hundred ($18,500) Dollars. Thus, checks written in January 2005 on the Tradex account in violation of the restraining order total $17,538.43.

        9.      The above impermissible sums total $31,380.20 for the period November 1, 2004 - January 31, 2005.

10.     During the same period of time Christa Gitto transferred Nineteen Thousand Seventy Four ($19,074.00) Dollars from her own accounts into the Gitto joint checking account. The Christa Gitto transfers do not violate the restraining order.

11.     From November 1, 2004 to present, Mr. Gitto has encountered a substantial number of unanticipated expenses. For example, when Gitto/Global was sold in bankruptcy, Mr. Gitto lost his health insurance. As a result, he has paid over $15,000.00 dollars in uninsured medical/dental expenses (Exhibit C; $10,000 Lahey Clinic; $2,600 to Lawson Merino & Bertera Ins.; $2,600 in dental bills, and approximately $700 per month in prescription costs). In addition his health insurance costs going forward are expected to be $1,971.37 going forward (Exhibit C).

12.     Tradex Corporation paid taxes in the sum of $893.55 to the Town of Lunenburg for taxes due on the Tradex property. (Exhibit D) Taxes on that property for 2005 will total Twenty Eight Thousand Sixty Two Thousand ($28,062.02) Dollars. In addition, the Gittos have paid real estate taxes on their residence in the sum of Two Thousand Six Hundred Thirty Seven ($2,637.97) Dollars and ninety seven cents. (Exhibit E).

13.     Thus, during the period that Mr. Gitto exceeded permissible payments under the restraining order, he also incurred necessary and unanticipated expenses of approximately $48,893.54. It is only as a result of the additional financial contributions Mr. Gitto received from his wife that he did not fall further into debt with this Court.

14.     Following the hearing January 2005, within counsel attempted to renegotiate the limits of the restraining order with opposing counsel in order to permit Mr. Gitto access to funds to pay anticipated income taxes, legal fees incurred and the above referenced unanticipated expenses. Following failed negotiations, counsel was preparing a motion to

increase the amount of funds available under the restraining order when LaSalle's motion for an order to show cause was filed and served.

WHEREFORE, Charles Gitto respectfully requests that this Honorable Court deny the motion for an order to show cause on the grounds that Charles Gitto has reversed the Legg Mason transfer made on the advice of counsel, and that the expenditures made in excess of the current restraining order were reasonable and necessary under the circumstances.

In the alternative, Mr. Gitto requests the opportunity to re-imburse Tradex Corporation in the sum of $31,380.20, to account for the excess expenditures made from November 1, 2004 through January 31, 2005, within three days of receipt of an order from this Court.

        RESPECTFULLY SUBMITTED:
        Charles N. Gitto, Jr.
        Through his counsel,


        /s/ Juliane Balliro
        Juliane Balliro (BBO # 029010)
        Perkins Smith & Cohen LLP
        One Beacon Street
        Boston, MA 02108
        (617) 854-4000

Dated: February 11, 2005