UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC.<br><br>Plaintiff,<br><br>v.<br><br>GARY C. GITTO, et al,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT GARY C. GITTO'S OPPOSITION
TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
ON COUNT V OF THE FIRST AMENDED COMPLAINT**

Plaintiff has moved for a default judgment, and entry of separate and final judgment, against defendant Gary C. Gitto, on Count V of its First Amended Complaint, alleging breach of guarantee. Defendant opposes this motion because it is thoroughly at odds with the position taken by plaintiff in opposing the defendant's motion for stay:

1. Previously, the defendant moved to stay proceedings in this case after the Court's decision on the motion for preliminary injunction. Plaintiff opposed, stating, in part, as follows:

> The only hardship for the continuation of this case identified by Movants is that they will supposedly have to risk criminal exposure to avoid being defaulted. . . . <u>LaSalle has no present intention of seeking any default judgments against Movants</u>.

LaSalle Business Credit, LLC's Response In Opposition to the Motions of Defendants

Gary C. Gitto, Kathleen M. Carland, William Deakin and Janice Chaisson to Stay Further Proceedings, p. 4.

2. On January 5, this Court denied defendant's motion for stay, according to the Clerk's Notes, "except in regards to the [assertion] of 5th amendment rights," presumably relying on plaintiff's assurances.

3. Thereafter, relying on these same assurances by plaintiff, defendant has made no attempt to investigate, discover, or otherwise respond to plaintiff's claims, including Count V.

4. On February 9, 2005, not five weeks after the Court upheld plaintiff's opposition to the stay, plaintiff moved to default the defendant on Count V.  Other than the required conference preceding the filing of the motion, plaintiff gave defendant no notice that it had changed its "intention" in respect to this matter, and that defendant would now be required to respond to this claim at this time.

5. Plaintiff's attempt to default the defendant violates both the letter and spirit of the doctrine of judicial estoppel, which "prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003).  There are two conditions for the application of the doctrine.  First, "the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive." Alternative System Concepts, Inc. v. Synopsis, Inc., 374 F.3d 23 (1st Cir. 2004).  Plaintiff should not be heard to argue that the prior representation of its

"present intention" is not necessarily "directly inconsistent" with a change of mind. Such an argument would raise more questions about plaintiff's representations than it solves: as the situation has hardly changed since January 5, one would therefore have to wonder what plaintiff truly had in mind when the original representation was made. <u>Second</u>, "the responsible party must have succeeded in persuading a court to accept its prior position." That condition, too, has been met here.

6. Moreover, even if this case did not fit literally within the judicial estoppel doctrine, it certainly does fit within the underlying policy, which this Court ought to consider in exercising its discretion on the motion.

7. Plaintiff argues that it does not have to abide by its previous assurances, since Count V relates only to defendant's guarantee and not the fraud claims, and that therefore defendant's Fifth Amendment rights are not threatened. This is a non-sequitor. Plaintiff ignores the well settled Fifth Amendment principle that the privilege "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." <u>Hoffman v. United States</u>, 341 U.S. 479, 486 (1951). Moreover, defendant's rights would potentially be threatened by any defense which required defendant to testify as to any matter related to the LaSalle loan, since any testimony could constitute a waiver as to any subject matter covered.

8. Plaintiff would not be harmed by denial of the motion. It has already obtained security and protection, in the form of preliminary orders. Plaintiff complains that other

creditors already have or are in the process of obtaining default judgments, but it does not explain how its failure to do the same, at this time, will harm it in the end.

                                            Respectfully submitted,
                                            Gary C. Gitto,

                                            By his attorneys,

                                            /s/ *Max D. Stern*
                                            Max D. Stern, BBO #479560
                                            Stern, Shapiro, Weissberg & Garin, LLP
                                            90 Canal Street, 5th Floor
                                            Boston, MA 02114
                                            (617) 742-5800


                                            /s/David L. Kelston
                                            David L. Kelston, BBO #267310
                                            Adkins, Kelston & Zavez, P.C.
                                            90 Canal Street, 5th Floor
                                            Boston, MA 02114
                                            (617) 367-1040

Dated: February 14, 2005.

G:\SSWG\Gitto\LaSalle Business Credit\LaSalle v. Gitto\Gitto's Opp to Motion to Default Count V.wpd