**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,     )<br>                                                            )<br>              Plaintiff,                               )<br>     v.                                                     )<br>                                                            )<br>GARY GITTO, et al.,                           )<br>                                                            )<br>              Defendants.                        )<br>_____) | Case No. 04-12227-DPW |

**PLAINTIFF'S STATEMENT REGARDING APPLICABILITY OF 28 U.S.C. §455(b)(4)**

Pursuant to an order of this Court, Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), by its attorneys, has made inquiry into the effect, if any, of the Court's ownership of shares in certain mutual funds managed by Fidelity Investments, Inc. ("Fidelity Investments") on these proceedings.

Fidelity Investments, Inc. has been named a trustee process defendant and reach and apply defendant for purposes of securing the attachments of other defendants' interest in certain funds or accounts. LaSalle has concluded that the Court's ownership of shares in mutual funds managed by Fidelity Investments does not require disqualification under 28 U.S.C. §455(b)(4). In support thereof, LaSalle states:

1.   Section 455 (b)(4) provides that a judge must disqualify himself if : "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455 (b)(4).

2.  The term "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party. 28 U.S.C. § 455 (d)(4).

3.  Pursuant to 28 U.S.C. § 455 (d)(4)(i), however, "Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund."

4.  Further, "[t]he proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, <u>or a similar proprietary interest</u>, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest." 28 U.S.C. § 455 (d)(4)(i) (emphasis added).

5.  Plaintiff has concluded that the Court's ownership of mutual fund shares does not constitute a financial interest in any underlying securities, and that the Court's proprietary interest in Fidelity Investments as manager of those mutual funds, does not constitute a financial interest because the outcome of these proceedings will not substantially affect the value of that interest, if any.

- 3 -

| | |
|---|---|
| Dated: February 18, 2005 | Respectfully submitted,<br><br>LASALLE BUSINESS CREDIT, LLC<br><br><br>By:     /s/ Patrick W. Manzo<br>          One of its attorneys |

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500, Fax: (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300, Fax:  (312) 782-8416