IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC.,    ) <br>                                                              ) <br>               Plaintiff,                              ) <br>                                                              ) <br>        v.                                                ) <br>                                                              ) <br> GARY GITTO, et al.,                           ) <br>                                                              ) <br>              Defendants.                       ) <br> _____) | Case No. 04-12227-DPW |

**PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND ENTRY OF SEPARATE AND FINAL
JUDGMENT AS TO DEFENDANT GARY C. GITTO ON COUNT V
OF THE FIRST AMENDED COMPLAINT FOR BREACH OF GUARANTY**

Pursuant to Rules 56 and 54(b) of the Federal Rules of Civil Procedure Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), by its attorneys, moves the Court for summary judgment and entry of separate and final judgment on Count V against Defendant Gary C. Gitto ("Gary Gitto"). In support hereof, LaSalle refers the Court to the Affidavit of James D. Thompson, and states as follows:

**Summary Judgment**

1.       On October 25, 2004, LaSalle filed its Complaint in this matter. Defendant Gary Gitto was served with the Summons and Complaint on October 26, 2004.

2.       On November 4, 2004, Gary Gitto appeared in this action.

3.       On December 31, 2004, LaSalle filed its First Amended Complaint. Count V under the First Amended Complaint seeks judgment against Gary Gitto on account of his limited guaranty. The claims in Count V of the First Amended Complaint are the same as those alleged in Count VI of the Complaint.

4. The undisputed facts are set forth in the affidavit of James Thompson, which is filed herewith. On July 25, 2002, LaSalle and Gitto Global Corporation ("Gitto Global") entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan to Gitto Global. (Thompson Aff., ¶4) As part of the Loan and Security Agreement, Gitto Global executed and delivered to LaSalle a Revolving Note in the original principal sum of $27,000,000 and a Term Note in the original principal sum of $3 million. (Thompson Aff., ¶5) In consideration of the credit being extended by LaSalle to Gitto Global, Gary Gitto executed and delivered to LaSalle limited guaranties pursuant to which he guaranteed the obligations of Gitto Global to LaSalle in an amount of up to $3 million and no less than $2.5 million (the "Gitto Guaranty"). (Thompson Aff., ¶¶5) On September 26, 2004, Gitto Global filed for bankruptcy. (Thompson Aff., ¶7)

LaSalle is the owner and holder of the Revolving Note, Loan and Security Agreement and the Gitto Guaranty and all rights thereunder. (Thompson Aff., ¶8) As of February 2, 2005, there is due and owing under the Revolving Note, for pre-petition debt, principal of $27,757,797.27 and interest in the amount of $4,316.99 and, for post-petition debt, principal of $275,000 and interest of $1,890.62. (Thompson Aff., ¶9) The Gitto Guaranty provided that the amount of the guaranty would be reduced by payments of principal under the Term Note, but not to less than $2.5 million. Since this condition occurred and Gitto Global owes LaSalle in excess of $2.5 million, Gary Gitto owes LaSalle $2.5 million plus costs of collection.

5. Gary Gitto has failed to answer either the Complaint or the First Amended Complaint. Gary Gitto sought to stay these proceedings due to a concurrent criminal investigation for bank fraud so that he would not be placed in a position of being unable to defend himself without potentially waiving his Fifth Amendment privilege. This Court denied the motion.

6. This motion pertains to the contract, not bank fraud, claims. Gary Gitto has not articulated any defense to enforcement of the limited guaranty. The contract claims solely involve the execution by Gary Gitto of the Gitto Guaranty, the principal obligor failing to pay amounts due, and LaSalle being owed in excess of the limited guaranteed amount of $2.5 million. The guaranty claims are wholly independent of the conduct involved with the fraud claims and the circumstances surrounding invoking the privilege as to bank fraud. There is no basis for any apprehension that summary judgment proceedings would impair either Defendant's Fifth Amendment rights because the contract claims do not touch upon LaSalle's fraud claims.

7. Rule 56(c) requires the Court to render judgment for the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The device of summary judgment "has proven its usefulness as a means of avoiding full-dress trials in unwinnable cases, thereby freeing courts to utilize scarce judicial resources in more beneficial ways." Wynne v. Tufts Univ. Sch. Of Med., 976 F.2d 791, 793-794 (1st Cir. 1992). In operation, summary judgment's role is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required. *Id.*

8. In the instant case, Gary Gitto has articulated no legal theory or defense to LaSalle's claim for recovery pursuant to the guaranty. Absent such a defense, LaSalle is entitled to summary judgment against Gary Gitto in the amount of $2.5 million.

### Separate and Final Judgment

9. Orix Financial Services Inc. ("Orix") and The CIT Group ("CIT") have both filed lawsuits against Gary Gitto to recover on their guaranties of Gitto Global loans. Since mid-

December, 2004, Orix and CIT have or are in the process of obtaining default judgments for $1,800,000 and $700,000, respectively. As judgment creditors, Orix and CIT will be able to pursue the assets of Gary Gitto wherever located.

10. Rule 54(b) of the Federal Rules of Civil Procedure allows a court to direct entry of a final judgment as to one or more but not all claims or parties. To do so, the court must (1) determine finality in that it disposes fully "of at least a single substantive claim"; (2) determine that "there is no just reason for delay" in entry of the judgment; and (3) make specific findings setting forth the reasons of its order. See Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42-43 (1st Cir. 1988).

11. As for the first requirement, a "final judgment" is a decision upon a cognizable claim for relief which ultimately disposes of an individual claim. Curtiss-Wright Corp v. General Electric Co., 446 U.S. 1, 7, 64 L.Ed.2d 1, 100 S. Ct. 1460 (1980). Gary Gitto's liability is based on the Gitto Guaranty, which is separate and distinct from their liability for bank fraud under the other counts of the First Amended Complaint. Under Massachusetts law, a guarantor's liability is determined only under the terms of the guaranty. Merrimack Valley National Bank v. Baird, 372 Mass. 721, 363 N.E.2d 698, 690-91 (Mass. 1977). Hence, the first requirement is met because there is no significant relationship between the claims based on the Gitto Guaranty and the remaining claims for RICO and conspiracy to defraud.

12. The second requirement requires tracing the interrelations of the claims underlying the proposed judgment (the guaranty claim) and the legal and factual claims remaining in the case (RICO and conspiracy to defraud), while also assessing the relative hardships. Spiegel, 834 F.2d at 42-43. The contract claims regarding the Gitto Guaranty have no relationship to the tort claims for bank fraud. The operative facts and theories of liability are

completely separate and distinct.  Under such circumstances, Rule 54(b) judgments can be granted.  See Pagoda Trading Co. v. Pro Moves, Inc., 1996 U.S. App. Lexis 2947 (8th Cir. 1996) (no justification to delay judgment on personal guaranty); FDIC v. Bernstein, 944 F.2d 101 (2d Cir. 1991) (as to claims on guaranty, they are "separate and distinct as to operative facts and theories of liability from the remaining claim"); FDIC v. Kuang Hsung Chuang, 690 F.Supp. 192 (S.D.N.Y. 1988) (entry of Rule 54(b) judgment on guaranty).

13. Moreover, in evaluating hardship, ensuring collection of a judgment is a proper basis under Rule 54(b) to enter a final judgment.  Yaron Ungar v. The Palestinian Authority, 304 F.Supp.2d 232, 241 (D.R.I. 2004) ("a delay in entering a final judgment will cause an injustice to the plaintiff because the plaintiff may become unable to collect.")  Likewise, other creditors of Gary Gitto (Orix and CIT) are obtaining judgments on guaranty agreements.  Gary Gitto's assets are limited.  If through the exercise of the 5th Amendment, Gary Gitto is able to delay LaSalle from obtaining an enforceable judgment on their indisputable guaranty obligations, LaSalle will suffer immeasurable hardship by being prevented from trying to satisfy its judgment.  LaSalle recognizes that it has status quo injunctions and attachments in place.  But, the attachments appear to be inferior liens on properties that do not have sufficient value.  If any property of Gary Gitto is ever located outside Massachusetts, there can be no attachment.  Thus, LaSalle is handicapped from applying assets to satisfy the guaranty obligations, especially if the assets are outside the state.

14. Rule 54(b) seeks to avoid hardships, particularly in complex, multiparty litigation.  It permits a plaintiff to force a defendant to appeal quickly in respect to claims that are separate and distinct, thereby disentangling the plaintiff from lengthy, time consuming litigation that could imperil the plaintiff's ability to recover.  See: Comite Pro Escate De La Salud v. Puerto

Rico Aqeduct and Sewer Auth., 888 F.2d 180 (1st Cir. 1989).  That is precisely the situation here. A Rule 54(b) judgment is appropriate.

## Local Rule 7.1 Certification

15. LaSalle has conferred with counsel for Gary Gitto in an effort to resolve or narrow the scope of this motion.

## Reservation of Rights

16. By bringing this motion on Count V of the First Amended Complaint only, LaSalle reserves all of its rights and remedies as to all other claims against Gary Gitto and all other persons or entities.

## Prayer for Relief

WHEREFORE, for the reasons stated and upon the authorities cited herein Plaintiff, LaSalle Business Credit LLC, requests that this Court:

(1) Enter summary judgment against Defendant, Gary Gitto, in the amount of $2.5 million, plus costs of collection, pursuant to Count V of the First Amended Complaint;

(2) Direct the entry of a final judgment against Defendant, Gary Gitto, in the amount of $2.5 million, pursuant to Count V of the First Amended Complaint;

(3) Make an express determination that there is no just reason for delay in entry of that judgment; and

(4) Grant such other and further relief as is just.

Dated:  February 18, 2005                                      Respectfully submitted,

                                                          LASALLE BUSINESS CREDIT, LLC


                                                          By:        /s/ Patrick W. Manzo
                                                                  One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500, Fax: (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300, Fax:  (312) 782-8416