IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC.,   ) <br>                                                      ) <br>                    Plaintiff,              ) <br>         v.                                       ) <br>                                                      ) <br> GARY C. GITTO, et al.,                ) <br>                                                      ) <br>                    Defendants.         ) <br> _____) | Case No. 04-12227-DPW |

## AFFIDAVIT OF JAMES D. THOMPSON

James D. Thompson, being duly sworn on oath, states and affirms the following facts in connection with Plaintiff's Motion for Summary Judgment against Gary Gitto:

1. Affiant is the group senior vice president of LaSalle Bank National Association and has the authority to make this affidavit on behalf of LaSalle Business Credit LLC. LaSalle Business Credit is a limited liability company organized and existing under the laws of the State of Delaware, with executive offices in Chicago, Illinois. LaSalle Business Credit is a wholly-owned subsidiary of LaSalle National Leasing Corporation, which is a wholly-owned subsidiary of LaSalle Bank National Association, a federally-insured national banking association which provides funding to LaSalle Business Credit.

2. Affiant is in charge of loan administration at LaSalle Bank and as such, is overseeing collection of the indebtedness owed by Gitto Global Corporation.

3. Affiant is a keeper of the books and records of LaSalle Bank and LaSalle Business Credit and those records are made and maintained in the ordinary course of their business. One of the records made and maintained is the loan transaction involving Gitto Global Corporation.

288114.1 042314-34311

- 2 -

4.  On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, under which LaSalle would lend up to 85% of the face amount of Gitto Global's Eligible Accounts, as defined, and 65% of the lower cost or market value of Gitto Global's Eligible Inventory, as defined, or $6,000,000, whichever was less ("LaSalle revolving loan"). Eligible Accounts was defined, <u>inter alia</u>, under the Loan and Security Agreement to be "genuine", to arise from the performance of services by Gitto Global and evidenced by an invoice that was due and payable within 30 days and not less than 90 days past due. Eligible Inventory was defined, <u>inter alia</u>, as being owned by Gitto Global, located at one of its premises and held for sale. In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle term loan"). A true and correct copy of the Loan and Security Agreement is attached is attached to the Complaint filed (or to be filed) as captioned above ("Complaint") as <u>Exhibit A</u>.

5.  As part of the Loan and Security Agreement, Gitto Global executed and delivered to LaSalle a Revolving Note in the original principal sum of $27,000,000, which is attached to the Complaint as <u>Exhibit B</u> and a Term Note in the original principal sum of $2,500,000, which is attached to the Complaint as <u>Exhibit C</u>.

6.  In consideration of the credit being extended by LaSalle to Gitto Global, Gary Gitto executed and delivered to LaSalle a Limited Guaranty in the amount of no less than $2,500,000, plus all court costs and reasonable attorneys' and paralegals' fees paid or incurred by LaSalle in collecting Gitto Global's liabilities, which is attached to the Complaint as <u>Exhibit D</u>.

7.  On September 24, 2004, Gitto Global filed bankruptcy.

8. LaSalle Business Credit is the owner and holder of the Revolving Note, Loan and Security Agreement, Gary Gitto limited guaranty and all rights thereunder.

9. As of February 2, 2005, there is due and owing for principal prior to the bankruptcy petition of Gitto Global for principal of $27,757,797.27 and interest of $4,316.99 and post-petition principal of $275,000 and interest of $1,890.62.

10. As of February 2, 2005, there is due and owing under the Term Loan, the principal balance of $833,333.42.

FURTHER AFFIANT SAYETH NOT.

_____
James D. Thompson

Subscribed and sworn to before me
this 16 day of February, 2005.

_____
Notary Public

My commission expires:

"OFFICIAL SEAL"
KAREN PARRISH
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 07/02/2008

- 3 -

288114.1 042314-34311