IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> GARY C. GITTO, et al., ) <br> ) <br> Defendants, ) <br> and ) <br> ) <br> FLEET NATIONAL BANK, et al., ) <br> ) <br> Trustee Process Defendants, ) <br> ) <br> and ) <br> ) <br> FIDELITY INVESTMENTS, INC., ) <br> et al., ) <br> ) <br> <u>Reach-and-Apply Defendants.</u> ) | Case No. 04-12227-DPW |

### ORDER APPROVING EQUITABLE ATTACHMENTS IN THE FORM OF REACH-AND-APPLY INJUNCTIONS

Upon a showing made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle"), together will all supporting papers, the Court finds that there is a reasonable likelihood that the plaintiff will recover judgment against in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available and that either i) the person of the Defendants are not subject to the jurisdiction of the court in the action, or ii) there is a clear danger that the Defendants, if notified in advance of attachment of the interests, will convey them, remove them from the state or conceal them, or iii) there is immediate danger that the Defendants will damage or destroy the interests to be attached.

## GARY GITTO

IT IS ORDERED that, pending further order of this court, reach-and-apply defendant SUPERIOR POLYMERS CORPORATION shall:

a. be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property, interests or payments owed to GARY C. GITTO;

b. be enjoined from making any payment or transfer, directly or indirectly, to GARY C. GITTO arising from his interest in, or interests held by, SUPERIOR POLYMERS CORPORATION; and

c. reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that GARY C. GITTO shall be enjoined from accepting any payments on account of any interest in or held by SUPERIOR POLYMERS CORPORATION, and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by SUPERIOR POLYMERS CORPORATION, or any other person in possession of certificated securities belonging to or for benefit of GARY C. GITTO is hereby appointed keeper of those certificated securities for benefit of LaSalle.

## CHARLES N. GITTO, JR.

IT IS ORDERED that, pending further order of this court, reach-and-apply defendant LEGG MASON, INC. and its affiliates shall:

d. be enjoined from paying in whole or in part, offsetting, assigning, alienating,

selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property, interests or payments owed to CHARLES N. GITTO, JR.;

e. be enjoined from making any payment or transfer, directly or indirectly, to CHARLES N. GITTO, JR. arising from his interest in, or interests held by, LEGG MASON, INC. or its affiliates; and

f. reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that CHARLES N. GITTO, JR. shall be enjoined from accepting any payments on account of any interest in or held by LEGG MASON, INC. or its affiliates, and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by LEGG MASON, INC. or its affiliates, or any other person in possession of certificated securities belonging to or for benefit of CHARLES N. GITTO, JR. is hereby appointed keeper of those certificated securities for benefit of LaSalle.

### FRANK MILLER

IT IS ORDERED that, pending further order of this court, reach-and-apply defendant TD WATERHOUSE and its affiliates shall:

g. be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to FRANK MILLER;

h. be enjoined from making any payment or transfer, directly or indirectly, to

    FRANK MILLER arising from his interest in or held by TD WATERHOUSE or its affiliates; and

i. reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed herewith.

Further, that FRANK MILLER shall be enjoined from accepting any payments on account of any interest in or held by TD WATERHOUSE or its affiliates, and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in or held by TD WATERHOUSE or its affiliates, and that either of FRANK MILLER or TD WATERHOUSE (or its affiliates), or any other person in possession of certificated securities belonging to or for benefit of FRANK MILLER, is hereby appointed keeper of those certificated securities for benefit of LaSalle.

Dated: Feb 25, 2005

William G. Young
United States District Judge