**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,  )<br>                                                                )<br>                    Plaintiff,                         )<br>          v.                                               )<br>                                                                )<br>GARY GITTO, et al.,                           )<br>                                                                )<br>                    Defendants.                    )<br>_____)  | Case No. 04-12227-DPW |

**ADDENDUM TO PLAINTIFF'S MOTIONS FOR**
**SEPARATE AND FINAL JUDGMENTS PURSUANT TO DEFAULT**
**AND SUMMARY JUDGMENT AND LIMITED WAIVER OF ATTORNEYS' FEES**

As represented to the Court at a hearing held on March 14, 2005, LaSalle makes the following statement regarding entry of separate and final judgment pursuant to motions for default or summary judgment as to certain claims against defendants Frank Miller and Gary C. Gitto. In addition, LaSalle makes the following statement regarding attorneys' fees attendant to such judgments.

**Separate and Final Judgment**

1.      Orix Financial Services Inc. ("Orix") and The CIT Group ("CIT") have both filed lawsuits against Gary Gitto and Frank Miller to recover on their guaranties of obligation of Gitto Global. Since mid-December, 2004, Orix and CIT have or are in the process of obtaining default judgments for $1,800,000 and $700,000, respectively. As judgment creditors, Orix and CIT will be able to pursue the assets of Gary Gitto or Frank Miller wherever located.

2.      Rule 54(b) of the Federal Rules of Civil Procedure allows a court to direct entry of a final judgment as to one or more but not all claims or parties. To do so, the court must (1) determine finality in that it disposes fully "of at least a single substantive claim"; (2) determine that "there is no just reason for delay" in entry of the judgment; and (3) make specific findings

setting forth the reasons of its order.  See Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42-43 (1st Cir. 1988).

3.     As for the first requirement, a "final judgment" is a decision upon a cognizable claim for relief which ultimately disposes of an individual claim.  Curtiss-Wright Corp v. General Electric Co., 446 U.S. 1, 7, 64 L.Ed.2d 1, 100 S. Ct. 1460 (1980).  Frank Miller's and Gary Gitto's liability under counts __ and __ of the Complaint is based on the guaranty, which is separate and distinct from their liability for fraud under the other counts of the First Amended Complaint.  Under Massachusetts law, a guarantor's liability is determined only under the terms of the guaranty.  Merrimack Valley National Bank v. Baird, 372 Mass. 721, 363 N.E.2d 698, 690-91 (Mass. 1977).  Hence, the first requirement is met because there is no significant relationship between the claims based on the guaranty and the remaining claims for RICO and conspiracy to defraud.

4.     The second requirement requires tracing the interrelations of the claims underlying the proposed judgment (the guaranty claim) and the legal and factual claims remaining in the case (RICO and conspiracy to defraud), while also assessing the relative hardships.  Spiegel, 834 F.2d at 42-43.  The contract claims regarding the guaranty have no relationship to the tort claims for bank fraud.  The operative facts and theories of liability are completely separate and distinct.  Under such circumstances, Rule 54(b) judgments can be granted.  See Pagoda Trading Co. v. Pro Moves, Inc., 1996 U.S. App. Lexis 2947 (8th Cir. 1996) (no justification to delay judgment on personal guaranty); FDIC v. Bernstein, 944 F.2d 101 (2d Cir. 1991) (as to claims on guaranty, they are "separate and distinct as to operative facts and theories of liability from the remaining claim"); FDIC v. Kuang Hsung Chuang, 690 F.Supp. 192 (S.D.N.Y. 1988) (entry of Rule 54(b) judgment on guaranty).

5.    Moreover, in evaluating hardship, ensuring collection of a judgment is a proper basis under Rule 54(b) to enter a final judgment. <u>Yaron Ungar v. The Palestinian Authority</u>, 304 F.Supp.2d 232, 241 (D.R.I. 2004) ("a delay in entering a final judgment will cause an injustice to the plaintiff because the plaintiff may become unable to collect.")  Likewise, other creditors of Frank Miller and Gary Gitto (Orix and CIT) are obtaining judgments on guaranty agreements. Both Miller and Gitto have limited assets.  If through the exercise of their 5th Amendment privileges, Miller and Gitto are able to delay LaSalle from obtaining an enforceable judgment on their indisputable guaranty obligations, LaSalle will suffer immeasurable hardship by being prevented from trying to satisfy its judgment.  LaSalle recognizes that it has status quo injunctions and certain attachments in place.  But, the attachments appear to be inferior liens on properties that do not have sufficient value to provide any significant recovery for LaSalle.  If any property of Miller or Gitto is ever located outside Massachusetts, there may be no means to obtain pre-judgment attachment.  Thus, LaSalle is handicapped from applying assets to satisfy the guaranty obligations, especially if the assets are outside the state.

6.    Rule 54(b) seeks to avoid hardships, particularly in complex, multiparty litigation. It permits a plaintiff to force a defendant to appeal quickly in respect to claims that are separate and distinct, thereby disentangling the plaintiff from lengthy, time consuming litigation that could imperil the plaintiff's ability to recover.  See: <u>Comite Pro Escate De La Salud v. Puerto Rico Aqeduct and Sewer Auth.</u>, 888 F.2d 180 (1st Cir. 1989).  That is precisely the situation here. A Rule 54(b) judgment is appropriate.

### **Waiver of Certain Attorneys' Fees**

LaSalle hereby waives any award of attorneys' fees attendant to default or summary judgment awards as to Count V of the First Amended Complaint against Gary C. Gitto and

Count VI of the First Amended Complaint against Frank Miller, except for costs that may be incurred in enforcing or collecting such judgments. LaSalle specifically reserves the right to recover attorneys' fees, if determined to be appropriate, in connection with the remaining counts in its First Amended Complaint.

Dated:  March 24, 2005                                  Respectfully submitted,

                                                        LASALLE BUSINESS CREDIT, LLC


                                                        By:       /s/ Patrick W. Manzo
                                                                    One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500, Fax: (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300, Fax:  (312) 782-8416