UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC.,<br>    Plaintiff<br>v.<br><br>GARY C. GITTO, et al.,<br>    Defendants<br>and<br><br>FLEET NATIONAL BANK, et al.<br>    Trustee Process Defendants<br>and<br><br>FIDELITY INVESTMENTS, INC., et al<br>    Reach and Apply Defendants | Case No. 04CV12227DPW |

### RENEWED MOTION FOR ORDER DIRECTING LEGG MASON TO RELEASE ATTACHMENT OR "FREEZE" ON CHARLES N. GITTO, JR.'S LEGG MASON IRA ACCOUNT

The Defendant, Charles N. Gitto, Jr., through counsel, respectfully moves that this Honorable Court enter an order directing Legg Mason to release the pre-judgment attachment and injunction on Charles N. Gitto, Jr's. Legg Mason IRA Account only.

In support of the within motion, counsel for Gitto states as follows:

1.    On February 25, 2005, this Court entered an order approving an attachment on trustee process in the amount of $30,000,000 of all goods, effects or credits of Charles N. Gitto, Jr., "subject to all applicable exemptions and limitations provided by law."

2.    Also on February 25, 2005, this Court entered an order enjoining the reach and apply defendant Legg Mason, Inc. from, "…making any payment or transfer, directly or indirectly, to Charles N. Gitto, Jr. arising from his interests in, or interests held by, Legg Mason,

Inc. or its affiliates," and enjoining Charles N. Gitto, Jr. from accepting any payments on account of any interest in, or held by Legg Mason, Inc. or its affiliates..."

3. The order entering the injunction did not contain the limiting language contained in the order for attachment by trustee process.

4. Mass. Gen. Laws c. 235, § 34A generally provides that a person's rights in an Individual Retirement Account (IRA) is exempt from attachment. Mass. Gen. Laws c. 246, § 28 provides that amounts held by a trustee for a defendant in an IRA are also exempt from attachment. Both statutes, however, have nearly identical limiting language, to the effect that money deposited in IRAs in excess of 7% of the individual's total income within 5 years of that individual's declaration of bankruptcy, or entry of judgment, is subject to attachment. While the limiting language in c. 235, § 34A applies only to individually maintained plans, including IRAs, the limiting language in c. 246, § 28 applies to all "pensions," as that term is defined in that statute, which also includes IRAs. "[T]he effect is that all the money in pension account [which includes IRAs under both statutes] would be exempt from prejudgment attachment on trustee process but not from post-judgment attachment." 36 *Mass. Prac.*, § 20:79 (2001).

Although the Massachusetts' appellate courts have yet to address the question whether IRAs are subject to limited attachment in the absence of a declaration of bankruptcy or entry of judgment, the question has been answered in the negative by at least one Mass. superior court. *See Gibbs v. White*, 15 Mass. L. Rep. 691 (Feb. 11, 2003). Observing that an earlier superior court decision, under c. 246, § 28, dissolved pre-judgment attachments by trustee process of funds held in individual investment accounts, the *Gibbs* court recognized that the third sentence of § 28 is nearly identical to the exemption limitation language of c. 235, § 34A. 15 Mass. L. Rep. at *5 (citing *Shawmut Bank v. Gilman*, 1 Mass. L. Rep. 2 (Mass. Super. 1993) (§ 28 "is

2

most reasonably read to apply to post-judgment attachments only and not prejudgment attachments"). In concluding that § 34A was intended to apply only post-judgment, the *Gibbs* court reasoned that the limiting language does not seem to apply pre-judgment because trustee process ordinarily is employed at the beginning of a lawsuit and before judgment. *Id.* at *8.

The United States District Court for the District of Massachusetts has also interpreted this limiting language in two cases involving post-judgment attachments and bankruptcy. *See, In re Goldman*, 192 B.R. 1 (D. Mass. 1996); *Elias Bros. Rests., Inc. v. Acorn Enterprises, Inc.*, 931 F.Supp. 930 (D. Mass. 1996). The court in *In re Goldman*, a bankruptcy proceeding, found that the limitation on exemption language contained in § 34A was clear and unambiguous and determined that the debtor's IRA accounts were exempt under c. 235, § 34A up to 7% of the debtor's income within five years of declaration of bankruptcy. 192 B.R. at 6.

In *Elias*, the court held that creditors could seize a judgment debtor's IRA accounts on execution under c. 246, § 28, subject to exemption for 7% of its total income in the five years prior to entry of judgment. *Elias*, 931 F.Supp. at 935. The court referred to *In re Goldman* and noted that although that earlier case was a bankruptcy proceeding, the reasoning therein was applicable because the limiting language in § 34A references both declaration of bankruptcy or entry of judgment. *Id.* at 935 n.4. Further, the provision in c. 246, § 28 "in relevant part parallels the provision in Mass. Gen. L. c. 235, § 34A and, consequently, both statutes should be applied in comparable fashion." *Id.* at 935. The *Elias* court specifically declined to rule on how both statutes would apply, if at all, in a pre-judgment situation. *Id.* at 936.

In the present matter, the Finding and Order for Approval of Attachments on Trustee Process, dated February 25, 2005, states that the approval in the amount of $30,000,000 is "subject to all applicable exemptions and limitations provided by law." Section 28 of c. 246

3

applies here and thus exempts Charles Gitto's IRA from attachment because there is no declaration of bankruptcy or judgment in this case to which the provision limiting the exemption could apply. A plain reading of the "clear" and "unambiguous" limitation on exemption language within the comparable c. 235, § 34A, *see In re Goldman*, 192 B.R. at 6, demands this result.

5. The injunction, to the extent it applies to Gitto's Legg Mason IRA account, must also be dissolved as LaSalle cannot accomplish by injunction what the law prohibits it from doing by attachment.

In a reach and apply action that does not rest upon statute, the plaintiff must be a judgment creditor. 31 *Mass. Prac.*, § 388 (1983). M.G.L c. 214, § 3(6), which authorizes reach and apply actions, does not permit the injunctions against IRA accounts.

Chapter 214, § 3(6) grants original and concurrent jurisdiction to the supreme judicial and superior courts in "[a]ctions by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor ... which cannot be reached to be attached...." "The remedy afforded by this statute may be pursued by a creditor who has not exhausted his remedies at law, either by suing out an execution or even reducing his claim to judgment." 31 *Mass. Prac.*, § 382.

The inability to reach property to which c. 214, § 3(6) refers "means legal inability resulting from the fact that the property is of a nature not attachable or subject to be taken on execution. It does not include within its scope attachable property which cannot be found or which because of its situation cannot be attached." *H.E. Shaw Co. v. Karcasinas*, 278 Mass. 397, 399 (1932) (interpreting an earlier, but nearly identical, version of the statute). Thus, "a statute providing that certain property should be exempt from attachment by trustee process or

4

otherwise cannot be circumvented by coming into equity." 31 *Mass. Prac.*, § 382 n.21 (citing *Venable v. Rickenberg*, 152 Mass. 64 (1890) (holding that an injunction cannot be maintained to reach property that is attachable only by trustee process, where trustee process will not lie)).

In the present matter, LaSalle is not a judgment creditor and, thus, has no basis in equity for a reach and apply action against the IRA account of Charles Gitto. Assuming LaSalle is a statutory creditor, injunction is not proper here because attachment by trustee process is not possible. Because c. 246, § 28 exempts Charles Gitto's IRA account from attachment by trustee process, neither may an injunction be maintained.

## Conclusion

Based upon the foregoing, Charles N. Gitto, Jr., through counsel, respectfully requests that this Court enter an order dissolving the injunction and attachment to the extent it applies to the Legg Mason IRA account and directing Legg Mason to release the "freeze" on that account.

                              Respectfully Submitted:
                              Charles N. Gitto, Jr.
                              Through his counsel,

                              /s/ Juliane Balliro
                              Juliane Balliro (BBO # 028010)
                              Perkins Smith & Cohen LLP
                              One Beacon Street
                              Boston, MA  02108
                              (617) 854-4000

Dated: May 25, 2005