IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC.,<br>       Plaintiff<br><br>v.<br><br>GARY C. GITTO, et al.<br>       Defendants<br><br>and<br><br>FLEET NATIONAL BANK, et al.<br>and<br>FIDELITY INVESTMENTS, INC., et al.<br>       Reach-and-Apply-Defendants | Case No. 04-12227-DPW |

## MEMORANDUM IN SUPPORT OF DEFENDANT, CHARLES N. GITTO, JR.'S, MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

Defendant, Charles N. Gitto, Jr., submits this Memorandum in Support of his Motion to Dismiss LaSalle's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. LaSalle has advanced three causes of action against Charles Gitto: a Civil Rico Conspiracy (Count I), a Conspiracy to Defraud (Count IV), and a Civil Conspiracy to Defraud (Count IV).

For the reasons set forth below, the Second Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### THE SECOND AMENDED COMPLAINT

The Second Amended Complaint in this case alleges the following with respect to Charles N. Gitto, Jr. ("Charles Gitto"):

Charles N. Gitto, Jr., is identified as the chairman of the board of Gitto Global and an officer and owner of Gitto Global's landlord, Tradex Corporation. *See* Second Amended Complaint ¶7, attached hereto as Exhibit A. The complaint alleges that Tradex owns the property at 140 Leominster Shirley Road, Lunenburg, MA, where Gitto Global's business was located (Ex. A, ¶17), that Tradex's principal place of business is at the home of Charles Gitto (Ex. A, ¶16-17).

All of the claims brought against Charles Gitto focus on an account maintained by J & J Chemical at the Clinton Bank. J & J Chemical was a d/b/a for Kingsdale Corporation. Kingsdale was owned and operated by Frank Miller, one of the co-owners of Gitto Global Corporation. LaSalle contends that J & J Chemical and Gitto Global engaged in a check-kiting scheme, the purpose of which was to create the appearance that Gitto Global's sales were significantly higher than actual sales in order to facilitate continued borrowing from LaSalle by Gitto Global based upon false sales figures.

In paragraphs 90, 92 and 95 of the Second Amended Complaint, LaSalle alleges that Charles Gitto and Tradex provided various guarantees, a mortgage on property and a security interest in collateral to keep the J & J Chemical account open "to preserve the operation of the check-kiting." (Ex. A, ¶92). Finally, LaSalle alleges that Charles Gitto and Tradex benefited from the scheme by receiving various payments from Gitto Global. Those payments are set forth in paragraph 102 of the Amended Complaint.

As in its earlier complaints, in its Second Amended Complaint LaSalle has alleged that it was, "induced to enter into the Loan Agreement and Term Note [with Gitto Global] by false representations made in May and July 2002 concerning Gitto Global's financial condition and operations." (Ex. A, ¶46).

In its Rico Conspiracy Count, LaSalle alleges generally that Charles Gitto and Tradex were "Conspirators" who engaged in a "pattern of racketeering activity," within the meaning of 18 U.S.C. § 1961(5) (Ex. A, ¶55) were "persons" within the meaning of 18 U.S.C. § 1961(3) (Ex. A, ¶56) and that the Conspirators "engaged in a conspiracy to …defraud LaSalle by means of false representations, through interstate wire transmissions and the use of the U.S. Mail." (Ex. A, ¶57).

As to Count II, LaSalle alleges no additional facts against Charles Gitto. LaSalle simply repeats the factual allegations concerning the Clinton Bank closings that took place in July and August 2004. (Ex. A, ¶¶161, 169). The same activities form the basis of the count for civil conspiracy. (Ex. A, Count IV, ¶¶201-202).

## ARGUMENT

The Court will grant a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. *Correa-Martinez v. Arrillaga-Belendez*, 903 F. 2d 49, 52 (1st Cir. 1990).[1] In making this determination, the Court accepts the plaintiff's well-pleaded factual averments and indulges every reasonable inference in the plaintiff's favor. *Id.* However, the rule does not entitle a plaintiff to rest on " 'subjective characterizations" or conclusory descriptions of "a general scenario which could be dominated by unpleaded facts.' " *Id.* at 53.[2] It is only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes." *Id.* at 53.

---

[1] Motion to Dismiss allowed for failure to state a claim in a case involving plaintiff's employment with the Puerto Rico Judicial Region.
[2] Citing *Dewey v. Univ. of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982).

3

I.  <u>LaSalle's Complaint Should be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Since it Fails To State A Claim Against Charles N. Gitto, Jr. On The Required Elements Of "A Pattern Of Racketeering Activity" Having A Sufficient Nexus To The Rico Enterprise (Gitto Global).</u>

To sustain a claim based upon a RICO conspiracy, LaSalle must allege (1) the existence of an enterprise affecting interstate commerce, (2) that the defendants knowingly joining the conspiracy to participate in the conduct of the affairs of the enterprise, (3) that the defendants participated in the affairs of the enterprise, and (4) that they did so through a pattern of racketeering activity by agreeing to commit or committing two or more predicate offenses. *United States v. Boylan*, 898 F.2d. 239, 241 (1st Cir. 1990), cert. denied, 498 U.S. 849, 111 S. Ct. 139 (1990); *Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1561 (1st Cir. 1994). The predicate offenses must constitute illegal acts of racketeering. Legal acts, however helpful they may be to the goals or purposes of a conspiracy, do not satisfy the predicate offense or pattern of racketeering activity required under section 1962(d).[3]

In addition, since LaSalle relies on predicate acts involving fraud in pursuing a Civil RICO claim, the allegations contained in the complaint will be scrutinized under the heightened pleading requirement of Fed .R. Civ. P. 9(b). Thus, LaSalle is required to state the time, place, and content of the alleged act that constitutes the fraud. *Ahmed v. Rosenblatt,* 118 F.3d 886, 889 (1st Cir. 1997); *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 288 (1st Cir. 1987) (Rule 9(b) has been strictly applied where fraud lies at the core of a RICO claim).

To meet the particularity requirements of Rule 9(b), LaSalle has alleged a ***single predicate act*** against Charles Gitto where he was not also acting in his role as the president and treasurer of Tradex -- an August 18, 2004 personal guarantee of Tradex's obligation to the Clinton Bank. That act does not constitute an act of racketeering under the RICO statute and

---

[3] Offenses that will serve as RICO acts of racketeering or predicate offenses are enumerated in the statute, *see* 18 U.S.C. § 1961(1), and include mail, wire, and bank fraud. *See* 18 U.S.C. §§ 1341, 1343, 1344.

4

thus, may not serve as a necessary element of a RICO conspiracy claim. Simply put, because the Second Amended Complaint fails to identify any illegal racketeering activity, as defined in § 1961 engaged in by Charles Gitto, the RICO count must fail.

Even where a plaintiff adequately alleges two predicate acts, this is not necessarily sufficient to establish a "pattern of racketeering activity." *See H.J. Inc. v. Northwestern Bell Tele. Co.,* 492 U.S. 229, 239 (1989) (finding "sporadic activity" does not form a pattern); *Fleet Credit Corp. v. Sion,* 893 F.2d 441, 444 (1st Cir. 1990) ("The use of the word 'requires' ... indicates that alleging two acts of mail fraud ... is necessary but not sufficient to establish a pattern of racketeering activity"); *Roeder v. Alpha Indus., Inc.,* 814 F.2d 22, 31 (1st Cir. 1987) (holding that a single bribe paid in three installments, each constituting a mail fraud violation, did not constitute a "pattern"). The legal, single act alleged by LaSalle in this complaint is far less compelling than that alleged in the *Roeder* matter.

Although the RICO claim fails for want of the predicate racketeering acts, LaSalle's failure to allege on that claim does not end there. To succeed, LaSalle must also allege that a sufficient nexus or relationship exists between the racketeering acts and the enterprise (in this case Gitto Global). This means that LaSalle must allege that Charles Gitto was able to commit the predicate acts by means of, by consequence of, by reason of, by the agency of, or by the instrumentality of it association with Gitto Global. *United States v. Marino,* 277 F.3d 11, 27-28 (1st Cir. 2002). In this case, LaSalle has failed to even allege this required element of proof.

As a result, Count I of the Second Amended Complaint alleging a Rico conspiracy must be dismissed.

5

II.   <u>LaSalle Is Not Likely To Succeed On Its Conspiracy Claims Against Charles Gitto As The Claim Fails To Satisfy The Required Elements Of Knowledge And Substantial Assistance In The Tortious Plan.</u>

To state a claim for civil conspiracy, the plaintiff must satisfy two elements. First, there must be an agreement or "common design" between the defendant and other parties to commit a tortious act and second, the defendant must have "substantially assisted" in contributing to the tortious plan. *Aetna Casualty Surety Company v. P & B Autobody,* 43 F.3d 1546, 1564 (1st Cir. 1994); s*ee also Copperbeech Partnership, Ltd. v. Seegel Lipshutz and Wilchins,* 17 Mass. L. Rep. 701 (May 5, 2004) (a person may be held liable for civil conspiracy if he has knowledge of a tortious act **and** gives "substantial assistance" to the act) (emphasis added). Further, as stated in *Restatement (Second) of Torts* § 876(b) (1977), "one is subject to liability if he knows that the other's conduct constitutes a breach of duty **and** gives substantial assistance or encouragement to the other. ..." (emphasis added). A general awareness is not sufficient to show the level of knowledge that would give rise to liability for conspiracy. "Evidence of the defendant's knowledge of its substantial, supporting role in an unlawful enterprise is required." *Kyte v. Philip Morris Inc.,* 408 Mass. 162, 168 (1990) (defendant's motion for summary judgment was allowed where minor plaintiffs were alleging that the defendant was engaged in a civil conspiracy with a retail store, and therefore, responsible for their addiction to cigarettes bought illegally at the retail store). Thus, *Aetna, Copperbeech,* and *Kyte* make clear that mere knowledge alone, is not enough to prove civil conspiracy.

In the present case, LaSalle has failed to allege any facts from which one could reasonably infer that Charles Gitto "substantially assisted" in the tortious plan to defraud LaSalle. LaSalle's Second Amended Complaint, although replete with details of a scheme to defraud involving a number of individual and corporate defendants, is noticeably devoid of any

6

facts that would support an inference that Charles Gitto made any representations or misrepresentations to LaSalle in order to induce it to initiate the line of credit, played any role in the preparation of the financial statements or borrowing base certificates provided to LaSalle after the line of credit was approved, or that it knowingly participated in the scheme to defraud.

In short, knowledge coupled with allegations of receipt of funds is not enough to sustain a claim of civil conspiracy. The Complaint must allege facts sufficient to demonstrate that Charles Gitto substantially assisted in the scheme to defraud by knowingly and actively participating in the conduct that induced LaSalle to make the loan to Gitto Global on false pretenses. This Complaint falls far short of that most modest mark and, as a result, must be dismissed.

## CONCLUSION

Based upon the foregoing, Charles Gitto respectfully requests that the within complaint be dismissed.

RESPECTFULLY SUBMITTED:
Charles N. Gitto, Jr.
By his attorney,

/s/ Juliane Balliro
Juliane Balliro (BBO # 028010)
Perkins Smith & Cohen LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

Dated: June 7, 2005