IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., <br>     Plaintiff <br><br> v. <br><br> GARY C. GITTO, et al. <br>     Defendants <br><br> and <br><br> FLEET NATIONAL BANK, et al. <br> and <br> FIDELITY INVESTMENTS, INC., et al. <br>     Reach-and-Apply-Defendants | Case No. 04-12227-DPW |

### DEFENDANT, CHARLES N. GITTO, JR.'S, MOTION TO DEFER FILING AND RULING ON DEFENDANT TRADEX CORPORATION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PENDING DECISION REGARDING APPOINTMENT OF CHAPTER 11 TRUSTEE

The defendant Charles N. Gitto, Jr., as the sole owner and stockholder of Tradex Corporation, respectfully requests that this Honorable Court defer the filing and ruling of a motion on behalf of Tradex Corporation to dismiss the second amended complaint pending decision by this Court on Tradex Corporation's motion to vacate appointment of the Chapter 11 Trustee. In support of the within motion, Mr. Gitto, as sole owner and shareholder of Tradex Corporation, states as follows:

1.  As a result of the appointment of the Chapter 11 Trustee in the Tradex Bankruptcy proceeding, Mr. Gitto no longer has standing to act on behalf of Tradex Corporation in this proceeding.[1]

2.  Mr. Gitto believes that Tradex has meritorious grounds for dismissal of the Second Amended Complaint and is concerned that, despite the paucity of evidence alleged against Tradex, that the Chapter 11 Trustee will not defend this action as zealously as he would as the owner of the corporation. The Trustee's decision not to file a motion to dismiss the Second Amended Complaint, not to seek additional time within which to file such a motion on behalf of Tradex and not to join in Mr. Gitto's motion to dismiss despite a clear parallel in the claims against both defendants, is an example of this.

3.  In the event the court vacates the appointment of a Chapter 11 Trustee in the Tradex Bankruptcy matter, Tradex intends, unlike Ms. Carpenter, to pursue a motion to dismiss and other defenses to the complaint and injunctive relief granted.

4.  As a result, Tradex, through Mr. Gitto, seeks an extension of the time within which to file its motion to dismiss pending this Court's decision on the appeal to vacate the appointment of the Chapter 11 Trustee.

> Respectfully submitted,
> Charles N. Gitto, Jr.
> By his attorney,
>
> /s/ Juliane Balliro
> Juliane Balliro (BBO #028010)
> Perkins Smith & Cohen LLP
> One Beacon Street
> Boston, MA  02108
> 617) 854-4000

Dated: June 7, 2005

---

[1] Counsel conferred with Chapter 11 Trustee Ellen Carpenter to confirm that Attorney Carpenter did not intend to file a motion to dismiss on Tradex's behalf and to obtain her assent (for purposes of standing) to the filing of the instant motion to defer. Attorney Carpenter has assented to the filing of this motion.

2