IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,    )<br>                                                              )<br>                            Plaintiff,              )<br>        v.                                               )<br>                                                              )<br>GARY GITTO, et al.,                             )<br>                                                              )<br>                            Defendants.        )<br>_____) | Case No. 04-12227-DPW |

**PLAINTIFF'S OPPOSITION TO CHARLES GITTO'S
RENEWED MOTION TO DISSOLVE ATTACHMENT ON IRA ACCOUNT**

Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), hereby opposes Charles Gitto's *Renewed Motion for Order Directing Legg Mason to Release Attachment or "Freeze" on Charles N. Gitto, Jr.'s Legg Mason IRA Account* [# 257]. At hearings held on March 14 and May 31, 2005, LaSalle's counsel indicated to the Court that it opposed dissolution of the attachment of what has been described as Mr. Gitto's IRA account (the "Charles Gitto IRA Account") unless Mr. Gitto could demonstrate that funds held in that were in fact *bona fide* retirement funds deposited therein in compliance with law. Mr. Gitto's counsel had indicated that Mr. Gitto would be willing to provide LaSalle with a "roadmap," along with supporting documents, identifying the sources of the funds in the Charles Gitto IRA Account, but has now indicated that Mr. Gitto has limited memory and no supporting documents.

In the interim, LaSalle has diligently attempted to unearth the details of the Charles Gitto IRA Account and has issued several subpoenas in order to trace the flow of funds into the account. Upon completion of these efforts, LaSalle hopes to be able to resolve the issue in cooperation with Mr. Gitto without intervention of the Court. In the interim, however, LaSalle opposes Mr. Gitto's motion.

## BACKGROUND

Legg Mason, Inc. holds in excess of $683,000 in an Individual Retirement Account (No. 396-76629) in the name of Charles N. Gitto, Jr. That account was attached pursuant to both a trustee process attachment allowed by this Court, as well as equitable attachments in the form of reach and apply injunctions.

The ability of a creditor such as LaSalle to reach an IRA account is governed by G.L. c. 235 § 34A and G.L. c. 246 § 28. [6] Section 34A provides as follows:

> The right or interest of any person in an annuity, pension, profit sharing or other retirement plan subject to the federal Employee Retirement Income Security Act of 1974, in any plan maintained by one or more self-employed individuals as a Keogh Plan, so-called, in any plan maintained by a corporation or other business organization pursuant to section 401(a) of the Internal Revenue Code but not subject to the federal Employee Retirement Income Security Act of 1974, or in any Simplified Employee Plan, annuity plan to which the provisions of section 403(b) of the Internal Revenue Code apply or Individual Retirement Account or Annuity maintained by an individual, or in any annuity or similar contract distributed from or purchased with assets distributed from any of the foregoing, shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy (i) an order of a court of competent jurisdiction concerning divorce, separate maintenance or child support or (ii), in the event of the conviction of such person of a crime, an order of a court requiring such person to satisfy a monetary penalty or make restitution to the victim of such crime. **The exemption in this section for plans maintained by an individual, whether or not self-employed, shall not apply to sums deposited, determined without regard to deposits pursuant to a rollover or transfer except to the extent protection under this section would be limited in the absence of a rollover or transfer, in said plans during the five year period preceding the individual's declaration of bankruptcy or entry of judgment in excess of 7 per cent of the total income of such individual for such period.** [emphasis added]

This statute exempts from attachment by creditors certain retirement plans, including Individual Retirement Accounts (IRAs). However, the exemption is subject to significant limitations. As set forth in the final sentence of the statute, sums deposited to an IRA during the

---

[6] G.L. c. 246 § 28, dealing with exemption from trustee process attachment, contains virtually identical language.

prior five years (i.e. 2000-2004) are not exempt to the extent that they are in excess of 7 per cent of the "total income" of the individual during the five years. This income limitation does not apply to deposits made "pursuant to a rollover or transfer." Further, the account must qualify as an "IRA Account".

To qualify as an "IRA Account," the Charles Gitto IRA Account must meet the requirements imposed by the Internal Revenue Code. *Cf. Rousey v. Jackoway,* 125 S. Ct. 1561 (2005) (discussing criteria for qualification as an IRA Account in interpreting applicability of a bankruptcy exemption). The Internal Revenue Code provides that the account must meet certain requirements, limits the type of assets in which holders may invest in such accounts, and caps yearly contributions to such accounts. *See* 26 U.S.C. §408(a). The Internal Revenue Code also restricts premature withdrawals from IRA accounts and penalizes any such withdrawals. 26 U.S.C. § 72 (t).

Accordingly, in order to claim the statutory exemption, Mr. Gitto must demonstrate that the funds in the Charles Gitto IRA Account were deposited in accord with limits set by the relevant statutes. Mr. Gitto has made no such factual allegations, and the Court has no record at this time to assess whether some or all of the funds in the Charles Gitto IRA Account should be subject to an exemption. Further, Mr. Gitto has made no effort to cooperate with LaSalle's efforts to locate information relevant to Mr. Gitto's claim of an exemption.

CONCLUSION

This Court should deny Mr. Gitto's motion, unless and until he is able to demonstrate that the funds in the Charles Gitto IRA Account are *bona fide* retirement funds deposited in that account in accordance with law. In the event the Court does grant Mr. Gitto's motion, LaSalle intends to file a motion to modify the status quo injunction such that any funds expended by Mr. Gitto are drawn from the Charles Gitto IRA Account, and not other attached funds.

Dated June 8, 2005                    Respectfully submitted,

                                      LASALLE BUSINESS CREDIT, LLC


                                      By:      /s/ Patrick W. Manzo
                                              One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500, Fax: (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300, Fax:  (312) 782-8416