UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC.,<br>      Plaintiff<br><br>v.<br><br>GARY C. GITTO, et als,<br>      Defendants<br><br>and<br><br>FLEET NATIONAL BANK, et al.<br>      Trustee Process Defendants<br><br>and<br><br>FIDELITY INVESTMENTS, INC., et al<br>      Reach and Apply Defendants | Case No. 04CV12227DPW |

**AFFIDAVIT OF COUNSEL IN REPLY TO PLAINTIFF'S
OPPOSITION TO CHARLES GITTO'S RENEWED
MOTION TO DISSOLVE ATTACHMENT ON IRA ACCOUNT**

I, Juliane Balliro, hereby swear and aver under the pains and penalties of perjury as follows:

1. I represent the Defendant, Charles Gitto, in the above-referenced matter.

2. I have been communicating with Mr. Randell Fryman of Goldman Sachs & Co. ("Goldman Sachs") in an effort to confirm the exempt status of Mr. Gitto's Legg Mason IRA Account.

3. The funds currently held in the exempt Legg Mason Account were rolled over into that account from an exempt Shearson Lehman account. The funds in the Shearson Lehman account were rolled over in that account from an exempt Goldman Sachs account.

4. The Goldman Sachs account was opened in April 1991 as an IRA Rollover Account with two deposits totaling $180,000. The account was opened following the sale of Charles Gitto's company, Gary Chemical. Mr. Gitto maintained and contributed to his company retirement plan for many years prior to the sale of his business.

5. Mr. Fryman has informed me that Goldman Sachs no longer has the records that would have accompanied the opening of the IRA Rollover account in 1991.

6. Mr. Fryman has also informed me that Goldman Sachs would not have opened the account as an IRA Rollover account unless and until they confirmed that the account was funded through a legitimate retirement vehicle. He informed me that there are Internal Revenue Service rules that must be complied with to designate an account as an IRA Rollover Account. As a result, the Private Wealth Management executives who open those accounts must require proof or documentation of all funds that go into an IRA Rollover account.

7. LaSalle apparently raised a question regarding transactions that occurred on the account in Setpember of 1997. A copy of the IRA account statements for the periods September 1-October 31, 1997 is attached as Exhibit A.

8. Mr. Fryman has informed me that he has confirmed that the transactions appearing in Mr. Gitto's IRA account in September 1997 were not deposits to and withdrawals from that account, but rather the proceeds of the sale of bonds and the subsequent investment of the cash generated from the bond sales into mutual funds held in that account. Mr. Fryman has further informed me that Goldman Sachs treated the sale of the bonds as a withdrawal and the subsequent purchase of the mutual funds as a deposit in order to comply with Internal Revenue Service rules that applied to those accounts at the time. An examination of the September statement shows a reduction in the cash balance from $178,405.24 to $28,987.41 for a difference

2

of $149,417.83. That figure, when added to the income received on that account during the same period ($582.17), equals precisely $150,000.

9. The mutual funds purchased during the period appear to have appreciated in value from $150,000 to $151,804.80 (FI Mutual Funds) plus $2,429.28 (Equity Mutual Funds). The total increase in the value of mutual funds purchased in September 1997 was $4,234.08. During the month of September 1997, the common stock investments increased in value by more than $10,000.00 from $221,637.50 to $232,034.38. Other investments in the account (Corporate convertible and Corporate) decreased in value. As a result, the total increase in the value of the account attributable to increases in the value of the investments made in the account for the month of September 1997 is $12,025.63.

10. Based upon the foregoing, LaSalle has failed to advance any credible evidence to suggest that the IRA Rollover Account held at Legg Mason is not in compliance with Internal Revenue Service rules governing those accounts.

11. As a result, Mr. Gitto seeks an order dissolving the restraining order as against that account.

SIGNED AND SWORN to this 13th day of June, 2005.

/s/ Juliane Balliro
Juliane Balliro, Esq.