IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,       )<br>                                                                )<br>                      Plaintiff,            )<br>          v.                                            )<br>                                                                )<br>GARY C. GITTO, et al.,                   )<br>                                                                )<br>                      Defendants.       ) | Case No. 04-12227-DPW |

**LASALLE'S RESPONSE IN OPPOSITION TO
CHARLES GITTO'S RULE 12(B)(6) MOTION
TO DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), opposes Charles Gitto's Rule 12(b)(6) Motion to Dismiss (the "Motion") because his arguments are without merit.

### Introduction

Charles Gitto presents four arguments in support of the Motion. As to Count I (RICO), Mr. Gitto maintains that 1) he is not alleged to have personally committed any illegal racketeering act, as defined in §1961 (Mem., p. 5); 2) his having given a personal guarantee to permit the check-kite scheme to continue does not constitute the requisite RICO pattern; and 3) LaSalle has not alleged that he was able to perform his predicate acts because of his association with Gitto Global, the RICO enterprise. As to Count II (Conspiracy to Defraud), Mr. Gitto argues that the facts alleged are not sufficient for a reasonable inference that he knowingly "substantially assisted" in the plan to defraud LaSalle.

Mr. Gitto's arguments against Count I are based on an interpretation of the RICO conspiracy provision rejected by the Supreme Court, his failure to recognize the applicable basic

principles of conspiracy law, and his reliance on a decision outlining an element for a substantive RICO violation, rather than a RICO conspiracy claim. In summary, none of the authorities relied upon by Charles Gitto apply to the claim made against him in Count I.

The argument against Count II is similarly deficient. He ignores the applicable Federal Rule of Civil Procedure for alleging knowledge, the applicable principles of conspiracy law and his role in helping to sustain the operation of the check-kiting scheme through which LaSalle was defrauded.

**I
Count I States a Valid
RICO Conspiracy Claim Against Charles Gitto**

Mr. Gitto argues that the civil RICO conspiracy claim made against him in Count I must be dismissed because he is not alleged to have personally committed a predicate act of racketeering. (Gitto Memo., pp. 4-5) As he sees the RICO conspiracy statute (18 USC §1962(d)) "[l]egal acts, however helpful they may be to the goals or purposes of a conspiracy, do not satisfy the predicate offense or pattern of racketeering activity required under section 1962(d)." (Gitto Memo., p. 4) To support his argument that the participant in a RICO conspiracy must personally commit a predicate act, Mr. Gitto relies upon statements to that effect in two First Circuit decisions, one from 1990 and the other from 1994.

Mr. Gitto had to dig back more than a decade to find some case authority for his argument because in 1997 the United States Supreme Court rejected the position he has taken in *Salinas v. U.S.*, 522 U.S. 52, 61-66 (1997). In *Salinas*, the Supreme Court held that traditional conspiracy law concepts applied to RICO conspiracies:

> In interpreting the provisions of § 1962(d), we adhere to a general rule: When Congress uses well-settled terminology of criminal law, its words are presumed to have their ordinary meaning and definition. . . . The relevant statutory phrase in §

- 2 -

> 1962(d) is "to conspire."  We presume Congress intended to use the term in its conventional sense, and certain well established principles follow.
>
> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. . . . The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other. . . . If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.  As Justice Holmes observed:  "Plainly a person may conspire for the commission of a crime by a third person." *United States v. Holte*, 236 U.S. 140, 144, 59 L. Ed. 504, 35 S. Ct. 271 (1915).  A person, moreover, may be liable for conspiracy even though he was incapable of committing the substantive offense. (522 U.S. at 63-64; citations omitted)

See Also, *George Lussier Enterprises, Inc. v. Subaru of New England, Inc.*, 393 F.3d 36, 89 (1st Cir. 2004)  ("We reiterate that RICO conspiracy does not require proof that a defendant 'himself committed or agreed to commit the two predicate acts requisite for a substantive RICO offense under §1962(c).'").

By having become a participant in the conspiracy to defraud LaSalle, Mr. Gitto assumed responsibility for the conduct of all of his coconspirators in furtherance of that conspiracy. *U.S. v. Gomez*, 255 F.3d 31, 37, n.4 (1st Cir. 2001).  Mr. Gitto does not have to have performed any criminal predicate act for him to be liable as a coconspirator.

The same principle of conspiracy law also dooms the argument that Mr. Gitto's predicate acts must constitute a pattern.  (Gitto Mem., p. 5)  The relevant pattern is not Mr. Gitto's conduct alone, but that of all of the participants in the conspiracy.  Mr. Gitto has not made any claim that the conduct of all of the conspirators alleged in the Second Amended Complaint does not constitute the requisite pattern, and, therefore, this argument for dismissal must be rejected.

Mr. Gitto's final argument against the civil RICO conspiracy Count is based upon the statement in *U.S. v. Marino*, 277 F.3d 11, 27-28 (1st Cir. 2002), that it must be shown that the

defendant was able to commit the predicate acts because of his association with the enterprise. In making this argument, Mr. Gitto ignores the fact that the cited discussion in *Marino* concerns what must be shown for a substantive violation of RICO (18 U.S.C. 1962(e)), not a conspiracy claim (18 U.S.C. 1962(d)).  Mr. Gitto seeks dismissal of the RICO conspiracy claim based on the elements of a completely different cause of action.  His argument must necessarily fail.

## II
## LA SALLE'S ALLEGATIONS OF CHARLES GITTO'S PARTICIPANT IN A CIVIL CONSPIRACY ARE SUFFICIENT

Charles Gitto claims that for LaSalle to allege a valid civil conspiracy claim against him, "[t]he Complaint must allege facts sufficient to demonstrate that Mr. Gitto substantially assisted in the scheme to defraud by knowingly and actively participating in the conduct that induced LaSalle to make the loan to Gitto Global on false pretenses."  This statement is a pure fabrication of the applicable law.

First, as set out in the preceding section, a participant in a conspiracy does not have to engage in all of the conduct involved in the scheme.  The issue is not whether Mr. Gitto personally participated in the conduct that induced LaSalle to advance funds to Gitto Global, but whether Mr. Gitto participated in a conspiracy that induced LaSalle to make advances to Gitto Global for more than two years based, in part, on a check-kiting scheme that Mr. Gitto helped to sustain.

Mr. Gitto correctly notes that LaSalle will have to prove that he was a knowing participate in the conspiracy.  However, he does not cite a single case to support his position that the facts from which such knowledge can be inferred must be pled in the complaint.  That is because Federal Rule to Civil Procedure 9(b) provides that "Malice, intent, knowledge and other conditions of mind may be averred generally."

- 4 -

Finally, sufficient facts showing Mr. Gitto's assistance "to the conspiracy are set out in paragraph 161 of the Second Amended Complaint. The alleged conspiracy to defraud LaSalle involved a check-kiting scheme in which the conspirators' use of the J & J Chemical at Clinton Savings Bank was the driving force. When the continued operation of the J & J Chemical account became jeopardized, Mr. Gitto sustained it, as alleged in paragraph 161 of the Second Amended Complaint:

> 161. Between July of 2002 and September of 2004, Charles Gitto knowingly participated in the conspiracy to defraud LaSalle as follows:
>
> (a) Charles Gitto attended the closing of the loan agreement between Clinton Bank and J&J Chemical on July 23, 2004, and assisted J&J Chemical in negotiating the terms of the agreement, in order to extend the revolving line of credit for J&J Chemical and to keep the check-kite operating through the J&J Chemical Account.
>
> (b) Charles Gitto provided, on behalf of Tradex, a limited non-recourse guarantee, a mortgage on the property occupied by Gitto Global and a security interest in certain inventory to secure J&J Chemical's debt to Clinton Bank in August of 2004, in order to keep the check-kite operating through the J&J Chemical Account.
>
> (c) Charles Gitto provided a personal unlimited guarantee to secure J&J Chemical's debt to Clinton Bank in August, 2004, in order to keep the check-kite operating through the J&J Chemical Account.

In other jurisdictions, courts have found that "substantial assistance" is where one "affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables it to proceed." *Glidden Co. v. Jandernoa*, 5 F. Supp. 2d 541, 555 (W.D. Mich. 1998), citing *Kolbeck v. LI7 America, Inc.*, 939 F. Supp. 240, 247 (S.D.N.Y. 1996). In this case, Mr. Gitto's acts to preserve the operation of the check-kiting scheme certainly constitute substantial assistance.

308733.1 042314-34311

**CONCLUSION**

For the forgoing reasons, Charles Gitto's Motion to Dismiss Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) should be denied.

Dated:  June 22, 2005                                Respectfully submitted,

                                                     LASALLE BUSINESS CREDIT LLC


                                                     By:     /s/ Patrick W. Manzo
                                                            One of its attorneys

Christopher J. Panos
Patrick W. Manzo
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

308733.1 042314-34311