## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 04-12227-DPW |
| GARY C. GITTO, et al., | ) ) | |
| Defendant, | ) | |
| and | ) ) | |
| FLEET NATIONAL BANK, et al., | ) ) | |
| Trustee Process Defendants, | ) ) | |
| and | ) ) | |
| DIRECT WOOD & PAPER PRODUCTS, et al., | ) ) | |
| Reach and Apply Defendants. | ) | |

## MOTION FOR DETERMINATION THAT CERTAIN FUNDS HELD IN GARY C. GITTO'S INDIVIDUAL RETIREMENT ACCOUNT ARE NOT EXEMPT FROM EXECUTION AND FOR AN ORDER REACHING AND APPLYING FUNDS IN THAT ACCOUNT AND CHARGING TRUSTEE

Plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") hereby requests that this Court determine that certain funds held by defendant Gary C. Gitto. ("Gary Gitto") in account no. X0574[1], styled as an "individual retirement account" and held by Trustee Process and Reach-and-Apply Defendant Lehman Brothers (the "Account") are not exempt from execution. Further, LaSalle requests that the Court enter an Order in the form attached hereto 1) reaching and applying the funds in the Account for the benefit of LaSalle and 2) charging Lehman Brothers as a trustee of

---

[1] In accordance with the Court's electronic filing procedures, all account numbers have been redacted to only include the last four number, with the preceding digits replaced by an "X".

goods, effects or credits of Gary Gitto so that LaSalle may obtain the funds in the Account and apply the funds to the $2.5 million judgment entered by the Court in LaSalle's favor against Mr. Gitto.

In support hereof, LaSalle states:

## Relevant Facts

1.    On or about October 25, 2005 LaSalle commenced the instant action alleging, *inter alia*, that the Mr. Gitto was liable to LaSalle on various counts relating to a fraud perpetrated against LaSalle and pursuant to a personal guaranty in the amount of $2.5 million. On even date therewith, the Court also attached funds or interests of Mr. Gitto in the hand of Lehman Brothers to the value of $30 million.

2.    On April 8, 2005, this Court ordered entry of separate and final judgment against Mr. Gitto in LaSalle's favor in the amount of $2.5 million on the guaranty count in the instant action (the "Judgment").

3.    On June 1, 2005, the Clerk of this Court issued an Execution on the Judgment.

4.    LaSalle is in the process of collecting on the Judgment, but has been unable to locate assets sufficient to satisfy the Judgment.

5.    As of February, 2005 the Account had a balance of $344,835.41.

6.    In September of 2004, Gary Gitto made two transfers – identified as "Rollover Contributions" – into the Account.  These transfers had an aggregate value of $192,130.74.

7.    Upon information and belief, the two transfers (on September 15 of $157,729.17 and September 20 of $34,401.57) were not, in fact rollovers of retirement

funds because they came from Mr. Gitto's non-retirement brokerage accounts – accounts through which Mr. Gitto had transferred significant amounts of money. Relevant pages from the September 2004 brokerage account statements showing the transfers to the Account are attached hereto as Exhibit A.[2]

       8.     The September 15, 2004 transfer by Gitto was from a Lehman Brothers brokerage account numbered X5209 ("Account #X5209"). As of June, 2000, there had been a net value of $1,727,739 in Account #X5209. In the period prior to the September 15, 2004 transfer, the following transactions took place:

    a.  August 10, 2000: A $46,000 deposit from an account at Bank of Boston.

    b.  September 25, 2000: A $130,000 withdrawal to an account at Fleet Bank.

    c.  October 30, 2000: A $18,460 deposit from an account at Fleet Bank.

    d.  November 3, 2000: A $106,000 withdrawal to an account at Chemical Bank.

    e.  November 16, 2000: An $80,000 deposit from an account at Fleet Bank.

    f.  December 14, 2000: An $18,445 withdrawal to an account at First Union National Bank of Jacksonville.

    g.  December 15, 2000: A $20,000 withdrawal to an account at Fleet Bank.

    h.  January 24, 2001: A $44,000 withdrawal to an account at First Vermont Bank.

    i.  February 2, 2001: A $616,697 deposit from an account at Chemical Bank.

    j.  March 13, 2001: A $225,000 withdrawal to an account at Fleet Bank.

    k.  April 11, 2001: An $880,000 withdrawal to defendant Louis J. Pellegrine's trust account (or that of his accounting firm).

---

[2] All exhibits have been redacted to remove account and social security numbers.

l.   April 16, 18 and 22, 2002: $40,000 withdrawals to an account at Fleet

Bank.

m.  June 4 and 5 of 2002:  $290,000 withdrawals to a J&J Chemical account at

Clinton Savings Bank.

9.      As of June, 2002, the value of Account #X5209 was $249,907. The

account value continued to decline until $159,729.17 was withdrawn and transferred to

the Account, thereby closing Account #X5209.

10.     The September 20, 2004, transfer by Gitto was made from a Lehman

Brothers brokerage account numbered X5465 ("Account #X5465").  On information and

belief, at some point prior to August, 2000, Mr. Gitto deposited $100,000 into Account

#X5465. From October-November, 2001, Account #X5465 lost $50,000 in investment

value. Between February, 2002 and September, 2004, the value of Account #X5465 was

in the $30,000 range. On September 20, 2004, the sum of $34,401.57 was transferred to

the Account, leaving $300 in Account #X5465.

## Argument

*A.     The IRA Exemption*

The ability of a creditor such as LaSalle to reach an IRA account is governed by

G.L. c. 235 § 34A.  To qualify as an "IRA Account," the account must meet the

requirements imposed by the Internal Revenue Code. *Cf. Rousey v. Jackoway,* 125 S. Ct.

1561 (2005) (discussing criteria for qualification as an IRA Account in interpreting

applicability of a bankruptcy exemption).  The Internal Revenue Code provides that the

account must meet certain requirements, limits the type of assets in which holders may

invest in such accounts, and caps yearly contributions to such accounts.  *See* 26 U.S.C.

§408(a).  The Internal Revenue Code also restricts premature withdrawals from IRA

accounts and penalizes any such withdrawals.  26 U.S.C. § 72 (t).

As a preliminary matter, the sum of $ 192,130.74 in Mr. Gitto's IRA account was

transferred from Account # X5209 and Account # X5465 on September 15 and 20, 2004.

On information and belief, both Account # X5209 and Account # X5465 were not

retirement accounts and, instead, were investment accounts of Mr. Gitto, as evidenced by

the large sums of money flowing in and out of both accounts.  Accordingly, the funds

therein could not have been exempt retirement funds, and the transfer of those funds

could not be a "rollover" of exempt retirement funds, despite the identification as such on

the IRA statement.  Therefore, the Account does not qualify as an IRA account under

Federal law or qualify for any exemption under chapter 235 § 34A.

Even if the Account were a proper "IRA Account," Section 34A imposes certain

additional limitations on the exemption of IRA funds:

> The right or interest of any person in an annuity, pension, profit sharing or other
> retirement plan subject to the federal Employee Retirement Income Security Act
> of 1974, in any plan maintained by one or more self-employed individuals as a
> Keogh Plan, so-called, in any plan maintained by a corporation or other business
> organization pursuant to section 401(a) of the Internal Revenue Code but not
> subject to the federal Employee Retirement Income Security Act of 1974, or in
> any Simplified Employee Plan, annuity plan to which the provisions of section
> 403(b) of the Internal Revenue Code apply or Individual Retirement Account or
> Annuity maintained by an individual, or in any annuity or similar contract
> distributed from or purchased with assets distributed from any of the foregoing,
> shall be exempt from the operation of any law relating to insolvency and shall not
> be attached or taken on execution or other process to satisfy any debt or liability
> of such person, except as may be necessary to satisfy (i) an order of a court of
> competent jurisdiction concerning divorce, separate maintenance or child support
> or (ii), in the event of the conviction of such person of a crime, an order of a court
> requiring such person to satisfy a monetary penalty or make restitution to the
> victim of such crime.  **The exemption in this section for plans maintained by
> an individual, whether or not self-employed, shall not apply to sums
> deposited, determined without regard to deposits pursuant to a rollover or
> transfer except to the extent protection under this section would be limited in**

5

**the absence of a rollover or transfer, in said plans during the five year period preceding the individual's declaration of bankruptcy or entry of judgment in excess of 7 per cent of the total income of such individual for such period.** [emphasis added]

This statute exempts certain retirement plans from attachment by creditors, including Individual Retirement Accounts (IRAs).  However, the exemption is subject to significant limitations.  As set forth in the final sentence of the statute, sums deposited to an IRA during the prior five years (i.e. 2000-2004) are not exempt to the extent that they are in excess of 7 per cent of the "total income" of the individual during the five years. This income limitation does not apply to deposits made "pursuant to a rollover or transfer."  Further, the account must qualify as an "IRA Account".

In reviewing Mr. Gitto's tax returns from 2000-03 and his W-2 for 2004, LaSalle notes that his total income for those 5 years was $1,663,149.[3]  During that same period, the sum of $ 192,130.74 was transferred into the IRA account.  Even if the account were a bona fide IRA account, the exemption would be subject to the "7%" limitation. Applying the statutory 7% formula to Mr. Gitto's income, Mr. Gitto may only exempt the sum of $116,420[4], _provided_ that he is able to demonstrate that the funds in the IRA account are indeed sourced from exempt rollover funds.  Accordingly, _at least_ $75,710[5] is subject to attachment and execution.

B.     _Standard for Granting Relief_

A creditor may "reach and apply" a debtor's interest in intangible property that cannot otherwise be executed against in an action at law.  Mass. Gen. L. ch. 214, § 3(6);

---

[3] Copies of relevant portions of these tax returns are attached hereto as Exhibit B.  These copies have been redacted to remove Mr. Gitto's social security number.
[4] $1,663,149 x 7% = $116,420.
[5] $192,130- $116,420 = $75,710.

*Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54, 59 (1st Cir., 2001).  In an action to reach

and apply, the court must engage in a two-step process to establish (1) the indebtedness

of the defendant and (2) the defendant has property that can be reached by the plaintiffs

in satisfaction of the defendant's debt.  Mass. Gen. L. ch. 214 §§ 3 (6) and (7); *GMAC v.

Camilleri Bros. Chevrolet of Holyoke*, Inc., 188 F. Supp. 2d 73, 76 (D. Mass., 2001).  A

plaintiff who has obtained a preliminary injunction in an action to reach and apply has

established an equitable attachment constituting security for satisfaction of a judgment. *In

re Borofsky*, 138 Bankr. 345, 347 (Bankr. D.Mass. 1992); *Foxborough Sav. Bank v.

Ballarino (In re Ballarino)*, 180 B.R. 343, 348 (D. Mass. 1995).

On October 25, 2005, this Court, acting pursuant to Fed.R.Civ.P. 64, Mass Gen.

L. ch. 214, § 3, and Mass. R. Civ. P. 4.1 granted an order approving the attachment of the

Account to the value of $30 million.  In the instant case, LaSalle has obtained a judgment,

and has demonstrated that a certain portion of the funds in the Account are not subject to

any exemption based upon any claim of Individual Retirement Account status.  Further, to

the extent trustee process is the appropriate mechanism for recovery of the funds in the

Account (liquid assets), LaSalle is entitled to an order charging Lehman Brothers as

Trustee defendant.

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this

Court enter an Order in the form attached hereto:

a.    Finding that the sum of $ 192,130.74 held in Gary Gitto's Lehman

Brothers Account No. 834-00574 is not protected by any exemption, as

Individual Retirement Account funds or otherwise, reaching and applying

those funds for the benefit of LaSalle, and adjudging Lehman Brothers a

Trustee for the benefit of LaSalle Business Credit, LLC of the sum of $

192,130.74 held in Gary Gitto's Account No. 834-00574, or, in the

alternative; and

b.      Granting LaSalle such other relief as may be appropriate.

Dated: July 5, 2005                          Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By:     /s/ Patrick W. Manzo
                          One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC., )<br>)<br>)<br>Plaintiff, )<br>v. )<br>GARY C. GITTO, et al., )<br>)<br>Defendant, )<br>and )<br>)<br>FLEET NATIONAL BANK, et al., )<br>)<br>Trustee Process Defendants, )<br>)<br>and )<br>)<br>DIRECT WOOD & PAPER PRODUCTS, et al., )<br>)<br><u>Reach and Apply Defendants.</u>  ) | Case No. 04-12227-DPW |

**[PROPOSED] DETERMINATION THAT CERTAIN FUNDS HELD IN GARY
C. GITTO'S INDIVIDUAL RETIREMENT ACCOUNT ARE NOT EXEMPT
FROM EXECUTION AND ORDER REACHING AND APPLYING FUNDS
IN THAT ACCOUNT AND CHARGE TO TRUSTEE LEHMAN BROTHERS**

Upon a showing made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle

Business Credit, Inc. ("LaSalle"), together will all supporting papers, the Court finds that

certain funds held Gary C. Gitto's account no. 834-00574, styled as an individual

retirement account and held by Trustee Process Defendant Lehman Brothers (the

"Account") are not exempt from execution to satisfy a judgment held by LaSalle.

Accordingly, IT IS ORDERED:

The sum of $ 192,130.74 held in Gary C. Gitto's Lehman Brothers Account No.

834-00574 is not protected by an exemption as Individual Retirement Account funds, that

sum is hereby reached and shall be applied to a judgment held by LaSalle Business

Credit, LLC, and Lehman Brothers is hereby adjudged a Trustee for the benefit of

LaSalle Business Credit, LLC of the sum of $ 192,130.74.


Dated: _____

                                    _____
                                    United States District Judge