# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                         SUPERIOR COURT DEPT.
                                                    OF THE TRIAL COURT
                                                    CIVIL ACTION NO. 05-2488

LASALLE BUSINESS CREDIT, LLC,

    Judgment Creditor,

v.

GARY C. GITTO,

    Judgment Debtor,

v.

SOVEREIGN BANK,

    Trustee Process Defendant.

## COMPLAINT

Judgment Creditor LaSalle Business Credit, LLC ("LaSalle") brings this action to reach goods, effects or credits of Judgment Debtor Gary C. Gitto ("Judgment Debtor") held by Sovereign Bank to be applied to amounts due to LaSalle pursuant to a judgment entered in the Federal District Court for the District of Massachusetts.

### PARTIES

1.    Judgment Creditor LaSalle Business Credit, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with executive offices in Chicago, IL and a locus of operations in New York, NY. LaSalle is a wholly-owned subsidiary of LaSalle National Leasing Corporation, which is a wholly-

owned subsidiary of LaSalle Bank National Association, a federally insured national banking association, which provides funding to LaSalle.

2. Judgment Debtor Gary C. Gitto is an individual, residing at 51 Meyer Hill Drive, Acton, Massachusetts.

3. Trustee Process Defendant Sovereign Bank ("Sovereign") has places of business throughout the Commonwealth of Massachusetts. Sovereign maintains an office at One Federal Street, Boston, Massachusetts. Upon information and belief, Sovereign holds goods, effects, credits or funds of the Judgment Debtor.

## FACTS APPLICABLE TO ALL COUNTS

4. On or about October 25, 2005 LaSalle commenced an action in Federal District Court for the District of Massachusetts styled <u>LaSalle Business Credit, LLC v. Gary Gitto, et al.</u>, 04-12227-DPW (the "Gitto Litigation"). The Gitto Litigation alleges, *inter alia*, that the Judgment Debtor was liable to LaSalle on a guaranty in the amount of $2.5 million.

5. In addition, the Gitto Litigation alleges numerous other fraud and conspiracy claims against Mr. Gitto and his co-defendants and seeks to recover the sum of $30 million.

6. On April 8, 2005 Judge Douglas Woodlock of the Federal District Court for the District of Massachusetts ordered entry of separate and final judgment against the Judgment Debtor in LaSalle's favor in the amount of $2.5 million on a certain count in the Gitto Litigation (the "Judgment"). A certified copy of the Judgment is attached hereto as <u>Exhibit A</u>.

7. On June 1, 2005, the Clerk of the Federal District Court for the District of Massachusetts issued an Execution on the Judgment. A certified copy of the Execution is attached hereto as <u>Exhibit B</u>.

8. The Gitto Litigation is still pending with respect to the remaining counts.

9. LaSalle is in the process of collecting on the Judgment, but has been unable to locate assets sufficient to satisfy the Judgment.

## FACTS EVIDENCING NEED FOR PRELIMINARY RELIEF

10. The Gitto Litigation alleges a pattern of widespread and pervasive fraud by the Judgment Debtor.

11. LaSalle believes that the Judgment Debtor has previously contributed (by roll-over) non-exempt funds to an Individual Retirement Account in an effort to frustrate LaSalle's attempt to collect on the Judgment and to defeat certain attachments granted in the Gitto Litigation.

12. These facts create an immediate danger that, if notified in advance, the Judgment Debtor either will withdraw the goods or credits from the hands and possession of trustee process defendant Sovereign Bank and remove them from the state or will conceal them, or will dissipate the funds on deposit with Sovereign Bank to evade LaSalle's collection on the Judgment.

13. The Judgment Creditor is not aware of any liability insurance that may be available to satisfy judgment in this action.

14. LaSalle has already recovered judgment against the Judgment Debtor in the amount of $2.5 million, and no defense, offsets or counterclaims could legitimately be asserted by the Judgment Debtor in this matter.

COUNT I
Trustee Process
(Against Sovereign)

15. The allegations set forth in paragraphs 1 through 14 above are incorporated herein by reference as if fully restated.

16. On information and belief, Sovereign possesses or controls goods, effects, credits or funds of the Judgment Debtor.

17. The Judgment Creditor requests this Court enter judgment adjudging Sovereign a trustee of the goods, effects, credits or funds of the Judgment Debtor in an amount to be determined by the Court and charging the trustee in such amount to be applied towards any judgment obtained against the Judgment Debtor in this action.

WHEREFORE, Judgment Creditor LaSalle Business Credit, LLC requests that this Court enter the following preliminary and final relief:

Preliminary Relief

1. That the Court, pursuant to Mass. R. Civ. P. 4.2, enter an order authorizing the *ex parte* attachment on trustee process of the goods, effects or credits of Judgment Debtor Gary C. Gitto, wherever located, held by or for the benefit of Sovereign Bank, as trustee, in the amount of $2.5 million; or in the alternative that the Court issue a short order of notice requiring Judgment Debtor Gary C. Gitto to appear and show cause why

the Judgment Creditor's request for attachment on trustee process should not be allowed.

### Final Relief

1. That the Court adjudge Sovereign Bank a trustee in possession of goods, effects or credits of Judgment Debtor Gary C. Gitto as determined by the Court and enter an order charging the trustee by requiring payment of any goods, effects or credits to LaSalle; and

3. That the Court grant Judgment Creditor LaSalle Business Credit, LLC such other and further relief as the Court deems appropriate.

LASALLE BUSINESS CREDIT, LLC

By its attorneys,

Dated: June 15, 2005

_____
Christopher J. Panos (BBO#555273)
Patrick W. Manzo (BBO#651891)
Craig and Macauley
 Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION NO.

LASALLE BUSINESS CREDIT, LLC,

    Judgment Creditor,

v.

GARY C. GITTO,

    Judgment Debtor,

v.

SOVEREIGN BANK,

    Trustee Process Defendant.

## AFFIDAVIT OF JAMES THOMPSON

James Thompson, being duly sworn, deposes and states:

1. My name is James Thompson.

2. I am over 18 years of age. I am Group Senior Vice President of LaSalle Bank National Association, the sole owner of LaSalle National Leasing Corporation, which in turn owns Plaintiff LaSalle Business Credit, LLC ("LaSalle").

3. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit.

4. On or about October 25, 2005, LaSalle commenced an action in Federal District Court for the District of Massachusetts styled LaSalle Business Credit, LLC v. Gary Gitto, et al., 04-12227-DPW (the "Gitto Litigation"). The Gitto Litigation alleges,

*inter alia*, that Judgment Debtor Gary C. Gitto (the "Judgment Debtor") was liable to LaSalle on a guaranty in the amount of $2.5 million.

5. In addition, the Gitto Litigation alleges numerous other claims against Mr. Gitto and his co-defendants and seeks to recover the sum of $30 million.

6. On April 8, 2005, Judge Douglas P. Woodlock of the Federal District Court for the District of Massachusetts ordered entry of separate and final judgment against the Judgment Debtor in LaSalle's favor in the amount of $2.5 million on a certain count in the Gitto Litigation (the "Judgment").

7. On June 1, 2005, the Clerk of the Federal District Court for the District of Massachusetts issued an Execution on the Judgment. The Gitto Litigation is still pending as to remaining counts.

8. LaSalle is in the process of collecting on the Judgment, but has been unable to locate assets sufficient to satisfy the Judgment.

9. The Gitto Litigation alleges a pattern of widespread and pervasive fraud by the Judgment Debtor.

10. LaSalle believes that the Judgment Debtor has previously contributed (by roll-over) non-exempt funds to an Individual Retirement Account in an effort to frustrate LaSalle's attempt to collect on the Judgment and to defeat certain attachments granted in the Gitto Litigation.

11. These facts create an immediate danger that, if notified in advance, the Judgment Debtor either will withdraw the goods or credits from the hands and possession of trustee process defendant Sovereign Bank and remove them from the

state or will conceal them, or will dissipate the funds on deposit with Sovereign Bank to evade LaSalle's collection on the Judgment.

12. The Judgment Creditor is not aware of any liability insurance that may be available to satisfy judgment in this action.

13. LaSalle has already recovered judgment against the Judgment Debtor in the amount of $2.5 million, and LaSalle is aware of no defense, offsets or counterclaims that could legitimately be asserted by the Judgment Debtor in this matter.

14. If LaSalle is denied the relief requested herein, LaSalle will suffer irreparable harm as Gary C. Gitto may dissipate what assets may currently available to satisfy LaSalle's Judgment against Mr. Gitto. Similarly, the harm LaSalle will suffer from denial of its motion is far greater than any potential harm to Mr. Gitto.

Signed under the penalty of perjury this 17th day of June, 2005.

_____
James Thompson