UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a <br> LASALLE BUSINESS CREDIT, INC. <br><br> Plaintiff, <br><br> v. <br><br> GARY C. GITTO, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT GARY C. GITTO'S OPPOSITION TO
PLAINTIFF'S MOTION TO REACH AND APPLY HIS
INDIVIDUAL RETIREMENT ACCOUNT**

Plaintiff LaSalle Business Credit, having obtained a separate and final judgment against defendant Gary Gitto, and an execution, now seeks to reach and apply up to $192,130 of the funds in defendant's Lehman Brothers Individual Retirement Account ("IRA") (account no. X0574). (Motion for Determination that Certain Funds Held in Gary C. Gitto's Individual Retirement Account Are Not Exempt From Execution and for an Order Reaching and Applying Funds in that Account and Charging Trustee.)

The parties agree that M.G.L. c. 235, §34A, which exempts certain IRA funds from execution, governs this case. The statute provides that "[t]he right or interest of any person in an . . . Individual Retirement Account . . . shall not be attached or taken on execution or other process to satisfy any debt or liability of such person. . . ." The exemption, however, is limited by the last sentence of the statute, which provides that funds which are deposited within the five year preceding period – other than "deposits pursuant to a rollover or transfer" – are not exempt

to the extent they exceed seven percent of the individual's income for that period.

Plaintiff's motion is based on the fact that in two deposits, made on September 15 and 20, 2004, defendant deposited $192,130.74 which was drawn from two, other, "brokerage" accounts. Plaintiff makes two contentions. First, it argues that "the transfer of those funds could not be a 'rollover' of exempt retirement funds," since they were drawn from non-IRA accounts. On the contrary, plaintiff argues, the fact that the funds derived from non-IRA accounts somehow destroyed the bona fides of the IRA account – at least to the extent of the money transferred in. Alternatively, it argues that the deposits are subject to the seven percent of income limitation in the last sentence in M.G.L.c. 235, §34A. It reasons that: (1) since the funds were deposited to the account within the last five years, the seven percent limitation applies to them; (2) seven percent of defendant's income within that period amounted to $116,420; (3) therefore the balance of the funds, or $75,710, is subject to execution.

Each of these contentions is completely without merit. Plaintiff bears the burden of proving that the c. 235, §34A exemption does not apply. In re Robert Yee, 147 B.R. 624 (Bankr.D.Mass. 1992). Plaintiff does not question that the account was established as a legitimate IRA. It was established by transfer from a previous retirement account, in 2000. Affidavit of Gary C. Gitto in Opposition to Plaintiff's Motion to Reach and Apply his Individual Retirement Account (Exhibit A to this Opposition); February 2000 statement (Exhibit B). Astonishingly, plaintiff omits from its presentation the central fact bearing on the status of the funds, to wit, that *the $192,130 deposit was a return of funds to the IRA account which had been withdrawn less than 60 days before, on July 23, 2004.* See Exhibits C and D to this Opposition.[1]

---

[1] Although plaintiff submitted statements of the Lehman Brothers non-IRA accounts as exhibits, it appears to have neglected to include any statements from the IRA account itself.

As plaintiff notes, IRA status is governed by the Internal Revenue Code.  Under the Code, 26 U.S.C. §408(d)(3(A)(i), funds withdrawn from an IRA and repaid into the IRA within 60 days are considered a rollover and do not lose their non-taxable IRA status.[2]  See also Internal Revenue Letter Ruling 901007 (Exhibit E)(individual is entitled to withdraw fund from an IRA for personal use and have it considered a rollover so long as the amount is redeposited into the IRA within 60 days); Internal Revenue Letter Ruling 8826009 (Exhibit F)(funds distributed from an IRA that are redeposited within 60-day rollover period meet requirements for tax-free rollover).  Accordingly, defendant's redeposit funds in September, which he had withdrawn in July, had no effect on the status of the IRA account, or on the redeposited funds.[3]

As for the plaintiff's alternative claim, the seven percent of income limitation likewise does not apply, since, again, the redeposit is considered a rollover.  The seven percent limitation applies only to those funds deposited within the five-year period "determined without regard to deposits pursuant to a rollover or transfer."[4][5]

---

[2] That section provides that: "Paragraph (1) [making withdrawals taxable] does not apply to any amount paid or distributed out of an individual retirement account . . . to the individual for whose benefit the account or annuity is maintained if – (i) the entire amount received . . . is paid into an individual retirement account . . . for the benefit of such individual not later than the 60th day after the day on which he receives the payment or distribution[.]"

[3] Plaintiff's primary argument – that mere addition of IRA funds somehow delegitimizes the IRA status of the account would not be valid even if the funds were not redeposits.  Plaintiff's argument proves too much – under its logic the entire account would lose the IRA exemption, a result even plaintiff does not claim.  Since the IRA account itself would not lose its status, the issue would then be only the treatment of new funds added to it.  That, of course, is precisely what the last sentence of the statute addresses.

[4] A prior version of this statute did not contain the explicit rollover exception to the seven percent of income limitation.  Interpreting that statute, the Bankruptcy Court and the District Court (Young, J.) ruled that under the plain language of the statute, rollover deposits were "deposits" within the plain language of the statute which would have to be counted.  In re Goldman, 182 B.R. 622 (Bankr.D.Mass. 1995), affirmed 192 B.R. 1 (D.Mass. 1996) (Young, J.).  As a result of the Goldman decision, the legislature added the statutory language making clear

**Conclusion**

For the reasons set forth above, the plaintiff's Motion for Determination that Certain Funds Held in Gary C. Gitto's Individual Retirement Account Are Not Exempt From Execution and for an Order Reaching and Applying Funds in that Account and Charging Trustee should be denied.

**Request for Oral Argument**

Defendant requests a hearing on plaintiff's motion and this response.

Respectfully Submitted,

Gary C. Gitto,
By his attorney,

/s/ *Max D. Stern*
Max D. Stern, BBO #479560
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-5800

Dated: August 1, 2005

G:\SSWG\Gitto\LaSalle Business Credit\LaSalle v. Gitto\opposition to IRA reach and apply rev.wpd

---

that the limitation is "without regard to deposits pursuant to rollover or transfer." St. 1998, c. 374, §1 (approved Oct. 31, 1998).

[5] Even if the seven percent limitation did apply, plaintiff would in any event only be entitled to $35,710. This is because it is subject to a prior claim of $40,000. Previously, Orix Financial Services, Inc., plaintiff in Suffolk C.A. 04-4414B, filed a similar motion. Orix has a prior attachment and prior judgment. Orix's motion was resolved by agreement, under which it was entitled to reach and apply $40,000. (Exhibit G). Accordingly, if the Court were to determine, as contended by LaSalle, that $75,710 of the IRA is non-exempt, those funds would be subject to the prior claim of $40,000.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a <br> LASALLE BUSINESS CREDIT, INC. <br><br> Plaintiff, <br><br> v. <br><br> GARY C. GITTO, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT GARY C. GITTO'S OPPOSITION TO
PLAINTIFF'S MOTION TO REACH AND APPLY HIS
INDIVIDUAL RETIREMENT ACCOUNT**

Plaintiff LaSalle Business Credit, having obtained a separate and final judgment against defendant Gary Gitto, and an execution, now seeks to reach and apply up to $192,130 of the funds in defendant's Lehman Brothers Individual Retirement Account ("IRA") (account no. X0574). (Motion for Determination that Certain Funds Held in Gary C. Gitto's Individual Retirement Account Are Not Exempt From Execution and for an Order Reaching and Applying Funds in that Account and Charging Trustee.)

The parties agree that M.G.L. c. 235, §34A, which exempts certain IRA funds from execution, governs this case. The statute provides that "[t]he right or interest of any person in an . . . Individual Retirement Account . . . shall not be attached or taken on execution or other process to satisfy any debt or liability of such person. . . ." The exemption, however, is limited by the last sentence of the statute, which provides that funds which are deposited within the five year preceding period – other than "deposits pursuant to a rollover or transfer" – are not exempt

to the extent they exceed seven percent of the individual's income for that period.

Plaintiff's motion is based on the fact that in two deposits, made on September 15 and 20, 2004, defendant deposited $192,130.74 which was drawn from two, other, "brokerage" accounts. Plaintiff makes two contentions. First, it argues that "the transfer of those funds could not be a 'rollover' of exempt retirement funds," since they were drawn from non-IRA accounts. On the contrary, plaintiff argues, the fact that the funds derived from non-IRA accounts somehow destroyed the bona fides of the IRA account – at least to the extent of the money transferred in. Alternatively, it argues that the deposits are subject to the seven percent of income limitation in the last sentence in M.G.L.c. 235, §34A. It reasons that: (1) since the funds were deposited to the account within the last five years, the seven percent limitation applies to them; (2) seven percent of defendant's income within that period amounted to $116,420; (3) therefore the balance of the funds, or $75,710, is subject to execution.

Each of these contentions is completely without merit. Plaintiff bears the burden of proving that the c. 235, §34A exemption does not apply. In re Robert Yee, 147 B.R. 624 (Bankr.D.Mass. 1992). Plaintiff does not question that the account was established as a legitimate IRA. It was established by transfer from a previous retirement account, in 2000. Affidavit of Gary C. Gitto in Opposition to Plaintiff's Motion to Reach and Apply his Individual Retirement Account (Exhibit A to this Opposition); February 2000 statement (Exhibit B). Astonishingly, plaintiff omits from its presentation the central fact bearing on the status of the funds, to wit, that *the $192,130 deposit was a return of funds to the IRA account which had been withdrawn less than 60 days before, on July 23, 2004*. See Exhibits C and D to this Opposition.[1]

---

[1] Although plaintiff submitted statements of the Lehman Brothers non-IRA accounts as exhibits, it appears to have neglected to include any statements from the IRA account itself.

As plaintiff notes, IRA status is governed by the Internal Revenue Code. Under the Code, 26 U.S.C. §408(d)(3(A)(i), funds withdrawn from an IRA and repaid into the IRA within 60 days are considered a rollover and do not lose their non-taxable IRA status.[2] See also Internal Revenue Letter Ruling 901007 (Exhibit E)(individual is entitled to withdraw fund from an IRA for personal use and have it considered a rollover so long as the amount is redeposited into the IRA within 60 days); Internal Revenue Letter Ruling 8826009 (Exhibit F)(funds distributed from an IRA that are redeposited within 60-day rollover period meet requirements for tax-free rollover). Accordingly, defendant's redeposit funds in September, which he had withdrawn in July, had no effect on the status of the IRA account, or on the redeposited funds.[3]

As for the plaintiff's alternative claim, the seven percent of income limitation likewise does not apply, since, again, the redeposit is considered a rollover. The seven percent limitation applies only to those funds deposited within the five-year period "determined without regard to deposits pursuant to a rollover or transfer."[4][5]

---

[2] That section provides that: "Paragraph (1) [making withdrawals taxable] does not apply to any amount paid or distributed out of an individual retirement account . . . to the individual for whose benefit the account or annuity is maintained if – (i) the entire amount received . . . is paid into an individual retirement account . . . for the benefit of such individual not later than the 60th day after the day on which he receives the payment or distribution[.]"

[3] Plaintiff's primary argument – that mere addition of IRA funds somehow delegitimizes the IRA status of the account would not be valid even if the funds were not redeposits. Plaintiff's argument proves too much – under its logic the entire account would lose the IRA exemption, a result even plaintiff does not claim. Since the IRA account itself would not lose its status, the issue would then be only the treatment of new funds added to it. That, of course, is precisely what the last sentence of the statute addresses.

[4] A prior version of this statute did not contain the explicit rollover exception to the seven percent of income limitation. Interpreting that statute, the Bankruptcy Court and the District Court (Young, J.) ruled that under the plain language of the statute, rollover deposits were "deposits" within the plain language of the statute which would have to be counted. In re Goldman, 182 B.R. 622 (Bankr.D.Mass. 1995), affirmed 192 B.R. 1 (D.Mass. 1996) (Young, J.). As a result of the Goldman decision, the legislature added the statutory language making clear

**Conclusion**

For the reasons set forth above, the plaintiff's Motion for Determination that Certain Funds Held in Gary C. Gitto's Individual Retirement Account Are Not Exempt From Execution and for an Order Reaching and Applying Funds in that Account and Charging Trustee should be denied.

**Request for Oral Argument**

Defendant requests a hearing on plaintiff's motion and this response.

Respectfully Submitted,

Gary C. Gitto,
By his attorney,

/s/ Max D. Stern
Max D. Stern, BBO #479560
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-5800

Dated: August 1, 2005

G:\SSWG\Gitto\LaSalle Business Credit\LaSalle v. Gitto\opposition to IRA reach and apply rev.wpd

---

that the limitation is "without regard to deposits pursuant to rollover or transfer." St. 1998, c. 374, §1 (approved Oct. 31, 1998).

[5] Even if the seven percent limitation did apply, plaintiff would in any event only be entitled to $35,710. This is because it is subject to a prior claim of $40,000. Previously, Orix Financial Services, Inc., plaintiff in Suffolk C.A. 04-4414B, filed a similar motion. Orix has a prior attachment and prior judgment. Orix's motion was resolved by agreement, under which it was entitled to reach and apply $40,000. (Exhibit G). Accordingly, if the Court were to determine, as contended by LaSalle, that $75,710 of the IRA is non-exempt, those funds would be subject to the prior claim of $40,000.