IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 04-12227-DPW |
| GARY C. GITTO, et al., | ) ) |
| Defendant, and | ) ) ) ) |
| FLEET NATIONAL BANK, et al., | ) ) |
| Trustee Process Defendants, | ) ) ) |
| and | ) ) |
| DIRECT WOOD & PAPER PRODUCTS, et al., | ) ) |
| Reach and Apply Defendants. | ) |

MOTION FOR EQUITABLE ATTACHMENTS IN THE
FORM OF REACH-AND-APPLY INJUNCTIONS REGARDING
THE INTEREST OF JOHN TERSIGNI IN LITIGATION CLAIMS

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 214, § 3, plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") hereby requests that this Court approve the equitable attachment of the rights and interest of John Tersigni ("Tersigni") in any amounts owed to Mr. Tersigni as set forth in a civil case pending in the Worcester Superior Court and styled Tersigni v. East Coast Trading, Inc. (the "Litigation"), by entering injunctive relief as follows:

*That East Coast Trading and each of its agents, servants, employees, attorneys, beneficiaries, successors, assigns and all persons in active concert or participation with it who receive actual notice of this Order, by personal service or otherwise shall:*

> a.  *be enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to John Tersigni by East Coast Trading, Inc. ("Claims"), including without limitation on account of the claims set forth in a civil case pending in the Worcester Superior Court and styled Tersigni v. East Coast Trading, Inc. (the "Litigation"), or taking any act to consent to or otherwise facilitate or permit the transfer of Tersigni's interest in the Claims;*
>
> b.  *be enjoined from making any payment or transfer, directly or indirectly, to Tersigni, arising from his interest in the Claims; and*
>
> c.  *reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the claims underlying the Complaint filed in this case.*

*Further, that John Tersigni shall be enjoined from accepting any payments on account of the Claims and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in the Claims, or any interest in the Claims, pending further order of this Court.*

In support hereof, LaSalle refers the Court to the Second Amended Complaint and the Affidavits of Matthew Stilwell[1] and John Tersigni, all filed previously in this action and incorporated herein by reference.

---

[1] LaSalle has filed four affidavits for Mr. Stilwell, dated October 21, 2004 ("Stillwell 1") [#4], November 8, 2004 ("Stilwell 2") [#62], December 6, 2004 ("Stilwell 3") [#152] and January 18, 2005 ("Stilwell 4") [#184].

In addition LaSalle relies on and refers the Court to the motions previously filed seeking pre-judgment security against Tersigni and incorporates the same herein by reference. LaSalle further states:

I. <u>SUMMARY OF RELEVANT FACTS</u>

1. Tersigni was an affiliated with, or otherwise had a relationship with Gitto Global Corporation ("Gitto Global"), a Massachusetts corporation owned by Frank Miller, Gary Gitto and Nancy Gitto Panagiotes. (Stilwell 1 ¶¶ 4, 34, 57, 58)

2. On or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement, wherein LaSalle made a revolving loan not to exceed $27,000,000, secured by certain of Gitto Global's accounts receivable and inventory ("LaSalle Revolving Loan"). In addition, LaSalle agreed to make a term loan to Gitto Global in the original principal amount of $3,000,000 ("LaSalle Term Loan"). The LaSalle Revolving Loan required Gitto Global to make certain ongoing representations in order to continue borrowing against the loan. In addition, Gitto Global was required to make certain deposits of payments received from customers into an account (the "Fleet Blocked Account") established with Fleet National Bank ("Fleet"). (Stilwell 1 ¶¶ 5 – 6, 11-13)

3. Gitto Global filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Massachusetts (Docket #04-45386) on September 24, 2004. On or about October 15, 2004 the Bankruptcy Court appointed an Examiner to investigate the existence of pre-petition fraud or other mismanagement in the affairs of Gitto Global.

4. Beginning in July of 2002, and continuing through September of 2004, Tersigni and others engaged in a scheme to have Gitto Global improperly obtain money

3

from LaSalle through the LaSalle Revolving Loan.  (Stilwell 1 ¶¶ 16 – 19, 21 – 24)

5. Between July, 2002 and September 15, 2004, John Tersigni knowingly participated in the fraud scheme by regularly signing or allowing his signature to be affixed on checks made payable to Gitto Global, drawn from the J&J Chemical Account, at the direction of Gary Gitto, Frank Miller and Helen Kozak, for the purpose of obtaining funds from LaSalle under false pretenses and causing those checks to be deposited into the Fleet Blocked Account.  In doing this:

   a. Tersigni organized J-Tan and told LaSalle that J-Tan intended to conduct $3 million worth of business with Gitto Global.  In doing so, Tersigni gave LaSalle the impression that J-Tan was a real customer.  The next day after Tersigni made these representations to LaSalle, he learned that the "deal" with Gitto Global would not happen.  Tersigni did nothing to correct the misinformation he had given LaSalle. *See Affidavit of John D. Tersigni* dated November 24, 2004 ¶¶ 15 - 19 (filed with the Court on December 10, 2004).

   b. Tersigni was instrumental in perpetuating the Kingsdale/J&J Chemical fraud; he acted as an officer, set up a mail drop and an answering machine, and provided a signature stamp.  Tersigni received $5,500 per month for these minimal services. He was also aware of the amount of money flowing through the account.  When Tersigni questioned Miller regarding the cash flow through Kingsdale/J&J Chemical's accounts, he accepted Miller's answer that Kingsdale was "backed by $19 million" despite knowing that Gitto Global had difficulty managing its cash flow and

      paying obligations due to him or his business partner, East Coast Trading, Inc. (referred to in the Tersigni Affidavit as East Coast Distributors, Inc.). *Tersigni Aff.* ¶¶ 10 – 14, 22 – 25.

  c. John Tersigni signed or allowed his signature to be affixed to hundreds of checks. *Tersigni Aff.* ¶¶ 23 – 25. Mr. Tersigni knew, or should have known, that there were insufficient funds in the J&J Chemical Account to satisfy the checks and knew, or should have known, that J&J Chemical did not owe any money to Gitto Global. *Id.*

## II. ARGUMENT IN SUPPORT OF EQUITABLE ATTACHMENT

This Motion should be granted in order to protect assets of Tersigni that may be available to satisfy a judgment that LaSalle may obtain in the captioned action from being lost, concealed, injured, diminished in value or squandered.

  A. Standard for Granting Relief

A creditor may "reach and apply" a debtor's interest in intangible property that cannot otherwise be executed against in an action at law. Mass. Gen. L. ch. 214, § 3(6); Tilcon Capaldi, Inc. v. Feldman, 249 F.3d 54, 59 (1st Cir., 2001). In an action to reach and apply, the court must engage in a two-step process to establish (1) the indebtedness of the defendant and (2) the defendant has property that can be reached by the plaintiffs in satisfaction of the defendant's debt. Mass. Gen. L. ch. 214 §§ 3 (6) and (7); GMAC v. Camilleri Bros. Chevrolet of Holyoke, Inc., 188 F. Supp. 2d 73, 76 (D. Mass., 2001). A plaintiff who has obtained a preliminary injunction in an action to reach and apply has established an equitable attachment constituting security for satisfaction of a judgment. In re Borofsky, 138 Bankr. 345, 347 (Bankr. D.Mass. 1992); Foxborough Sav. Bank v.

Ballarino (In re Ballarino), 180 B.R. 343, 348 (D. Mass. 1995).

Pursuant to Fed.R.Civ.P. 64, Mass Gen. L. ch. 214, § 3, and Mass. R. Civ. P. 4.1 an order may be granted approving attachment of property upon findings by the court that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available to satisfy a judgment.

> B.  There is a Reasonable Likelihood that the Plaintiff Will Recover Judgment in an Amount Equal to or Greater than the Amount of the Attachment Over and Above any Liability Insurance Known or Reasonably Believed to be Available.

Based upon the pattern of conduct of Tersigni, and the evidence alleged related thereto, there is a substantial likelihood and reasonable expectation that LaSalle will be awarded judgment against Tersigni, exclusive of all costs, in excess of $30,000,000. (Stilwell 1 ¶ 64)

In July, 2002, LaSalle agreed to provide Gitto Global a revolving loan for up to $27 million based upon Gitto Global's genuine sales and actual inventory. Under this arrangement, Gitto Global was to deposit its customers' payments into an account at Fleet Bank. These deposits would be applied to LaSalle's loan. In turn, Gitto Global, on a daily basis, provided LaSalle a signed daily loan report and a borrowing base certificate requesting a disbursement under the revolving loan.

After 26 months, Gitto Global was in bankruptcy with over $30 million owed to LaSalle on the revolving loan. The growth of the loan amount was fed by Gitto Global's reports of amounts due from fictitious customers of Gitto Global. The Defendants accomplished this through an elaborate, well-timed flow of paper that created a false

impression that Gitto Global had increasing sales and revenue. Over the 26 months, Defendants created numerous false invoices, bills of lading and other documents that purported to evidence millions of dollars of sales to six companies. To generate funds to serve as payments for these fictitious sales, Defendants engaged in a check-kiting scheme. Gitto Global deposited checks drawn upon an account at Clinton State Bank by Kingsdale Corp., d/b/a J&J Chemical Distributors ("J&J Chemical"). Reciprocal checks from Gitto Global were deposited to J&J Chemical's account at Clinton Bank to cover the deposited J&J Chemical checks.

The misrepresentation of Gitto Global's accounts receivable did not begin with the LaSalle loan in 2002. Defendant Janice Chaisson, who had been Gitto Global's accounts receivable supervisor, admitted to Matthew Stillwell that the creation of false invoices and the complimentary check-kite using J&J Chemical had been going on since at least 2001. (Stillwell 12/6/04 Aff. ¶s 5-10) J&J Chemical's account at Clinton Bank was opened in February, 2001. Ex. CSB 1.

Tersigni knew of falsification of Gitto's accounts receivable and the operation of the check-kiting scheme. There is no evidence that J&J Chemical served any purpose other than to provide a critical point in the check-kite.

The only inference that can be drawn from the aid Tersigni gave to maintain the smooth operation of the J&J Chemical account at Clinton Bank is that he was a participant in the conspiracy to defraud LaSalle.

Tersigni has had an opportunity to rebut the inference that he was a participant in the conspiracy. Instead, he has failed to answer LaSalle's Complaint or otherwise participate in this action. The uncontradicted facts and the inferences that can be drawn

7

from the actions of Tersigni in facilitating the operation of J&J Chemical and failing answer or otherwise testify in this case together indicate that LaSalle will succeed in its claims against Tersigni and Tradex.

      C.      <u>Absent Injunctive Relief, LaSalle will Suffer Irreparable Injury</u>

LaSalle is aware of no liability insurance coverage available to Tersigni to satisfy a judgment against them in this action. (Stilwell 1 ¶ 65) LaSalle will suffer substantial and irreparable harm if it is not granted injunctive relief because LaSalle knows of no other assets other than those upon which LaSalle has sought attachments, of Tersigni from which the ultimate judgment can be satisfied. (Stilwell 1 ¶ 68) In such a situation, LaSalle would have no viable remedy at law. The harm to LaSalle is far greater than any harm that may befall Tersigni by granting this injunction. Given the nature of the claims against Tersigni and the evidence that is unfolding supporting these claims, there is a clear risk that Tersigni will conceal, convey or dissipate assets pending determination of these claims.

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this Court enter an Order in the form attached hereto:

Enjoining East Coast Trading, Inc. and its agents, servants, employees, attorneys, beneficiaries, successors, assigns and all persons in active concert or participation with it who receive actual notice of this Order, by personal service or otherwise from:

      a.      paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to John Tersigni by East Coast Trading, Inc. ("Claims") including without limitation on account of the claims set forth in a civil case pending in the Worcester Superior Court and styled

Tersigni v. East Coast Trading, Inc. (the "Litigation"), or taking any act to consent to or otherwise facilitate or permit the transfer of John Tersigni's interest in the Claims;

  b.  making any payment or transfer, directly or indirectly, to Tersigni, arising from his interest in the Claims; and

  c.  reaching and applying, and causing payment directly to LaSalle of any amounts due to LaSalle as a result of the claims underlying the Complaint filed in this case.

Further enjoining John Tersigni from accepting any payments on account of the Claims and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in the Claims, or any interest in the claims pending further order of the Court.

Dated: September 1, 2005                                  Respectfully submitted,

                                                                   LASALLE BUSINESS CREDIT, LLC


                                                                   By:     /s/ Patrick W. Manzo
                                                                          One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a <br> LASALLE BUSINESS CREDIT, INC., <br><br> Plaintiff, <br> v. <br> GARY C. GITTO, et al., <br><br> Defendant, <br> and <br><br> FLEET NATIONAL BANK, et al., <br><br> Trustee Process Defendants, <br><br> and <br><br> DIRECT WOOD & PAPER PRODUCTS, et al., <br><br> <u>Reach and Apply Defendants.</u> | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 04-12227-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>[PROPOSED] ORDER APPROVING AN EQUITABLE
ATTACHMENT IN THE FORM OF A REACH-AND-APPLY INJUNCTION</u>

Upon a showing made by plaintiff LaSalle Business Credit, LLC f/k/a LaSalle Business Credit, Inc. ("LaSalle") in the Motion for Equitable Attachments in the Form of Reach-And-Apply Injunctions Regarding the Interest of John Tersigni in Litigation Claims, together will all supporting papers, the Court finds that there is a reasonable likelihood that the plaintiff will recover judgment against in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available.

IT IS ORDERED that East Coast Trading, Inc., and its agents, servants, employees, attorneys, beneficiaries, successors, assigns and all persons in active concert

11

or participation with it who receive actual notice of this Order, by personal service or otherwise are:

a. enjoined from paying in whole or in part, offsetting, assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments owed to John Tersigni by East Coast Trading, Inc. ("Claims") on account of a civil case pending in the Worcester Superior Court and styled Tersigni v. East Coast Trading, Inc. (the "Litigation"), or taking any act to consent to or otherwise facilitate or permit the transfer of John Tersigni's interest in the Claims;

b. enjoined from making any payment or transfer, directly or indirectly, to John Tersigni, arising from his interest in the Claims; and

c. shall reach and apply, and pay directly to LaSalle any amounts due to LaSalle as a result of the Claims underlying the Complaint filed in this case.

Further, John Tersigni is enjoined from accepting any payments on account of the Claims and from selling, transferring, pledging, encumbering, concealing, hypothecating or otherwise disposing of any money, property or payments received on account of any interest in the Claims, or any interest in the Claims, pending further order of this Court.

Dated:_____        _____
                                    United States District Judge