UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 04CV12227DPW

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, IN.,<br>    Plaintiff<br><br>v.<br><br>GARY C. GITTO, et al,<br>    Defendants<br><br>and<br><br>FLEET NATIONAL BANK, et als<br>    Trustee Process Defendants<br><br>and<br><br>FIDELITY INVESTMENTS, INC., et al<br>    Reach and Apply Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT CHARLES GITTO'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER THAT LIVING
EXPENSES BE DRAWN FROM EXEMPT ASSETS

The Defendant Charles Gitto, opposes so much of the Plaintiff LaSalle's *Motion For Order That Living Expenses Be Drawn From Exempt Assets and Withdrawal Of Opposition To Charles Gitto's Renewed Motion To Dissolve Attachment on IRA Account* as would permit Charles Gitto's living expenses to be drawn from exempt assets.

In support of the within motion, the defendant, through counsel, states as follows:

1.    The defendant Charles Gitto currently received Nine Thousand ($9,000) Dollars per month for his ordinary and usual living expenses. By stipulation those expenses have been

1

paid from Mr. Gitto's Legg Mason brokerage account and will not result in an additional tax obligation to Mr. Gitto.

2. Payment of Mr. Gitto's living expenses from his retirement account will result in a tax obligation as high as 40% above and beyond the $9,000 monthly stipend.

3. Mr. Gitto has a need to preserve the funds contained in the IRA account for extraordinary expenditures, such as legal fees for the defense of this action.

WHEREFORE, the Defendant respectfully requests that this Court dissolve the attachment on his Legg Mason IRA account without distributing the current order for payment of the monthly living expenses from his Legg Mason brokerage account.

Respectfully submitted,

___/s/ Juliane Balliro_____
Juliane Balliro (BBO# 028010)
WOLFBLOCK
One Boston Place
Boston, MA 02108
(617) 226-4000

Dated: October 3, 2005