IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC., )<br> )<br>    Plaintiff, )<br> v. )<br> )<br>GARY C. GITTO, et al., )<br> )<br>    Defendants. )<br>_____ ) | Case No. 04-12227-DPW |

**REQUEST FOR ORDER TO SHOW CAUSE AS TO WHY
GARY GITTO SHOULD NOT BE HELD IN CONTEMPT OF
COURT FOR VIOLATING THE PRELIMINARY INJUNCTION**

  Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), by its attorneys, moves the Court for an Order to Show Cause as to Why Gary Gitto Should Not Be Held in Contempt of Court for Violating the Preliminary Injunction. In support of that request, LaSalle states as follows:

  1. On November 5, 2004, the Court entered a Preliminary Injunction Preserving the Status Quo, in which, among other things, the Court prohibited Gary Gitto from transferring any of his assets, pending further order of court.

  2. On January 10, 2005, the November 5, 2004 Order was modified by a Fifth Supplement to Preliminary Injunction Preserving the Status Quo, wherein the Court provided that Gary Gitto may borrow money on an unsecured basis or receive cash gifts from third parties and spend up to $4,400 per week of such funds to pay legal expenses or ordinary and necessary living expenses.

  3. On March 29, 2005, based upon representations made in an affidavit delivered by Gary Gitto to LaSalle, the Court entered a Stipulated Sixth Modification of Injunction Preserving the Status Quo. The Court provided in this Stipulated Sixth Modification that Gary Gitto may borrow money on an unsecured basis or receive cash gifts from third parties, and spend up to

- 2 -

$5,000 per week of such funds or funds that he has earned as compensation from an unaffiliated third party employer provided that such funds are used solely to pay (i) legal expenses or (ii) ordinary and necessary living expenses. Those ordinary and necessary living expenses were defined to be expenses consisting of (a) food, (b) utilities, (c) mortgage payments, (d) tuition and other current school expenses, (e) clothing, (f) medical expenses, (g) insurance, (h) spousal or child support obligations, (i) necessary maintenance of real property and motor vehicles, (j) vehicle leases, and (k) fuel for heating or motor vehicles.

4.  From December 29, 2004 to November 21, 2005, Gary Gitto had a checking account no. 59204948567 at Sovereign Bank. This account was open until November 21, 2005, when he transferred all the funds in the account to his company, Triple G Enterprises, L.L.C. From March to November 2005, Gary Gitto used his funds to transfer (i) $4,045 to the Gary Gitto Irrevocable Trust, (ii) $2,500 to Candice White, his girlfriend, (iii) $3,250 to Henry Kelly, an accountant, (iv) $24,155 to credit card companies, (v) $4,300 to attorneys and other parties for fees, a plat survey and other expenses for construction on real estate in Acton, Massachusetts, and (vi) $11,000 in cash.

5.  A civil contempt is established by clear and convincing evidence and the underlying order must be clear and unambiguous in its terms. <u>Mountain Cable Company v. Chocquette</u>, 53 F.Supp.2d 107, 114 (D. Mass. 1999).

6.  Here, Gary Gitto was explicitly enjoined from "assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or disposing" of any of his assets, except to pay "legal expenses or ordinary and necessary living expenses" for specific and enumerated purposes. It is clear that Gary Gitto has been violating the terms of the preliminary injunction comprising the November, 5, 2004 and March 29, 2005 orders. Under cover of

- 3 -

ordinary and necessary expenses, Gary Gitto has transferred money to an irrevocable trust, given money to his girlfriend, used funds to invest in a real estate transaction, paid unauthorized expenses and withdrawn a significant amount of cash in order to hide his use of funds.

WHEREFORE, Plaintiff, LaSalle Business Credit, LLC, requests that the Court issue an Order to Show Cause as to Why Defendant, Gary Gitto, Should Not Be Held in Contempt of Court for Violating the Preliminary Injunction and assessed sanctions for violation of the Preliminary Injunction.

Dated: February 7, 2006

Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By: _____/s/ Patrick W. Manzo_____
One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone:  (617) 367-9500

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 8, 2006.

/s/ Patrick W. Manzo

347274.1 042314-34311