

# Commonwealth of Massachusetts
## The Trial Court
### Probate and Family Court Department

**Worcester Division**

Docket No. 02D0741-DV1

## Judgment Of Divorce Nisi

**Lori A. Gitto**, Plaintiff
of **Leominster** in the County of **Worcester**

v.

**Gary C. Gitto**, Defendant
of **Leominster** in the County of **Worcester**

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of **irretrievable breakdown** as provided by Chapter 208, section 1B, and that upon and after expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such a period, the Court shall otherwise order. It is further ordered that the Separation Agreement attached hereto shall be incorporated into and made a part of this Judgment and shall survive independent of same, except as to provisions relating to the children and Exhibits A, B, C1, C2, E, F, G2, G3 and G4 which shall merge.

The Court makes the following further findings:

1. The agreement between the parties is voluntary and is not the product of coercion.

2. The agreement is fair and reasonable.

3. Both parties accept the agreement as a full and final division of marital assets.

4. The agreement makes proper provisions for custody, support and maintenance, alimony and disposition of marital property.

Dated: February 14, 2005

Absolute: May 16, 2005

Justice of Probate and Family Court
Ronald W. King

c.g.f

## SEPARATION AND PROPERTY SETTLEMENT AGREEMENT

The parties to this Agreement executed this 8th day of February, 2005, are Gary C. Gitto, of 51 Meyer Hill Drive, Unit #4, Acton, Massachusetts, and Lori A. Gitto, of 24 Nancy Court, Leominster, Massachusetts, hereinafter respectively referred to as "Husband" and "Wife".

## INTENT OF THE PARTIES

The Husband and Wife are now and have been living separate and apart from one another. They desire and intend at this time, and by this instrument, to make a complete and final settlement of all matters relating to their interests with respect to present and future property, alimony, support and the rights of the Husband and Wife with respect to the estate of the other in the case of the death of either of them.

It is the intent of the parties that this Agreement is made to settle and determine all matters, including, but not limited to, the following:

(a)    The property rights of each of the parties.

(b)    What should be paid to the Husband or the Wife for his or her support and maintenance and for the support and maintenance of the minor children: Gianna D. Gitto, born November 6, 1989; Isabella M. Gitto, born June 8, 1994; and Francesca N. Gitto, born October 11, 1998, in consideration of the provisions of Massachusetts General Laws, Chapter 208, Sections 34 and 28.

Court, costs and expenses incurred in such action for the Wife's breach of any term or terms of this Agreement as stated above.

## NO RELIANCE ON EXTRINSIC MATTERS

8.  The parties hereto agree that there have not been made and that they have not relied upon any promises, warranties or representations except as otherwise expressly contained in this Agreement.  The parties further acknowledge and declare that this Agreement contains the entire agreement between the parties hereto and that there are no agreements, promises, terms, conditions or understandings and no representation or inducements leading to the execution hereof, expressed or implied, other than those herein set forth and that no oral statement or prior written matter extrinsic to the Agreement shall have any force or effect.

## EXHIBITS INCORPORATED

9.  There are annexed hereto and hereby made a part hereof, Exhibits "A" - "I" (Pages 1 - 30).  Both parties specifically agree that these Exhibits are hereby incorporated by reference and made a part of this Agreement, and both parties agree to be bound by and to perform and carry out all the terms of the said Exhibits to the same extent as if each of said Exhibits were fully set forth in the text of this Agreement.

14

## EXHIBIT "E"

## LIFE INSURANCE

In the event of the Husband's death, at which time all child support shall cease, in order to provide money for support of the minor children, the Husband shall maintain the following life insurance death benefits, subject to the terms of this Exhibit:

1. The Husband shall maintain the following life insurance policies, or their reasonable substitute policies, covering his life, with the beneficiary being the "Gary C. Gitto Irrevocable Trust, dated March 9, 1988, Michael D. Brocelman, Trustee", or successor Trustees, until such time as all of the minor children are emancipated, after which he shall have no obligation to maintain any life insurance. As each of the first two children become emancipated, the Husband shall have the right to reduce the death benefits by One Million Thousand ($1,000,000.00) Dollars.

2. The Husband does hereby represent and warrant that he is presently insured under the following policies of insurance covering his life, with the Gary C. Gitto Irrevocable Trust, dated March 9, 1988, as beneficiary:

16