UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GARY C. GITTO, et al, | ) ) |
| Defendants | ) ) |

**DEFENDANT GARY GITTO'S MOTION TO COMPEL
SUBPOENAED PARTY TO PRODUCE DOCUMENTS**

Defendant Gary Gitto moves, pursuant to F.R.Civ.P. 45(c)(2)(B), that the Court order a subpoenaed party, Attorney Leonard Lewin, to produce certain documents. In support thereof, defendant says, as follows:

1. Defendant issued a subpoena, pursuant to F.R.Civ.P. 45 to Attorney Leonard Lewin to produce "[a]ll financial statement made or filed on behalf of Frank Miller in the matter of Frank Miller v. Gail Miller, Probate and Family Court #90D-0447-D2." (Exhibit A).

2. Frank Miller was the President and 50% stockholder of the Gitto-Global Co. There has been voluminous deposition testimony in this case that Miller concocted and executed a fraud upon the plaintiff bank in this case, by creating phony invoices, falsifying inventory, and so forth. None of the deponents, however, have testified to any such acts committed by Gary Gitto, who was CEO and 40% stockholder of the company. Defendant is informed and believes that Miller asserts that he took these actions at the direction of Gary Gitto, and either that he did

not personally profit, or profited very little.  Defendant Gitto contends that, on the contrary, Miller created and executed this scheme on his own, and was motivated by the profits he siphoned from the company. In order to establish the profits made by Miller, it is important for defendant to prove what assets Miller had before and after he perpetrated the fraud.  Miller was divorced from his former wife, Gail Miller, in 1995, by decree of the Norfolk County Probate and Family Court.  In connection with that action, Miller filed one or more financial statements.  These statements will enable defendant to establish what assets Miller had in 1995.

     3.  The financial statements are not public record.  They are impounded by virtue of Supplemental Probate Court Rule 401, which provides that financial statement "shall be impounded or kept separate from other papers in the case and shall not be available for public inspection."   Defendant issued subpeonas to produce the statements to the attorneys for both parties, Attorney Michael Avaratin, (then counsel for Frank Miller) and Attorney Lewin (then counsel for Gail Miller).  Attorney Avratin responded that his file had been destroyed.  (Exhibit B).

     4.  Attorney Lewin has objected to production on the ground that the document is impounded, and that "I am not sure that the document or file even exists and, therefore, I do not intend to waste time looking for a file or incurring the expense of retrieving a file unless and until there is a specific court order requiring that I produce an impounded document." (Exhibit C).

     5.  Defendant should not be required to apply to the Probate Court for the document.  The document is surely relevant and discoverable; the state court order of impoundment does not create a privilege under the Federal Rules of Evidence, and would not supercede any order

issued by this Court. Furthermore, since the sole reason for seeking the document is for use in this case, this Court is in a far better position to assess the relevance and need for the document, and may also, unlike the Probate Court, control its further dissemination by parties to this case. Defendant would not object to a protective order limiting his use of the document to this case.

      6. Defendant is also willing to pay the reasonable expense for Mr. Lewin to retrieve the file from storage.

Gary C. Gitto,

By his attorneys,

/s/ Max D. Stern
Max D. Stern, BBO #479560
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-5800

Dated: March 31, 2006

G:\SSWG\GITTO\LaSalle Business Credit\LaSalle v. Gitto\Lewin production motion.wpd

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2006. A paper copy has been served on the subpoenaed party Attorney Leonard Lewin, Gadsby Hanah LLP, 225 Franklin Street, Boston, MA 02110.

                                       /s/ Max D. Stern
                                       Max D. Stern