# Attachment C



Leonard L. Lewin
llewin@ghlaw.com

Tel: 617 345 7001
Fax: 617 204 8001

March 17, 2006

**BY FACSIMILE AND FIRST CLASS MAIL**

Max D. Stern, Esq.
Stern, Shapiro, Weissberg & Garin LLP
90 Canal Street
Boston, MA  02114

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax 617 345 7050

www.ghlaw.com

Dear Mr. Stern:

    Not having received a return phone call, I am writing this letter as a follow up to the voice mail I left for you yesterday afternoon.  I am in receipt of the Subpoena you sent in the matter of La Salle Business Credit, LLC v. Gary C. Gitto, et al. commanding that I produce a financial statement filed on behalf of Frank Miller in a divorce case in which I represented Gail Miller.  To begin with, as stated in my voice mail, I believe I represented Gail Miller in that matter approximately 12 or 13 years ago and if in fact the file still exists, it is in storage.  In view of the fact that Massachusetts Probate Court Rule 401 (d) clearly states that "financial statements…shall be impounded or kept separate from other papers in the case and shall not be available for public inspection, but shall be available for the court, the attorneys (whose appearance are entered in the case), the parties to the case, the registers, assistant registers, members of the Probation Department and Employees of the Massachusetts Department of Revenue, where necessary", I am not in a position to produce the document you requested.  Once again, I am not sure that the document or file even exists and, therefore, I do not intend to waste time looking for a file or incurring the expense of retrieving a file unless and until there is a specific court order requiring that I produce an impounded document.  Accordingly, I will not be producing any documents on March 22, 2006 at 9:00 a.m. as demanded by your subpoena.

    I believe that Rule 45 of the Federal Rules of Civil Procedure requires that "an attorney responsible for the issuance and service of a Subpoena shall take reasonable steps to avoid imposing undo burden or expense on a person subject to that Subpoena", therefore, I respectfully suggest that you file a motion with the appropriate Probate and Family Court seeking release of the impounded document requested in your Subpoena.  Also, pursuant to Rule 45 (B) of the Federal Rules of

B0453564v1

Max D. Stern, Esq.  
March 17, 2006  
Page 2

**GADSBY HANNAH** LLP

Civil Procedure, kindly consider this letter as the formal objection to the Subpoena you caused to be issued upon me.

Very truly yours,

Leonard L. Lewin

LLL:lc

B0453564v1