IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a )<br>LASALLE BUSINESS CREDIT, INC.,     )<br>                                                                  )<br>               Plaintiff,                            )<br>     v.                                                     )<br>                                                                  )<br>GARY C. GITTO, et al.,                    )<br>                                                                  )<br>               Defendants.                     )<br>_____) | Case No. 04-12227-DPW |

**PLAINTIFF'S REPLY TO DEFENDANT GARY C. GITTO'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR ORDER TO SHOW CAUSE**

Plaintiff, LaSalle Business Credit, LLC ("LaSalle"), by its attorneys, hereby replies to Defendant Gary C. Gitto's *Opposition to Request for Order to Show Cause and Motion to Modify Preliminary Injunction* (the "Opposition"). The Opposition alleges that LaSalle comes before this Court with unclean hands, and makes several inaccurate factual assertions in support of that argument. Specifically, the Opposition alleges that Steven Snyder, an investigator employed by LaSalle, impersonated a Sovereign Bank ("Sovereign") employee in order to obtain information regarding Mr. Gitto's bank accounts at Sovereign, and that LaSalle used this information to issue a subpoena dated November 30, 2005 seeking account records for Mr. Gitto, Gitto Sales, Inc. and Triple G Enterprises, Inc. (Opposition Exhibit C). The Opposition then alleges that records produced by Sovereign pursuant to the November 30, 2005 subpoena formed the basis for LaSalle's Motion for an Order to Show Cause.

These allegations are false. LaSalle has been aware that Mr. Gitto and Gitto Sales, Inc. maintained accounts with Sovereign for some time and had issued several prior subpoenas to Sovereign for records related to those accounts. In November of 2005, LaSalle learned, through a public records search, that Mr. Gitto had formed Triple G Enterprises. The November 30

- 2 -

subpoena sought to obtain records related to accounts for each of these entities, presuming that Mr. Gitto maintained the Triple G account there as well.  As detailed in the attached *Affidavit of Steven Snyder*, neither Mr. Snyder nor any of his employees contacted Sovereign under false or misleading circumstances to obtain information regarding Mr. Gitto's accounts.  Mr. Snyder further denies impersonating a Sovereign employee, or using any impersonation or pretext methods to obtain information at any time during either his investigation of Mr. Gitto or during his twenty-five year career.

WHEREFORE, Plaintiff, LaSalle Business Credit, LLC, requests that the Court grant LaSalle's Motion for an Order to Show Cause, and deny Defendant Gary C. Gitto's Motion for Modification of the Preliminary Injunction.

Dated: April 19, 2006                                      Respectfully submitted,

                                                           LASALLE BUSINESS CREDIT, LLC


                                                           By:/s/ Patrick W. Manzo
                                                                   One of its attorneys

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone:  (617) 367-9500

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300

- 3 -

<u>Certificate of Service</u>

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on <u>April 20, 2006</u>.

                                          /s/ Patrick W. Manzo