UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12227 (DPW)

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GARY C. GITTO, et al., | ) ) |
| Defendants | ) ) |

**NORFOLK COUNTY REGISTER OF PROBATE
PATRICK W. MCDERMOTT'S OPPOSITION TO
DEFENDANT GARY GITTO'S MOTION TO COMPEL
SUBPOENAED PARTY TO PRODUCE DOCUMENTS**

Norfolk County Register of Probate Patrick W. McDermott ("Register McDermott") hereby opposes Defendant Gary Gitto's Motion to Compel Subpoenaed Party to Produce Documents ("Defendant's Motion"). Defendant's Motion seeks to compel Register McDermott to produce the financial statement that Frank Miller filed in connection with the matter of *Frank Miller v. Gail Miller,* Norfolk Division, Probate and Family Court Department, No. 90D-0447-D2.

In response to the Defendant's Motion, Register McDermott states as follows:

The financial statements that parties are required to file in connection with a divorce action before the Massachusetts Probate and Family Court Department are not

1

public records, but are impounded by rule of court. Supplemental Probate Court Rule 401 ("Supplemental Rule 401").[1]

The financial statements filed in connection with a divorce action, which are maintained by the Register of Probate, are court records for purposes of Trial Court Rule IX, Uniform Rules on Subpoenas to Court Officials, Rule 2 ("Uniform Subpoena Rule 2"). Uniform Subpoena Rule 2(1) provides that "[a] party shall not be entitled to serve a subpoena on a . . . register . . . to compel the production of court records . . . which said court official holds in his or her official capacity and said court official shall not be required to respond to such a subpoena." Uniform Subpoena Rule 2(1). Uniform Subpoena Rule 2(2) further provides that "[a]ccess to sealed or impounded court records or administrative records shall be governed by the applicable statute, court rule, standing order, administrative directive, or Trial Court Rule VIII, Uniform Rules on Impoundment Procedure in the case of orders of impoundment". Uniform Subpoena Rule 2(2).

Trial Court Rule VIII, Uniform Rules on Impoundment Procedure, Rule 11 ("Uniform Impoundment Rule 11") provides:

> This rule applies to requests for relief from impoundment in cases where material is required to be impounded by statute, court rule or standing order, except where a different procedure is otherwise provided.
>
> Relief from impoundment may be sought by motion supported by affidavit, and shall be granted by the court only upon written findings….

---

[1] Supplement Rule 401 is premised upon the concern that making the financial statements in divorce proceedings available to the public would unnecessarily infringe upon the privacy of the litigants and have a chilling effect on the willingness of future parties to divorce proceedings to make full and complete disclosure of their financial data. *See George W. Prescott Publishing Co. v. Register of Probate for Norfolk County*, 395 Mass. 274, 281, 479 N.E.2d 658, 664 (1985) ("the expectation of privacy of litigants in domestic relations proceedings ordinarily constitutes good cause to justify impoundment of discovery materials, such as rule 401 financial statements"). Such complete data is necessary for the Probate and Family Court to fashion fair and equitable orders on child support, alimony and the division of marital assets.

Uniform Impoundment Rule 11. Under this rule, a non-party to a divorce action seeking access to an impounded financial statement must file a motion before the appropriate division of the Probate and Family Court for relief from impoundment.[2]

Based on the foregoing, Register McDermott requests that the Court deny Defendant's Motion and further requests that Defendant file the appropriate motion for relief from impoundment under Uniform Impoundment Rule 11 in the Norfolk Division of the Massachusetts Probate and Family Court Department.

NORFOLK COUNTY REGISTER OF
PROBATE PATRICK W. MCDERMOTT
By his attorneys,

/s/ Brian T. Mulcahy
Daniel P. Sullivan, BBO No. 549788
Brian T. Mulcahy, BBO No. 548588
Administrative Office of the Trial Court
Two Center Plaza, Room 540
Boston, Massachusetts 02108
(617) 878-0383

Date: August 17, 2006

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent on August 17, 2006 by first-class mail, postage pre-paid to those indicated as non-registered participants.

/s/ Brian T. Mulcahy
Brian T. Mulcahy

---

[2] Register McDermott regrets that the Registry did not inform Defendant Gitto of the Register's exemption from subpoena. However, the Register has been unable to verify Defendant's assertion that he "has been unable to identify or contact anyone in the office of the Register of Probate to discuss this matter". Defendant's Motion at 2-3.