UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a, ) <br> LASALLE BUSINESS CREDIT, INC. ) <br>    ) <br>            Plaintiff ) <br>    ) <br>    v. ) <br>    ) <br> GARY C. GITTO, et al., ) <br>    ) <br>            Defendants ) | Case No. 04-12227-DPW |

### DEFENDANT GARY GITTO'S MOTION TO STRIKE

#### Introduction

Defendant Gary Gitto hereby moves to strike Paragraphs 102 - 105, 107, and 135 of Plaintiff's Statement of Material Undisputed Faces in Support of its Motion for Summary Judgment as hearsay. Defendant also moves to strike the evidence upon which those portions are based, since the evidence consists of hearsay statements.

This is a case in which LaSalle claims that Gitto conspired with other named defendants to commit fraud. As evidence of Gitto's knowledge of, and participation in, the conspiracy, LaSalle seeks to admit as part of the "undisputed facts" supporting its motion for summary judgment hearsay statements. Specifically, LaSalle seeks to introduce facts based on Martin Miller's deposition testimony recounting what his brother Frank told him, as well as Martin Miller's testimony as to what he, Frank Miller, Gary Gitto and Charlie Gitto "discussed" during a trip. LaSalle also seeks to use Martin Miller's deposition testimony as to what Steven Elbaum, a potential buyer of Gitto Global, was told in a meeting with Frank Miller, Gary Gitto, and Charlie Gitto. LaSalle also seeks to establish facts based on Alfred Arcidi's deposition

testimony about statements made by Charlie Gitto. All of these statement are hearsay.

## Argument

In order to establish facts for purposes of summary judgment, evidence must be "admissible." See Fed.R.Civ.P. 56(e). In order to be admissible, plaintiff would have to show that the hearsay testimony it seeks to introduce fits within an exception to the hearsay rule. Plaintiff does not even attempt to make such a showing, and thus the statements of facts, as well as the evidence supporting those statements, should be stricken.

Assuming that plaintiff intends these statements to be admissible as the statements of a co-conspirator, plaintiff cannot meet its burden. On order to be admissible, this Court would have to find, by evidence including corroboration extrinsic to the offered evidence, that, at the time the statements were made, the declarant and Gary Gitto were both members of a conspiracy, and that the statement was made in furtherance of a conspiracy. United States v. Bradshaw, 281 F.3d 278, 283 (1st Cir. 2002); United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977). As demonstrated at length in Defendant's Opposition to Plaintiff's Motion for Summary Judgment, there is no evidence to demonstrate that either Frank Miller or Charlie Gitto were - particularly at the times the statements were made - in a conspiracy with Gary Gitto. Thus, there is no basis for the statements to be admitted, and they should be stricken.

## Conclusion

For the reasons set forth above, Paragraphs 102-105, 107 and 135 of Plaintiff's Statement of Material Undisputed Facts in Support of Its Motion for Summary Judgment, as well as the evidence on those statements are based, should be stricken from the summary judgment record.

Respectfully submitted,

Gary Gitto,

By his attorney,

/s/ Max D. Stern
Max D. Stern, BBO No. 479560
Kenneth M. Resnik, BBO. No. 637527
Alexandra Deal, BBO No. 660645
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA 02114-2022
(617) 742-5800

Dated: September 12, 2006

## Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 12, 2006.

/s/ Kenneth M. Resnik

.