UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a, )<br>LASALLE BUSINESS CREDIT, INC. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GARY C. GITTO, et al., )<br>)<br>Defendants ) | Case No. 04-12227-DPW |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Reply Memorandum merits a brief sur-reply, chiefly because it fails (as Plaintiff's Memorandum in Support of Summary Judgment failed) to grapple with how the standard for summary judgment interacts with the elements of a conspiracy claim in a case, such as this one, where the party bearing the burden of proof has moved for summary judgment. First, plaintiff misapprehends the role of the Court in making an inference. Plaintiff repeats, time and again, in its reply, that there is evidence from which it can be inferred that Gary Gitto knew of, and approved of, the conspiracy to defraud LaSalle. Defendant seems to recognize that the facts it alleges, even if they are true, demand an inference that Gary Gitto was part of the conspiracy. This is, in effect, the end of the inquiry. "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment phase." Coyne v. Tabor Partners I, 53 F.3d 454, 460 (1st Cir. 1995). Further, "summary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial."

Gannon v. Narragansett Bay Electric Co., 777 F.Supp. 167, 169 (D.R.I. 1991). Thus, plaintiff's motion for summary judgment must be denied.

Secondly, plaintiff misapprehends the nature and effect of the issue of witness credibility. Plaintiff crows with great vigor that summary judgment must be granted because defendants have raised issues of credibility, and the court may not decide issues of credibility on summary judgment. Further, plaintiff claims that summary judgment must be granted because defendants have done no more than asserted that the testimony presented by plaintiff is not credible. These are simply a gloss on the issue. Plaintiff ignores the fact that it bears the burden of proof in this matter, that it must prove not only that a conspiracy existed but that Gary Gitto was a knowing and willing member of that conspiracy. In other words, plaintiff bears the burden of proving Gary Gitto's state of mind and intent.

That the Court may not <u>decide</u> issues of credibility on summary judgment does not mean that the Court cannot determine that issues of credibility exist and thus deny summary judgment. The Supreme Court long ago made clear that "'the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact.'" Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 628 (1944)(quoting Sonnetheil v. Christian Moerlein Brewing Co., 172 U.S. 401, 408 (1899)). See also Bazan v. Hidalgo Cty., 246 F.3d 481, 492 (5th Cir. 2001). Indeed, as the Bazan case notes, in setting forth the proper standard for summary judgment, the Supreme Court held that " 'a court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, *at least to the extent that evidence comes from a disinterested witness*.'" Id. (quoting Reeves v. Sanderson Plumbing

Prods, Inc., 530 U.S. 133, 151 (2000)).

It is telling that plaintiff cites to Corrugated Paper Prod., Inc. v. Longview Fibre Co., 868 F.2d 908 (7th Cir. 1989) in support of its view that summary judgment is proper when the opposing party has had an opportunity to cross-examine a witness at deposition. In that case, which revolved around whether the defendant had the intent to make the plaintiff a third-party beneficiary of a certain agreement, the moving party was the defendant, the party which did not bear the burden of proof. As the party without the burden of proof, the defendant had to show on summary judgment that plaintiff would not be able to present evidence from which a jury could determine that defendant had the required intent. Defendant in that case relied, in part, on testimony of its employees, taken at deposition by the plaintiff, that the defendant did not intend plaintiff to be a beneficiary. The court held specifically that "where the plaintiff has had the opportunity to depose the defendant to test the deponent's veracity and the plaintiff has failed to 'shake' the defendant's version of the facts or to raise significant issues of credibility, summary judgment for the defendant may ordinarily be granted." Id. at 914. This does not apply, however, where a party can merely cross-examine a witness at a deposition. As the Supreme Court noted in Sartor, "[t]here are many things sometimes in the conduct of a witness upon the stand, and sometimes in the mode in which his answers are drawn from him . . . by which a jury are to be guided in determining the weight and credibility of his testimony. That part of every case, such as the one at bar, belongs to the jury . . . .'" Sartor, 321 U.S. at 628 (quoting Aetna Life Insurance Co. v. Ward, 140 U.S. 76 (1890).

In the instant case, defendant has pointed to specific facts bearing on the credibility of certain of the witnesses. Defendant has pointed to the fact that William Deakin faces civil and

criminal liability, and thus has an interest in currying favor with plaintiff (and with the United States Attorney).  To the extent that a jury believes that this fact gives him an interest in casting the blame for the fraud on others, that jury may choose to disbelieve some or all of his testimony.  Defendant has pointed to the fact that Martin Miller is testifying at the behest of his brother Frank, who is cooperating with the United States Attorney.  Defendant has also pointed to the fact that Martin Miller's testimony has been contradicted by the Alpine Group representatives he allegedly met with.

Thus, because the credibility of the witnesses relied on by the plaintiff must be tested and determined by a jury, summary judgment in this matter must be denied.

Finally, plaintiff claims that it should be granted summary judgment on its 93A claim because Gary Gitto did not sufficiently address it.  This is nonsense.  As set forth in Gary Gitto's brief, plaintiff's claim under 93A relies entirely on Gary Gitto being a knowing participant in the conspiracy.  Since, as defendant has shown, this court cannot find him to be a participant at this stage, plaintiff's 93A claim must also fail.

        Respectfully submitted,

        Gary Gitto,

        By his attorney,

        /s/ Max D. Stern
        Max D. Stern, BBO No. 479560
        Kenneth M. Resnik, BBO. No. 637527
        Alexandra Deal, BBO No. 660645
        Stern, Shapiro, Weissberg & Garin, LLP
        90 Canal Street, 5th Floor
        Boston, MA  02114-2022
        (617) 742-5800

Dated: October 5, 2006

Certificate of Service

    I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 5, 2006.

        /s/ Kenneth M. Resnik

.