UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a, )<br>LASALLE BUSINESS CREDIT, INC.            )<br>                                                              )<br>                          Plaintiff                          )<br>                                                              )   Case No. 04-12227-DPW<br>          v.                                                 )<br>                                                              )<br>GARY C. GITTO, et al.,                          )<br>                                                              )<br>                          Defendants                    )<br>                                                              ) | |

**DEFENDANT GARY GITTO'S MOTION TO STRIKE LASALLE BUSINESS CREDIT'S RESPONSE TO GARY GITTO'S STATEMENT OF MATERIAL FACTS OR, IN THE ALTERNATIVE, TO STRIKE THE AFFIDAVIT OF ERIC S. REIN IN SUPPORT OF LASALLE BUSINESS CREDIT'S RESPONSE**

**Introduction**

Defendant Gary Gitto hereby moves to strike LaSalle Business Credit's Response to Gary Gitto's Counterstatement of Material Facts or, in the alternative, to Strike portions of the Affidavit of Eric S. Rein filed in support therewith. Defendant moves to strike the Response on the grounds that LaSalle seeks to introduce additional facts not part of its original motion for summary judgment. In the alternative, defendant moves to strike Paragraph 3 of Eric S. Rein's affidavit on the grounds that Rein is without personal knowledge of the facts recited therein.

**Argument**

Plaintiff filed a Motion for Summary Judgment, and, pursuant to Local Rule 56.1, a statement of the material facts as to which plaintiff contended there was no genuine dispute. Defendant, also pursuant to Local Rule 56.1, filed an opposition to the motion for summary judgment, and included a statement of additional facts (referred to by plaintiff as a

"counterstatement" of facts). Plaintiff has now filed a "Response" to defendants statement of facts, including additional facts (and evidentiary materials plaintiff claims support those facts). These are, in essence, additional facts in support of plaintiff's motion for summary judgment. As such, they should have been included in plaintiff's motion. Local Rule 56.1 makes no provision for a moving party, having relied on certain facts in support of summary judgment, adding additional facts in response to the non-moving party's opposition. Thus, because it is contrary to Local Rule 56.1, plaintiff's pleading and the supporting documents should be stricken.

Assuming, <u>arguendo</u>, that plaintiff's response is permissible, Paragraph 3 of the Affidavit of Eric S. Rein should be stricken. Paragraph 3 of the Rein Affidavit asserts that Exhibit A to the affidavit are "true and correct copies of checks from The Gitto/Global Corporation signed by Gary Gitto and payable to Direct Chem or Direct Wood." Plainly, it is not within Attorney Rein's personal knowledge whether the signatures which appear on the checks in question are those of Gary Gitto. Indeed, it is defendant's position that the undisputed facts show that Helen Kozak may have signed these checks with Gary Gitto's name.[1] To the extent plaintiff disputes whether Kozak or Gitto signed the checks, that is for the finder of fact to determine, rather than Mr. Rein. Since Mr. Rein has no basis for the statement in Paragraph 3 of his affidavit, it should be stricken.

**<u>Conclusion</u>**

---

[1] <u>See</u> Defendant's Statement of Additional Undisputed Facts in Support of his Opposition to Summary Judgment, at ¶ 10. Given Kozak's testimony that she had physical control of Gary Gitto's checkbooks, maintained his finances, and signed his name to checks, the mere fact that Gary Gitto's <u>name</u> appears on the checks in question is hardly sufficient to prove that he signed any or all of them.

For the reasons set forth above, Plaintiff's Response to Gary Gitto's Counterstatement of Material Facts should be stricken from the summary judgment record. In the alternative, Paragraph 3 of Eric S. Rein's Affidavit in Support of LaSalle Business Credit's Response to Gary Gitto's Counterstatement of Material Facts should be stricken.

    Respectfully submitted,

    Gary Gitto,

    By his attorney,

    /s/ Max D. Stern
    Max D. Stern, BBO No. 479560
    Kenneth M. Resnik, BBO. No. 637527
    Alexandra Deal, BBO No. 660645
    Stern, Shapiro, Weissberg & Garin, LLP
    90 Canal Street, 5th Floor
    Boston, MA  02114-2022
    (617) 742-5800

Dated: October 5, 2006

## Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 5, 2006.

    /s/ Kenneth M. Resnik

.