UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a, ) <br> LASALLE BUSINESS CREDIT, INC. ) <br> ) <br> Plaintiff ) <br> ) Case No. 04-12227-DPW <br> v. ) <br> ) <br> GARY C. GITTO, et al., ) <br> ) <br> Defendants ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Defendant has moved to strike Paragraphs 102 - 105, 107, and 135 of Plaintiff's Statement of Material Undisputed Faces in Support of its Motion for Summary Judgment as hearsay. Plaintiff opposes that motion, claiming that each section of testimony is admissible. Plaintiff's arguments are unavailing.

**Martin Miller's Testimony**

Plaintiff claims that paragraphs 102 through 105 of Plaintiff's Statement of Undisputed Facts, based on Martin Miller's hearsay testimony, should be admitted because "statements" attributed to Gary Gitto are admissions and thus exceptions from the hearsay rule, and the other testimony may be admitted to place these statements "in context." Plaintiff's arguments must fail, however, because the paragraphs in question do not attribute any "statements" to Gary Gitto, and thus they cannot be admissions. Paragraph 104 claims that Charles Gitto, Gary Gitto, Frank Miller and Martin Miller "discussed that there was 'a hole' in the company of roughly $17 million, representing the overstatement of receivables and inventory." Paragraph 105 claims that

these same individuals "discussed that the brokerage business, J&J Chemical was where the overstated receivables and sales would be placed and then to sell the business without the brokerage part." There is no mention of any statements attributed to Gary Gitto.[1] Obviously, the Court cannot determine whether or not a "statement" of indefinite content constitutes an admission or not.

Nor can these statements be considered "adoptive admissions" by Gary Gitto. In an adoptive admission case, the proponent of the statement bears the burden of showing that a failure to respond to a statement is "so unnatural that it supports the inference that the party acquiesced in the statement." Weston-Smith v. Cooley Dickinson Hospital, Inc., 282 F.3d 60, 67 (1st Cir. 2002)(quoting Vazquez v. Lopez-Roasario, 134 F.3d 28, 35 (1st Cir. 1998)). "In making the evaluation, the trial judge considers the nature of the statement, the identity of the person offering the testimony, the identity of the maker of the statement, the context, and whether the circumstances as a whole show that the lack of a denial is so unnatural as to support an inference that the undenied statement was true." Weston-Smith, at 67. Here, there is no means for the Court to consider these factors, since the identity of the person making the statement and even the contents of the statement remain unspecified. Further, the circumstances as a whole do not support any inference that the undenied statement was true.

Plaintiff further argues that the statements should be admitted as statements by a co-conspirator in furtherance of the conspirator. Plaintiff spends much time and effort seeking to show that the statements were made in "furtherance" of the conspiracy. Whether this is true or

---

[1] Likewise, the pages of Martin Miller's deposition cited by plaintiff do not identify any statements made by Gary Gitto.

not, however, plaintiff does not address the question of how this Court should determine that Gary Gitto and the other individuals were, at the time the statement was made, co-conspirators. As noted in defendant's motion, in order for a statement to be admitted as that of a co-conspirator, the Court must make an initial finding by a preponderance of the evidence that the conspiracy existed. Here, plaintiff points only to the hearsay testimony itself as proof of the conspiracy. As noted in defendant's initial motion, however, this is insufficient. Indeed, the First Circuit has explicitly held that "a co-conspirator's statement, standing alone, is insufficient to meet the preponderance standard . . . ." United States v. Sepulveda, 15 F.3d 1161, 1182 (1st Cir. 1993). There must be evidence extrinsic to the hearsay statement to overcome the barrier. Id. Plaintiff utterly fails to cite to any evidence but the statement itself of the existence of a conspiracy. Indeed, nowhere in the pleadings does plaintiff come forward and request such a preliminary finding, let alone identify what evidence the Court might rely on in making such a finding.

Finally, without citation, plaintiff claims that the statements should be admitted for the non-hearsay purpose of being "background" to why Martin Miller came to be in a car with his brother, Gary, and Charles Gitto traveling to New Jersey. Since it is not an issue in this case, however, whether Martin Miller has traveled to New Jersey once, twice, or may times, there is no need to explain this "fact" by admitting prejudicial hearsay statements.

Thus, these paragraphs of plaintiff's statement, and the testimony on which they are based, should be stricken.

**Charles Gitto's Discussions With Vitrotech**

Plaintiff claims that paragraph 107, which claims that at a meeting in May 2003 "with

Vitrotech . . . attended by Frank Miller and Charles Gitto, there were discussions with Vitrotech" about Gitto Global purchasing up to $9.2 million of inventory "to achieve maximum borrowing" constitutes "verbal acts" by Charles Gitto which are an exception to the hearsay rule. First, it is evident that plaintiff wishes to introduce this statement for its truth, that Frank Miller and Charles Gitto intended to "achieve maximum borrowing." If it is being admitted for its truth, the statement is not a verbal act. Further, in the context of conspiracy cases, a "verbal act" is generally considered admissible when it is "operative statements evidencing the existence of an agreement." Allison v. Ficco, 284 F.Supp.2d 182, 188 (D. Mass. 2003). It is not clear how the statements at issue here are "operative statements." Even if they were, however, they would not be admissible against Gary Gitto because even if they demonstrate the existence of an agreement, they do not speak to Gary Gitto's participation in any such agreement.

**Charles Gitto's Statement to Dr. Arcidi**

Plaintiff's argument that Charles' statement to Dr. Arcidi was "certainly" in furtherance of the conspiracy again misses the point. That is, plaintiff again fails to identify any further evidence, extrinsic to the statement, from which the Court could find that Charles and Gary were engaged in a conspiracy. Thus, they could not be co-conspirators, and the statement could not be admitted against Gary Gitto.

Plaintiff also presents several arguments as to why the statement is admissible against Charles. The Motion to Strike, however, addresses itself to whether the statement is admissible against Gary, which it is not.

**Helen Kozak's Statement**

Plaintiff claims that Helen Kozak's statement should be admitted against Charles for non-

hearsay purposes. This does not mean, however, that it should be admitted against Gary. Since plaintiff raises no argument as to why the statement should be admitted against Gary, it shoudl be stricken.

### Conclusion

For the reasons set forth above, as well as those set forth in Defendant's Motion to Strike, the paragraphs at issue, as well as the supporting material, should be stricken from the summary judgment record as to Gary Gitto.

> Respectfully submitted,
>
> Gary Gitto,
>
> By his attorney,
>
>  /s/ Max D. Stern_____
> Max D. Stern, BBO No. 479560
> Kenneth M. Resnik, BBO. No. 637527
> Alexandra Deal, BBO No. 660645
> Stern, Shapiro, Weissberg & Garin, LLP
> 90 Canal Street, 5th Floor
> Boston, MA  02114-2022
> (617) 742-5800

Dated: October 5, 2006

### Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 5, 2006.

> /s/ Kenneth M. Resnik

.