IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY GITTO, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 04-12227-DPW |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO GARY GITTO'S
MOTION TO STRIKE LASALLE'S RESPONSE TO HIS
STATEMENT OF MATERIAL FACTS, OR, IN THE ALTERNATIVE,
TO STRIKE THE SUPPORTING AFFIDAVIT OF ERIC S. REIN**

Gary Gitto's ("Gary") Motion to Strike LaSalle's Response to his Statement of Material Fact, or, in the Alternative, to Strike the Affidavit of Eric S. Rein in Support of LaSalle's Response, should be denied.

Gary, at page 15 of his Response to LaSalle's Motion for Summary Judgment, made two arguments that prompted a response by LaSalle: (i) in addressing the historical use of the Direct Wood account as a means to facilitate check-kiting, he argued that "there is no evidence that he had any involvement in using the Direct Wood for the fraudulent scheme;" and (ii) "there is no evidence that he signed any of the Gitto Global checks." To support these arguments, Gary cites paragraph 10 of his Counterstatement of Facts, which is based on the deposition testimony of Helen Kozak that she maintained the checkbooks for Gary's personal and business accounts and would sign his name to checks.

LaSalle responded to paragraph 10 of Gary's Counterstatement of Facts by setting forth facts that contradicted his contention, including the Affidavit of Eric S. Rein with attached checks issued by Gitto Global. Federal Rule of Civil Procedure 56(e) allows for further affidavits

to be submitted in support of summary judgment. Although Gary is correct that Local Rule 56.1 does not address reply briefs, it does provide that a factual statement shall be deemed admitted for purposes of the motion for summary judgment by an opposing party unless controverted. Here, Gary presented counterstatements of fact which if not controverted, would be deemed admitted. Consequently, LaSalle was required to respond to refute the factual statement introduced by Gary. LaSalle's Response to the Counterstatement and Affidavit are clearly permissible.

In controverting paragraph 10 of the Counterstatement, LaSalle pointed out that there were 64 Gitto Global checks bearing Gary's signature payable to Direct Chem or Direct Wood. Also, Helen Kozak limited her testimony to her maintenance of Gary's personal and business accounts. She never acknowledged signing Gary's name to Gitto Global checks. Paragraph 3 of the Rein Affidavit references the 64 checks from Gitto Global's records that are attached as an Exhibit to the Affidavit, which present the factual basis to refute Gary's factual statement. The purpose of the Affidavit was not to testify, nor did LaSalle suggest that was the case, as to the veracity of the check exhibits. The Court can competently consider the documents and testimony to derive whatever conclusions it reaches. There is no basis to strike Paragraph 3 of the Affidavit.

Accordingly, there is no basis to grant the Motion to Strike.

Dated: October 10, 2006        Respectfully submitted,

                                                   LASALLE BUSINESS CREDIT, LLC


                                                   By:    /s/ Richard A. Sugarman
                                                                      One of its attorneys

Christopher J. Panos (BBO# 555273)
Richard A. Sugarman (BBO# 646791)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:   (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 10, 2006.

/s/ Richard A. Sugarman