UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a, <br> LASALLE BUSINESS CREDIT, INC. <br><br> Plaintiff <br><br> v. <br><br> GARY C. GITTO, et al., <br><br> Defendants | Case No. 04-12227-DPW |

**DEFENDANT GARY GITTO'S MOTION TO STRIKE PLAINTIFF'S OCTOBER 13, 2006 LETTER OR, IN THE ALTERNATIVE, TO ACCEPT DEFENDANT'S RESPONSE**

**Introduction**

At the October 11, 2006 hearing on summary judgment in this matter, counsel for defendant argued to the Court that an alleged statement by Janice Chaisson regarding "phony invoices" was not in the summary judgment record and thus should play no part in the court's decision. This was an argument also made in Defendant Gary Gitto's Response to Plaintiff's Statement of Material Undisputed Facts in Support of its Motion for Summary Judgment. The Court asked counsel for plaintiff where in the record before the Court that statement was, and counsel for defendant was unable to locate it. Now, after the issues have been fully briefed and argued, defendant has sent a letter to the Court, seeking to introduce deposition testimony not attached to its summary judgment papers and also seeking to have that testimony attached as "an additional citation" to its Statement of Facts. This material should be stricken.

**Argument**

I. **The Materials Should be Stricken**

There is simply no basis in the Federal Rules of Civil Procedure, or the Local Rules, for a party to amend its summary judgment papers after briefing and oral argument. Indeed, Local Rule 56 specifically provides that a party moving for summary judgment must include a "concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to . . . depositions . . . ." The Rule further provides that "[c]opies of all referenced documentation shall be filed as exhibits to the motion . . . ." Plaintiff complied with the rules. That, through its own negligence, plaintiff failed to cite to or include copies of documents which it now believes are supportive of its position does not allow it to cry "do over" and start again from the beginning.[1] It is simply too late. The record before the Court should remain the record the parties submitted and argued.

II. **Assuming the Court Accepts the Materials, Defendant Disputes the Truth of the Statement.**

If the Court accepts the materials plaintiff has submitted, defendant would dispute Paragraph 116 of Plaintiff's Statement of Facts, as he has previously denied that paragraph. Defendant would deny having made the statement attributed to him.

As is the case with other witnesses cited by plaintiff, Janice Chaisson's credibility is very much at issue. First, Chaisson is an interested party, she has been cooperating with the United States Attorney's Office - obviously in the hope of lenient treatment - and has struck a settlement

---

[1] In this instance, defendant's response to plaintiff's statement of facts stated that plaintiff had not cited to or included Chaisson's deposition, and noted that Deakin's deposition did not provide a basis for the facts claimed by plaintiff. Despite this, plaintiff failed to correct its oversight in either its reply brief or response to defendant's factual statement.

agreement with plaintiff providing she would be dropped as a defendant in this matter.  See Deposition of Janice Chaisson, pp. 115, 134 (attached hereto as Exhibit A).  Further raising questions regarding Ms. Chaisson's credibility is the fact her testimony is contradicted by that of William Deakin, who testified that Hitachi never complained about false invoicing.  See Defendant's Response to Plaintiff's Statement of Facts, ¶ 116.

## Conclusion

For the reasons set forth above, the attachments to plaintiff's October 13, 2006 letter should be stricken from the summary judgment record.  In the alternative, the Court should take into account defendant's response.

Respectfully submitted,

Gary Gitto,

By his attorney,

 /s/ Max D. Stern
Max D. Stern, BBO No. 479560
Kenneth M. Resnik, BBO. No. 637527
Alexandra Deal, BBO No. 660645
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA  02114-2022
(617) 742-5800

Dated: October 19, 2006

### Certificate of Service

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2006.

/s/ Kenneth M. Resnik.