IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY GITTO, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 04-12227-DPW |

**PLAINTIFF'S RESPONSE TO DEFENDANT, GARY GITTO'S
MOTION TO STRIKE PLAINTIFF'S OCTOBER 13, 2006 LETTER OR, IN THE
<u>ALTERNATIVE, TO ACCEPT DEFENDANT'S RESPONSE</u>**

Plaintiff, LaSalle Business Credit, LLC, f/k/a LaSalle Business Credit, Inc. ("LaSalle"), by its attorneys, hereby submits its Response to Defendant, Gary Gitto's Motion to Strike Plaintiff's October 13, 2006 Letter or, in the Alternative, to Accept Defendant's Response:

In LaSalle's Statement of Material Undisputed Facts filed on July 28, 2006, it set forth, *inter alia*, in paragraph 116:

> <u>Sixth</u>, in 2004, Gitto Global mailed one of the fictitious invoices to Hitachi Cable, which called Gary Gitto inquiring about the invoice. Gary Gitto asked Chaisson "is that one of those phony invoices?" Chaisson responded affirmatively and said she would take care of it.

This quote came directly out of Janice Chaisson's deposition testimony on pages 105-106. In an oversight, LaSalle failed to indicate and attach those pages in its Statement of Material Undisputed Facts. At the summary judgment hearing, the Court asked for the specific transcript reference to be provided, which LaSalle's counsel thought came from the testimony of William Deakin and not Janice Chaisson.

*390949.2 042314-34311*

Gary Gitto now wishes to strike the letter that forwarded those pages to the Court. The sole reason asserted is that LaSalle should not be allowed a "do over." That argument is a transparent attempt to take advantage of an inadvertently omitted citation to exclude damaging evidence and is unsupported. LaSalle is merely supplementing the record to correct an oversight. It is hardly starting over. This Court surely has the discretion to allow amendments or supplements to pleadings and to administer the cases before it. See FRCP 15. Gary Gitto is not being unduly prejudiced by LaSalle providing the cite and transcript pages relating to the quote (that was correctly quoted in the brief). Gary Gitto's counsel was obviously aware of the quote and attribution in the statement of material facts.

In the alternative, Gary Gitto disputes the credibility of Janice Chaisson's testimony. Certainly, she was interviewed by the United States Attorney's Office. That fact alone does not render her testimony untruthful. Deakin's testimony also does not contradict Chaisson. Deakin merely testified that he was not "aware of" any complaints raised by Hitachi about phony sales. (Deakin dep., p. 45)

This Court should consider Janice Chaisson's testimony in connection with LaSalle's Motion for Summary Judgment and give it whatever weight it determines in light of actual evidence in the record – not speculation regarding credibility in the argument of counsel. Gary Gitto's Motion to Strike should necessarily be denied.

|  |  |
|---|---|
| Dated: October 20, 2006 | Respectfully submitted, |
|  | LASALLE BUSINESS CREDIT, LLC |
|  | By  /s/ Richard A. Sugarman  |
|  |          One of its attorneys |

Christopher J. Panos (BBO# 555273)
Richard A. Sugarman (BBO# 646791)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Phone: (617) 367-9500
Fax:    (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone:  (312) 346-1300
Fax:  (312) 782-8416

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 20, 2006.

                                                    /s/ Richard A. Sugarman