UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC, f/k/a, LASALLE BUSINESS CREDIT, INC. ) ) ) | |
| Plaintiff ) | |
| ) | Case No. 04-12227-DPW |
| v. ) | |
| ) | |
| GARY C. GITTO, et al., ) | |
| ) | |
| Defendants ) | |

## DEFENDANT GARY GITTO'S ANSWER TO THE FOURTH AMENDED COMPLAINT

Pursuant to the parties' stipulation that the filing of this answer does not operate as a waiver of defendant's rights under the Fifth Amendment to the United States Constitution, defendant Gary Gitto answers the Fourth Amended Complaint as follows:

### Jurisdiction and Venue

1.      Paragraph 1 contains a legal conclusion not requiring a response. To the extent a response is required, the allegations of this paragraph are admitted.

2.      Paragraph 2 contains a legal conclusion not requiring a response. To the extent a response is required, the allegations of this paragraph are admitted.

### Parties

3.      Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

4.      Admitted.

5.      Admitted that Frank Miller previously resided at 95 Kettle Hole Road, Bolton, Massachusetts. Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

6.      Admitted that Maria Miller previously resided at 95 Kettle Hole Road, Bolton, Massachusetts. Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

7.      Admitted that Charles Gitto resides at 18 Nancy Court, Leominster, Massachusetts.

8.      Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

9.      This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

10.     Denied.

11.     Denied.

12.     Denied.

13.     This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

14.     This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

## GENERAL FACTUAL ALLEGATIONS

15.     Admitted.

16.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.  Defendant further states the document speaks for itself.

17.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.  Defendant further states the document speaks for itself.

18.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.  Defendant further states the document speaks for itself.

19.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.  Defendant further states the document speaks for itself.

20.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.  Defendant further states the document speaks for itself.

21.     Defendant is without knowledge sufficient to admit or deny the allegations of this

paragraph.

22.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

23.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.  Defendant further states the document speaks for itself.

24.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.  Defendant further states the document speaks for itself.

25.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

26.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

27.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph, with the exception that defendant denies that he "siphoned out" funds.

28.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

29.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

30.    Admitted.

31.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

**COUNT I**
**CIVIL RICO CONSPIRACY (18 U.S.C. § 1962(d), 1946(c))**
(Against Gary C. Gitto, Frank Miller, Maria Miller, Charles N. Gitto, Jr.,
and Louis Pellegrine, Jr.)

32.    Defendant restates his answers to the previous paragraphs as set forth herein.

33.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

34.    Paragraph 34 states a legal conclusion not requiring a response.

35.    Denied.

36.     Paragraph 36 states a legal conclusion to which no response is required.  Gary Gitto denies that he was a "Conspirator."

37.     Denied.

38.     Denied.

39.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

40.     Defendant admits that he organized Direct Wood and Paper Products, and that an account was opened at Fleet Bank.  The remaining allegations of this paragraph are denied.

41.     Defendant denies that he consented to Helen Kozak signing his name to the checks referenced in this paragraph.  Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

42.     Defendant admits that, on his instructions, the Fleet Bank account for Direct Wood was closed on January 15, 2001.  Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

43.     Defendant admits that he has a friend named John Tersigni.  Defendant denies that he participated in the formation of the J&J Chemical Account.  Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

44.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

45.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

46.      Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

47.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

### (a)    Sales Misrepresentations

48.     Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

49.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

50.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

51.    Denied.

### (b)  Fictitious Customers

52.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

53.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

54.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

55.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

56.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

57.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

58.    Defendant denies that he sent $380,000 to J-Tan.  Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

### (c)  Manipulation of the Process to Borrow Under LaSalle Revolving Loan

59.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

60.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

61.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

62.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

63.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

64.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

### (d)    Creating Fictitious Sales

65.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

66.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

67.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

### (e)    Inventory Misrepresentations

68.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

69.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

70.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

71.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

72.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

73.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

74.    Denied.

75.    Denied.

76.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

77.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

78.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

79.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

80.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

81.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

82.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

83.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

84.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

85.    Denied.

86.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

87.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

88.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

89.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

90.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

91.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

92.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

93.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

94.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

95.    Admitted that Clinton Savings Bank provided an $8,400,000 credit line to J&J Chemical on July 23, 2004.  Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph..

96.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

97.    Defendant admits that he attended the July 23, 2004 closing and otherwise denies the allegations in the first sentence of this paragraph.  Defendant admits the allegations of the second sentence of this paragraph..

98.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

99.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

100.    Admitted that on or about August 18, 2004, defendant executed an unlimited guaranty.  Defendant is without knowledge sufficient to admit or deny the allegations as to the actions of Charles Gitto and Maria Miller.  Defendant denies the remaining allegations of this paragraph.

101.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

102.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

103.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

104.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

105.    Defendant is without knowledge sufficient to admit or deny the allegations of this

paragraph.

106.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

107.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

108.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

109.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

110.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

111.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

112    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

113.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

114.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

115.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

116.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

117.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

118.    Denied.

119.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

120.    Defendant is without knowledge sufficient to admit or deny the allegations of this

paragraph.

121.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

122.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

123.    Paragraph 123 is a legal conclusion to which no response is required.

124.    Denied.

125.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

126.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

127.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

128.    Denied.

129.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

130.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

131.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

132.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

133.    This paragraph is a legal conclusion not calling for any response.

134.    Denied.

135.    Denied.

Defendant states that a response to Plaintiff'ss' prayer for relief is not required.  Insofar as the paragraph states allegations, the same are denied.  Defendant further denies that the Plaintiff's are entitled to the relief requested.

## COUNT II
## CIVIL CONSPIRACY TO DEFRAUD THROUGH CHECK-KITING SCHEME
(Against Gary C. Gitto, Frank Miller, Maria Miller, Charles N. Gitto, Jr.,
and Louis Pellegrine, Jr.)

136.    Defendant restates and incorporates by reference his responses to paragraphs 1 through 26 and 38 through 117.

137.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

138.    Denied.

139.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

140.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

141.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

142.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

143.    Denied.

144.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

145.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

146.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

147.    Defendant denies all allegations in this paragraph pertaining to him, and is without knowledge sufficient to admit or deny the allegations of this paragraph.

148.    Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

149.    Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

150.    Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

Defendant states that a response to Plaintiff's prayer for relief is not required.  Insofar as the paragraph states allegations, the same are denied.  Defendant further denies that the plaintiff's are entitled to the relief requested.

## COUNT III
## USE OF DECEPTIVE TRADE PRACTICES IN VIOLATION OF M.G.L.c 93A, § 2
### (Against Frank Miller, Maria Miller, and Louis Pellegrine, Jr.)

151.    Defendant restates and incorporates by reference his responses to paragraphs 1 through 26 and 38 through 117.

152.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

153.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

154.    This paragraph is a legal conclusion to which no response is required.

155.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

156.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny

the allegations of this paragraph.

157.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(a)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(b)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(c)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(d)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(e)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(f)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(g)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(h)    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

(i)    Defendant denies the allegations in this paragraph pertaining to him.  Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

(j)    Defendant denies the allegations in this paragraph pertaining to him.  Defendant is without knowledge sufficient to admit or deny the remaining

allegations of this paragraph.

158.    This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

159.    This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

   (a)    This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

   (b)    Defendant denies the allegations in this paragraph pertaining to him. Defendant is without knowledge sufficient to admit or deny the remaining allegations of this paragraph.

160.    This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

161.    This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

162.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

163.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

Defendant states that a response to Plaintiff's prayer for relief is not required. Insofar as the paragraph states allegations, the same are denied. Defendant further denies that the plaintiff's are entitled to the relief requested.

## COUNT IV
## CIVIL CONSPIRACY TO DEFRAUD
(Against Gary C. Gitto, Frank Miller, Maria Miller, Charles N. Gitto, Jr.,
and Louis Pellegrine, Jr.)

164.    Defendant restates and incorporates by reference his responses to paragraphs 1 through 26 and 38 through 117.

-14-

165.   Denied.

166.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

167.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

168.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

169.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

170.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

171.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

172.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

173.   Defendant admits he was without knowledge that Gitto Global was misrepresenting its accounts receivables and inventory to LaSalle and otherwise denies the allegations of this paragraph.

174.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

175.   Denied.

176.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

177.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

178.   Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

Defendant states that a response to Plaintiff's prayer for relief is not required.  Insofar as the paragraph states allegations, the same are denied.  Defendant further denies that the plaintiff's are entitled to the relief requested.

**COUNT V**
**BREACH OF GUARANTY**
(Against Gary C. Gitto)

179.    Defendant restates and incorporates by reference his responses to paragraphs 1 through 26 and 38 through 117.

180.    Admitted that on or about July 25, 2002, LaSalle and Gitto Global entered into a Loan and Security Agreement.

181.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

182.    Judgment on the guaranty has been issued and executed, and this no response is required.

183.    Admitted.

184.    Paragraph 184 states a legal conclusion as to which no response is required. Further, judgment on the guaranty has been issued and executed, and thus no response is required.

185.    Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

Defendant states that a response to Plaintiff's prayer for relief is not required. Insofar as the paragraph states allegations, the same are denied. Defendant further denies that the plaintiff's are entitled to the relief requested.

**COUNT VI**
**BREACH OF GUARANTY**
(Against Frank Miller)

186.    Defendant restates and incorporates by reference his responses to paragraphs 1 through 26 and 38 through 117.

187.    This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

188.    This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

-16-

189. This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

190. This paragraph does not call for any response from this defendant. To the extent a response is required, the allegations are admitted.

191. Paragraph 191 states a legal conclusion as to which no response is required. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

192. This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

## COUNT VII
### TRUSTEE PROCESS
(Against Legg Mason, Inc. - Charles N. Gitto, Jr.)

193. Defendant restates and incorporates by reference his responses to paragraphs 1 through 26 and 38 through 117.

194. This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

195. This paragraph does not call for any response from this defendant. To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

## COUNT VIII
### REACH AND APPLY
(Gitto Sales Corporation)

196. Defendant restates and incorporates by reference his responses to the previous paragraphs.

197. Denied

198. Paragraph 198 states a legal conclusion as to which no response is required. To the extent a response is required, the allegations are denied.

199. Paragraph 199 states a Prayer for Relief as to which no response is required. To the extent a response is required, the allegations are denied.

-17-

**COUNT IX**
**REACH AND APPLY**
(AWG, LLC)

200.    Defendant restates and incorporates by reference his responses to the previous paragraphs

201.    Denied.

202.    Paragraph 198 states a legal conclusion as to which no response is required.  To the extent a response is required, the allegations are denied.

203.    Paragraph 203 states a Prayer for Relief as to which no response is required.  To the extent a response is required, the allegations are denied.

**COUNT X**
**REACH AND APPLY**
(Superior Polymers Corporation)

204.    Defendant restates and incorporates by reference his responses to the previous paragraphs.

205.    Denied.

206.    Paragraph 206 states a legal conclusion as to which no response is required.  To the extent a response is required, the allegations are denied.

207.    Paragraph 207 states a Prayer for Relief as to which no response is required.  To the extent a response is required, the allegations are denied.

**COUNT XI**
**REACH AND APPLY**
(Legg Mason, Inc.)

208.    Defendant restates and incorporates by reference his responses to the previous paragraphs.

209.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

210.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

211.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

## COUNT XII
## REACH AND APPLY
(Tradex)

212.    Defendant restates and incorporates by reference his responses to the previous paragraphs.

213.    This paragraph does not call for any response from this defendant.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

214.    Paragraph 214 states a Prayer for Relief as to which no response is required.  To the extent a response is required, defendant is without knowledge sufficient to admit or deny the allegations of this paragraph.

215.    This paragraph does not call for any response from this defendant.

**AFFIRMATIVE DEFENSES**

<u>First Defense</u>

Plaintiff's complaint fails to state a claim upon which relief can be granted.

<u>Second Defense</u>

Plaintiff's claims are barred by the applicable statute of limitations.

<u>Third Defense</u>

Plaintiff's claims should be dismissed for insufficiency of service.

<u>Fourth Defense</u>

Plaintiff's claims should be dismissed for insufficiency of service of process.

<u>Fifth Defense</u>

Plaintiff's claims should be dismissed for lack of jurisdiction over the subject matter.

**JURY DEMAND**

Defendant requests a trial by jury over all issues so triable.

Respectfully submitted,

Gary Gitto,

By his attorney,

  /s/ Max D. Stern_____
Max D. Stern, BBO No. 479560
Kenneth M. Resnik, BBO. No. 637527
Alexandra Deal, BBO No. 660645
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, 5th Floor
Boston, MA  02114-2022
(617) 742-5800

Dated: November 10, 2006

Certificate of Service

     I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 10, 2006.

/s/ Kenneth M. Resnik.