UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARY GITTO, et al., ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> CITIGROUP GLOBAL MARKETS, INC., ) <br> f/k/a LEGG MASON WOOD WALKER, INC.. ) <br> ) <br> Trustee. ) <br> ) | C.A. No. <br> 04-12227-DPW |

## ANSWER OF TRUSEE CITIGROUP GLOBAL MARKETS, INC.

Trustee, Citigroup Global Markets, Inc., f/k/a Legg Mason Wood Walker, Inc. ("Citigroup") hereby answers Plaintiff's Summons to Trustee dated March 7, 2005 (the "Summons"), as follows:

### The IRA Account

1. Citigroup holds account no. 382-2556A (formerly account number 11J-76629 and 396-76629), an IRA account (the "IRA Account"), in the name of Charles N. Gitto, Jr. ("Mr. Gitto").

2. As of the date of service of the Summons, Citigroup restricted the assets in the IRA Account.

3. Thereafter, in accordance with the Stipulated Seventh Modification To Preliminary Injunction Preserving the Status Quo and Order [As To Charles Gitto] dated April

15, 2005, Citigroup released eighty-one thousand five hundred thirty nine dollars ($81,539.00) made payable to the United States Treasury, and seven thousand five hundred ninety-five dollars ($7,595.00) made payable to the Commonwealth of Massachusetts on May 2, 2005.

4. In accordance with the Ninth Supplement To Preliminary Injunction Preserving The Status Quo dated June 21, 2005, Citigroup release twenty-five thousand dollars ($25,000.00) made payable to Perkins Smith & Cohen on June 29, 2005.

5. In accordance with the Stipulation And Order regarding Payment of Living Expenses dated November 21, 2005, Citigroup released the restriction on the IRA Account on or around November 21, 2005, and the account has remained unrestricted since that time.

6. Since the restriction has been lifted, Mr. Gitto has made the following withdrawals or transfers:

- Nineteen thousand dollars ($19,000.00) on December 1, 2005.
- Twenty-five thousand dollars ($25,000.00) on May 1, 2006.
- Thirty thousand dollars ($30,000.00) on June 2, 2006.
- Thirty thousand dollars ($30,000.00) on June 30, 2006.
- Five thousand dollars ($5,000.00) on August 4, 2006.
- Twenty-five thousand dollars ($25,000.00) on September 1, 2006.
- Twenty thousand dollars ($20,000.00) on September 20, 2006.
- Forty-five thousand dollars ($45,000.00) on October 6, 2006.
- Twenty -five thousand dollars ($25,000.00) on November 1, 2006.
- Ten thousand dollars ($10,000.00) on November 9, 2006.
- Two thousand dollars ($2,000.00) on November 14, 2006.
- Thirty-five thousand dollars ($35,000.00) on December 4, 2006.
- Thirty-four thousand, one hundred sixty-nine dollars, and thirty -two cents ($34,169.32) on January 2, 2007.

A/72184296.1/0999999-0000999999

7.     As of the date of this filing, the IRA Account has a value of one dollar and thirty-six cents ($1.36).

### The Personal Account

8.     Citigroup holds account no. 382-1386A (formerly account number 11J-02621 and 396-02621) (the "Personal Account") in the name of Mr. Gitto.

9.     As of the date of service of the Summons, Citigroup restricted the assets in the Personal Account.

10.    Pursuant to the Stipulated Seventh Modification To Preliminary Injunction Preserving the Status Quo and Order [As To Charles Gitto] dated April 15, 2005, Christa Gitto was to cause the transfer of cash and/or securities totaling two hundred sixty nine thousand, seven hundred forty two dollars ($269,742.00) from account number 396-00898 to the Personal Account. Such transfer did not occur.

11.    The Ninth Supplement to Preliminary Injunction Preserving the Status Quo dated June 21, 2005 (the "Ninth Supplement") authorized Citigroup to release nine thousand dollars ($9,000.00) per month, commencing on June 1, 2005, with back payments for April and May 2005, to Mr. Gitto from the Personal Account to be used for the payment of ordinary and necessary living expenes.

12.    In accordance with the foregoing, Citigroup released to Mr. Gitto twenty seven thousand dollars ($27,000.00) on June 29, 2005 (for the months of April, May and June); eighteen thousand dollars ($18,000.00) on July 28, 2005 (for the months of July and August); nine thousand dollars ($9000.00) on September 1, 2005 (for the month of September); nine thousand dollars ($9000.00) on October 3, 2005 (for the month of October); and nine thousand dollars ($9000.00) on November 1, 2005 (for the month of November).

13.    According to the Stipulation And Order regarding Payment of Living Expenses dated November 21, 2005, the Ninth Supplement was modified so that the restriction on the IRA

A/72184296.1/0999999-0000999999

account was to be lifted and Mr. Gitto agreed not to expend any funds or assets other than those in his IRA Account.

14. Despite this agreement, Mr. Gitto subsequently requested the release of funds from the Personal Account made payable to him, and represented to Citigroup that the Ninth Supplement was still in effect. Based on the understanding that the Ninth Supplement was still in effect, Citigroup released the funds to Mr. Gitto.

15. Specifically, Citigroup released the following funds to Mr. Gitto:

- Fifty thousand dollars ($50,000.00) on December 22, 2006.
- Twenty thousand dollars ($20,000.00) on May 7, 2007.
- Twenty thousand dollars ($20,000.00) on June 1, 2007.
- Thirteen thousand dollars ($13,000.00) on July 3, 2007.
- Seven thousand dollars ($7,000.00) on July 6, 2007.
- Nine thousand dollars ($9,000.00) on August 2, 2007.

16. Upon recently realizing the inadvertent release of funds from the Personal Account, Citigroup, through its undersigned counsel, contacted Mr. Gitto's counsel, Mr. Frank Mondano, to demand the return of the funds Mr. Gitto withdrew from his Personal Account after November 21, 2005. As of the date of this filing, Mr. Gitto has not returned the funds.

17. Citigroup shall advise the Court and the other parties to this litigation of any response from Mr. Gitto to Citigroup's demand for the return of funds. Additionally, Citigroup shall take whatever further action it deems prudent and necessary to secure such return.

18. As of the date of this filing, the Personal Account had a value of seventy- seven thousand, one hundred twenty-eight dollars, and seventy-seven cents ($77,128.77).

19. Citigroup leaves it to litigation between the parties to determine whether the assets in the Personal Account are "goods, effects or credits," but Citigroup will deem such shares to be "goods, effects or credits" until a court determines otherwise, and the Personal Account will remain restricted until further order of the Court.

Respectfully Submitted,

CITIGROUP GLOBAL MARKETS, INC.,

By its attorneys,

/s/ Christina N. Davilas
David C. Boch, BBO # 047540
Christina N. Davilas, BBO # 655477
Bingham McCutchen LLP
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000

Dated: September 17, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel of record via the ECF/CM system on September 17, 2007.

/s/ Christina N. Davilas