UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC., ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> GARY GITTO, et al., ) <br>   ) <br> Defendants, ) <br>   ) <br> v. ) <br>   ) <br> CITIGROUP GLOBAL MARKETS, INC., ) <br> f/k/a LEGG MASON WOOD WALKER, INC.. ) <br>   ) <br> Trustee ) | C.A. No. <br> 04-12227-DPW |

### AFFIDAVIT OF STEPHANIE KETCHUM

I, Stephanie Ketchum, being duly sworn, hereby depose and state as follows:

#### Background

1. This affidavit is based on personal knowledge except where specifically noted otherwise.

2. I am a First Vice President and attorney at Citigroup Global Markets, Inc. ("Citigroup").

3. I represented Citigroup in this matter from December 1, 2005, until referral to outside counsel in August 2007.

4. Citigroup first became a party to this case on or around March 7, 2005, when it was served with a Summons To Trustee.[1]

---

[1] Legg Mason Wood Walker, Inc. ("LMWW") was the actual party that was served with the Summons. On December 1, 2005, Citigroup, Inc. purchased LMWW. On March 31, 2006, LMWW merged

5. In accordance with the Summons, Citigroup restricted the IRA account, account no. 382-2556A (the "IRA Account") and the personal account, account no. 382-1386A (the "Personal Account") of Charles Gitto, Jr. ("Mr. Gitto").

The Court's February 15, 2005 Order and The Stipulated Seventh Modification to <u>Preliminary Injunction Preserving the Status Quo and Order dated April 15, 2005</u>

6. I have read the Motion For Order To Show Cause Why Charles N. Gitto, Jr. And Citigroup Global Markets, Inc., F/K/A Legg Mason Wood Walker, Inc., Should Not Be Held In Contempt.

7. In connection with the allegations in that Motion concerning the Court's February 15, 2005 Order and the Stipulated Seventh Modification to Preliminary Injunction Preserving the Status Quo and Order dated April 15, 2005, I have reviewed applicable monthly statements of Mr. Gitto and his wife, Christa Gitto ("Mrs. Gitto").

8. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the March 2005 account statement for account no. 396-00898 in the name of Mrs. Gitto.

9. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the February 2005 account statement for account no. 396-02621 in the name of Mr. Gitto.

---

into Citigroup Global Markets, Inc., a wholly-owned subsidiary of Citigroup, Inc.  For the sake of simplicity, I refer throughout my Affidavit only to "Citigroup."

### The Ninth Stipulation

10. The Ninth Supplement to Preliminary Injunction Preserving the Status Quo dated June 20, 2005 (the "Ninth Stipulation") partially released the restriction on the Personal Account to allow Mr. Gitto to withdraw nine thousand dollars per month, commencing on June 1, 2005, with back payments for April and May 2005, from his Personal Account.

11. From the time the Summons to Trustee was served on Citigroup, to date, Citigroup has left the Personal Account under restriction. Thus, while the Ninth Stipulation was in effect, each time Mr. Gitto requested the release of funds, Citigroup specifically reviewed each request before approving the release of funds, to ensure that only the amounts allowed by the Ninth Stipulation were withdrawn.

12. In accordance with the Ninth Stipulation, Citigroup approved and released to Mr. Gitto twenty seven thousand dollars ($27,000.00) on June 29, 2005 (for the months of April, May and June); eighteen thousand dollars ($18,000.00) on July 28, 2005 (for the months of July and August); nine thousand dollars ($9000.00) on September 1, 2005 (for the month of September); nine thousand dollars ($9000.00) on October 3, 2005 (for the month of October); and nine thousand dollars ($9000.00) on November 1, 2005 (for the month of November).

### The Eleventh Stipulation

13. In accordance with the Stipulation and Order Regarding Payment of Living Expenses dated November 21, 2005 (the "Eleventh Stipulation"), Citigroup released the restriction on the IRA Account on or around November 30, 2005.

14. As noted, the Personal Account was already under full restriction as of the date of the Eleventh Stipulation and has remained under full restriction.

15. On December 21, 2006, Mr. Gitto sent a letter to his broker at Citigroup, Joseph DeNicola, requesting the release of funds from the Personal Account. Mr. DeNicola forwarded that letter to my attention for approval. A true and correct copy of that letter is attached hereto as Exhibit C.

16. After I read the letter, I attempted to locate the court order Mr. Gitto referred to in his letter authorizing the release of funds, and identified the Ninth Stipulation as the applicable order.

17. Upon reviewing Mr. Gitto's request and reading the Ninth Stipulation, I approved the release of funds. Attached hereto as Exhibit D is a true and correct copy of an email from me dated December 21, 2006, in which I approved the release.

18. I do not recall reading the Eleventh Stipulation at that time. If I did not read it, it was an inadvertent oversight.

19. On or around December 21, 2006, I caused a copy of the Ninth Stipulation to be provided to the Subpoena Group at Citigroup, so that employees in that group would have the proper authorization in their possession to release funds in response to future requests. Ex. D.

20. Thereafter, Mr. Gitto made additional requests for the release of funds from his Personal Account. Those requests were approved based on my and/or employees in the Subpoena Group's reference to the Ninth Stipulation, which we understood to be in effect in regards to the Personal Account.

21. In each case that Citigroup approved the release of funds, Citigroup made sure that the release was in accordance with the $9000 per month allotment provided for in the Ninth Supplement. Thus, it allowed Mr. Gitto to withdraw more than $9000 per month if and to the extent he had not made previous monthly withdrawals. For example, in his December 21, 2006 request, Mr. Gitto requested $50,000, for the months of December 2005, and January through May 2006. Ex. C. Because Citigroup understood that Mr. Gitto was entitled to a total of $54,000 in withdrawals for those months, and because Mr. Gitto had not made withdrawals during those months, it allowed the lump sum release. Ex. D.

22. In July or August 2007, in connection with drafting an Answer to the Summons To Trustee to be filed with the Court (LaSalle had granted a lengthy extension, which was then expiring), I came across the Eleventh Stipulation, as well as the previous orders and certain other

pleadings in the file. After reading these several documents, it became apparent to me that the $9000 monthly allotment provided for in the Ninth Supplement had been terminated by the Eleventh Stipulation.

23. Thereafter, we retained outside counsel to pursue the return of funds that Mr. Gitto improperly withdrew in violation of the Eleventh Stipulation, and to file an Answer with this Court.

Signed under pains and penalties of perjury this 13th day of November, 2007.

/s/ Stephanie Ketchum