UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a LASALLE BUSINESS CREDIT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-12227-DPW |
| GARY GITTO, et al., | ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| CITIGROUP GLOBAL MARKETS, INC., f/k/a LEGG MASON WOOD WALKER, INC.. | ) ) ) | |
| Trustee | ) ) | |

## AFFIDAVIT OF JOSEPH DENICOLA

I, Joseph DeNicola, being duly sworn, hereby depose and state as follows:

1. I am a registered representative at Citgroup Global Markets, Inc. ("Citigroup") I was previously employed by Legg Mason Wood Walker, Inc. ("Legg Mason"), until its acquisition by Citigroup in 2005.

2. I handle the IRA account, Account No. 382-2556A (the "IRA Account") and the personal account, account no. 382-1386A (the "Personal Account") of Charles Gitto, Jr. ("Mr. Gitto"), as well as the personal account of Mr. Gitto's wife, Christa Gitto, account no. 382-1228A (f/k/a account no. 396-00898).

3. My office first received the Stipulation and Order Regarding Payment of Living Expenses dated November 21, 2005 (the "Eleventh Stipulation") on or around November 30, 2005. Upon receipt, we faxed it to in-house counsel. Counsel for the parties did not call or otherwise communicate with me concerning the Eleventh Stipulation at that time.

4. I have reviewed the Opposition of Charles N. Gitto, Jr. to LaSalle Business Credit, LLC's Contempt Motion dated October 9, 2007.

5. Mr. Gitto states in that Opposition that an unspecified Legg Mason representative dictated a letter of authorization for the release of funds to him over the phone.

6. If and to the extent Mr. Gitto means to refer to me in this allegation, the allegation is false. I never dictated any letter of authorization to him, including Mr. Gitto's December 21, 2006 letter. Nor did I ever instruct anyone else at Citigroup to do so.

7. When Mr. Gitto provided me with his letter dated December 21, 2006, requesting the release of funds, because the Personal Account was restricted, I forwarded the letter to in-house counsel, Stephanie Ketchum, for her review and approval. I did the same with all of Mr. Gitto's subsequent verbal requests for withdrawals from that account.

Signed under pains and penalties of perjury this 13th day of November, 2007.

/s/ Joseph DeNicola