**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a ) <br> LASALLE BUSINESS CREDIT, INC.,         ) <br>                                                                  ) <br>                        Plaintiff,                        ) <br>                                                                  ) <br>            v.                                                 ) <br>                                                                  ) <br> GARY C. GITTO, et al.,                        ) <br>                                                                  ) <br>                                                                  ) <br>                        Defendants.                   ) <br> _____ ) | Case No. 04-12227-DPW |

**AMENDED MOTION FOR ORDER TO SHOW CAUSE WHY
CHARLES N. GITTO, JR., CITIGROUP GLOBAL MARKETS,
INC., F/K/A CITIGROUP WOOD WALKER, INC. AND
<u>CHRISTA GITTO SHOULD NOT BE HELD IN CONTEMPT</u>**

Plaintiff, LaSalle Business Credit, LLC, f/k/a LaSalle Business Credit, Inc. ("LaSalle"), moves this Court for an order requiring Defendants Charles N. Gitto, Jr. ("Charles Gitto"), Christa Gitto and Trustee Process Defendant Citigroup Global Markets, Inc., f/k/a Citigroup Wood Walker, Inc. ("Citigroup"), to appear before this Court and show cause, if any, why they should not be held in contempt for violating the Court's February 15, 2005 Order, the Stipulated Seventh Modification to Preliminary Injunction Preserving the Status Quo and Order dated April 15, 2005, and the Stipulation and Order Regarding Payment of Living Expenses dated November 21, 2005 because:

(1) Charles Gitto knowingly violated this Court's November 21, 2005, Order Regarding Payment of Living Expenses by withdrawing, through six separate requests, a total of $119,000 from his personal account at Citigroup rather than from his IRA account, as required by the Court's Order;

(2) Charles Gitto in each of the six requests he submitted to Citigroup for withdrawals from his personal account misrepresented what order by this Court governed his withdrawals from his accounts by Citigroup.

462957.1 042314-34311

(3) Although Citigroup has demanded that Charles Gitto return the $119,000 he improperly obtained from his personal account, Charles Gitto has, upon information and belief, not returned any of the funds.

(4) Citigroup, with knowledge that it was subject to an order by this Court not to release any funds to Charles Gitto, except from his IRA account for living and other expenses, nevertheless on six occasions released funds to Charles Gitto from his personal account totaling $119,000.

(5) Christa Gitto knew of the February 15, 2005 order and agreed to transfer funds from her account to Charles Gitto's personal account at Legg Mason, but never completed the transfer.

(6) Charles Gitto agreed to cause his wife, Christa Gitto, to return $269,742 to his personal account at Citigroup, and that never occurred.

(7) Charles Gitto has acted in concert with Christa Gitto, his spouse, in their failure to return cash and/or securities totaling $269,742 to Charles Gitto's personal account at Citigroup, as required by the Court's April 15, 2005 Order.

The facts supporting this motion are as follows.

**GROUNDS FOR RELIEF**

1. On October 25, 2004, this Court issued a Temporary Restraining Order (the "TRO") prohibiting Charles Gitto and any of his agents, servants, attorneys, beneficiaries and all persons in active concert or participation with him who received actual notice of this Order, by personal service or otherwise, from assigning, alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or disposing of any of his assets pending further order of this Court. (Docket No. 20).

2. Following a hearing on November 5, 2004, this Court issued a Preliminary Injunction Preserving the Status Quo (the "Preliminary Injunction") that provided, among other things, that Charles Gitto ". . . and all persons in active concert or participation. . . who receive actual notice of this Order, by personal service or otherwise, are restrained from assigning,

alienating, selling, transferring, pledging, encumbering, concealing, hypothecating or disposing of any of their assets pending further order of this Court." (Docket No. 116).

3.  The Preliminary Injunction was modified by Order of the Court on November 10, 2004, providing, in part, that Charles Gitto:

> may spend up to $7,167 per month, provided that such expenditures are solely to pay ordinary and necessary living expenses consisting of food, utilities, mortgage payments, tuition and other current school expenses, clothing, medical expenses, insurance, spousal or child support obligations, necessary maintenance of real property and motor vehicles, vehicle leases, fuel for heating or motor vehicles.

4.  On January 28, 2005, LaSalle filed its initial Motion for Order to Show Cause Why Charles N. Gitto, Jr. and Tradex Corporation Should Not Be Held In Contempt. The basis of the Motion against Charles Gitto was that he transferred $1,023,471 from a personal brokerage account (no. 396-02621-2), held by him at Citigroup (the "Brokerage Account"), to an account owned by his wife, Christa Gitto, at Citigroup. The Motion further alleged that those transfers were in violation of the Preliminary Injunction. (Docket No. 183).

5.  On January 28, 2005, LaSalle further filed a Motion for Equitable Attachments in the Form of Reach and Apply Injunctions regarding the interests of Charles Gitto at Citigroup. (Docket No. 182).

6.  On February 10, 2005, Christa Gitto allegedly executed documents to accomplish the transfer of funds from her account to the Brokerage Account.

7.  On February 11, 2005, Charles Gitto moved the Court to modify the Preliminary Injunction to allow him to pay income taxes, legal fees, real estate taxes, and to increase his monthly expenditures to pay ordinary and necessary living expenses to $18,000. (Docket No. 191).

8.  Juliane Balliro represented Charles Gitto in the proceedings described in paragraphs 2-6, as Charles Gitto's counsel, and had full knowledge of the Court's orders with respect to those proceedings.

9.  On February 15, 2005, after hearing, the Court ordered that Charles Gitto escrow $30,000 with Perkins, Smith & Cohen, Balliro's law firm, and that the parties coordinate the return to the Brokerage Account of funds transferred by Charles Gitto from the Brokerage Account to Christa Gitto.

10.  On or about February 22, 2005, Charles Gitto and Christa Gitto requested Citigroup to reconstruct their accounts and reflect valuations as of December 31, 2004, in accordance with the February 15, 2005 order.

11.  On February 25, 2005, an Order Approving Equitable Attachments in the Form of Reach and Apply Injunctions was entered. This Order provided, in part, that Citigroup was enjoined, as well as Charles Gitto with respect to any interest in or held by Citigroup, from selling, transferring, pledging, encumbering, concealing, hypothecating or disposing of any money, property, interests or payments belonging to Charles Gitto. (Docket No. 206). The order was served on Citigroup.

12.  On February 23, March 2 and March 3, 2005, counsel for LaSalle asked that Balliro confirm in writing return of all cash and securities to the Brokerage Account and the further transfer to her firm's escrow account, as required by the Court's February 15, 2005 Order. See Letters and emails sent to Balliro attached hereto as Exhibit A.

13.  On March 3, 2005, Balliro wrote in an e-mail she sent to LaSalle's counsel that "I have a letter confirming the transfer that I will fax to you. I am in the process of taking care of the $30,000." *See* E-mail from Balliro to LaSal1e's counsel attached hereto as Exhibit B.

14. On March 11, 2005, Balliro left a voicemail with LaSalle's counsel, confirmed in a follow-up e-mail, that the cash and securities were transferred back to the Brokerage Account, and that the $30,000 had been placed in escrow with her law firm, as required by the Court's February 15, 2005 Order. Balliro was to forward a letter from Citigroup confirming this transfer and send copies of monthly statements as received for the Citigroup account. *See* E-mail from LaSalle's counsel to Ba1liro attached hereto as Exhibit C.

15. On March 14, 2005, Charles Gitto filed an Emergency Motion for Order Directing Citigroup to Release Attachment or "Freeze" on his separate Legg-Mason IRA account. (Docket No. 212).

16. On March 16, 2005, LaSalle's counsel received a letter from Citigroup's associate general counsel stating the current balances in Charles Gitto's brokerage and IRA accounts. It was represented that the Brokerage Account had a balance of $229,980. Further, Citigroup's associate general counsel stated, "[t]he assets in the above-referenced accounts, which consist of securities, will remain in a frozen status until we receive further written instructions from the Court." *See* Letter from Citigroup to LaSalle's counsel attached hereto as Exhibit D.

17. Further, on March 16, 2005, Balliro sent a letter to LaSalle's counsel enclosing documents confirming the $30,000 held in the Perkins, Smith & Cohen escrow account, as well as confirmation from Citigroup that "per Charles and Christa Gitto's request, Citigroup has reconstructed their accounts to reflect the respective valuations as of December 31, 2004. This was completed on February 22 of this year by the authority of the accompanying documents." *See* Letter from Balliro to LaSalle's counsel attached hereto as Exhibit E.

18. On March 18, 2005, LaSalle's counsel asked for an explanation from Balliro as to the discrepancy between the transfers made in February 2005 and the securities or assets that were in the Brokerage Account on December 20, 2004.

19. On April 6, 2005, at the hearing on Charles Gitto's Emergency Motion for Order Directing Release, Balliro stated that she had met with Joseph DiNicola, Charles Gitto's account manager at Citigroup, to address the status of the transfers to comply with the Court's order of February 15, 2005.

20. On April 12, 2005, LaSalle's counsel wrote to Balliro, again requesting confirmation that all of the funds that Charles Gitto had transferred to Christa Gitto had been repatriated to the Brokerage Account, as required by the Court's February 15, 2005 Order. *See* Letter from LaSalle's counsel to Balliro attached hereto as Exhibit F.

21. On April 15, 2005, Balliro furnished an analysis in an e-mail of the expenditure of funds from Christa Gitto's Citigroup account following the "impermissible December transfers." After speaking with Balliro upon receipt of the e-mail, LaSalle's counsel concurred with the analysis and agreed that Christa Gitto should transfer $269,741.53 back to the Brokerage Account. *See* E-mail and analysis furnished by Balliro attached hereto as Exhibit G.

22. As a result, on April 15, 2005, the Court entered the Stipulated Seventh Modification to Preliminary Injunction, providing, in part, that:

> In addition, Christa Gitto shall execute all documents necessary to transfer cash and/or securities totaling $269,742.00 in value from Citigroup Account No. 396-00898 to Citigroup Account No. 396-02621.

(Docket No. 248).

23. Upon entry of the Order, LaSalle understood that the transfer by Christa Gitto would be accomplished immediately.

24. On May 25, 2005, Charles Gitto renewed his Motion for Order Directing Citigroup to Release Attachment or "Freeze" on his IRA account. (Docket No. 257).

25. On June 21, 2005, the Court entered the Ninth Supplement to Preliminary Injunction, providing for payments from Charles Gitto's IRA account for attorneys' fees and further allowing payments for ordinary and necessary living expenses from the Brokerage Account of $9,000 per month beginning retroactively as of April, 2005. (Docket No. 272).

26. On August 4, 2005, the Court entered the Tenth Supplement to Preliminary Injunction, providing that "any defendant may assign, alienate, sell, transfer, pledge, encumber, conceal, hypothecate or dispose any asset with the written consent of LaSalle Business Credit, LLC." (Docket No. 285).

27. On August 17, 2005, LaSalle filed its Motion for Order That Living Expenses Be Drawn From Exempt Assets and To Withdraw Its Opposition to Charles Gitto's Renewed Motion to Dissolve Attachment on IRA account. (Docket No. 288).

28. On November 21, 2005, a Stipulation and Order Regarding Payment of Living Expenses was entered by the Court, providing that the First Supplement to Preliminary Injunction dated November 10, 2004, the Stipulated Seventh Modification to Preliminary Injunction dated April 15, 2005, and the Ninth Supplement to Preliminary Injunction dated June 21, 2005 were modified such that Charles Gitto may pay any living or other expenses from his IRA account at Citigroup, and that he will not expend any funds or assets, other than funds presently in the IRA account, without written permission of LaSalle or further order of Court. The Order further provided that "Charles Gitto and any of his agents, servants, employees, attorneys, beneficiaries and all persons in active concert or participation with him who receive actual notice of this Order, by personal service or otherwise, are restrained from assigning,

alienating, selling, transferring, pledging, encumbering, concealing, hypothecating, or disposing of any of his assets, other than funds presently held in Individual Retirement Account (Number 396-76629) maintained with Citigroup Wood Walker, Inc., or its affiliates. . . ." The Order was served on Juliane Balliro and Frank Mondano, counsel for Charles Gitto. (Docket No. 303).

29. On September 17, 2007, Citigroup filed its Answer to Plaintiff s Summons to Trustee dated March 7, 2005. Citigroup admits in the Answer that:

(i) it had notice of the Ninth Supplement to Preliminary Injunction dated June 21, 2005, and the Stipulation and Order Regarding Payment of Living Expenses dated November 21, 2005;

(ii) it released to Charles Gitto $9,000 per month for the months of April through November, 2005, totaling $72,000; and

(iii) contrary to the Stipulation and Order Regarding Payment of Living Expenses dated November 21, 2005, Charles Gitto requested and Citigroup released funds totaling $119,000 to Charles Gitto from his personal brokerage account.

Finally, Citigroup confirms in its Answer that Christa Gitto never caused the transfer of $269,742 to the Brokerage Account, pursuant to the Stipulated Seventh Modification to Preliminary Injunction dated April 15, 2005. As a result, the Brokerage Account has a value of $77,128.77. *See* Answer of Trustee Citigroup Global Markets, Inc., attached hereto as Exhibit H.

30. In a letter to Charles Gitto's counsel dated September 17, 2007, Citigroup's counsel demanded that Charles Gitto return the $119,000 he had obtained from the Brokerage Account, which she describes as having been obtained through "a knowing violation of that Stipulation which he had entered into through his counsel." Accompanying the letter is a copy of a letter from Charles Gitto to Citigroup, dated December 21, 2006, in which he represents that "Per the court order you have on file, which allows me $9,000 monthly withdrawal for ordinary living expenses, please send me a check in the amount of $50,000." *See* Letter from Citigroup's

counsel to Charles Gitto's counsel and letter from Charles Gitto to Citigroup, attached hereto as Exhibit I.

31. Charles Gitto has failed to return the improperly released funds.

32. Based upon representations made in March and April, 2005 by Citigroup and Christa Gitto, Charles Gitto should have caused the transfer of $849,767 cash and securities back to the Brokerage Account to reconstruct its assets as of December 20, 2004. That has clearly not occurred.

33. Charles Gitto, Christa Gitto and Citigroup have failed and refused to comply with, and have disobeyed and disregarded, the Orders on February 15, 2005, April 15, 2005, June 21, 2005, August 4, 2005, and November 21, 2005.

34. By reason of Charles Gitto's, Christa Gitto's and Citigroup's failure and refusal to comply with the provisions of the Orders, LaSalle has and will continue to suffer substantial monetary and other irreparable injury.

35. This Motion is supported by the accompanying documents, the papers and records on file in this action, and whatever evidence and argument may be heard on this Motion.

## PRAYER FOR RELIEF

WHEREFORE, LaSalle Business Credit, LLC respectfully requests that this Court enter an order holding Charles Gitto, Christa Gitto and Citigroup Global Markets, Inc. in contempt of court, ordering the return of $269,741.53, plus interest, by Charles Gitto and Christa Gitto and the return of $119,000, plus interest, by Charles Gitto and Citigroup Global Markets, Inc., plus reasonable attorneys' fees and court costs.

Dated: December 26, 2007            Respectfully submitted,

LASALLE BUSINESS CREDIT, LLC

By:    /s/ Joseph J. Koltun
        One of its attorneys

Christopher J. Panos (BBO# 555273)
Kathleen A. Rahbany (BBO # 654322)
Joseph J. Koltun (BBO # 641117)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500
Fax: (617) 742-1788

Eric S. Rein
John L. Conlon
Bethany N. Schols
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: (312) 346-1300
Fax: (312) 782-8416

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on

December 26, 2007                                   /s/ Joseph J. Koltun