UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GARY GITTO, et al.,<br><br>Defendants,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC.,<br>f/k/a LEGG MASON WOOD WALKER, INC..<br><br>Trustee. | C.A. No.<br>04-12227-DPW |

**JOINT MOTION THAT
CITIGROUP GLOBAL MARKETS, INC. BE PURGED OF ANY CONTEMPT.**

LaSalle Business Credit, LLC ("LaSalle") and Citigroup Global Markets, Inc. ("Citigroup") hereby jointly move for the entry of an order purging Citigroup of any contempt by the Court against it in connection with the allegations contained in LaSalle's Amended Motion For Order To Show Cause Why Charles N. Gitto, Jr., Citigroup Global Markets, Inc., f/k/a Legg Mason Wood Walker, Inc. Should Not Be Held In Contempt (the "Motion"). As grounds for this Motion, LaSalle and Citigroup state as follows:

1.  LaSalle filed an Amended Motion For Order To Show Cause Why Charles N. Gitto, Jr., Citigroup Global Markets, Inc., f/k/a Legg Mason Wood Walker, Inc. Should Not Be Held In Contempt (the "Motion"), alleging *vis a vis* Citigroup that Citigroup violated the Stipulation And Order Regarding Payment Of Living Expenses dated November 21, 2005 (the "Eleventh Stipulation") by allowing Charles N. Gitto, Jr. ("Mr. Gitto") to withdraw one hundred nineteen thousand dollars ($119,000) from his Citigroup account, Account No. 382-1386A (the "Account").

2. Citigroup has acknowledged that it unintentionally violated the Eleventh Stipulation due to a confluence of factors.

3. LaSalle and Citigroup have entered into a settlement agreement, wherein Citigroup agreed to deposit the sum of one hundred thirty-one thousand, twelve dollars ($131,012.00) into the Account, representing the amount Mr. Gitto improperly withdrew from the Account in violation of the Eleventh Stipulation plus twelve percent interest. A copy of the Settlement Agreement between the parties is annexed hereto as Exhibit A.

4. On February 21, 2008, Citigroup deposited the funds into the Account in accordance with the Settlement Agreement, and has since provided LaSalle with evidence of same.

5. The Motion further alleged violation of this Court's February 15, 2005 Order and the Stipulated Seventh Modification to Preliminary Injunction Preserving the Status Quo and Order dated April 15, 2005 (the "Seventh Stipulation"), through Mr. Gitto's and his wife's failure to restore to the Account all funds transferred from the Account to an account in the name of the wife.

6. Citigroup could not be held in contempt of the February 15, 2005 Order or the Seventh Stipulation, since it was not even a party to the case as of February 15, 2005, and since Citigroup was not subject to the aspect of the Seventh Stipulation ordering the restoration of funds to the Account.

7. Additionally, Citigroup satisfied any obligations it had with respect to the restoration of funds. Specifically, on February 16, 2005, upon the written instructions of Mr. Gitto and his wife, Citigroup transferred cash and securities to the Account from the account in the name of the wife in amounts consistent with such written instructions. At no point did it receive further instructions to transfer additional cash and securities.

8. In view of Citigroup's restitution of the Account to the value it would have had but for the violation of the Eleventh Stipulation, Citigroup has purged itself of any possible contempt finding, and there is no need for a hearing on the Motion *vis a vis* Citigroup.

For all of the foregoing reasons, LaSalle and Citigroup request that the Court enter an order purging Citigroup from any contempt, and acknowledging the mootness of the Motion *vis a vis* Citigroup, in the form annexed hereto as Exhibit B.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| LASALLE BUSINESS CREDIT, LLC<br>By one of its attorneys, | CITIGROUP GLOBAL MARKETS, INC.<br>By its attorney, |
| /s/   Joseph J. Koltun<br>Joseph J. Koltun<br>jkoltun@craigmacauley.com<br>Craig and Macauley Professional Corp.<br>Federal Reserve Plaza, 600 Atlantic Avenue<br>Boston, MA  02210<br>(617) 367-9500 | /s/  Christina N. Davilas<br>David C. Boch<br>Christina N. Davilas<br>christina.davilas@bingham.com<br>Bingham McCutchen LLP<br>150 Federal Street<br>Boston, MA  02110<br>(617) 951-8000 |
| Dated:  March 10, 2008 | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel of record via the ECF/CM system on March 10, 2008.

/s/      Christina N. Davilas

A/72432658.3/0442531-0000327921

# **EXHIBIT A**

# GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement dated February 4, 2008 (referred to herein as the "Agreement"), is given by LaSalle Business Credit, LLC ("LaSalle"), its predecessors, successors, parents, subsidiaries, affiliates, assigns, officers, stockholders, attorneys, directors, agents and employees, past and present (jointly with LaSalle, the "Releasors"), to Citigroup Global Markets Inc., f/k/a Legg Mason Wood Walker, Inc., its predecessors, successors, parents, subsidiaries, affiliates, assigns, officers, stockholders, attorneys, directors, agents and employees, past and present ("Citigroup").

WHEREAS, LaSalle filed an Amended Motion For Order To Show Cause Why Charles N. Gitto, Jr., Citigroup Global Markets, Inc., f/k/a Legg Mason Wood Walker, Inc. Should Not Be Held In Contempt (the "Motion") in the case captioned *LaSalle Business Credit LLC v. Gary C. Gitto, et al.,* pending in the United States District Court, District of Massachusetts, C.A. No. 04-12227 (the "Litigation") which alleges, *inter alia,* that Citigroup breached certain of its obligations as a trustee over the Citigroup accounts of Charles N. Gitto, Jr. ("Mr. Gitto"); and

WHEREAS, the Motion is scheduled for hearing on February 13-15, 2008 (the "Anticipated Hearing");

WHEREAS, Citigroup denies and disputes each and every allegation made by LaSalle against Citigroup in the Motion, including, but not limited to, all claims relating to Citigroup's alleged breach of, and/or negligence with respect to, the Stipulated Seventh Modification To Preliminary Injunction Preserving The Status Quo And Order [As To Charles Gitto] dated April 15, 2005, and its alleged breach of, and/or negligence with respect to, the Stipulation And Order Regarding Payment Of Living Expenses dated November 21, 2005; and

WHEREAS, Citigroup, without admitting liability, and to avoid the costs associated with litigation, wishes to resolve and settle amicably all claims arising out of or relating to the Motion, and all claims that were or could have been asserted in the Motion or otherwise, and solely in order to resolve all such claims, agrees to the covenants and promises as set forth hereinafter in return for the covenants and promises also as set forth hereinafter; and

WHEREAS, in accordance with the provisions set forth below, LaSalle agrees to release Citigroup from any and all claims LaSalle has or may have in and with respect to the Motion.

NOW, THEREFORE, with the intent to be legally bound hereby, and in consideration of the mutual promises and covenants set forth below and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the parties agree as follows:

1. **Recitals Are A Material Part Of This Agreement.** The recitals at the beginning of this Agreement are intended to be and are covenants of the parties, are a material part of this Agreement, and are binding upon the parties hereto.

2. **Settlement Payment.** Within thirty (30) days of receipt of a fully executed original of this Agreement, Citigroup shall deposit the sum of one hundred thirty-one thousand, twelve dollars ($131,012.00), (the "Settlement Payment") into the Citigroup account of Charles N. Gitto, Jr., Account No. 382-1386A (the "Gitto Account"), which Citigroup will immediately restrict, in consideration of this Agreement.

   Citigroup shall release the restriction on the Settlement Payment and other funds currently in the Gitto Account, and distribute the Settlement Payment and other funds in the Gitto Account to LaSalle if and to the extent the Court, after hearing and upon findings of liability by the Court or by a jury against Mr. Gitto, renders judgment and issues an order charging Citigroup as trustee. If these conditions are not met, upon disposition of LaSalle's claims against Mr. Gitto in the Litigation, LaSalle expressly agrees that Citigroup can return the Settlement Payment to Citigroup and that LaSalle shall have no further right or claim to the Settlement Payment.

3. **Subordination.** In further consideration of this Agreement, Citigroup agrees that it will subordinate its claim against Mr. Gitto for indemnification with respect to Mr. Gitto's breach of the Stipulation And Order Regarding Payment Of Living Expenses Dated November 21, 2005 to LaSalle.

4. **Cooperation.** In further consideration of this Agreement, Citigroup agrees that LaSalle's counsel Eric S. Rein may interview Citigroup's employee, Joseph DeNicola, in advance of the Anticipated Hearing and in the presence of Citigroup's attorney(s), to discuss the events giving rise to the Motion. Additionally, Mr. DeNicola agrees to appear for testimony at the Anticipated Hearing.

5. **Dismissal of Proceedings With Prejudice.** Within five (5) days after the receipt of a fully executed original of this Agreement, LaSalle will notify the Court of the Settlement Payment and will dismiss without prejudice and without costs or attorneys' fees all of its claims against Citigroup in the Motion. LaSalle agrees that it will not refile its claims against Citigroup so long as the Settlement Payment is made in accordance with its terms, and that it will so notify the Court in its request for dismissal.

6. **General Release.** The Releasors, for the valuable consideration set forth herein, release Citigroup, its predecessors including specifically Legg Mason Wood Walker, Inc., successors, parents, subsidiaries, affiliates, assigns, officers, stockholders, attorneys,

directors, agents and employees, past and present, their respective heirs, executors, administrators, successors, assigns and agents, past and present, from all claims of any kind whatsoever, whether presently known or unknown, asserted or unasserted, under the laws of any jurisdiction, which they ever had, now have, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement with respect to all claims that were or could have been asserted in the Motion.

7. **Who Is Bound.** The Releasors and Citigroup, along with its predecessors including specifically Legg Mason Wood Walker, Inc., successors, parents, subsidiaries, affiliates, assigns, officers, stockholders, attorneys, directors, agents and employees, past and present, are bound by this Agreement.

8. **Severability.** In the event that any provision of this Agreement shall be found by any court, regulatory or governmental agency, or self regulatory agency, for whatever reason, to be unenforceable, that provision shall be deemed severed from the Agreement, with all other provisions of the Agreement to remain fully in force.

9. **Merger.** This Settlement Agreement and Release constitutes the complete understanding between the parties, may not be changed or modified orally, and supersedes any and all prior agreements between the parties. No other promises or agreements shall be binding unless in writing and signed by all parties thereto.

10. **Interpretation.** All parties to this Agreement are represented by counsel, who has been given the opportunity to review this Agreement and to offer counsel with respect thereto. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party on the basis of a claim that that party drafted this Agreement.

11. **Further Executions.** Both parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary to give full force to the basic terms and intent of this Agreement and that are not inconsistent with its terms.

12. **Governing Law and Forum Selection.** This Agreement shall be governed by the laws of the Commonwealth of Massachusetts, without reference to any conflicts-of-law principles. Any controversy arising between the parties in the future shall be resolved in a Massachusetts state or federal court.

13. **This Agreement May Be Executed In Counterparts.** This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the force of an original document.

14. **Settlement of Disputed Claims.** Neither this Agreement nor any statement made, action taken, or document prepared in connection with the pursuit or defense of the Motion, the negotiation, execution or implementation hereof, shall be deemed or construed as an admission of liability, fault, wrongdoing, misconduct or breach of duty of any kind by any party, which all parties expressly deny.

*Signature Pages Follow*

I, **Thomas G. Hirsh**, authorized representative of LaSalle Business Credit, LLC, declare that (a) I have carefully read this Agreement, (b) I have reviewed its terms with counsel and, (c) I enter into this Agreement for the purpose of making it a full and final adjustment and resolution of the matter herein.

*[signature: Thomas B. Hirsh]*
First Vice President/Counsel

STATE OF ILLINOIS              )
                               ) ss
COUNTY OF COOK                 )

I hereby certify that on the 4th day of February, 2008, Thomas G. Hirsh, First Vice President/Counsel of LaSalle Business Credit, LLC, personally came before me and acknowledged under oath to my satisfaction that (a) he is the person named in and who personally signed this document, and (b) he signed, sealed and delivered this document as his free act and deed.

*[signature: Debra Addison]*
NOTARY PUBLIC
My Commission Expires:

"OFFICIAL SEAL"
DEBRA ADDISON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 04/12/2011

I, Richard Apicella, authorized representative of Citigroup Global Markets, Inc., declare that (a) I have carefully read this Agreement, (b) I have reviewed its terms with counsel and, (c) I enter into this Agreement for the purpose of making it a full and final adjustment and resolution of the matter herein.

_____

COUNTY OF New York                    )
                                      ) ss
                                      )

I hereby certify that on the 4 day of February, 2008, Richard Apicella personally came before me and acknowledged under oath to my satisfaction that (a) he is the person named in and who personally signed this document, and (b) he signed, sealed and delivered this document as his free act and deed.

_____
NOTARY PUBLIC
My Commission Expires:

JANET AMES SCHARF
Notary Public, State of New York
No. 01SC50474
Qualified in Nassau County
Commission Expires July 31, 2009

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LASALLE BUSINESS CREDIT, LLC f/k/a<br>LASALLE BUSINESS CREDIT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GARY GITTO, et al.,<br><br>Defendants,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC.,<br>f/k/a LEGG MASON WOOD WALKER, INC..<br><br>Trustee. | C.A. No.<br>04-12227-DPW |

### [PROPOSED] ORDER

WHEREAS, LaSalle filed an Amended Motion For Order To Show Cause Why Charles N. Gitto, Jr., Citigroup Global Markets, Inc., f/k/a Legg Mason Wood Walker, Inc. Should Not Be Held In Contempt (the "Motion"), alleging *vis a vis* Citigroup that Citigroup violated the Stipulation And Order Regarding Payment Of Living Expenses dated November 21, 2005 (the "Eleventh Stipulation") by allowing Charles N. Gitto, Jr. ("Mr. Gitto") to withdraw one hundred nineteen thousand dollars ($119,000) from his Citigroup account, Account No. 382-1386A (the "Account");

WHEREAS, Citigroup has acknowledged that it unintentionally violated the Eleventh Stipulation due to a confluence of factors;

WHEREAS, LaSalle and Citigroup have entered into a settlement agreement, wherein Citigroup agreed to deposit the sum of one hundred thirty-one thousand, twelve dollars ($131,012.00) into the Account, representing the amount Mr. Gitto improperly withdrew from the Account in violation of the Eleventh Stipulation plus twelve percent interest;

WHEREAS, on February 21, 2008, Citigroup deposited the funds into the Account in accordance with the Settlement Agreement, and has since provided LaSalle with evidence of same;

WHEREAS, the Motion further alleged violation of this Court's February 15, 2005 Order and the Stipulated Seventh Modification to Preliminary Injunction Preserving the Status Quo and Order dated April 15, 2005 (the "Seventh Stipulation"), through Mr. Gitto's and his wife's failure to restore to the Account all funds transferred from the Account to an account in the name of the wife;

WHEREAS, Citigroup could not be held in contempt of the foregoing orders, since it was not even a party to the case as of February 15, 2005, and since Citigroup was not subject to the aspect of the Seventh Stipulation ordering the restoration of funds to the Account;

WHEREAS, Citigroup satisfied any obligations it had with respect to the restoration of funds. Specifically, on February 16, 2005, upon the written instructions of Mr. Gitto and his wife, Citigroup transferred cash and securities to the Account from the account in the name of the wife in amounts consistent with such written instructions. At no point did it receive further instructions to transfer additional cash and securities;

WHEREAS, in view of Citigroup's restitution of the Account to the value it would have had but for the violation of the Eleventh Stipulation, Citigroup has purged itself of any possible contempt finding, and there is no need for a hearing on the Motion *vis a vis* Citigroup;

WHEREAS, in view of the foregoing, the Court therefore deems it appropriate to enter an order purging Citigroup from any contempt, and acknowledging the mootness of the Motion *vis a vis* Citigroup;

IT IS THEREFORE ORDERED, that the record be purged of any contempt against Citigroup;

IT IS FURTHER ORDERED, that the Amended Motion For Order To Show Cause Why Charles N. Gitto, Jr., Citigroup Global Markets, Inc., f/k/a Legg Mason Wood Walker, Inc. Should Not Be Held In Contempt is moot against Citigroup Global Markets, Inc.

_____
Douglas P. Woodlock, J.

Dated: March __, 2008